UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, an individual,

    Plaintiff,

v.                               Case No: 2:23-cv-1218-JES-NPM

JENNIFER COUTURE, an individual, RALPH GARRAMONE M.D., an individual, RALPH GARRAMONE M.D. P.A., CENTRAL PARK OF SOUTHWEST FLORIDA, LLC, WRAITH, LLC, SULLIVAN STREET INVESTMENTS, LLC, HAIRPIN TURN, LLC, OMG REALTY, LLC, R G WEIGHT MANAGEMENT, LLC, CENTRAL PARK SOUTH, LLC, BRANTLEE, LLC, LEGACY OF MARIE GARRAMONE, LLC, GARRAMONE MARKETING, INC., 5681 DIVISION LLC, THE LAW OFFICE OF PATRICK TRAINOR, PATRICK TRAINOR, an individual, and ANTI-DOXING LEAGUE INC.,

    Defendants.

**ORDER**

This matter comes before the Court on review of the Complaint (Doc. #1) filed on December 26, 2023.[1] Subject matter jurisdiction is premised on the presence of a diversity of citizenship between

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

the parties.  (Id., ¶ 2.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

First, the amount in controversy is unclear and based on broad allegations for damages "in excess of the jurisdictional amount." Plaintiff demands judgment and "all actual damages, consequential damages, economic damages in the form of medical expenses, out of pocket expenses, lost wages, and other economic damages in an amount to be determined at trial of this action, compensatory damages in excess of the jurisdictional amount, including but not limited to compensation for injury, pain, suffering, mental anguish, emotional distress, loss of enjoyment of life, and other non-economic damages, costs, and interest, and for any such further relief as the Court deems appropriate."  (Doc. #1, p. 68.)

Garramone is identified as the "primary owner" of Garramone Plastic Surgery, Central Park, Wraith, Sullivan St. Invest., Hairpin, OMG Realty, Legacy, Brantlee, R G Weight, Garramone Marketing, CPS, and 5681 Div.  (Id. at ¶ 18.)  Garramone co-owns Hairpin, Brantlee, and OMG Realty with Wraith.  (Id. at ¶ 19.) "5681 Div., R G. Weight, OMG Realty, Hairpin, Central Park, Brantlee, Legacy, Sullivan St. are all Florida limited liability companies" along with CPS and Wraith.  (Id. at ¶¶ 27, 28, 31.)

2

Plaintiff does not identify the citizenship of the individual members of the limited liability company, and a limited liability company is a citizen of any state of which a member is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004). Therefore, the Court cannot determine the citizenship of these parties or that diversity is present. It is unclear what type of entity The Law Office of Patrick Trainor is, whether a professional company or other entity. Garramone Plastic Surgery is a professional association with Garramone as the sole member. (Doc. #1, ¶ 30.)

Plaintiff is described as a "resident and citizen" of Pennsylvania. (Id. at ¶ 10.) Defendant Jennifer Couture is a "resident citizen" of Fort Myers, Florida, who "resides" in Florida. (Id. at ¶¶ 12-13.) Defendant Garramone also "resides" in Fort Myers, Florida, and has property in Fort Myers, Florida and is also described as a citizen of Florida. (Id. at ¶¶ 23, 24-26, 30.) Defendant Trainor is described as a "resident and citizen" of New Jersey. (Id. at ¶ 34.) "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors,

Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and citations omitted). Plaintiff has failed to properly allege the citizenship of the individually named parties. Therefore, diversity is not alleged.

Garramone Marketing is identified as a Florida corporation with a principal place of business "at Garramone Surgery Ctr." Plaintiff identifies the Anti-Doxing League, Inc. as having a place of business in New Jersey. (Doc. #1, ¶ 37.) A corporation is a citizen of both the state of its incorporation and the state where it has its *principal* place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is determined by the "nerve center" test. Hertz Corp. v. Friend, 559 U.S. 77 (2010). It is not clear that the citizenship of the corporations is sufficiently pled.

Plaintiff will be provided an opportunity to more clearly demonstrate the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

4

The Complaint (Doc. #1) is **dismissed** for lack of subject matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   29th   day of December 2023.

                                                              _____
                                                              JOHN E. STEELE
                                                              SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record