## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

DANESH NOSHIRVAN
an individual,

       Plaintiff,

vs.

JENNIFER COUTURE, an individual,
RALPH GARRAMONE M.D, an individual,
RALPH GARRAMONE M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY.,
CENTRAL PARK OF SOUTHWEST
FLORIDA, LLC, WRAITH, LLC,
SULLIVAN STREET INVESTMENTS, LLC,
HAIRPIN TURN, LLC, OMG REALTY, LLC,
R G WEIGHT MANAGEMENT, LLC,
CENTRAL PARK SOUTH, LLC,
BRANTLEE, LLC, LEGACY OF MARIE
GARRAMONE, LLC, GARRAMONE
MARKETING, INC., 5681 DIVISION LLC,
THE LAW OFFICE OF PATRICK TRAINOR
ESQ, LLC d/b/a THE LAW OFFICE OF
PATRICK TRAINOR, PATRICK TRAINOR,
an individual, and
ANTI-DOXING LEAGUE INC.

       Defendant(s).

_____/

CASE NO:
2:23-cv-01218-JES-KCD

JUDGE. Hon. John E. Steele

## PLAINTIFF, DANESH NOSHIRVAN'S
## <u>MOTION FOR RULE 11 SANCTIONS</u>

Plaintiff, Danesh Noshirvan a/k/a "@ThatDaneshGuy" ("Noshirvan"),

pursuant to Federal Rule of Procedure 11, by and through his attorney, move this

Court for an award of expenses or sanctions against defendant Jennifer Maree Couture, for maintaining a frivolous Counterclaim, and states as follows:

1.      Plaintiff instituted this action on December 26, 2023. See Dkt 1. Plaintiff filed an Amended Complaint on January 04, 2024. Dkt. 26.

2.      Defendants collectively moved to dismiss Noshirvan's First Amended Complaint. See Dkt. 46.

3.      On April 15, 2024, this Court issued an Opinion denying Defendants motion in its entirety. Dkt. 65.

4.      On April 29, 2024, defendants, Sullivan Street Investments, LLC, Patrick Trainor, Jennifer Couture, Anti-Doxing League Inc., The Law Office of Patrick Trainor Esq. LLC, Legacy of Marie Garramone, LLC, Wraith, LLC, Ralph Garramone M.D., OMG Realty, LLC, Brantlee, LLC, 5681 Division LLC, Garramone Marketing, Inc., Hairpin Turn, LLC, R G Weight Management, LLC, Central Park of Southwest Florida, LLC - filed their answer to Noshirvan's First Amended Complaint. Dkt. 68. Defendant, Jennifer Maree Couture, also filed and served a "counterclaim" alleging "intentional infliction of emotional distress." Dkt. 68.

5.    However, defendant, Jennifer Maree Couture, previously raised, or could have raised, that claim of "intentional infliction of emotional distress" in federal case: 2:23-cv-00340-SPC-KCD. Jennifer Maree Couture did not.  See Dkt. 1, 9, and 83.

6.    In fact, Jennifer Maree Couture recently argued that she properly raised "intentional infliction of emotional distress" in federal case: 2:23-cv-00340-SPC-KCD. See Dkt. 116. However, the court in that case, denied her motion for reconsideration finding that Jennifer Maree Couture was attempting to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Dkt. 123; see also Dkt. 122. Opinion attached as **Exhibit 1**.

7.    The doctrine of res judicata, or claim preclusion, bars the re-litigation of claims that <u>were raised</u> or <u>could have been raised</u> in a prior proceeding. *McCulley v. Bank of Am., N.A.*, 605 Fed. Appx. 875, 877 (11th Cir. 2015); <u>Lobo v. Celebrity Cruises, Inc</u>., 704 F.3d 882, 892 (11th Cir.2013). Collateral estoppel, or issue preclusion, bars the re-litigation of issues of fact or law that were actually litigated and decided in a prior suit. *CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1317 (11th Cir.2003).

8.    In federal case: 2:23-cv-00340-SPC-KCD, Jennifer Maree Couture received a dismissal with prejudice as to all of her claims against Noshirvan.  See Dkt. 111.

9.    Res judicata now bars Jennifer Maree Couture's Counterclaim in federal case: 2:23-cv-01218-JES-KCD because there was a final judgment on the merits, (2) the court in 2:23-cv-00340-SPC-KCD  was/is a court of competent jurisdiction, (3) the parties in the instant case were parties to the first suit, and (4) both lawsuits involved the same cause of action, i.e., Jennifer Maree Couture's Counterclaim.

10.    Jennifer Maree Couture's rehashing of previously disposed claims was brought for an improper purpose and is needlessly increasing the cost of litigation. See Rule 11(b)(1).

11.    Attorney, Patrick Trainor knew or should have known that presenting a previously litigated claim as a "new" "counterclaim" is improper, unnecessary, and contrary to existing law. See Rule 11(b)(2). Furthermore, Patrick Trainor's certification of an improper Pleading warrants sanctions as well. See Rule 11(b)(1-4).

