IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| DANESH NOSHIRVAN, <br><br> Plaintiff, <br><br> v. <br><br> JENNIFER COUTURE, et al., <br><br> Defendant. | Case No.: 2:23-cv-01218-JES-KCD |

**DEFENDANT JENNIFER COUTURE'S OPPOSITION TO DANESH NOSHIRVAN'S MOTION TO STRIKE COUNTERCLAIM AND FOR <u>SANCTIONS</u>**

Jennifer Couture (hereinafter "Couture") by and through the undersigned counsel respectfully opposes Danesh Noshirvan's ("Noshirvan") motion to strike Couture's counterclaim and for sanctions and states as follows:

1. *Res judicata* and claim preclusion do not apply to Couture's counterclaim because the counterclaim arises from new and ongoing harms Noshirvan has caused Couture since judgment in the Prior Action was entered.

2. Couture's Answer with counterclaims was filed April 29, 2024.

3. On April 30, 2024, counsel for Couture and Noshirvan's counsel conducted a telephone conversation wherein Noshirvan's counsel demanded that Couture strike her counterclaim under threat of sanctions. Counsel for Couture disputed counsel for Noshirvan's contention that Couture's counterclaim was

1

addressed in the prior action known as *Couture v. Noshirvan*, 2:23-cv-00340, Case. No. 2:23-cv-00340-SPC-KCD (M.D. Fla. May 30, 2023) ("Prior Action").

4. During the April 30, 2024, conversation, Couture's counsel cited examples of acts of harassment that Couture has endured.

## Legal Argument

### I. *Res Judicata* Does Not Apply to A Counterclaim Arising from New Misconduct

On the surface, it appears that Couture's counterclaim is barred by the District's *res judicata* analysis, because with the exception of new parties added to the instant action the parties are the similar, although the claims in this action invert claims Couture alleged against Noshirvan in the Prior Action they are related, and final judgment on the merits was entered in the Prior Action, however, *res judicata* is not applicable here, because Couture's counterclaim arises from new harms Noshirvan has inflicted upon Couture after judgment was entered.

*Res judicata*, or more properly claim preclusion, is a judicially made doctrine with the purpose of both giving finality to parties who have already litigated a claim and promoting judicial economy; it bars claims that could have been litigated as well. *Eastman Kodak Co. v. Atlanta Retail, Inc., (In re Atlanta Retail, Inc.)*, 456 F.3d 1277, 1284 (11th Cir. 2006). The doctrine of res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Smith v. Fla. Gulf Coast Univ. Bd. of Trs.*, 2024 U.S. Dist. LEXIS

21120 *6 (M.D. Fla. Feb. 7, 2024) (*citing Maldonado v. United States Attorney General*, 664 F.3d 1369, 1375 (11th Cir. 2011). For res judicata to bar a subsequent case, four elements must be present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1238 (11th Cir. 1999).

Two cases are generally considered to involve the same cause of action if the latter case "arises out of the same nucleus of operative fact, or is based upon the same factual predicate." *Id.* at 1239 (*quoting Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990)). *Smith*, 2024 U.S. Dist. LEXIS 21120 *5-6. In the Eleventh Circuit, to determine whether the causes of action are the same, a court must compare the substance of the actions, not their form." *Ragsdale*, 193 F.3d at 1239.

Furthermore, with respect to *res judicata*, the Supreme Court of the United States has explained that a "judgment precludes recovery on claims arising prior to its entry, but it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." which is the circumstances of Couture's counterclaim, which arose after the judgment was entered. *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322 (1955).

3

*Lawlor* was an antitrust case concerning copyright infringements within motion picture advertising posters brought after settlement was entered in an earlier action, where the Supreme Court held that "such a course of conduct [repeat acts] – for example an abatable nuisance – may frequently give rise to more than a single cause of action." *Id.* at 327.

The fact that Couture's counterclaim is based on new misconduct was shared with Noshirvan's counsel during the telephone conversation between counsel for the parties on April 30, 2024, wherein Couture's counsel advised that Couture would not withdraw her counterclaim, because the counterclaim arises from Noshirvan's continuing campaign of online and telephonic harassment which continues to harm Couture. Noshirvan simply farmed out the harassment of Couture to third-parties that he is friendly with who have sizeable social media followings of their own. In a similar use of social media as Noshirvan, these third-parties leverage their own social media following to trigger new online and telephonic harassment to be directed at Couture, her family, friends, co-workers and even her counsel.

However, to illustrate Noshirvan's work with other persons to cause harassing communications to be directed at Couture, Noshirvan uses friendly third-parties, who frequently post to their social media accounts the content and substance of private communications exchanged between the parties. Whereas,

4

Noshirvan in an apparent attempt to create deniability, in his social media postings related to these actions only comments on filings that are public, but to amplify the reach of their postings, thus the harassment of Couture, Noshirvan reposts the social posting of the friendly third-parties.  For example, most recently, on May 20, 2024, approximately three days after defendants' turned over their discovery production with their Responses and Objections to Rule 34, it was the subject of social media postings by the third-parties friendly to Noshirvan, which caused Couture and Couture's counsel to receive a series of harassing and threatening communications related to the content of the private information contained in their discovery production that only Noshirvan and counsel for Noshirvan were privy to. The phone calls and voicemails Couture's counsel receives threaten complaints to the bar if he does not withdraw his representation, which is similar to Noshirvan previously filed bar complaint that was immediately declined.

 The new and ongoing harms Couture endures are similar to the repeat violations in *Lawlor*, where the Court explained that "whether the defendants' conduct can be regarded as a series of individual torts or as one continuing tort, the [earlier] judgment does not constitute a bar to the instant suit." *Lawlor*, 349 U.S. 328.

 Lastly, sanctions pursuant to Rule 11 are unwarranted, because Couture's counterclaim arises from new and ongoing harmful conduct.

## CONCLUSION

For the foregoing reasons, Jennifer Couture respectfully requests that this Court deny Plaintiff's Motion to Strike Counterclaims and Rule 11 Sanctions.

Dated: June 7, 2024

_____
Patrick Trainor, Esquire (Attorney ID 242682019)
**LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
pt@ptesq.com
*Attorney for Jennifer Couture*

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on this 7th day of June 2024, I electronically filed the foregoing document with the Clerk of Court by using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

Dated: June 7, 2024

_____
Patrick Trainor, Esquire (Attorney ID 242682019)
**LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**

6

19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
pt@ptesq.com
*Attorney for Jennifer Couture*