IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN
an individual,

      CASE NO:
      2:23-cv-01218-JES-NPM

    Plaintiff,

vs.

JENNIFER COUTURE, an individual,
RALPH GARRAMONE M.D, an individual,
RALPH GARRAMONE M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY.,
CENTRAL PARK OF SOUTHWEST
FLORIDA, LLC, WRAITH, LLC,
SULLIVAN STREET INVESTMENTS, LLC,
HAIRPIN TURN, LLC, OMG REALTY, LLC,
R G WEIGHT MANAGEMENT, LLC,
CENTRAL PARK SOUTH, LLC,
BRANTLEE, LLC, LEGACY OF MARIE
GARRAMONE, LLC, GARRAMONE
MARKETING, INC., 5681 DIVISION LLC,
THE LAW OFFICE OF PATRICK TRAINOR
ESQ, LLC d/b/a THE LAW OFFICE OF
PATRICK TRAINOR, PATRICK TRAINOR,
an individual, and
ANTI-DOXING LEAGUE INC.

    Defendant(s).
_____/

**PLAINTIFF, DANESH NOSHIRVAN'S MOTION TO COMPEL
DEFENDANTS', JENNIFER COUTURE AND PATRICK TRAINOR
RESPONSE TO NOSHIRVAN'S SECOND REQUEST FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, plaintiff, Danesh Noshirvan ("Noshirvan"), by and through undersigned counsel, file this Motion to Compel Defendants', Jennifer Couture ("Couture") and Patrick Trainor ("Trainor"), Response To Noshirvan's Second Request For Production – served on May 21, 2024. In support of this Motion, Noshirvan states the following:

1. Noshirvan filed this instant action on December 26, 2023 (Dkt. 1). On April 08, 2024, this Court issued a Case Management and Scheduling Order. Dkt. 64.

2. On May 20, 2024, Noshirvan served his Second Request for Production on Trainor. Noshirvan served his Second Request for Production to Couture on May 21, 2024. A copy of the discovery requests are attached as **Exhibit 1 and 2**. Accordingly, Trainor was required to file written objections or otherwise respond on or before June 19, 2024. Couture was required to file written objections or otherwise respond on or before June 20, 2024. Neither defendant responded.

3. As of the date of the motion, there is no court order extending time for Couture and Trainor to respond. Couture and Trainor served no timely objections. Put Simply, Couture and Trainor failed to abide by the time frame of Rule 34 places its actions in contravention of Federal Rule of Civil Procedure 34.

4.      Wherefore, Noshirvan respectfully requests that this Court grant this motion and enter an order compelling Trainor and Couture produce responsive documents to Noshirvan's Second Request for Production within 10-days.

## Memorandum of Law

### I. Rule 34

A party has thirty days after being served to specify its objection to a discovery request. Fed. R. Civ. P. 34(b)(2). An objection must be made with specificity, giving the reasons for the objection. Fed. R. Civ. P. 34(b)(2)(C).

The failure to file objections within the time constraint of Rule 34 results in the waiver of such objections. See Fed. R. Civ. P. 34 (b)(2); see also M.D. Fla. Civil Discovery Handbook (2021) at Section 3.A.6 ("Absent compelling circumstances, failure to assert an objection to a request for production with the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel"); *Treminio v. Crowley Mar. Corp.*, 322CV00174CRKPDB, 2023 WL 8615135, at *3 (M.D. Fla. Dec. 13, 2023)("if a specific objection is not filed within thirty days, the plaintiff has waived any further objections"); *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998); *Pitts v. Francis*, No. 5:07cv169/RS/EMT, 2008 WL 2229524, at *5 (N.D. Fla. 2008)

(holding defendants failed to file timely objections resulting in the defendant's objections being waived).

The failure to raise an objection constitutes waiver even where an objection to the requested discovery would otherwise be proper. *United States v. Wilkins*, No. 8:14-cv-993-T-17JSS, 2017 WL 4182342 (M.D. Fla. 2017) (iterating "[a] party who fails to timely object to discovery waives all objections, including those based on privilege or work product") (internal quotations and citations omitted); *Reliance Ins. Co. v. Core Carriers, Inc.*, No. 3:06-CV-585-J-20MCR, 2008 WL 2414041, at *2 (M.D. Fla. 2008) ("[waiver of objections through untimely filing] operates even in situations where a party had a proper objection to a discovery request"). Therefore, if a specific objection is not filed within thirty days, the plaintiff has waived any further objections. *Bailey Industries, Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010).

Here, Couture and Trainor waived their right to object to Noshirvan's Second Request for Production because they failed to timely respond.

### II. Sanctions are appropriate

"If a motion to compel "is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

Fed. R. Civ. P. 37(a)(5). *See, e.g., CMR Constr. & Roofing, LLC v. ASI Preferred Ins. Corp.*, No. 219CV442FTM29MRM, 2020 WL 9172016, at *3 (M.D. Fla. May 1, 2020)." Dkt. 131.

Here, mandatory sanctions are appropriate. Couture and Trainor completely failed to respond to Noshirvan's Second Request for Production.

WHEREFORE, Noshirvan respectfully requests that the Court grant this Motion, enter an order compelling Couture and Trainor to produce the requested documents within 10 days, allow Noshirvan to supplement this motion with an a fee and cost affidavit, further deeming their objections waived, and any other relief this Court deems just and proper.

### Local Rule 3.01(g) Certification

The undersigned certifies that on June 21, 2024, met and conferred, via telephone, with counsel for Defendants. Counsel for Defendants claim non-receipt despite proof of email service. Counsel for Defendants opposes this motion.

DATED: June 21, 2024.

        Nicholas A. Chiappetta, Esq.
**Chiappetta Trial Lawyers**
Attorneys for Mr. Noshirvan
2101 Vista Parkway, Suite 258
West Palm Beach, Florida 33411
Direct: (561) 768-4500
Fax:    (561) 768-4600
service@chiappettalegal.com
nick@chiappettalegal.com
www.chiappettalegal.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 21, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
Law Office of Patrick Trainor, Esq., LLC
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for Plaintiffs*

        */s/ Nicholas A. Chiappetta*
        Nicholas A. Chiappetta