# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| DANESH NOSHIRVAN, <br><br> Plaintiff, <br><br> vs. <br><br> JENNIFER COUTURE, et al.; <br><br> Defendants. | Civil Case No.: 2:23-cv-01218 |

**DEFENDANT PATRICK TRAINOR ESQ.'s RESPONSES AND OBJECTIONS TO DANESH NOSHIRVAN'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to *Rule 34* of the *Federal Rules of Civil Procedure*, Patrick Trainor, Esq., (hereinafter "Trainor") as for his responses and objections to Defendant Danesh Noshirvan's ("Noshirvan" or "Plaintiff") Second Requests for Production of Documents states as follows:

**SPECIAL SPECIFIC OBJECTION**

1. Trainor objects to Noshirvan's Second Request for Production of Documents ("Request" or "Requests") on the grounds that Noshirvan's document production in the related action known *Couture v. Noshirvan*, 2:23-cv-00340 has confirmed that Noshirvan associate James McGibney has gained unauthorized access a/k/a hacked account(s) belonging to Joseph A. Camp and has manipulated, fabricated, and created documents and ESI that does not exist but for McGibney's unauthorized access, and these requests require production of same. Confirmation of McGibney's hacking activities as stated in his own words in communications he exchanged with Danesh Noshirvan are Annexed hereto as Exhibits A through D. Noshirvan's counsel's confirmation that Noshirvan and McGibney are engaged in "psyc [sic] ops" is annexed hereto as Exhibit E.

**GENERAL OBJECTIONS**

2. Trainor objects to Noshirvan's Requests on the grounds that they are a fishing expedition, which is illustrated by requests for documents concerning communications with persons Trainor never knew existed prior to Noshirvan propounding these Requests, which sufficiently proves Noshirvan does not possess a single fact to support any of his preposterous allegations.

3. Trainor objects to Noshirvan's Requests wherein a Request identifies a person by his/her first and last name and associates said person with a social media account on the grounds

that Trainor has no way of confirming the veracity of the identity of the allegedly named person, and has no way of confirming the veracity of the allegation that said person controls and/or publishes the social media username Noshirvan associated with said person(s), because Noshirvan has not provided proof or evidence that sufficiently shows person(s) is/are connected to the social media account username named in the Request.

4. Trainor objects to Noshirvan's Requests to the extent that they request documents concerning communications relative to this action that Trainor may have had with persons who concealed their true identity and provided a false or fictitious name when they communicated with Trainor concerning this action, and the related action known *Couture v. Noshirvan*, 2:23-cv-00340, including all such persons, whom Noshirvan knows to have falsely communicated with Trainor.

5. Trainor objects to Noshirvan's Requests to the extent such Requests seek production of documents concerning communications made by Trainor via any social media account on the grounds that to the best of his knowledge he has never posted a comment, tweet, message, or any form of content to any social media platform.

6. Trainor objects to Noshirvan's Requests to the extent such Requests seek documents concerning communications that are covered by the attorney-client privilege, work-product privilege, or any other privilege not claimed, and/or that are otherwise protected from disclosure. An inadvertent production of documents, communications, material, or information is not intended to be a waiver of any such privilege, and shall not constitute a waiver in whole or in part, of those privileges or protections as to documents, communications, material, or information inadvertently produced or the subject matter thereof.

7. The information supplied in these answers is based solely on the knowledge of the executing party. The word usage and sentence structure may be that of the attorney assisting in the preparation of the answers and, thus, does not necessarily purport to be the precise language of the executing party.

8. Trainor objects to Noshirvan's Requests to the extent that such Requests seek documents concerning communications that are covered by the litigation privilege and/or that are otherwise protected from disclosure.

9. Trainor objects to the instructions and definitions to the extent that they purport to incorporate any meaning for a word or phrase other than its usual and customary meaning.

10. Trainor objects to Noshirvan's Requests to the extent such Requests seek documents containing confidential business or financial information.

11. Trainor objects to Noshirvan's Requests where it calls for Trainor to produce a document that does not exist.

12. Trainor objects to Noshirvan's Requests to the extent such Requests are overly broad, unduly burdensome, harassing, expensive, oppressive, cumbersome, vague, and ambiguous and to the extent the Requests may be construed to seek documents that are not materially relevant to any party's claims or defenses.

13. Trainor objects to Noshirvan's Requests to the extent they seek documents for an irrelevant and unreasonable period of time.

14. Trainor objects to Noshirvan's Requests to the extent such Requests seek documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible information.

15. Trainor objects to Noshirvan Requests to the extent such Requests seek documents that are already in the public domain or possession of the propounding party, or is readily obtainable from a source other than Trainor in a more convenient, less burdensome, and less expensive manner.

16. Trainor objects to Noshirvan Requests to the extent such Requests may be construed to seek documents that are not within Trainor's possession, custody, or control.

17. Trainor objects to Noshirvan Requests to the extent that Noshirvan already possesses or has equal access to information sought.

