IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| DANESH NOSHIRVAN,<br><br>Plaintiffs,<br><br>vs.<br><br>JENNIFER COUTURE, et al.,<br><br>Defendants. | Civil Case No.: 2:23-cv-001218 |

**CENTRAL PARK OF SOUTHWEST FLORIDA, LLC'S RESPONSE TO
ORDER TO SHOW CAUSE**

Defendant Central Park of Southwest Florida, LLC's (hereinafter "CPSW") responds to this Court's Order July 10, 2024, (ECF No. 104) requiring it to show cause as to why it failed to respond to Plaintiff's Danesh Noshirvan ("Noshirvan") motion to compel better responses, overrule objections, and produce documents (ECF No. 97) within the time required by Local Rule 3.01(c) and why the motion should not be granted.

1. Noshirvan did not conduct a meet and confer with counsel for CPSW to discuss this motion before it was filed as he is required to do by Local Rule 3.01(g). This is the fourth time, Noshirvan cited a meet and confer that was conducted on June 20, 2024, at the behest of Plaintiff's counsel in the action known as *Couture v. Noshirvan*, et al., 2:23-cv-00340 ("Prior Action"), which was convened to discuss Noshirvan's outstanding discovery in the Prior Action. At no

point during the June 20, 2024, meet and confer did counsel for the parties discuss the instant motion to compel.

2. Noshirvan's failure to meet and confer caused CPSW confusion as to its requirement to respond to Noshirvan's vague and ambiguous motion where he demanded "better responses," which term is undefined. Noshirvan's requests are inartful compound requests that demanded production of documents and ESI concerning CPSW's alleged social media accounts and communications with third-parties.

3. Further, CPSW does not know how its responses are insufficient. Noshirvan did not serve CPSW a written demand for vague and ambiguous "better responses," wherein he defined better responses, and had a meet and confer been conducted, so-called better responses would have been defined, but a meet and confer did not occur.

4. CPSW is a real property single-use limited liability company that was formed in 2021. CPSW does not possess, own, or control any social media accounts. It has never posted content to social media, nor communicated with any third persons and/or social media accounts, nor does it employ persons to manage a social media account or speak on its behalf.

5. However, in his inartful compound requests Noshirvan inserted untrue supposition and factual conclusions about CPSW's alleged relationships and

communications with third-persons, about CPSW's alleged knowledge of aliases used by a third person, and social media posts and communications with non-parties where none existed. For example, Noshirvan requested CPSW produce documents and ESI in its possession "that link" one unrelated third-party to two other unrelated third-parties. This request supposes CPSW is acquainted with and has communicated with each of the three third-parties, when has not acquaintance with either if three and has not communicated with any of them.

6.  In order to respond truthfully to Noshirvan's compound requests, CPSW was required to deny Noshirvan's supposition about events and/or communications that never occurred, and deny Noshirvan's conclusory allegations, such as CPSW's alleged acquaintance with a social media account and/or a third-party, deny that it knew or was acquainted with said third-party's aliases, and deny it communicated with persons, whom it never communicated with.

7.  The failure to meet and confer and confusion concerning what a "better response" is caused CPSW's failure to timely respond.

Dated: July 17, 2024

_____
Patrick Trainor, Esquire (Attorney ID 242682019)
**LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327

F: (201) 896-7815
pt@ptesq.com
*Attorney for CPSW*

### **CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties and counsel who have filed an appearance in this matter.

July 17, 2024                     _____
                                   Patrick Trainor
                                   *Attorney for Plaintiff*