UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:23-CV-01218-JES-KCD

DANESH NOSHIRVAN
an individual,

    Plaintiff,

v.

JENNIFER COUTURE, an individual,
RALPH GARRAMONE M.D., an individual,
RALPH GARRAMONE M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY.,
CENTRAL PARK OF SOUTHWEST
FLORIDA, LLC, WRAITH, LLC,
SULLIVAN STREET INVESTMENTS, LLC,
HAIRPIN TURN, LLC, OMG REALTY, LLC,
R G WEIGHT MANAGEMENT, LLC,
CENTRAL PARK SOUTH, LLC,
BRANTLEE, LLC, LEGACY OF MARIE
GARRAMONE, LLC, GARRAMONE
MARKETING, INC., 5681 DIVISION LLC,
THE LAW OFFICE OF PATRICK TRAINOR
ESQ, LLC d/b/a THE LAW OFFICE OF
PATRICK TRAINOR, PATRICK TRAINOR,
an individual, and
ANTI-DOXING LEAGUE INC.

    Defendants.
_____/

**DEFENDANT RALPH GARRAMONE M.D., P.A.,
D/B/A GARRAMONE PLASTIC SURGERY'S
MOTION FOR JUDGMENT ON THE PLEADINGS ON
<u>COUNTS I AND VI OF THE FIRST AMENDED COMPLAINT</u>**

Defendant RALPH GARRAMONE M.D. P.A. d/b/a GARRAMONE PLASTIC SURGERY ("*Garramone Plastic Surgery*"), moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings on Counts I and VI of the First Amended Complaint and, in support thereof, states as follows:

## PRELIMINARY STATEMENT

Plaintiff Danesh Noshirvan ("*Plaintiff*" or "*Noshirvan*"), filed a six-count First Amended Complaint ("*Complaint*") that attempts to assert claims for civil conspiracy to tortiously interfere with a parent-child relationship (Count I), civil conspiracy to tortiously interfere with a business relationship (Count II), civil conspiracy to defame (Count III), civil conspiracy to intentionally inflict emotional distress (Count IV), civil conspiracy to misappropriate Noshirvan's likeness for commercial (sic) (Count V), and agency (Count VI).

As discussed in greater detail below, the Court should grant Garramone Plastic Surgery judgment on the pleadings against Plaintiff on Counts I and VI. *First*, Plaintiff fails to state a claim for civil conspiracy to tortiously interfere with a parent-child relationship (Count I) because there are no allegations that Plaintiff was unable to exercise his parental rights at any time or that Garramone Plastic Surgery removed or detained his child from returning to his custody. *Second*, Plaintiff's claim for agency, Count VI, fails because a stand-alone claim for agency is not cognizable as a separate cause of action under Florida law. Accordingly,

Garramone Plastic Surgery respectfully asks the Court to enter judgment in its favor and against Plaintiff on Counts I and VI.

## BACKGROUND[1]

1. Plaintiff filed his First Amended Complaint ("Complaint") on January 4, 2024 (D.E. 26) and this is the operative Complaint.

2. Plaintiff considers himself to be "an online entertainer and journalist" who uses his social media platform to depict "bad actors behaving badly on camera and includes satire or political commentary." Complaint at ¶ 1. He describes himself as a "new age shock jock" whose "followers/viewers do online research and provide public information about the bad actors—'tips'… which may be utilized in a follow-up news story." *Id.* at ¶ 95. Plaintiff uses TikTok and YouTube among other social media platforms to connect with his followers.

3. This case stems from events that took place on January 26, 2022 relating to a video concerning actions of Defendant Jennifer Couture and Plaintiff publicizing those actions. *Id* at 1. Plaintiff claims that the various defendants in this case joined "Victims of That Danesh Guy" and "Victims of Danesh" on social media outlets and conspired in an effort to harm Plaintiff's reputation. *Id.* at ¶¶s 1

---

[1] The allegations in the Complaint are, solely for purposes of this motion, accepted as true.

and 106. Garramone Plastic Surgery is one of numerous defendants named in the Complaint.

