UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, an individual,

Plaintiff,

v. Case No: 2:23-cv-1218-JES-KCD

JENNIFER COUTURE, an individual, RALPH GARRAMONE M.D., an individual, RALPH GARRAMONE M.D. P.A., CENTRAL PARK OF SOUTHWEST FLORIDA, LLC, WRAITH, LLC, SULLIVAN STREET INVESTMENTS, LLC, HAIRPIN TURN, LLC, OMG REALTY, LLC, R G WEIGHT MANAGEMENT, LLC, CENTRAL PARK SOUTH, LLC, BRANTLEE, LLC, LEGACY OF MARIE GARRAMONE, LLC, GARRAMONE MARKETING, INC., 5681 DIVISION LLC, THE LAW OFFICE OF PATRICK TRAINOR ESQ. LLC, PATRICK TRAINOR, an individual, and ANTI-DOXING LEAGUE INC.,

Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on review of Danesh Noshirvan's (Plaintiff or Noshirvan) Motion to Dismiss Counterclaim (Doc. #72), Motion for Rule 11 Sanctions (Doc. #86), and Notice of Supplemental Authority (Doc. #87). Jennifer Couture

(Defendant or Couture) filed a Response in Opposition (Doc. #93). For the reasons set forth below, the motions are granted.

**I.**

Couture first sued Noshirvan in a separate case before another district judge. See Couture v. Noshirvan, Case No. 23-cv-340-SPC-KCD (hereinafter Couture).[1] Noshirvan then filed the instant lawsuit against Couture (hereinafter Noshirvan). After Couture's motion to dismiss was denied,[2] Couture filed an Answer along with a counterclaim for Intentional Infliction of Emotional Distress (IIED). (Doc. #68.) Noshirvan contends that because the counterclaim was previously raised, or could have been raised, in Couture, the counterclaim is barred by res judicata and Couture or her counsel should be sanctioned. (Docs. ##72, 86.) Couture counters that because her counterclaim arises from new and ongoing harmful conduct, both motions should be denied. (Doc. #93.)

---

[1] The Court takes judicial notice of the Complaint and the Order dismissing the claims with prejudice (Doc. #111) in Couture. See Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010)(per curiam)(holding that, in evaluating a claim for res judicata, "[t]he district court properly took judicial notice of the documents in [plaintiff]'s first case, which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" (quoting Fed. R. Evid. 201(b)).

[2] The motion to dismiss detailed each case's allegations. (See Doc. #65, pp. 2-4.) They require no repeating here, except as later discussed.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As previously noted by the undersigned in Pk Studios, Inc.,

> In evaluating a Rule 12(b)(6) motion seeking to dismiss a counterclaim for failing to comply with Rule 8(a), the Court must accept as true all factual allegations in the counterclaim complaint and "construe them in the light most favorable to the [counterclaim-]plaintiff." Baloco ex rel. Tapia v. Drummond Co., 640 F.3d 1338, 1345 (11th Cir. 2011). However, mere "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).
>
> By extension, "[a] motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." Sticky Holsters, Inc. v. Ace Case Mfg., LLC, No. 2:15-CV-648-FTM-29CM, 2016 WL 1436602, at *6 (M.D. Fla. Apr. 12, 2016) (quoting Geter v. Galardi S. Enters., Inc., 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014)). Thus, to avoid dismissal under Rule 12(b)(6), each counterclaim must contain sufficient factual allegations to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To do so requires "enough facts to state a claim to relief that is plausible on its face." Id. at 570.
>
> This plausibility pleading obligation demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted); see also Ashcroft v.

> Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) ("Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." (citation omitted)). Instead, the counterclaim complaint must contain enough factual allegations as to the material elements of each claim to raise the plausible inference that those elements are satisfied, or, in layman's terms, that the counterclaim-plaintiff has suffered a redressable harm for which the counterclaim-defendant may be liable.

Pk Studios, Inc. v. R.L.R. Invs., LLC, No. 2:15-CV-389-FTM-99CM, 2016 WL 4529323, at *8 (M.D. Fla. Aug. 30, 2016).

**III.**

The Court first addresses Noshirvan's motion to dismiss the counterclaim and then the motion for sanctions.

**A. Dismissal of counterclaim**

Noshirvan argues Couture's counterclaim should be dismissed because it "is subject to res judicata, fails to state a cause of action, and filed in bad faith." (Doc. #72, p. 2.) The first argument is persuasive and requires dismissal with prejudice.

