UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, an individual,

    Plaintiff,

v.                                    Case No.:  2:23-cv-1218-JES-KCD

JENNIFER COUTURE, RALPH GARRAMONE M.D., RALPH GARRAMONE M.D. P.A., CENTRAL PARK OF SOUTHWEST FLORIDA, LLC, WRAITH, LLC, SULLIVAN STREET INVESTMENTS, LLC, HAIRPIN TURN, LLC, OMG REALTY, LLC, R G WEIGHT MANAGEMENT, LLC, CENTRAL PARK SOUTH, LLC, BRANTLEE, LLC, LEGACY OF MARIE GARRAMONE, LLC, GARRAMONE MARKETING, INC., 5681 DIVISION LLC, THE LAW OFFICE OF PATRICK TRAINOR ESQ. LLC, PATRICK TRAINOR and ANTI-DOXING LEAGUE INC.,

    Defendants.
_____/

# ORDER

Plaintiff Danesh Noshirvan moves to compel Defendants Jennifer Couture and Patrick Trainor to answer outstanding discovery requests. (Doc.

95.)[1] Both Couture and Trainor have responded (Doc. 99, Doc. 120), making this matter ripe. For the reasons below, Noshirvan's motion is granted in part and denied in part.

The underlying facts are largely irrelevant to this discovery dispute. In short, Noshirvan alleges he was the target of a conspiracy "to injure, harm, and destroy [him]" after he publicized a video of Couture online. (Doc. 1 ¶ 1.) To prove his claims, Noshirvan served interrogatories and document requests on Couture and Trainor. (Doc. 95 ¶ 2.) When the response deadline passed, Noshirvan filed the pending motion to compel. (*Id.*)

According to Couture and Trainor, they have answered the discovery requests. (Doc. 99, Doc. 120.) Given these representations, which stand unrebutted, the request for an order compelling discovery is moot. *See Trahan v. Sandoz Inc.*, No. 3:13-CV-350-J-34MCR, 2015 WL 12857088, at *1 (M.D. Fla. Sept. 24, 2015). Norshirvan can file a new motion if needed to challenge the sufficiency of any discovery responses.

But that does not end the matter. Noshirvan also asks the Court to award expenses, including attorney's fees, incurred in connection with the motion to compel. (Doc. 95 at 4.) If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). This sanctions provision in Rule 37 is self-executing—the court *must* award expenses if the disclosures or requested discovery are provided in reaction to a motion to compel. *See KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021).

According to Trainor, he responded to Noshirvan's discovery contemporaneous with the motion to compel. (Doc. 99.) Given this timeline, which is unrefuted, the Court will not impose sanctions. *See Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 6238647, at *4 (S.D. Fla. Dec. 3, 2013) ("[T]he Rule also includes a provision for an award if the disclosure or requested discovery is provided *after* the motion was filed.").

But Couture stands on different footing. She answered the discovery just yesterday, well after Noshirvan's motion. Thus, under Rule 37(a)(5), "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe-harbor provision. The court need not order sanctions if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's

3

nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

If Couture hoped to avoid sanctions, she failed to carry her burden. Indeed, she offers no opposition to the fee request. (Doc. 120.) That ends the matter. *See Eichmuller*, 2020 WL 10318567, at *2 (awarding attorney fees where the "[d]efendant . . . failed to provide any meaningful opposition to [the] request for sanctions"); *KePRO Acquisitions, Inc.*, 2021 WL 6883475, at *3 (levying attorney fees where the opposing party "fail[ed] to present evidence supporting any of the three exceptions listed in Rule 37(a)(5)(A)").

Accordingly, it is now **ORDERED**:

1. Plaintiff Noshirvan's Motion to Compel (Doc. 95) is **DENIED AS MOOT**, except that his request for fees is **GRANTED** as to Defendant Couture.

2. Within fourteen days of this order, Noshirvan and Couture must meet and confer about the expenses reasonably incurred under Rule 37. If the parties cannot agree on a fee award, Noshirvan must submit a motion, which

4

includes necessary supporting documents, detailing his reasonable expenses and fees if he wishes to pursue this relief.

**ENTERED** in Fort Myers, Florida on August 6, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record