IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN
an individual,

    Plaintiff,

vs.

JENNIFER COUTURE, an individual,
RALPH GARRAMONE M.D, an individual,
RALPH GARRAMONE M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY.,
CENTRAL PARK OF SOUTHWEST
FLORIDA, LLC, WRAITH, LLC,
SULLIVAN STREET INVESTMENTS, LLC,
HAIRPIN TURN, LLC, OMG REALTY, LLC,
R G WEIGHT MANAGEMENT, LLC,
CENTRAL PARK SOUTH, LLC,
BRANTLEE, LLC, LEGACY OF MARIE
GARRAMONE, LLC, GARRAMONE
MARKETING, INC., 5681 DIVISION LLC,
THE LAW OFFICE OF PATRICK TRAINOR
ESQ, LLC d/b/a THE LAW OFFICE OF
PATRICK TRAINOR, PATRICK TRAINOR,
an individual, and
ANTI-DOXING LEAGUE INC.

    Defendant(s).
_____/

CASE NO:
2:23-cv-01218-JES-KCD

JUDGE. Hon. John E. Steele

## PLAINTIFF, DANESH NOSHIRVAN'S MOTION TO QUANTIFY ATTORNEY FEE AWARD

Plaintiff, Danesh Noshirvan a/k/a "@ThatDaneshGuy" ("Noshirvan"), pursuant to this Court's Order (Dk.119), Rule 54(d) and Local Rule 7.01, move this Court for an attorney fee award states as follows:

## 1. Entitlement

a. On August 02, 2024, this Court issued an Opinion and Order. See Dkt. 119. The Opinion and Order dismissed Ms. Couture's IIED claim as *res judicata* and granted Noshirvan's motion for Rule 11 sanctions against Patrick Trainor and The Law firm of Patrick Trainor, Esq., LLC. *Id.* at p. 15. A true and correct copy of the Opinion and Order is attached as **Exhibit A**.

b. The Opinion and Order further directed the parties to confer in person or via telephone by August 23, 2024.

c. The undersigned reached out via email to Mr. Trainor on August 05, 2024, August 09, 2024, August 21, 2024, and August 23, 2024. The only response the undersigned received is that Mr. Trainor will be available to meet and confer by August 23, 2024. He was not.

d. The undersigned anticipated speaking directly with Mr. Trainor on August 22-3, 2024, because in-person depositions were scheduled in the 0340 Case. However, neither Mr. Trainor nor his clients appeared at those properly scheduled depositions. On August 27, 2024, the undersigned followed up with a phone call to Mr. Trainor. During that meet and confer, Mr. Trainor raised

opposition to the number of hours expended generally. Mr. Trainor is in possession of the undersigned's timesheets but did not specifically address each line-item entry he was going to contest. Mr. Trainor appeared to be hung up on the total amount sought.

 e. Due to Mr. Trainor's vague opposition, the undersigned is not able to specifically identify, which line items Mr. Trainor is contesting. As such, the number of hours expended appear to be disputed.

## 2. Number of Hours

 a. Noshirvan seeks attorney's fees for Chiappetta Trial Lawyers, who will seek compensation for their expert witness regarding attorney's fees and costs upon the entry of a judgment awarding fees.

 b. The undersigned verifies that his firm kept contemporaneous time records in the ordinary course of business. The undersigned further verifies that he has reviewed the time records thoroughly, and that the time records reflect charges reasonably expended on behalf of Noshirvan in defending Jennifer Couture's Counterclaim. The hours recorded, together with the reasonable rate is as follows:

| Professional | Role | Hourly Rate | Number of hours | Lodestar |
|---|---|---|---|---|
| Nicholas A. Chiappetta | Attorney/Founder | $600 | 26.1 | $15,660.00 |

c. Noshirvan attached to this motion, time records and a Declaration by counsel authenticating and confirming counsel's time spent defending against Jennifer Couture's Counterclaim. A true and correct copy of Nicholas A. Chiappetta's declaration is attached as **Exhibit B.**

### 3. Hourly Rate

a. Noshirvan seeks an hourly rate of $600.00 for attorney Nicholas A. Chiappetta. See, generally, Ex. B.

b. Noshirvan's expert witness also opined in his sworn statement that a rate of $600.00 is appropriate for Mr. Chiappetta. A true and correct copy of Ray Seaford's affidavit is attached as **Exhibit C.**

c. Jennifer Couture or her counsel agreed to pay Mr. Chiappetta hourly rate of $600 in satisfaction of a discovery sanction Order entered by this Court against Couture (Dkt. 123). This Rule 11 sanction stems from Jennifer Couture's Counterclaim. Ms. Couture's agreement as to Mr. Chiappetta hourly rate of $600 should be dispositive on this issue.

### 4. Request

a. Noshirvan respectfully requests the Court conduct further proceedings as it chooses, pursuant to Rule 54(d)(2)(C) and (D), Fed. R. Civ. P., including accepting submissions of Declaration or Affidavit from each party, their

counsel and expert witnesses regarding their support for the amount of attorney's fees sought and awardable at the Court's discretion.

## 5. Memorandum of Law

In a diversity case, awards of attorney's fees are governed by applicable state law. *See Perkins State Bank v. Connolly*, 632 F.2d 1306 (5th Cir.1980); *see also Blasser Brothers, Inc. v. Northern Pan American Line*, 628 F.2d 376 (5th Cir.1980). Because this is a diversity case arising under Florida law, Florida law determines the amount of attorney's fees that should be awarded here. In *Florida Patients Compensation Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla.1985), the Florida Supreme Court established sufficient guidelines for the setting of attorney's fees, which was modified by *Standard Guaranty Insurance Co. v. Quanstrom*, 555 So.2d 828 (Fla.1990).

