```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

DANESH NOSHIRVAN, an individual,

      Plaintiff,

v.                              Case No: 2:23-cv-1218-JES-KCD

JENNIFER COUTURE, an individual, RALPH GARRAMONE M.D., an individual, RALPH GARRAMONE M.D. P.A., CENTRAL PARK OF SOUTHWEST FLORIDA, LLC, WRAITH, LLC, SULLIVAN STREET INVESTMENTS, LLC, HAIRPIN TURN, LLC, OMG REALTY, LLC, R G WEIGHT MANAGEMENT, LLC, CENTRAL PARK SOUTH, LLC, BRANTLEE, LLC, LEGACY OF MARIE GARRAMONE, LLC, GARRAMONE MARKETING, INC., 5681 DIVISION LLC, THE LAW OFFICE OF PATRICK TRAINOR ESQ. LLC, PATRICK TRAINOR, an individual, and ANTI-DOXING LEAGUE INC.,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Ralph Garramone M.D., P.A., D/B/A Garramone Plastic Surgery's (Defendant) Motion for Judgment on the Pleadings on Counts I and VI of the First Amended Complaint (Doc. #110) filed on July 18, 2024. Danesh Noshirvan (Plaintiff) filed a Response in Opposition (Doc. #118) on July

31, 2024. For the reasons set forth below, the motion is granted, with leave for plaintiff to file a second amended complaint.

### A. Judgment on the Pleadings Standard

"Federal Rule of Civil Procedure 12(c), 'Motion for Judgment on the Pleadings,' . . . provides 'a means of disposing of cases when . . . a judgment on the merits can be achieved by focusing on the content of the *competing* pleadings . . . .'" Perez v. Wells Fargo N.A., 774 F.3d 1329, 1336 (11th Cir. 2014)(quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004)). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." Samara v. Taylor, 38 F.4th 141, 152 (11th Cir. 2022)(quoting Carbone v. Cable News Network, Inc., 910 F.3d 1345, 1350 (11th Cir. 2018)). So, "[u]nder Rule 12(c), the district ha[s] to accept as true the factual allegations in the pleadings of the non-moving party—here [Noshirvan]—and draw all reasonable inferences in his favor." Garcia-Bengochea v. Carnival Corp., 57 F.4th 916, 928 (11th Cir. 2023). "A judgment on the pleadings is appropriate when there are no issues of material fact and the movant is entitled to judgment as a matter of law." Samara, 38 F.4th at 152.

"To survive a motion for judgment on the pleadings, then, the factual allegations 'must be enough to raise a right to relief above the speculative level'—with 'enough facts to state a claim

to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[B]are legal conclusions 'are not entitled to the assumption of truth' and are insufficient, standing alone, to state a claim," id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)), and a court's analysis is limited to the pleadings unless the motion is converted to a motion for summary judgment or one of the two conversion exceptions apply. Johnson v. City of Atlanta, 107 F.4th 1292, 1298 (11th Cir. 2024).

**B. Erie Doctrine**

In a diversity case, the Court applies the substantive law of the forum state — in this case, Florida. See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). "Because we are interpreting Florida law, we look first for case precedent from Florida's highest court—the Florida Supreme Court." SE Prop. Holdings, LLC v. Welch, 65 F.4th 1335, 1342 (11th Cir. 2023)(citing Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1021 (11th Cir. 2014)). "Where that court has not spoken, however, we must predict how the highest court would decide this case." Id. (quoting Turner v. Wells, 879 F.3d 1254, 1262 (11th Cir. 2018)). "In making this prediction, 'we are bound to adhere to the decisions of the state's intermediate appellate courts absent some persuasive indication

that the state's highest court would decide the issue otherwise.'" Id. (cleaned up)(quoting Winn-Dixie, 746 F.3d at 1021).

## I.

Accepting the factual allegations as true, the pertinent portions of the First Amended Complaint (FAC) allege that Defendant "is a professional association" (Doc. #26, ¶ 34) which colluded with others to harm Noshirvan by: placing negative flyers in Noshirvan's hometown that referred to him as a "predator" (id. at ¶ 132); building and publishing a negative website called 'www.thatdaneshguy.com' (id. at ¶ 134); consistently spreading false statements that he is, among other things, a "stalker", "child groomer", and "pedophile" (id. at ¶ 143); getting a SWAT team sent to Noshirvan's home based on false reports (id. at ¶ 145); sending pictures to Noshirvan of he and his child at their home (id.); making at least three false claims of child abuse to Child Protective Services (CPS), resulting in CPS investigating Noshirvan and his family three times and eventually clearing him of wrongdoing (id. at ¶ 156); distributing flyers at a school calling Noshirvan a child rapist (id. at ¶ 157); and employing an unnamed party to this action—Joseph A. Camp (Camp)—who, among other things, falsely reported child abuse to CPS and made false statements about Noshirvan. (Id. at ¶¶ 206, 208).

