IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN
an individual,

CASE NO:
2:23-cv-01218-JES-NPM

      Plaintiff,

vs.

JENNIFER COUTURE, an individual,
RALPH GARRAMONE M.D, an individual,
RALPH GARRAMONE M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY.,
CENTRAL PARK OF SOUTHWEST
FLORIDA, LLC, WRAITH, LLC,
SULLIVAN STREET INVESTMENTS, LLC,
HAIRPIN TURN, LLC, OMG REALTY, LLC,
R G WEIGHT MANAGEMENT, LLC,
CENTRAL PARK SOUTH, LLC,
BRANTLEE, LLC, LEGACY OF MARIE
GARRAMONE, LLC, GARRAMONE
MARKETING, INC., 5681 DIVISION LLC,
THE LAW OFFICE OF PATRICK TRAINOR
ESQ, LLC d/b/a THE LAW OFFICE OF
PATRICK TRAINOR, PATRICK TRAINOR,
an individual, and
ANTI-DOXING LEAGUE INC.

      Defendant(s).

_____/

**PLAINTIFF, DANESH NOSHIRVAN'S MOTION TO COMPEL
DEFENDANT, PATRICK TRAINOR TO
PROVIDE BETTER RESPONSES, OVERRULE OBJECTIONS, AND
PRODUCE DOCUMENTS IN RESPONSE TO
NOSHIRVAN'S FIRST REQUEST FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, plaintiff, Danesh Noshirvan ("Noshirvan"), files this Motion to Compel Defendant, Patrick Trainor, an individual ("Trainor") Response To Noshirvan's First Request For Production – served on April 16, 2024.  In support of this Motion, Noshirvan states the following:

1.     Noshirvan filed this instant action on December 26, 2023 (Dkt. 1). On April 08, 2024, this Court issued a Case Management and Scheduling Order. Dkt. 64.

2.     On April 16, 2024,  Noshirvan served his First Request for Production on Trainor.  A copy of Noshirvan's discovery request is attached as **Exhibit A**.

3.     On May 16, 2024, Trainor responded to Noshirvan's First Request for Production. A copy of Trainor's Response is attached as **Exhibit B**.

4.     After this Court's admonishment at the August 28, 2024 hearing, Trainor, on September 03, 2024, amended his responses. A copy of Trainor's Amended Response is attached as **Exhibit C**.

5.     In Trainor's Amended Response, he removed his waived general objections.

6.     Noshirvan's request labeled as **paragraph 1**, requested production of "every item listed on your Rule 26 Initial Disclosures served on April 15, 2024." Trainor objected in his initial response   claiming privilege but produced no

privilege log. See Ex. B. In his Amended Response, he claims documents were produced. However, to date, no documents have been received by the undersigned in this case. This is classic stonewalling.

6.    Noshirvan's request labeled as **paragraph 2**, requested production of "documents and ESI contain any form of communication between you and Joseph A. Camp or any of his aliases." Trainor objected in his initial response claiming privilege, other boilerplate objections, that the request "factually presupposes the existence of communications", and that he would have to "create documents that do not exist." Trainor in his Amended response, limited his objection to "work product." See Ex. C. Trainor's response does not explain how the privilege could apply. Furthermore, despite repeated requests for Trainor to produce a privilege log, he has failed to do so. Trainor claim of work product privilege should be overruled. Further, disclosure to non-party or third-party, like Joseph A. Camp, waives any asserted privilege. See also, *Grinnell Corp. v. Palms 2100 Ocean Blvd., Ltd.*, 924 So. 2d 887, 895 (Fla. 4th DCA 2006)(the work product doctrine "does not protect factual information that a lawyer obtains when investigating a case").

