IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| DANESH NOSHIRVAN,<br><br>    Plaintiff,<br><br>v.<br><br>JENNIFER COUTURE, et al.,<br><br>    Defendant. | Case No.: 2:23-cv-01218-JES-KCD |

**DEFENDANT JENNIFER COUTURE'S OPPOSITION TO DANESH
NOSHIRVAN'S MOTION TO QUANTIFY FEE AWARD**

Jennifer Couture (hereinafter "Couture") by and through the undersigned counsel respectfully opposes Danesh Noshirvan's ("Noshirvan") motion to quantify fees based on his vaguely described ledger entries and unrelated charges.

**I.      INTRODUCTION**

Counsel for Noshirvan produced a ledger to support his fee request that does not provide the information needed under the Rowe Factors to determine the accuracy of his fee claim. The ledger claims an excessive number of hours expended, vaguely describes services allegedly rendered, charges for unrelated matters, charges that accrued after the motion was already filed, and even charges related to Noshirvan's research of the availability of affirmative defenses for filing false reports to the Florida Department of Children and Families (DCF), which is conduct Noshirvan has previously said he did not commit.

1

The dismissed counterclaim where Noshirvan's fee claim arises from described Noshirvan's harassment as "continuing," because her harassment is "constant, incessant, and ceaseless"[1] whereby at Noshirvan's behest, confederates post degrading images, statements, and allegations to social media that says she engages in immoral acts where the content was given to them by Noshirvan and triggered rounds of harassing calls, texts, and emails at her.  Noshirvan knows his confederates harass Couture at his requests even though he argued differently.  On August 16, 2024, Noshirvan turned over the direct message with a confederate that he gave content to, which the confederate intended to use cause Couture distress for the purpose of "open[ing] the door to start really exposing" Couture.



**II.     NOSHIRVAN'S COUNSEL SEEKS  A WINDFALL BASED UPON AN EXTRAVAGANT HOURLY RATE, EXCESSIVE HOURS, AND CHARGES FOR UNRELATED MATTERS**

---

[1] *Continuing Definition*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/continuing (last visited Sep. 12, 2024).

Noshirvan's counsel seeks an unreasonable hourly rate of $600 for 26.1 excessive hours allegedly expended. Noshirvan's counsel's ledger includes vaguely defined entries, charges for unrelated matters, charges that accrued after the motion was filed, and charges that overlap services rendered in the related action, and charges for acts related to IIED of Couture that he has denied. The ledger is deficient as it includes at least 7.3 hours of improperly billed charges.

To calculate the amount of attorney's fees the court applies the federal lodestar approach. In applying the lodestar analysis, the party seeking fees has the burden of establishing that the hourly rate and hours expended are reasonable. *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Norman,* 836 F.2d at 1303.

Under the lodestar method, a reasonable hourly rate for an attorney is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. The "relevant market" is "the place where the case is filed." *Sos v. State Farm Mut.*

3

*Auto. Ins. Co.*, No. 6:17-cv-890-PGB-LHP, 2024 U.S. Dist. LEXIS 85637 (M.D. Fla. May 13, 2024) (*quoting Am. Civ. Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). To establish the requested hourly rate is consistent with the prevailing market rate, the fee applicant must produce satisfactory evidence that "speak[s] to rates actually billed and paid in similar lawsuits." *Norman*, 836 F.2d at 1299. This requires "more than the affidavit of the attorney performing the work," and generally includes evidence of the rates charged by lawyers in similar circumstances, or opinion evidence of reasonable rates. *Id*.

In determining an appropriate hourly rate, the Florida Supreme Court has held that courts should look to factors set forth in *Fla. Patient's Comp. Fund v. Rowe* (the "Rowe factors"): (1) the skill requisite to perform the legal service properly; (2) the likelihood that undertaking the case would preclude other employment; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; and (7) the experience, reputation, and ability of the lawyers performing the services. *Cates v. Zeltiq Aesthetics, Inc.,* No. 6:19-cv-1670-PGB-LHP, 2024 U.S. Dist. LEXIS 117010 *10 (M.D. Fla. July 2, 2024) (*citing Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151-52 (Fla. 1985)).

4

The Court may also rely on its own knowledge and experience of the prevailing market rate.  *See Norman*, 836 F.2d at 1299-1300, 1303.  However, "[t]he going rate in the community is the most critical factor in setting the fee rate."  *Cates,* 2024 U.S. Dist. LEXIS 117010 *10 (citing *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, No. 6:10-cv-1445-Orl-22DAB, 2012 U.S. Dist. LEXIS 26654, 2012 WL 695670, at *5 (M.D. Fla. Feb. 14, 2012), report and recommendation adopted, 2012 U.S. Dist. LEXIS 26655, 2012 WL 695843 (M.D. Fla. Mar. 1, 2012).  A reasonable hourly rate incorporates considerations of the relevant market and the practice area.  *Diagnostic Leasing, Inc. v. Associated Indem. Corp.*, No. 8:16-cv-958-T-36TGW, 2020 U.S. Dist. LEXIS 142612, at *10 (M.D. Fla. Aug. 10, 2020).