12.     Pursuant to Rule 11(c)(1)(A), Noshirvan makes this motion separately, specifically describing the violating conduct, and demands that Jennifer Maree Couture's Counterclaim be withdrawn within 21 days after receipt service of this motion.

13.     Should Jennifer Maree Couture or Patrick Trainor refuse to withdraw the meritless Counterclaim in accordance with Rule 11, Noshirvan will seek sanctions from both Jennifer Maree Couture and Patrick Trainor.

## Memorandum

### I.     Rule 11

An attorney is subject to Rule 11 sanctions when, inter alia, he presents to the court "claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2). When sanctions are sought by opposing counsel, opposing counsel must comply with Rule 11's "safe harbor" provision. *See Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998); *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (2001) ("[T]he procedural requirements of Rule 11[(c)(2)]'s 'safe harbor' are mandatory.").

"Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.' " *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir.1987) (en banc)

(quoting *Pin v. Texaco, Inc.*, 793 F.2d 1448, 1455 (5th Cir.1986)). They "may be imposed for the purpose of deterrence, compensation and punishment." *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1334 (11th Cir.1992). Under Rule 11, a district judge "shall" or must impose sanctions for a violation. *See Collins v. Walden*, 834 F.2d 961, 964 & n. 2 (11th Cir.1987) (The district judge "was compelled to impose Rule 11 sanctions" for a complaint that was "factually groundless and patently frivolous."). When a pleading, motion or other paper is determined to be in contravention of Rule 11, the signing attorney and/or the party represented are subject to appropriate sanctions. Fed.R.Civ.P. 11; *Willy v. Coastal Corp., 503 U.S. 131, 112 S.Ct. 1076,* 1079 n.1  (1992); *see Collins*, 834 F.2d at 966 (The district court properly sanctioned both the plaintiff-appellant and his attorneys.).

Because an objective standard of reasonableness under the circumstances governs whether Rule 11 has been violated, "a federal district court is required to evaluate whether the motion, pleading or other paper reflected what could reasonably have been believed by the signer at the time of signing." *Meeker*, 953 F.2d at 1331. In this circuit, three types of conduct warrant Rule 11 sanctions: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper

purpose." *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir.), cert. denied, 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991).

Based on the allegations in Jennifer Maree Couture's Counterclaim (which are nearly identical to the Second Amended Complaint in 2:23-cv-00340-SPC-KCD), all three types of sanctionable conduct may be implicated and warrant evaluation by this Court. Simply put, sanctions are appropriate because Jennifer Maree Couture's Counterclaim is clearly frivolous (barred by res judicata), legally unreasonable or without legal foundation."

Wherefore, Noshirvan respectfully requests this Court grant this motion and enter an order sanctioning defendant, Jennifer Maree Couture or her counsel, Patrick Trainor, award Noshirvan costs or expenses including attorney's fees, and any other relief this Court deems just and proper.

/s/ Nicholas A. Chiappetta
Nicholas A. Chiappetta, Esq.
**Chiappetta Trial Lawyers**
*Attorneys for Plaintiff*
2101 Vista Parkway, Suite 258
West Palm Beach, Florida 33411
Direct: (561) 768-4500
Fax:    (561) 768-4600
service@chiappettalegal.com
nick@chiappettalegal.com
www.chiappettalegal.com

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that Noshirvan's counsel and counsel for defendant, Jennifer Maree Couture met and conferred by telephone on April 30, 2024, and defendant, Jennifer Maree Couture and her counsel oppose the relief requested by Noshirvan in this Motion.

## CERTIFICATE OF EMAIL SERVICE

I hereby certify that on April 30, 2024, a true copy of this document was electronically served in accordance with Rule 5 (but not filed) upon the following counsel of record via email only:

Patrick Trainor, Esquire
**Law Office of Patrick Trainor, Esq., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
Attorney for all Defendants
except Garramone Plastic Surgery

Harvey W. Gurland, Jr., Esq.
Florida Bar No. 284033
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Anoosheh Shaikh, Esq.
Florida Bar No. 1039830
**DUANE MORRIS LLP**
201 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Tel: 561.962.2108
HWGurland@duanemorris.com

JJFannin@duanemorris.com
AShaikh@duanemorris.com
PNMendoza@duanemorris.com
JMagarin@duanemorris.com
Attorneys for Garramone Plastic Surgery

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
Law Office of Patrick Trainor, Esq., LLC
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for all Defendants*
*except Garramone Plastic Surgery*

Harvey W. Gurland, Jr., Esq.
Florida Bar No. 284033
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Anoosheh Shaikh, Esq.
Florida Bar No. 1039830
DUANE MORRIS LLP
201 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Tel: 561.962.2108
HWGurland@duanemorris.com
JJFannin@duanemorris.com
AShaikh@duanemorris.com
PNMendoza@duanemorris.com
JMagarin@duanemorris.com

Attorneys for Garramone Plastic Surgery


/s/ Nicholas A. Chiappetta
Nicholas A. Chiappetta