18. Trainor objects to Noshirvan's Requests to the extent that such Requests fail to set forth a relevant time period for which such demand is made.

19. Trainor does not waive any of these General Objections by providing specific objections and responses, and no objection or response constitutes a waiver of any applicable privilege or protection against disclosure to which Trainor may be entitled.

20. Trainor's factual investigation is continuing. Trainor's responses to these Requests reflect its knowledge at the time Trainor responds. Trainor reserves the right to supplement or amend these responses, to make further objections that may become apparent as additional documents and/or information are located during discovery and thereafter, and to make use of documents or information not known to exist after the aforementioned reasonable search.

21. In addition to these general objections, Trainor has specific objections to certain Requests as set forth below. Whenever in these responses Trainor employs the phrase "subject to and without waiver of this objection" Trainor is responding to a particular Request as it may be narrowed by his general and specific objections. Any specific objections asserted with respect to a particular Request in no way waives or limits the application of these General Objections, which form a part of and are incorporated into each of Trainor's responses to these Requests.

**SPECIFIC RESPONSES AND OBJECTIONS**

The foregoing general objections are incorporated in each specific response and objection below as if fully set forth therein.

1. Produce a complete copy of every Document or ESI Joseph A. Camp or his aliases shared with you through his Dropbox account and include every Document uploaded, downloaded, shared with, or received from, between January 01, 2022, through the date of receipt of this request. (Name: Joseph Camp. Dropbox ID: dbid:AABabUW05aZVqoYRIBUfl6ZiKUpJDCPFKig, Email: joey@joeycamp2020.com).

Response: Trainor objects to Request Number 1 on the grounds that it factually presupposes he has knowledge of, or is aware of the alleged aliases used by Joseph A. Camp. Trainor further objects to Request Number 1 on the grounds that he has no knowledge of the specific Dropbox ID (dbid) designated in Request Number 1.

2. Produce every written communication, instant message, video, or audio recorded meeting and message, and attachment sent from, and received by, Joseph Camp's Microsoft Teams account from January 01, 2022, through the date of receipt of this request.

Response: Trainor responds to Request Number 2 by stating that he has no knowledge of ever having received anything from a Microsoft Teams account allegedly belonging to Joseph Camp.

3. Produce any Document and ESI in your possession, custody, or control, mentioning "Reality Content, LLC" from January 01, 2022, through the date of receipt of this request.

Response:   Trainor responds to Request Number 3 by stating that he does not possess, control, or have in his custody any documents or ESI mentioning "Reality Content, LLC."

4. Produce any Document and ESI in your possession, custody, or control, mentioning "James Carlson" (1317 Edge Water Dr., Suite 6983, Orlando Florida) from January 01, 2022, through the date of receipt of this request.

Response:   Trainor objects to Request Number 4 on the grounds that it is overbroad, unduly burdensome and beyond the scope of discovery to require production of documents and ESI simply mentioning the name "James Carlson," which is a common name.

5. Produce every audio recording between You and Rikki Cornelisse from January 01, 2022, through the date of receipt of this request.

Response:   Trainor responds to Request Number 5 by stating that he does not possess, control, or have in his custody any audio recordings between him and Rikki Cornelisse.

Respectfully,

June 21, 2024

Patrick Trainor, Esq.
**LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
pt@ptesq.com

5

# Exhibit A



# Exhibit B



# Exhibit C

Case 2:23-cv-01218-JES-KCD   Document 99-1   Filed 07/05/24   Page 11 of 16 PageID 848



# Exhibit D



# Exhibit E

| | |
|---|---|
| **From:** | Nick Chiappetta |
| **To:** | Patrick Trainor, Esq. |
| **Subject:** | Re: Plaintiff Second Demand for Defendant's To Comply with Court Order |
| **Date:** | Thursday, June 20, 2024 5:15:45 PM |
| **Attachments:** | Outlook-sfmcq6xy.png |

Okay. Are you aware of psyc ops?

Good luck proving those claims actually happened.

Best regards,
Nick

Get Outlook for iOS

---

**From:** Patrick Trainor, Esq. <pt@PTESQ.COM>
**Sent:** Thursday, June 20, 2024 5:12:21 PM
**To:** Nick Chiappetta <nick@chiappettalegal.com>
**Subject:** Re: Plaintiff Second Demand for Defendant's To Comply with Court Order

Read your production Nick. McGibney says it explicitly and I cited the documents.

Sincerely,

Patrick Trainor, Esq.

**THE LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
19 Union Avenue, Suite 201 | Rutherford, New Jersey 07070
Phone (201) 777-3327 | F (201) 896-7815

This electronic transmission – including any attachments – contains attorney privileged and confidential information intended for the sole use of the recipient (s) named. Any unauthorized review, use, dissemination, disclosure, distribution or copying of this transmission by any other person is strictly prohibited. If you are not an intended recipient or if you have received this communication in error, please notify us by telephone (201-777-3327).