4. Count I is labelled "Civil Conspiracy to Tortiously Interference (sic) With a Parent-Child Relationship." Plaintiff claims that Defendants and unnamed co-conspirators intentionally made false claims of child abuse by Plaintiff to Child Protective Services. Complaint at ¶ 156. Plaintiff goes on to allege that following an investigation Plaintiff was cleared and was found to be a fit parent. *Id.* Plaintiff claims that Defendants' goal was to have his child removed from him and placed in foster care. *Id.* at ¶ 159. Plaintiff does not allege that his child was ever removed from Plaintiff's custody, that his child was ever placed in foster care, or that Plaintiff was deprived of custody of his child at any time.

5. On April 29, 2024, Garramone Plastic Surgery filed its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint. (D.E. 69). Garramone Plastic Surgery denied the allegations of wrongdoing and raised numerous defenses. Specifically, as to Count I Garramone Plastic Surgery alleged that

> Plaintiff's claim for Civil Conspiracy to Tortiously Interference (sic) With Parent-Child Relationship fails, in whole or in part, because Plaintiff fails to allege and cannot establish that he was unable to exercise his parental rights at any time or that Garramone Plastic Surgery removed or detained his child from returning to his custody, without his consent. *Glegg v. Van Den Hurk*, 379 So. 3d 1171, 1173-74 (Fla. 4th DCA 2024).

Answer and Affirmative Defenses, D.E. 69, Affirmative Defense No. 5.

Specifically, as to Count VI, Garramone Plastic Surgery Alleged that

> Plaintiff's claim for Agency fails, in whole or part, because a standalone claim for agency is not cognizable as a separate cause of action under Florida law, "but rather, [is] a theory of negligence liability." *Ewing v. Carnival Corp.*, 2020 WL 3839699, at *14 (S.D. Fla. July 7, 2020); *Barabe v. Apax Partners Europe Managers, Ltd.*, 359 F. App'x 82, 84 (11th Cir. 2009) (holding that there is no cause of action for "agency").

Answer and Affirmative Defenses, D.E. 69, Affirmative Defenses No. 10.

## ARGUMENT

### I.   Applicable Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is subject to the same standard of review as a 12(b)(6) motion. *United States v. Halifax Hosp. Med. Ctr.*, 997 F. Supp. 1272, 1274 (M.D. Fla. 2014). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (emphasis added). "Stated differently, the factual allegations in

the complaint must "possess enough heft" to set forth "a plausible entitlement to relief." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Under Rule 12(h), a party may move for judgment on the pleadings based on a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(h)(2)(B). In determining whether a party is entitled to judgment on the pleadings, the Court "must accept all facts in the complaint as true and view them in light most favorable to the plaintiff[]." *Hardy v. Regions Mortgage, Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006), quoting, *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001). "Judgment on the pleadings is appropriate when no issues of material fact are raised in the pleadings and the movant is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001); *see also Hawthrone v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) ("Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts.").

**II. Judgment on the Pleadings Should be Entered For Garramone Plastic Surgery On Plaintiff's Claim for Civil Conspiracy to Tortiously Interfere With a Parent-Child Relationship Because Plaintiff Does Not Allege that His Child Was Ever Removed From His Custody or that He Was Unable to Exercise his Parental Rights at Any Time**

Plaintiff brings a claim against Garramone Plastic Surgery purportedly alleging a civil conspiracy to tortiously interfere with Plaintiff's parental custodial rights. The allegations are centered around Garramone Plastic Surgery's alleged agreement to interfere with Noshirvan's parental rights by intentionally making false claims of child abuse to Child Protective Services with a goal to have Plaintiff's child placed in foster care[2]. Complaint at ¶ 158.

Florida recognizes a cause of action for tortious interference with a parent-child relationship by a non-parent <u>if</u> specific allegations are made to support such a claim. *Stone v. Wall,* 734 So.2d 1038 (Fla.1999). A plaintiff/parent with a right of a parental or custodial relationship with a minor child must allege (1) that the defendant intentionally interfered with the parent's rights by  removing or detaining the child from the parent's custody or service or by preventing the parent from exercising parental or custodial rights; (2) that the defendant's interference caused harm to the parent's custodial relationship with the child; and

---

[2]     Again, Garramone Plastic Surgery accepts these allegations as true solely for purposes of this motion, but has denied the allegations of wrongdoing in its Answer.

(3) plaintiff was damaged by the interference with its parental rights. *Glegg v. Van Den Hurk*, 379 So.3d 1171, 1173 (Fla. 4th DCA 2024), citing, *Stone* 734 So. 2d at 1042.