**(1) Res Judicata**

"To invoke res judicata—also called claim preclusion—a party must establish four elements: that the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the

same causes of action." TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co., 959 F.3d 1318, 1325 (11th Cir. 2020)(citing Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1269 (11th Cir. 2002)). Res judicata bars both "claims that were or could have been litigated in a prior action between the same parties." Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013). "[F]or res judicata purposes, claims that 'could have been brought' are claims in existence at the time the original complaint is filed or claims *actually* asserted by supplemental pleadings or otherwise in the earlier action." Manning v. City of Auburn, 953 F.2d 1355, 1360 (11th Cir. 1992)(internal footnote omitted). "At all times the burden is on the party asserting res judicata . . . to show that the later-filed suit is barred." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001).

Couture only disputes the fourth element, that is, whether the counterclaim "arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as [Couture]." TVPX ARS, Inc., 959 F.3d at 1325(quoting Griswold v. Cnty. Of Hillsborough, 598 F.3d 1289, 1293 (11th Cir. 2010)). Two claims arise out of the same operative nucleus of facts if "the primary right and duty are the same." Id. (quoting Adams v. S. Farm Bureau Life Ins. Co., 493 F.3d 1276, 1289 (11th Cir. 2007)). "The test is one of substance, not form." Manning, 953 F.2d at 1358 (citing I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549

(11th Cir. 1986)). "A court 'must look to the factual issues to be resolved [in the second cause of action], and compare them with the issues explored in' the first cause of action." Id. at 1359 (alteration in original)(quoting S.E.L. Maduro v. M/V Antonio De Gastaneta, 833 F.2d 1477, 1482 (11th Cir. 1987). "[A]ll legal theories and claims arising out of the same operative nucleus of fact" are barred, regardless of the precise legal theory presented in the previous litigation. Maldonado v. U.S. Atty. Gen., 664 F.3d 1369, 1376 (11th Cir. 2011)(quoting Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356 (11th Cir. 1998)).

The factual allegations in Couture's IIED counterclaim are as follows: "Since January 26, 2022, counter-defendant [Noshirvan] has used TikTok videos and other social media platforms to lead and participate in a campaign of online and telephonic harassment and threats against [Couture]." (Doc. #68, p. 36.) On that day, a minor related to Couture allegedly gave Noshirvan money, a video of Couture, and Couture's personal information so Noshirvan would harass Couture. (Id. at p. 37, ¶ 29.) The next day, Noshirvan published his first video of Couture, which lead to Couture allegedly receiving hundreds of text messages, phone calls, and voicemails. (Id. at ¶¶ 30-31.) Noshirvan then allegedly messaged Couture, telling her the "fun hasn't even started yet," (id. at ¶ 32); chatted online with Couture posing as another person and posted screenshots of their conversation online, (id. at ¶ 36);

published videos on or about February 2022 of Couture's location, which led to people soliciting Couture's mother's house, (id. at ¶ 44); purchased native content sponsored advertisements that same month to promote the videos, (id. at ¶ 40); threatened Couture with getting her arrested since January 2022, (id. at ¶ 43); filed false reports with the Florida Department of Children and Families (FDCF) on July 2022, which led to an unannounced investigative visit from FDCF in August 2022, (id. at ¶¶ 45-46); and incited his social media followers to report Couture to Southwest Florida Crimestoppers. (Id. at ¶ 52.) "Between January 2022 and August 2022, [Noshirvan] posted approximately twelve (12) new videos directed at Couture, and he repeatedly reposted edited versions of his previous videos." (Id. at ¶ 53.)

The counterclaim and the Complaint in Couture are based on the exact same factual predicate, as evidenced by their practically copy-and-paste mirroring of each other. (See Couture, Doc. #1, ¶¶ 39-41, 44-46, 49-53, 58.) Further, all of the counterclaim's pleaded factual allegations took place before May 22, 2023, the date the Couture Complaint was filed. Thus, Couture could have brought this IIED claim in the previous litigation. Lawlor v. Nat'l Screen Serv. Corp., the case Couture relies on, differs in that the allegations in the second case there "were all subsequent" to the first action, "new", and "substantially" different. 349 U.S.

322, 328 (1955). The fourth element is therefore satisfied and res judicata bars this counterclaim.

Couture's argument that "this counterclaim arises from Noshirvan[] continuing [his] campaign of online and telephonic harassment" by "farm[ing] out the harassment of Couture to third-parties that he is friendly with who have sizeable social media followings of their own" (Doc. #93, p. 4) fails to alter the result. By simply stating that the conduct is "continuing," Noshirvan neither alleges new acts that took place after Couture nor acts that arise from a separate nucleus of operative facts. It is evident that these unpled facts arise out of the same operative nucleus of operative facts as Couture, where Noshirvan allegedly "incited [third-parties] to join his campaign of online and telephonic harassment" of Couture since January 27, 2020. (Couture, Doc. #1, ¶ 40.) Both sets of facts arise from the same transaction or series of transactions. See Ragsdale, 193 F.3d at 1239 n.8 (explaining that a group of facts constitutes a transaction or series of transactions if they are pragmatically related in time, space, origin, motivation, and they form a convenient trial unit in accordance with a parties' expectations). This is not a situation where a modification of significant facts created new legal conditions. See Manning, 953 F.2d at 1359 ("Res judicata is no defense where, between the first and second suits, there has been a[ ] . . . modification of significant facts

creating new legal conditions." (alteration in original)(quoting Jaffree v. Wallace, 837 F.2d 1461, 1469 (11th Cir. 1988))). Thus, the counterclaim is barred by res judicata.