The Rowe court essentially adopted the federal lodestar approach. *See Joyce v. Federated Nat'l Ins. Co.*, 228 So. 3d 1122, 1126 (Fla. 2017). The Rowe court urged the utilization of the criteria set forth in the former Disciplinary Rule 2-106(B) of the Florida Bar Code of Professional Responsibility, which was codified in the Rules Regulating the Florida Bar. *See The Florida Bar Re Rules Regulating the Florida Bar*, 494 So.2d 977 (Fla.1986). These factors are as follows:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent.

The eight criteria now found in Rule of Professional Conduct 4-1.5 are substantially similar to those addressed in *Rowe. Joyce* at 228 So. 3d 1126.

Here, Mr. Seaford opined that (1) the time and labor involved was "reasonable, necessary and not duplicative." See Ex. C, p.6. Mr. Seaford also testified that "Mr. Chiappetta was successful with his motion to dismiss the Couture's counterclaim, thereby his expenditure of time in prevailing on this matter constituted a significant savings of both time and expense to his client." *Id.* Thus, Mr. Chiappetta's skill to perform the legal service properly was exhibited by this Court's Order dismissing Jennifer Couture's Counterclaim. See Dkt. 119. Mr. Seaford, also testified that Mr. Chiappetta's hourly rate of $600 was established by stipulation with Jennifer Couture in this case and that Mr. Chiappetta has been

paid a rate of $550 per hour by insurance companies in state court to settle attorney fee claims. *Id.* at p. 5. In short, the amount requested is commensurate with the results obtained. Lastly, Mr. Seaford, opined Mr. Chiappetta education, experience, reputation, and ability to perform services was comparable to attorney's in this local legal community. *Id.*

Mr. Chiappetta testified that Chiappetta Trial Lawyers have a contingent fee agreement with Noshirvan with regards to personal injury claims against "Je[nnifer] Couture, Ralph Garramone, and Joseph A. Camp, or any other responsible party." Exhibit B. Mr. Chiappetta explained that on the date of execution of the contingency fee agreement, there was no existing relationship between Chiappetta Trial Lawyers and Noshirvan. *Id.* Noshirvan's response to Jennifer Couture's Counterclaim was limited to 21-days. See Fed. R. Civ. P. 12(a)(1)(B). Mr. Chiappetta's expended time, and labor was necessary to adequately address Jennifer Couture's Counterclaim, and to properly perform the legal service provided. See Ex. B. Mr. Chiappetta obtained the best possible result in this situation – a dismissal with prejudice. The result is likely tied to the time expended and skill required. Mr. Chiappetta's experience, reputation, and ability is why he is able to set his own market rate for his services and others agree to pay him that rate.

## 6. Local Rule 3.01(g) Certification

The undersigned certifies that Noshirvan's counsel and Mr. Trainor met and conferred by telephone on August 27, 2024, and Mr. Trainor opposes the relief requested by Noshirvan in this Motion. Specifically, "the amount of the requested award." Mr. Trainor did not provide specific objections to particular line items on the undersigned's timesheets.

Wherefore, Noshirvan respectfully requests that this Court grant this motion, award Noshirvan's counsel $15,660.00 dollars in attorney's fees and $1,495.00 in costs for expert witness Ray Seaford. Further, ordering Patrick Trainor and the Law Office of Patrick Trainor to make the payment withing 30 days, and make the check payable to: Chiappetta Trial Lawyers, 2101 Vista Parkway, Suite 258, West Palm Beach, Florida 33411 and other relief this Court deems just and proper.

## APPENDIX

| Opinion and Order at Dkt. 119 | Exhibit A |
| --- | --- |
| Declaration of Nicholas A. Chiappetta | Exhibit B. |
| Contingency Fee Contract | Exhibit B.1. |
| Chiappetta Trial Lawyers Timesheets | Exhibit B.2. |
| Email Correspondence re: Hourly Rate | Exhibit B.3. |
| Affidavit of Ray Seaford | Exhibit C |
| Ray Seaford's CV | Exhibit C.1. |

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2024, the foregoing was electronically served via email to the following:

Patrick Trainor, Esquire
**Law Office of Patrick Trainor, Esq., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for all Defendants
except Garramone Plastic Surgery,
Jennifer Couture, Dr. Ralph Garramone,
and OMG Realty, LLC*

Harvey W. Gurland, Jr., Esq.
Florida Bar No. 284033
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Anoosheh Shaikh, Esq.

Page 9 of 10

Florida Bar No. 1039830
**DUANE MORRIS LLP**
201 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Tel: 561.962.2108
HWGurland@duanemorris.com
JJFannin@duanemorris.com
AShaikh@duanemorris.com
PNMendoza@duanemorris.com
JMagarin@duanemorris.com
Attorneys for Garramone Plastic Surgery

James R. Brown, Esquire (217573)
Sonny Romano, Esquire (1026152)
**WICKER SMITH O'HARA McCOY & FORD, P.A.**
100 S. Ashley Dr., Suite 1800
Tampa, FL 33602
Telephone: (813) 222-3939
Facsimile: (813) 222-3938
jbrown@wickersmith.com
sromano@wickersmith.com
Tpacrtpleadings@wickersmith.com
*Attorneys for Dr. Ralph Garramone, Jennifer Couture, and OMG Reality.*

/s/ *Nicholas A. Chiappetta*
Nicholas A. Chiappetta