Noshirvan's FAC pleads six counts against multiple defendants, but only Count I and Count VI as to Defendant are at

issue here. In Count I, Noshirvan alleges that Defendant conspired to tortiously interfere with his parental custodial rights. In Count VI, under the heading "Agency", Noshirvan alleges that Defendant employed, maintained control over, and is responsible under respondeat superior for the actions of Camp.

Defendant's Answer (Doc. #69) countered as to Count I that:

> Plaintiff's claim for Civil Conspiracy to Tortiously Interference (sic) with Parent-Child Relationship fails, in whole or in part, because Plaintiff fails to allege and cannot establish that he was unable to exercise his parental rights at any time or that Defendant removed or detained his child from returning to his custody, without his consent. Glegg v. Van Den Hurk, 379 So. 3d 1171, 1173-74 (Fla. 4th DCA 2024).

(Id. at p. 32, ¶ 5.) As to Count VI, Defendant's Answer countered that:

> Plaintiff's claim for Agency fails, in whole or part, because a standalone claim for agency is not cognizable as a separate cause of action under Florida law, "but rather, [is] a theory of negligence liability." Ewing v. Carnival Corp., 2020 WL 3839699, at *14 (S.D. Fla. July 7, 2020); Barabe v. Apax Partners Europe Managers, Ltd., 359 F. App'x 82, 84 (11th Cir. 2009) (holding that there is no cause of action for "agency").

(Id. at p. 34, ¶ 10.) Defendant now moves for judgment on the pleadings as to Count I and Count VI on the grounds asserted in the Answer.

## II.

**A. Count I**

In Florida, "to prove a claim for intentional interference of custodial rights, a plaintiff must show:"

(1) the complaining parent has a right to establish or maintain a parental or custodial relationship with his/her minor child;

(2) a party outside of the relationship between the complaining parent and his/her child intentionally interfered with the complaining parent's parental or custodial relationship with his/her child by removing or detaining the child from returning to the complaining parent, without that parent's consent, or by otherwise preventing the complaining parent from exercising his/her parental or custodial rights;

(3) the outside party's intentional interference caused harm to the complaining parent's parental or custodial relationship with his/her child; and

(4) damages resulted from such interference.

Glegg, 379 So. 3d at 1173–74 (citing Stone v. Wall, 734 So. 2d 1038, 1042 (Fla. 1999)), review denied sub nom. Glegg v. Hurk, No. SC2024-0427, 2024 WL 3102524 (Fla. June 24, 2024).

Florida courts agree that the tort "involves depriving the custodial parent of physical custody of the child." Davis v. Hilton, 780 So. 2d 974, 976 (Fla. 4th DCA 2001)(citing Stone, 734 So. 2d at 1045). In recognizing this cause of action, the Florida Supreme Court detailed who could be held liable:

> One who, with knowledge that the parent does not consent, abducts or otherwise compels or induces a minor child to leave a parent legally entitled to its custody or not to return to the parent after it has been left him, is subject to liability to the parent.

Stone, 734 So. 2d at 1041-42 (quoting Restatement (Second) of Torts § 700 (1977)). Section 700's commentary further explains that:

> Under the rule stated in this Section, an action may be maintained by the parent who is entitled to the custody of a minor child against one who by force abducts the child from its home, or one who induces the child to leave its home with knowledge that the parent has not consented. . . . [T]he actor is liable under the rule stated in this Section whether he abducts the child from school or some other place to which the child has been sent by its parent, or whether he abducts the child from its home.

Restatement (Second) of Torts § 700 cmt. a (1977).

Noshirvan does not dispute this legal requirement. Instead, Noshirvan argues Count I is sufficiently pled because allegations such that he was investigated three times by CPS for child abuse allow the reasonable inference that he indeed had physical custody of his child involuntarily taken away. (Doc. #118, p. 7.) The Court disagrees.