7.    Noshirvan's request labeled as **paragraph 7**, requested production of "documents and ESI" "containing communications between and Joseph A. Camp or any of his aliases. Trainor objected in his initial response claiming privilege, other boilerplate objections, that the request "factually presupposes the existence

Case 2:23-cv-01218-JES-KCD    Document 131    Filed 09/13/24    Page 4 of 23 PageID
1172

of communications", and that he would have to "create documents that do not exist." Trainor in his Amended response, limited his objection to "work product." See Ex. C. Trainor's response does not explain how the privilege could apply. Furthermore, despite repeated requests for Trainor to produce a privilege log, he has failed to do so. Trainor claim of work product privilege should be overruled. Further, disclosure to non-party or third-party, like Joseph A. Camp, waives any asserted privilege. See also, *Grinnell Corp. v. Palms 2100 Ocean Blvd., Ltd.*, 924 So. 2d 887, 895 (Fla. 4th DCA 2006)(the work product doctrine "does not protect factual information that a lawyer obtains when investigating a case").

8.     Noshirvan's request labeled as **paragraph 9**, requested production of "documents and ESI" containing communications between [Trainor] and @fighting.crime.with.a.pen a/k/a Tiffany Chhoum for the last 4 years."  In his Amended Response, Trainor claims documents were produced. However, to date, no documents have been received by the undersigned in this case.  This is classic stonewalling.

9.     Noshirvan's request labeled as paragraph 10, requested production of "communications between [Trainor]  and @wonderlandnews a/k/a Cassandra D. Wilde for the last 4 years.´ In his Amended Response, Trainor claims documents were produced. However, to date, no documents have been received by the undersigned in this case.  This is classic stonewalling.

Page 4 of 23

10.    Noshirvan's request labeled as **paragraph 12**, requested production of "communications between [Trainor]  and Chris Couture for the last 4 years." Trainor objected in his initial response claiming privilege, other boilerplate objections,   that the request "factually presupposes the existence of communications", and that he would have to "create documents that do not exist." Trainor in his Amended response, limited his objection to "work product." See Ex. C. Trainor's response does not explain how the privilege could apply. Furthermore, despite repeated requests for Trainor to produce a privilege log, he has failed to do so. Trainor claim of work product privilege should be overruled. Further, disclosure to non-party or third-party, like Chris Couture, waives any asserted privilege. See also, *Grinnell Corp. v. Palms 2100 Ocean Blvd., Ltd.*, 924 So. 2d 887, 895 (Fla. 4th DCA 2006)(the work product doctrine "does not protect factual information that a lawyer obtains when investigating a case").

16.    Noshirvan's request labeled as **paragraph 15** requested production of "Documents and ESI" containing "communications between [Trainor]  and the Anti-Doxing League for the last 2 years." Trainor in his Amended response, limited his objection to "work product." See Ex. C. Trainor's response does not explain how the privilege could apply.  Furthermore, despite repeated requests for Trainor to produce a privilege log, he has failed to do so. Trainor claim of work product privilege should be overruled.  Further, disclosure to non-party or third-

party, like Chris Couture, waives any asserted privilege. See also, Grinnell Corp. v. Palms 2100 Ocean Blvd., Ltd., 924 So. 2d 887, 895 (Fla. 4th DCA 2006)(the work product doctrine "does not protect factual information that a lawyer obtains when investigating a case"). Trainor also makes boilerplate objections as to "overbroad", unduly burdensome" and "outside the scope." Trainor fails to explain the boilerplate objections or provide evidentiary support for his assertion. The objections must be overruled.

17.    Noshirvan's request labeled as **paragraph 17**, requested production of "Documents and ESI" "that contain any communications between [Trainor] and John the Catman." Trainor in his Amended response, limited his objection to "work product." See Ex. C. Trainor's response does not explain how the privilege could apply. Furthermore, despite repeated requests for Trainor to produce a privilege log, he has failed to do so. Trainor claim of work product privilege should be overruled. Further, disclosure to non-party or third-party, like Chris Couture, waives any asserted privilege. See also, Grinnell Corp. v. Palms 2100 Ocean Blvd., Ltd., 924 So. 2d 887, 895 (Fla. 4th DCA 2006)(the work product doctrine "does not protect factual information that a lawyer obtains when investigating a case").