The "fee applicant bears the burden of establishing entitlement and documenting appropriate hours."  *Norman*, 836 F.2d at 1303.  Attorneys must exercise billing judgment, which means they must exclude from their fee applications excessive, redundant, or otherwise unnecessary hours, that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel.  *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).  Unnecessary, redundant, or excessive hours should be excluded from the reasonable number of hours expended.  *Id.* at 1301 (*citing Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

5

To prevail in its request for attorney's fees, the moving party must present accurate records that detail the work the attorneys performed. *Rowe, 472 So. 2d at 1150.* Noshirvan's counsel's ledger claims he spent 26.1 hours preparing his motion, but its entries are vaguely described, charges for time spent on matters not related to his motion, and billed charges after his motion was filed. *See* Noshirvan's Counsel's ledger at Noshirvan's Exhibit B.2, ECF No. 127-4.

Noshirvan's counsel's ledger's vaguely described entries include, entry dated 4/29/24 charged 1 hour for "research to confirm viability of a few theories for dismissal, and find case law on same," 5/02/24 charged .7 hour for "factual allegations in counterclaim," 5/2/24 .5 hour for "single publication rule and prepared statement of law," 5/3/24 .4 hour for "case documents and included citation," "statement of law," 5/6/24 .3 for "legal statement for impact rule," and 5/7/24 .2 hour for "researched definitions." *Id.* These entries account for 3.1 hours but are insufficiently described to explain the level of skill required to perform the legal services provided, or sufficiently describe the services to determine the customarily charges in the locality for said services. *Rowe, 472 So. 2d at 1150-52.*

The ledger includes charges for at least two (2) hours for services that are not related to the motion and charges that accrued after the motion was filed. May 22, 2024, one (1) hour was charged for "started preparing for early mediation (time limited to counterclaim), 5/23/24 .4 hour for "re: upcoming mediation (time limited

6

to discuss of counterclaim)," which was not a subject of mediation, 5/23/24 .1 hour for "Couture's corporate disclosure," 7/18/24 .2 hour for "motion for Trainor to withdraw as counsel for Couture," 7/18/24 .1 hour for "unopposed motion for Trainor to withdraw as counsel for Couture," 7/18/24 .1 hour for "order granting Trainor withdraw as counsel for Couture," and 7/18/24 .1 hour for review of "notice of lead designation by Wicker Smith for Couture." *Id.*

     Moreover, ledger entries include charges for researching the availability of mandatory reporter affirmative defenses related to the anonymous claims of abuse that were reported about Couture to the Florida Department of Children and Families (DCF) for allegations of abuse. Noshirvan has repeatedly denied that these acts never occurred or even knowledge of same, but his billing ledger includes entries for research of the "mandatory reporter privilege." The ledger includes mandatory reporting research on 5/3/24 1.3 hour charged for research of the defense of "mandatory reporting privilege," .5 hour for "argument showing that reporting privilege would likely apply," and .4 hour for "argument in favor of reporting privilege and added citation." *Id*. Taken on their face, Noshirvan is charging 2.2 hours for research of defenses related to mandatory reporter safe harbors, given that Noshirvan has denied his participation in filing false reports about Couture to the DCF. *Id.* Noshirvan has previously stated that he did not

7

participate in these acts, which on their face are IIED, but he is seeking compensation for same.

Noshirvan's counsel supported his fee claim with an expert opinion, but the expert's opinion is insufficient. *See* Noshirvan's Exhibit C, at 127-6. The expert did not address the deficiencies of the ledger entries or justify the hours charged after said motion was filed. Further, the expert did not apply the Rowe Factors related to counsel's experience, provide examples of rates charged by lawyers in similar circumstances, instead the expert Noshirvan's counsel's hourly rate by mentioning cases Noshirvan's counsel has allegedly settled, but did not provide case citations.

### III.   CONCLUSION

For the foregoing reasons, Jennifer Couture respectfully requests that the Court strike Noshirvan's fee request as excessive, and not assess costs for the hours billed for unrelated matters, billing that accrued after the fact, charges that are vague and undefined, and for the hours billed researching defenses of conduct that Noshirvan has previously denied participating in.

Dated: September 13, 2024

Patrick Trainor, Esquire (Attorney ID 242682019)
LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327

F: (201) 896-7815<br>
pt@ptesq.com

## **CERTIFICATION OF SERVICE**

I HEREBY CERTIFY that on this 13th day of September 2024, I electronically filed the foregoing document with the Clerk of Court by using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

Dated: September 13, 2024    _____
                             Patrick Trainor, Esquire