This firm is a debt collector and may be attempting to collect a debt. Any information obtained from you will be used for that purpose. If you are currently protected by the filing of a petition in bankruptcy, the email, including attachments, if any, is for informational purposes only and should not be considered as an attempt to collect a debt.

**From:** Nick Chiappetta <nick@chiappettalegal.com>
**Sent:** Thursday, June 20, 2024 5:09:14 PM
**To:** Patrick Trainor, Esq. <pt@PTESQ.COM>
**Subject:** Re: Plaintiff Second Demand for Defendant's To Comply with Court Order

Patrick,

Enough this make believe. These delusions are unbecoming. What I do find interesting is how you would know if Camp's was hacked. Care to explain? Or is this just allegation too!

Best regards,
Nick

Get Outlook for iOS

---

**From:** Patrick Trainor, Esq. <pt@PTESQ.COM>
**Sent:** Thursday, June 20, 2024 4:46:34 PM
**To:** Nick Chiappetta <nick@chiappettalegal.com>
**Subject:** Re: Plaintiff Second Demand for Defendant's To Comply with Court Order

Nick, "doth protest too much." You coordinated with McGibney to file a knowingly false affidavit. He hacked Camp's email accounts and has been using same to harass and threaten. The jig is up.

Sincerely,

Patrick Trainor, Esq.

**THE LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
19 Union Avenue, Suite 201 | Rutherford, New Jersey 07070
Phone (201) 777-3327 | F (201) 896-7815

This electronic transmission – including any attachments – contains attorney privileged and confidential information intended for the sole use of the recipient (s) named. Any unauthorized review, use, dissemination, disclosure, distribution or copying of this transmission by any other person is strictly prohibited. If you are not an intended recipient or if you have received this communication in error, please notify us by telephone (201-777-3327).

This firm is a debt collector and may be attempting to collect a debt. Any information obtained from you will be used for that purpose. If you are currently protected by the filing of a petition in bankruptcy, the email, including attachments, if any, is for informational purposes only and should not be considered as an attempt to collect a debt.

**From:** Nick Chiappetta <nick@chiappettalegal.com>
**Sent:** Thursday, June 20, 2024 4:32:35 PM
**To:** Patrick Trainor, Esq. <pt@PTESQ.COM>
**Subject:** Re: Plaintiff Second Demand for Defendant's To Comply with Court Order

Patrick,

Your outlandish accusations are ludacris. Are you being paranoid because Joey Camp's accounts are under subpoena? If I were you, I would be sweating too! I cannot wait for the video of Garramone's partial deposition - it is very telling. By the way, Joey just confirmed, via Gab, that those accounts are in fact all operated by the same user. According to Joey's Video, there are 5 of you attorneys in the ADL. Who are the other 4????

I will formally respond to your ridiculous allegations and demand for documents not previously requested, in my client's possession, or relevant to YOUR client's remaining claims.

Best regards,

**Nick Chiappetta** | Founder
P. 561-768-4500
F. 561-768-4600
nick@chiappettalegal.com
2101 Vista Pkwy, Suite 258
West Palm Beach, Florida 33411

8401 Lake Worth Rd.,
Lake Worth, Florida 33467
*By Appointment Only*



Product Defect | Injury | Defamation | Insurance

https://url.avanan.click/v2/___www.chiappettalegal.com___.YXAzOmNoaWFwcGV0dGFsZWdhbDphOm86NmIyNmI1Yzc5MTAwNDEyOGU4NTg5MTdkOGJIYTE4ZTM6Njo4YmQzOmQ3MGY0MWE2YjQ0MzFlNGRiNTU2MzU2OTI5ZWJPTIsZTAl_gYmgYmJJZjM0NTc2OWY5YmI2MDgzZDMwMWQyYzM6DpU

NOTICE: This e-mail message and any attachment to this e-mail message contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, re-transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please notify us immediately by return e-mail or by telephone at 561-768-4500 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender.

---

**From:** Patrick Trainor, Esq. <pt@PTESQ.COM>
**Sent:** Thursday, June 20, 2024 4:13 PM
**To:** Nick Chiappetta <nick@chiappettalegal.com>
**Subject:** Plaintiff Second Demand for Defendant's To Comply with Court Order

My concerns regarding McGibney's admitted hacking and you and your client's apparent attempt to benefit from his hacking have been confirmed. See attached.

Sincerely,

Patrick Trainor, Esq.
**LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327 | F: (201) 896-7815

This electronic transmission – including any attachments – contains attorney privileged and confidential information intended for the sole use of the recipient (s) named. Any unauthorized review, use, dissemination, disclosure, distribution or copying of this transmission by any other person is strictly prohibited. If you are not an intended recipient or if you have received this communication in error, please notify us by telephone (201-777-3327).

This firm is a debt collector and may be attempting to collect a debt. Any information obtained from you will be used for that purpose. If you are currently protected by the filing of a petition in bankruptcy, the email, including attachments, if any, is for informational purposes only and should not be considered as an attempt to collect a debt.