"A key element of the cause of action is that 'the plaintiff had superior custody rights to the child and that the defendant intentionally interfered with those rights.'" *Stewart v. Walker,* 5 So.3d 746, 748 (Fla. 4th DCA 2009) (quoting *Stone,* 734 So.2d at 1042)). Moreover, the interference involves "**depriving the custodial parent of physical custody of the child**." *Davis v. Hilton*, 780 So.2d 974, 976 (Fla. 4th DCA 2001) (emphasis added).

Here, there is no allegation of physical interference by Garramone Plastic Surgery with the custodial relationship between Plaintiff and his child. Plaintiff does not allege that Garramone Plastic Surgery, on its own or in a conspiracy with other defendants, deprived Plaintiff of custody of his child. Plaintiff fails to allege that he was unable to exercise his parental rights at any time or that Garramone Plastic Surgery removed the child or detained his child from returning to his custody, without his consent, which is one of the required elements for the claim. *Glegg v. Van Den Hurk*, 379 So. 3d at 1173-74. Accordingly, Garramone Plastic Surgery is entitled to judgment as a matter of law on Count I.

**III. Judgment on the Pleadings Should be Entered For Garramone Plastic Surgery On Plaintiff's Claim for Agency Because Agency is Not Cognizable as a Separate Cause of Action Under Florida Law**

In the Sixth Count, Plaintiff attempts to impute onto Garramone Plastic Surgery, alleged tortious activities of non-party Joseph Camp through an allegation of agency[3]. See generally, Complaint at ¶¶ 204-210. Plaintiff alleges that Camp is an "agent of" Garramone Plastic Surgery who was hired "to destroy Noshirvan mentally, reputationally, and financially by 'managing' Noshirvan's online reputation online." *Id.* at 207. Specifically, Plaintiff claims that "Camp was acting within his scope of employment" with Garramone Plastic Surgery "when Camp (1) falsely reported child abuse to Child Protective Services, (2) tortiously interfered with Noshirvan's business relationships, (3) made libelous statements, [and] (4) published or caused to be published Noshirvan's likeness in commercial advertisements." *Id.* ¶ 208.

Agency, however, is not an independent cause of action; it is a theory of vicarious liability under Florida law. *See Ash v. Royal Carribean Cruises Ltd.*, 2014 WL 6682514, at *7 (S.D. Fla. Nov. 25, 2014) (citing *Barabe v. Apax Partners Europe Managers, Ltd.*, 359 F. App'x 82, 84 (11th Cir. 2009). A standalone claim for agency

---

[3] As a separate Affirmative Defense, Garramone Plastic Surgery states that Plaintiff has failed to join Mr. Camp who is an indispensable party. D.E. 69, Affirmative Defense No. 2.

is not cognizable as a separate cause of action under Florida law, "but rather, [is] a theory of negligence liability." *Ewing v. Carnival Corp.*, 2020 WL 3839699, at *14 (S.D. Fla. July 7, 2020); *Barabe v. Apax Partners Europe Managers, Ltd.*, 359 F. App'x 82, 84 (11th Cir. 2009) (holding that there is no cause of action for "agency").

Since Florida does not recognize a standalone cause of action for agency, Garramone Plastic Surgery is entitled to judgment as a matter of law on Count VI.

## CONCLUSION

For the foregoing reasons, Defendant, Garramone Plastic Surgery, respectfully requests that the Court grant its Motion for Judgment on the Pleadings and enter judgment in favor of Garramone Plastic Surgery on Counts I and VI, and provide any such other relief as the Court deems just and proper.

Respectfully submitted this 18th day of July, 2024.

                                                      */s/ Harvey W. Gurland, Jr.*
Harvey W. Gurland, Jr., Esq.
Florida Bar No. 284033
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Anoosheh Shaikh, Esq.
Florida Bar No. 1039830
DUANE MORRIS LLP
201 South Biscayne Blvd., Suite 3400
Miami, FL 33131
Tel: 561.962.2108
HWGurland@duanemorris.com
JJFannin@duanemorris.com
AShaikh@duanemorris.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of July, 2024, a true and correct copy of the foregoing was served via electronic mail upon all counsel of record.

/s/ *Harvey W. Gurland, Jr.*
Harvey W. Gurland, Jr., Esq.

DM1\15519400.1