Noshirvan asserts that the counterclaim should be dismissed with prejudice and Couture advances no argument on the issue. Given the nature of res judicata and the futility of any amendment based on the same nucleus of operative facts or factual predicate, the counterclaim will be dismissed with prejudice. See Stafford v. Kedrion S.p.A., No. 23-10807, 2023 WL 7104809, at *2 (11th Cir. Oct. 27, 2023)(per curiam)("Because res judicata would bar the second amended [counterclaim] . . . further amendment would have been futile and caused undue delay.")[3]; Ferrier v. Atria, 728 F. App'x 958, 962 (11th Cir. 2018)(per curiam); Solis v. Glob. Acceptance Credit Co., L.P., 601 F. App'x 767, 771-72 (11th Cir. 2015)(per curiam)("[T]he court also did not err in denying leave to amend because further amendment with respect to the same factual circumstances would not evade the *res judicata* bar."); De Souza v. JPMorgan Chase Home Lending Div., 608 F. App'x 776, 781 (11th Cir. 2015)(per curiam); Brown v. Comcast Cablevision of Tallahassee, 134 F. App'x 423, 424 (11th Cir. 2005)(per curiam); Butler v. First

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." Bonilla v. Baker Concrete Const., Inc., 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

Finacial Inv. Fund Holdings, LLC, No. 120CV03115WMRAJB, 2021 WL 2518239, at *4 (N.D. Ga. Apr. 7, 2021), report and recommendation adopted sub nom. Butler v. First Fin. Inv. Fund Holdings, LLC, No. 1:20-CV-3115-WMR, 2021 WL 7707938 (N.D. Ga. June 21, 2021)("Given the nature of res judicata, when the doctrine applies to a particular [claim] the [claim] will be dismissed with prejudice." (citing Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990))).[4]

**(2) Imposition of Sanctions**

Noshirvan argues that Couture or her counsel should be sanctioned pursuant to Rule 11 for filing the invalid counterclaim, since it was "nearly identical" to the Complaint in Couture and thus "was clearly frivolous (barred by res judicata), legally unreasonable, or without legal foundation." (Doc. #86, p. 7.) In one sentence, Couture counters that "sanctions pursuant to Rule 11 are unwarranted, because Couture's counterclaim arises from new and ongoing harmful conduct." (Doc. #93, p. 5.)

Rule 11(b) states that:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's

[4] "Because this conclusion disposes of this [counterclaim], we need not address [Noshirvan]'s [remaining] arguments" for dismissal. Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1190 n.3 (11th Cir. 2003).

> knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The Rule 11 standard, as recently stated by the Eleventh Circuit:

> Rule 11 sanctions are warranted when a party files a pleading or motion that "(1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose."
>
> Rule 11 imposes an affirmative duty on an attorney to conduct a reasonable inquiry into both the facts and the law before filing a pleading or motion. When deciding whether to impose sanctions under Rule 11, a district court must conduct a two-step inquiry, determining "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." A factual claim is frivolous when it has no reasonable factual basis. A legal claim is frivolous when it has no reasonable chance of succeeding. When the attorney's

> evidence is "merely weak," but supports a claim under existing law after a reasonable inquiry, sanctions are unwarranted. Sanctions are warranted, however, when the attorney exhibits "a deliberate indifference to obvious facts."
>
> If the attorney failed to make a reasonable inquiry, then "the court must impose sanctions despite the attorney's good faith belief that the claims were sound." The reasonableness of the inquiry depends on the circumstances of the case.
>
> In addition, an attorney's obligations with respect to the contents of pleadings or motions are not measured solely as of the time when the pleading or motion is initially filed with the court, but also at the time when the attorney, having learned the claims lack merit, reaffirms them to the court. "That the contentions contained in the complaint were not frivolous at the time it was filed does not prevent the district court from sanctioning [the attorney] for his continued advocacy of them after it should have been clear that those contentions were no longer tenable."