None of the facts alleged in the FAC give rise to a reasonable inference that any defendant deprived Noshirvan of physical custody of the child. The closest the FAC gets is when it alleges that Defendant and others:

> [T]ortiously interfered with Noshirvan's parental rights by intentionally making false claims of child abuse to [CPS] on three separate occasions. As a result, Noshirvan and [his] family underwent investigation by [CPS] on three separate occasions. Noshirvan and [his] family were cleared of the false allegations and found to be fit parents.

(Doc. #26, ¶ 156.) But this falls short. "Mere investigation by authorities into child abuse allegations without more, however, does not infringe upon a parent's right to custody or control of a child." Kottmyer v. Maas, 436 F.3d 684, 691 (6th Cir. 2006). That Noshirvan was thrice investigated and cleared of wrongdoing by CPS does not lead to the reasonable inference that his child was at any time removed from his custody without his consent. Noshirvan's brief adds that during these investigations "[CPS] temporarily separated Noshirvan from his child - even if only for a few hours during the house calls." (Doc. #118, pp. 7-8.) Even if such conduct is sufficient to satisfy the required element, the Court may not consider factual allegations which are not in the pleadings. Defendant's motion as to Count I is granted.

**B. Count VI**

As to Count VI, "Noshirvan does not dispute that Florida law does not allow a 'stand-alone' claim for agency . . . ." (Doc. #118, p. 9.) Even so, Noshirvan argues Count VI should survive because looking past Count VI's labelling, "the substance" of "Count VI at a minimum states a variant theory of liability for defamation, emotional distress, or invasion of privacy." (Id. at p. 10)(citing Doc. #26, ¶¶ 128-33, 137-151, 208).

Like a sister court has explained:

> There is no free-standing independent cause of action in Florida for agency. See, e.g., Barabe v. Apax Partners Eur. Managers, Ltd., 359 F. App'x 82, 84 (11th

> Cir. 2009). Agency can be a theory of liability. But in order for a principal to be held liable for the actions of an agent, a plaintiff must allege an independent wrong. Under Florida law, ultimate facts that establish either actual or apparent agency for the wrong of another must be pled. Goldschmidt v. Holman, 571 So.2d 422, 423 (Fla. 1990).

Trump v. Clinton, 626 F. Supp. 3d 1264, 1318 (S.D. Fla. 2022). Therefore, Defendant's motion is granted to the extent Count VI is asserted as a free-standing agency claim.

But Noshirvan's label of the count as "agency" does not end the matter. "Our focus is on the substance of the complaint, not on the labels the plaintiff chooses to give his claims, and not on the artful way a plaintiff words his allegations." Cochran v. Penn Mut. Life Ins. Co., 35 F.4th 1310, 1315 (11th Cir. 2022). A fair reading of the FAC shows at least an arguable attempt to allege independent wrongs. (See Doc. #26, ¶¶ 112, 148, 207)(stating that Camp, "an employee" of Defendant "hired to destroy Noshirvan," falsely called Noshirvan a "child predator" and urged people to "report Noshirvan for child abuse and neglect" to CPS in a May 2022 video); (see also id. at ¶¶ 144, 208-09)(stating that Camp "falsely reported child abuse to [CPS]," that Noshirvan's child was intentionally targeted "to inflict extreme emotional distress upon Noshirvan" and that Noshirvan suffered emotional distress).

But Noshirvan himself seems unsure what independent wrongs Count VI is attempting to allege. (See Doc. #118, p. 10)(arguing

Count VI arguably presents "**at least** a variant theory of liability for defamation, emotional distress, **or** invasion of privacy")(emphasis added). The FAC is a shotgun pleading meriting dismissal because it "commits the sin of not separating into a different count each cause of action or claim for relief" and thus "fail[ing] to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015).

Since district courts are required to "sua sponte allow a litigant one chance to remedy" shotgun pleadings, Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018), Count VI of the FAC is dismissed without prejudice. In any forthcoming amended complaint, Noshirvan should take care to separate each alleged underlying independent wrong into a separate count and specify which defendants are liable for what acts of Camp as to each.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Judgment on the Pleadings on Counts I and VI of the First Amended Complaint (Doc. #110) is **GRANTED** as set forth above.

2. Count I is **dismissed without prejudice** and Count VI is **dismissed without prejudice**. Plaintiff may file an amended

complaint within **FOURTEEN (14) DAYS** of the date of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this __13th__ day of September, 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record