18.    Noshirvan's request labeled as **paragraph 19,** requested production of "Documents and ESI" "that contain any communications between [Trainor]

and "Murder the Media" on any social media platform for the last 2 years." Trainor in his Amended Response responded "none." However, Trainor made an appearance on the proud boy podcast "Murder the Media." For example:

 

19.    Noshirvan's request labeled as **paragraph 21**, requested production of "Documents and ESI" "that contain any communications between [Trainor] and "Full Haus" on any social media platform for the last 2 years." Trainor in his Amended Response responded "none." However, Trainor made an appearance on the proud boy podcast "Murder the Media." For example:



20.    Noshirvan's request labeled as **paragraph 23**, requested production of "Documents and ESI" "between [Trainor] and "supremacists," "proud boys," and nazi sympathizers for the last 2 years." Trainor raised several boilerplate objections and alleged that he produced documents in this case. Trainor's objections should be deemed waived and  as previously stated, no documents have been produced in this case by Trainor.

21.    Noshirvan's request labeled as **paragraph 24**, requested production of "Documents and ESI" "between [Trainor] and Rikki Cornelisse for the last 2 years." Trainor in his Amended response, limited his objection to "work product." See Ex. C. Trainor's response does not explain how the privilege could apply. Furthermore, despite repeated requests for Trainor to produce a privilege log, he has failed to do so. Trainor claim of work product privilege should be overruled. Further, disclosure to non-party or third-party, like Chris Couture, waives any asserted privilege. See also, Grinnell Corp. v. Palms 2100 Ocean Blvd., Ltd., 924 So. 2d 887, 895 (Fla. 4th DCA 2006)(the work product doctrine "does not protect factual information that a lawyer obtains when investigating a case").  Trainor also inaccurately alleges production of non-privileged documents. No documents have been produced in this case by Trainor.

22.    Noshirvan's request labeled as **paragraph 25**, requested production of "every recorded phone call discussing [Noshirvan] for the last 2 years. Trainor claimed work product privilege. See Noshirvan's argument in paragraph 21 supra.

23.    Noshirvan's request labeled as **paragraph 26**, requested production of "Documents and ESI" that "contain communications between [Trainor] and Jennifer Maree Couture that relate to any allegations in the First Amended Complaint for the last 3 years." Trainor raised several boilerplate objections which should be overruled. See Ex. C.

24.    Noshirvan's request labeled as **paragraph 28**, requested production of "Documents and ESI" "regarding Joseph A. Camp for the last 5 years." Trainor raised several boilerplate objections which should be overruled. Trainor also raised work product privilege. See Noshirvan's argument in paragraph 21 supra, for why work product has been waived.

25.    Noshirvan's request labeled as **paragraph 29**, requested of "Documents and ESI" between Trainor, Dr. Garramone and Jennifer Couture "regarding Joseph A. Camp for the last 5 years." Trainor raised several boilerplate objections which should be overruled. Trainor also raised work product privilege. See Noshirvan's argument in paragraph 21 supra, for why work product has been waived.

26.    Noshirvan's request labeled as **paragraph 31**, requested "Documents and ESI" "that show any payments for advertisements depicting Danesh Noshirvan." Trainor objected claiming work product. Payments for advertising are not subject to the privilege. Furthermore, no log has been provided and Trainor has not explained how payments for advertisements could be protected.

27.    Noshirvan's request labeled as **paragraph 32**, requested "Documents and ESI" "that shows Jennifer Maree Couture was a victim of sextortion or blackmailed by Danesh Noshirvan." Trainor objected claiming lack of definitions. Trainor's objection is improper and should be overruled.

28.    Noshirvan's request labeled as **paragraph 35**, requested "Documents and ESI" Trainor "intend[s] to utilize to support [his] affirmative defenses." Trainor claimed he produced documents. He did not.