Gulisano v. Burlington, Inc., 34 F.4th 935, 941–43 (11th Cir. 2022)(internal citations omitted). "A plaintiff may be sanctioned under Rule 11 for filing claims barred by res judicata." Thomas v. Evans, 880 F.2d 1235, 1240 (11th Cir. 1989)

Couture's res judicata argument was not supported by the facts alleged in the counterclaim. The counterclaim here and the facts in the Complaint in Couture were practically a copy-and-paste mirror of each other. Yet, Couture's counsel argued that the claims did not share the same cause of action. Even if that was his good faith belief, a reasonable inquiry would have quickly revealed that the factual issues in the counterclaim arose out of the same transaction or series of transactions in Couture. Couture's

counsel filed the counterclaim about twenty days after Couture's claims against Noshirvan were dismissed with prejudice in Couture. (Compare Doc. #68 with, Couture, Doc. #111.) Couture's counsel was then afforded more time after Noshirvan's counsel gave him notice on April 30, 2024 of a motion for Rule 11 sanctions unless the counterclaim was withdrawn. (See Doc. #93, p. 4.) Counsel therefore had more than enough time to conduct a reasonable inquiry.

Instead, Couture's counsel did not withdraw the counterclaim, and these motions to dismiss and for sanctions followed. The completion of the required reasonable inquiry would have resulted in Couture realizing the pled counterclaim was barred by res judicata, thus avoiding the costs to Noshirvan of defending against it. Given that Couture's counsel violated Rule 11(b), the Court is now obliged to impose sanctions. Didie v. Howes, 988 F.2d 1097, 1104 (11th Cir. 1993)("Under Rule 11, a district judge 'shall' or *must* impose sanctions for a violation.").

"[When] an attorney or unrepresented party breaches its duty under Rule 11(b) by filing a pleading that fails to comply with any of the substantive standards of that rule, Rule 11(c) kicks in." Showan v. Pressdee, 922 F.3d 1211, 1224 (11th Cir. 2019). Here, Noshirvan requests "costs or expenses including attorney's fees, and any other relief this Court deems just and proper" from either Couture herself or her counsel, Patrick Trainor. (Doc. #86, p. 7.) "Rule 11(c)(4) permits a court to issue 'an order directing

payment to the movant of part or all of the reasonable attorney's fees and other expenses' as a sanction for a violation of Rule 11(b)." Showan, 922 F.3d at 1224 (quoting Fed. R. Civ. P. 11(c)(4)). Nonetheless, "Rule 11 does not create an absolute entitlement to even reasonable attorney's fees if the court determines that the rule's central goal of deterrence may be achieved by a lesser sanction." Fox v. Acadia State Bank, 937 F.2d 1566, 1571 (11th Cir. 1991). Importantly, "Rule 11 does not permit sanctioning a client, however, when the basis for the sanction is that the pleading was legally frivolous." Byrne v. Nezhat, 261 F.3d 1075, 1118 (11th Cir. 2001) abrogated on other grounds as recognized by Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357 n.10 (11th Cir. 2018).

Patrick Trainor and The Law Office of Patrick Trainor, Esq., LLC, will be jointly and severally sanctioned for the reasonable attorney's fees and costs incurred by Noshirvan in defending against the frivolous counterclaim. See Fed. R. Civ. P. 11(c)(1)(stating that "[a]bsent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."). Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help streamline the litigation process by lessening frivolous claims. Didie, 988 F.2d at 1104. Sanctions may be imposed for the purpose of deterrence, compensation or punishment. Id. In this case, the

court finds that the purposes of Rule 11 sanctions—deterrence, compensation, and punishment—are furthered by imposing sanctions against Patrick Trainor and his law firm for filing a counterclaim which was clearly barred by the doctrine of res judicata. The one sentence opposition to sanctions was not supported by the record.

Noshirvan does not disclose the amount of his requested reasonable attorney's fees and costs. Therefore, on or before August 23, 2024, the parties shall confer in person or via telephone in a good faith effort to agree about the amount of attorney's fees and costs to be awarded pursuant to this Order. If the parties are able to reach agreement, they shall file on or before the same day a joint notice with the Court setting forth the agreed amount. If the parties are unable to agree on the amount, then, on or before August 30, 2024, Noshirvan may file a motion to quantify the attorney's fees awarded in this Order. The motion for quantification must be supported by evidence concerning counsels' hourly rate and the time spent, as well as contain appropriate legal authority to support the requested amounts.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Dismiss (Doc. #72) is **GRANTED** and the Counterclaim in Doc. #68 is **dismissed with prejudice.**
2. Plaintiff's Motion for Sanctions (Doc. #86) is **GRANTED** to the extent set out above. **Patrick Trainor and The Law**

**Office of Patrick Trainor, Esq., LLC** are jointly and severally sanctioned in the amount of reasonable attorney's fees and costs incurred by Noshirvan in defending against the counterclaim.

3. By August 23, 2024, the parties shall file a joint notice on the agreed upon amount pursuant to this Order.
4. If no agreement is reached, Noshirvan shall file on or before August 30, 2024, a motion to quantify the attorney's fees awarded in this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of August, 2024.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record