29.    Noshirvan's request labeled as **paragraph 43**, requested "Document and ESI" "that relates to the allegations of  Noshirvan's First Amended Complaint." Trainor raised several boilerplate objections. None of which are factually supported by assertion or evidence.  These objections should be overruled.

30.    Noshirvan's request labeled as **paragraph 44,** requested production of " any non-privileged Document and ESI in your possession, custody, or control

that mentions D'ambly v. Exoo, 2:20-cv-12880, (D.N.J.)." Trainor raised several boilerplate objections. None of which are factually supported by assertion or evidence. These objections should be overruled.

31.    Noshirvan's request labeled as **paragraph 45**, requested "Document and ESI" "that relates to, or mentions @victimsofdanesh or @victimsofthatdaneshguy from May 2022 through date current." Trainor raised several boilerplate objections. None of which are factually supported by assertion or evidence. These objections should be overruled. Then Trainor asserts "none." This type of response is improper because Noshirvan is left guessing as to the veracity of the response.

32.    Noshirvan's request labeled as **paragraph 46**, requested "Document and ESI" "that mentions the attorneys who showed up for the March 15, 2024." Trainor claims to not know the identities of Robert Goodman or Douglas Molloy. However, GPS is claiming privilege to emails Trainor and Douglas Molloy are participants. And, he was speaking with someone who appears to be Robert Goodman outside of the hearing.

33.    Noshirvan's request labeled as **paragraph 48**, requested production of "Document[s] and ESI" "that shows that you, Ralph Garramone, M.D. or Jennifer Maree Couture know Joseph A. Camp." Trainor untruthfully stated none. GPS is claiming privilege to multiple emails whether Dr. Garramone, Jennifer

Couture, Trainor, and Jospeh A. Camp are all participants. A copy of GPS's Amended Privilege Log is attached as **Exhibit D.** Further, Trainor attempted to utilize an email from Joseph A. Camp to himself as evidence at a hearing. See Dkt. 170-1 and 170-2. Trainor must provide the requested materials.

34.    Noshirvan's request labeled as **paragraph 56**, requested "Document and ESI" that "show that the following statements were truthful: Noshirvan (1) is a "child groomer", (2) sexual "predator", (3) "pedophile", "cyberbully", "stalker", sextortionist", "blackmailer", and that he "rapes his own child" and "caused a 14-year-old to commit suicide." Trainor made a boilerplate objection to comprehensibility. This objection should be overruled. Every statement is clearly stated in the First Amended Complaint with context.

35.    Noshirvan's request labeled as **paragraph 61**, requested "Document and ESI" " that link Joseph A. Camp to Patrick Trainor, the Anti-doxing League or The Law Office of Patrick Trainor, Esq., LLC." Trainor stated falsely none. GPS is claiming privilege to multiple emails whether Dr. Garramone, Jennifer Couture, Trainor, and Jospeh A. Camp are all participants. A copy of GPS's Amended Privilege Log is attached as Exhibit D. Further, Trainor attempted to utilize an email from Joseph A. Camp to himself as evidence at a hearing. See Dkt. 170-1 and 170-2. Trainor must provide the requested materials.

37.    Noshirvan's request labeled **as paragraph 62**, requested production of "a complete copy of every bar complaint filed against you for the last 5 years." Trainor inaccurately responded "none." But claims that Noshirvan filed a bar complaint on August 27, 2023. Trainor must produce all bar complaints.

38.    Noshirvan's request labeled as **paragraph 63**, requested production of "a complete copy of [Trainor's]  server (since [he] falsely allege that Plaintiff hacked your server rather than admit you work with Joseph A. Camp).  Trainor objected on a slew of frivolous grounds – all which should be deemed waived. Furthermore, Trainor and the Law Office of Patrick Trainor expressly disclosed the following in "Defendants" Initial Disclosure: Information related to the following unauthorized electronic intrusion (hacking) of email server and net work drives belonging to The Law Office of Patrick Trainor." See Ex. E. p. 2. A copy of Defendants Initial Disclosures is attached as **Exhibit E**.  Trainor also agreed to produce documents in response to Noshirvan's Request Number 1 (related to Initial Disclosures). See Ex. C.

39.    Noshirvan's request labeled as **paragraph 64**, requested production of "Produce a complete copy of your phone logs for the past 3  years." Trainor raised several boilerplate objections. None of which are factually supported by assertion or evidence.  Trainor also claims work product privilege but completely

fails to explain how call logs would be protected. He also failed to provide a privilege log. See Noshirvan's response to Paragraph 17, supra.

40.    Noshirvan's request labeled as paragraph 67 requested "Document and ESI" "that is a profile as discussed on "Full Haus", i.e., doxing the doxers." Trainor did not respond to this request at all. His response stops at paragraph 66. This is improper.

41.    In short, Trainor's responses addressed herein all suffer from the same defects and should be overruled. The problem with Trainor's responses are multifold. First, a qualified objection, which includes "notwithstanding the above" or "without waiving such objection", "preserves nothing, and constitutes only a waste of effort and the resources of both the parties and the court." *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008); *Martin v. Zale Delaware, Inc.*, 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *2 (M.D. Fla. Dec. 15, 2008).  The "practice leaves the requesting party uncertain as to whether the question has actually been fully answered, or only a portion of it has been answered." *Guzman*, 249 F.R.D. at 401. Similarly, Trainor agreed to produce non-privileged documents. However, he has not produced single responsive document. Its action beg the questions – do documents exist, does a privilege apply, and if so, where are the documents or Trainor's privilege log.  Despite repeated requests for production of a privilege

log, Trainor has defiantly refused to provide same. Thus, his claims of privilege should be deemed waived.

42.    "The law in the Eleventh Circuit makes clear that boilerplate discovery objections are tantamount to no objection being raised at all and may constitute a waiver of the discovery being sought." *Rivera v. 2K Clevelander, LLC, No. 16-21437-Civ*, 2017 WL 5496158, at \*4 (S.D. Fla. Feb. 22, 2017). Many of Dr. Garramone's objections are boilerplate objections. See Exhibit 2. A district court may overrule such objections on this basis alone. See Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B); see also *FDIC v. Brudnicki*, 291 F.R.D. 669, 674 n.4 (N.D. Fla. 2013) ("[T]he form boilerplate objections shall not be considered by the Court and are nullity."); *Walton Constr. Co., LLC v. Corus Bank*, No. 4:10cv137, 2012 WL 13029592, at \*1 (N.D. Fla. Apr. 18, 2012) (rejecting boilerplate objections as "meaningless"). That Defendant subsequently attempted to provide specific objections in its response to Plaintiff's motion to compel is unavailing. *See Lorenzano v. Sys., Inc.*, No. 6:17-cv-422, 2018 WL 3827635, at \*3 (M.D. Fla. Jan. 24, 2018) ("[T]he Court will not rely on Systems' post hoc justifications for its boilerplate objections. To the extent that Systems tried to raise specific objections in its Response, the Court finds that Systems waived these objections.").

43.    The Civil Discovery Handbook also provides: "[b]oilerplate objections such as "the request is overly broad, unduly burdensome, and outside the scope of permissible discovery" are insufficient without a full, fair explanation particular to the facts of the case." Civil Discovery Handbook, A.6.

## Memorandum of Law

### I.  Standard

The Federal Rules of Civil Procedure permit parties to obtain discovery of any nonprivileged matter relevant to the parties claims and defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); see also, e.g., *United States ex rel. Jacobs v. CDS, P.A.*, No. 4:14-cv-00301-BLW, 2016 WL 4146077, at *2 (D. Idaho Aug. 3, 2016) ("The allegations of the complaint logically shape the scope of discovery...."). Factors used to determine proportionality under this standard are the importance of the issues at stake, the amount in controversy, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden outweighs the likely benefit. Fed. R. Civ. P. 26(b)(1).

The party moving under rule 37 to compel discovery must demonstrate that the request satisfies Rule 26's relevance requirement. See, e.g., *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). The party resisting discovery "has the burden of clarifying, explaining, and supporting its objections." *DIRECTV, Inc.*

*v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing, inter alia, *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)); *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir.1992) ("[d]iscovery should be tailored to the issues in the particular case").

Here, Noshirvan's discovery requests are specifically tailored to the First Amended Complaint. Noshirvan's requests are facially relevant. Trainor bears the burden of sustaining His objections. Further, Noshirvan posits the requests are proportional to the needs and significance of the case.

## II. Privilege

### a. Generally

This case is diversity jurisdiction case. Thus, privilege is governed Florida State privilege law. Florida courts have consistently held that the claimant of the privilege has the burden of presenting competent, substantial evidence to establish that the incident reports were prepared in anticipation of litigation. *In Wal–Mart Stores, Inc. v. Weeks*, 696 So.2d 855 (Fla. 2d DCA 1997); *Universal City Dev. Partners, Ltd. v. Pupillo*, 54 So. 3d 612, 615 (Fla. 5th DCA 2011)(concurence)(argument by counsel that the incident reports are work product does not constitute substantial, competent evidence); *Marshalls of MA, Inc. v. Minsal*, 932 So.2d 444 (Fla. 3d DCA 2006) (holding that the party asserting the work-product privilege must present substantial, competent evidence in the form of testimony or evidence to establish

that the requested incident reports were prepared in anticipation of litigation). The burden does not shift onto the party requesting the documents until the claimant of privilege properly establishes that the privilege exists. *Pupillo*, 54 So. 3d at 615.

"When a party asserts the work-product privilege, Florida law requires that the trial court hold an in-camera inspection of the discovery material at issue in order to rule on the applicability of the privilege." *Marshalls of M.A., Inc. v. Witter*, 186 So. 3d 570, 573 (Fla. 3d DCA 2016)(quoting *Snyder v. Value Rent-A-Car*, 736 So.2d 780, 782 (Fla. 4th DCA 1999)(internal quotation omitted)); *Genovese v. Provident Life & Accident Ins. Co.*, 74 So. 3d 1064, 1068 (Fla. 2011),

### b. Work product

In that same vein, the crime-fraud exception also applies to work product. *See In re Richard Roe, Inc.*, 68 F.3d 38, 40 (2d Cir.1995). Furthermore, the work-product privilege only protects documents and papers of an attorney prepared in anticipation of litigation. The work product doctrine "does not protect factual information that a lawyer obtains when investigating a case." *Grinnell Corp. v. Palms 2100 Ocean Blvd., Ltd.*, 924 So. 2d 887, 895 (Fla. 4th DCA 2006). While incident reports, internal investigative reports, and information gathered by employees to be used to defend against litigation may be protected by the work-product privilege, *Royal Caribbean Cruises, Ltd. v. Doe*, 964 So.2d 713, 718 (Fla. 3d DCA 2007), materials assembled in the ordinary course of business or pursuant to public

requirements unrelated to litigation are excluded from work product. *Southern Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1383 (Fla. 1994)(documents created for a business purpose are not protected by the work product doctrine.). Furthermore, any work-product intended or expected to be used at trial is not protected by the work-product privilege. *Northup v. Acken*, 865 So. 2d 1267, 1270 (Fla. 2004)(stating that if the evidence or material are reasonably expected or intended to be disclosed to the court or jury at trial, it must be identified, disclosed, and copies provided to the adverse party in accordance the discovery requests of the opposing party); *Stern v. O'Quinn*, 253 F.R.D. 663, 676 (S.D. Fla. 2008)(explaining implied waiver occurs when a party's (1) assertion of the protection results from some affirmative act by the party invoking the protection; (2) through this affirmative act, the asserting party puts the protected information at issue by making it relevant to the case; and (3) application of the protection would deny the opposing party access to information vital to its defense.)

### III. Rule 37 Sanctions

Motions to compel discovery under Fed. R. Civ. P. 37(a) are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Rule 37, Federal Rules Civil Procedure, provides in relevant part:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving

an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Under Rule 37(c)(1), sanctions are not required if the non-disclosing party's failure was substantially justified or harmless. "An individual's discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.' " *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993). A discovery mistake is harmless "if it is honest [ ] and is coupled with the other party having sufficient knowledge that the material has not been produced." *Go Med. Indus. Pty, Ltd. v. Inmed Corp.*, 300 F. Supp. 2d 1297, 1308 (N.D. Ga. 2003). Whether the opposing party suffered prejudice underlies the harmlessness determination. *See Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 683 (M.D. Fla. 2010). The non-disclosing party bears "[t]he burden of establishing that a failure to disclose was substantially justified or harmless." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quoting *Leathers v. Pfizer*, Inc., 233 F.R.D. 687, 697 (N.D. Ga. 2006)). However, "[t]he district court has broad discretion in

determining whether a violation is justified or harmless" under Rule 37. *Abdulla v. Klosinski*, 898 F. Supp. 2d 1348, 1359 (S.D. Ga. 2012) (citation omitted).

On the other hand, because GPS did not show that Noshirvan failed to comply with the Court's Order, Rule 37 applies in Noshirvan's favor. See Fed. R. Civ. P. 37(a)(5)(B)("the court … must … require the movant, the attorney filing the motion, or both to pay the party … who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.").

WHEREFORE, Noshirvan respectfully requests that the Court grant this Motion, enter an order overruling Trainor's objections, compelling him to produce the requested documents within 10 days, award Rule 37 Sanctions, allow Noshirvan to supplement this motion with a fee and cost affidavit, and any other relief this Court deems just and proper.

### Local Rule 3.01(g) Certification

The undersigned certifies that on September 13, 2024, met and conferred, via telephone, with Trainor and he opposes this motion.

Nicholas A. Chiappetta, Esq.
**Chiappetta Trial Lawyers**
Attorneys for Mr. Noshirvan
2101 Vista Parkway, Suite 258
West Palm Beach, Florida 33411
Direct: (561) 768-4500
Fax:    (561) 768-4600
service@chiappettalegal.com
nick@chiappettalegal.com
www.chiappettalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
**Law Office of Patrick Trainor, Esq., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for all Defendants*
*except Garramone Plastic Surgery,*
*Jennifer Couture, Dr. Ralph Garramone,*
*and OMG Realty, LLC*

Harvey W. Gurland, Jr., Esq.
Florida Bar No. 284033
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Anoosheh Shaikh, Esq.
Florida Bar No. 1039830
**DUANE MORRIS LLP**
201 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Tel: 561.962.2108
HWGurland@duanemorris.com
JJFannin@duanemorris.com
AShaikh@duanemorris.com
PNMendoza@duanemorris.com
JMagarin@duanemorris.com
Attorneys for Garramone Plastic Surgery

James R. Brown, Esquire (217573)
Sonny Romano, Esquire (1026152)
**WICKER SMITH O'HARA**

**McCOY & FORD, P.A.**
100 S. Ashley Dr., Suite 1800
Tampa, FL 33602
Telephone: (813) 222-3939
Facsimile: (813) 222-3938
jbrown@wickersmith.com
sromano@wickersmith.com
Tpacrtpleadings@wickersmith.com
*Attorneys for Dr. Ralph Garramone,*
*Jennifer Couture, and OMG Reality*

/s/ Nicholas A. Chiappetta
Nicholas A. Chiappetta