UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, an individual,

    Plaintiff,

v.     Case No.:  2:23-cv-1218-JES-KCD

JENNIFER COUTURE, RALPH GARRAMONE M.D., RALPH GARRAMONE M.D. P.A., CENTRAL PARK OF SOUTHWEST FLORIDA, LLC, WRAITH, LLC, SULLIVAN STREET INVESTMENTS, LLC, HAIRPIN TURN, LLC, OMG REALTY, LLC, R G WEIGHT MANAGEMENT, LLC, CENTRAL PARK SOUTH, LLC, BRANTLEE, LLC, LEGACY OF MARIE GARRAMONE, LLC, GARRAMONE MARKETING, INC., 5681 DIVISION LLC, THE LAW OFFICE OF PATRICK TRAINOR ESQ. LLC, PATRICK TRAINOR and ANTI-DOXING LEAGUE INC.,

    Defendants.
_____/

**ORDER**

Before the Court is Defendant Ralph Garramone M.D., P.A.'s Motion to Compel Discovery. (Doc. 124.)[1] Plaintiff Danesh Noshirvan has responded in opposition, making this matter ripe. (Doc. 128.) For the reasons stated below, the motion is **GRANTED**.

## I. Background

The underlying facts are largely irrelevant to this discovery dispute. Noshirvan alleges he was the target of a conspiracy "to injure, harm, and destroy [him]" after he publicized a video of Defendant Jennifer Couture. (Doc. 1 ¶ 1.) He claims to have suffered damages "in excess of 5 million dollars" from the alleged conspiracy. (*Id.* at 70.)

To understand how Noshirvan arrived at this figure, Garramone sent interrogatories "seeking, among other things, the details of [Noshirvan's] alleged damages, including the categories, calculations, and supporting documents." (Doc. 124 at 2.) At issue now are Noshirvan's responses to the seventh and eighth interrogatories. (*See* Doc. 124, Doc. 128.)

The seventh interrogatory asked:

> 7. Please state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in your answer: the count or defense to which the item of damage relates; the category into which

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

2

> each item of damage falls, i.e., general damages, special or consequential damages, interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used.

(Doc. 124-1 at 16.) Noshirvan responded:

> Noshirvan objects on the grounds that certain damages are still continuing and may continue into the future. Without waiving the objection, Noshirvan seeks general, special, consequential, and punitive damages. Noshirvan seeks damages for compensation for injury to reputation, mental anguish, emotional distress, shame, depression, anxiety, sleep disturbance, loss of enjoyment of life, lost income and earnings, lost business opportunities, humiliation, loss of online platforms, out of pocket expenses, costs, interest, and punitive damages, and for any injury the jury deems appropriate.
>
> Specifically, Noshirvan seeks lost past income for being deplatformed from Buymecoffee, Patreon, and Twitter/X. He also seeks lost past income from Tiktok. He calculates lost past income from the date the income ceased through the date of trial.
>
> Noshirvan also seeks past general damages for emotional distress, psychological trauma mental anguish, shame, depression, anxiety, sleep disturbance, loss of enjoyment of life, separation from family, and past injury to reputation. These items are calculated from the date of defendants conduct through the date of trial.
>
> Noshirvan also seeks damages for loss of future income and business opportunities, future injury to reputation, and emotional distress and psychological trauma. These items are calculated from the date of trial through a certain number of years. The exact

3

extent of future damages has not been ascertained as of the date these interrogatories were executed.

Noshirvan also seeks royalties for misappropriation of his likeness. He seeks past royalties for digital prints, flyers and billboards, and tv advertisements. These items are calculated from the date these items ceased existence or in the case of digital media the date of trial. Noshirvan is also seeking future royalties for digital media.

Noshirvan also seeks future royalties for misappropriation of his likeness. He specifically digital prints and media remaining indefinitely on the internet indefinitely. These items are calculated from the date of trial through a certain number of years. The exact extent of future damages has not been ascertained as of the date these interrogatories were executed.

Additionally, Noshirvan seeks punitive damages for malicious conduct of each intentional tort alleged in the First Amended Complaint. Noshirvan also seeks all costs associated with this litigation.

Noshirvan seeks any other damage available to him by law for the claims asserted in the First Amended Complaint, even if not expressly stated herein.

Noshirvan calculates all damages, regardless of denomination, by attributing a dollar figure as an hourly rate and multiplying that figure by a certain number of hours per day and multiplying that figure by a certain number of days, months, or years. Punitive damages are determined by simply multiplying the underlying damage figure by 3 or 4. For royalties, the number of prints, flyers, billboards and other publications are multiplied by a monetary amount, and then that amount multiplied by days, months, or years – based on how long the misappropriation occurred.

> Each count in the First Amended Complaint should be calculated as stated supra and added together to find the total amount of damages. Then the total number of damages should be multiplied three to four times.

(*Id.* at 16-18.) Garramone contends this response is deficient. He alleges Noshirvan's answer, "while verbose," is non-responsive because it "generally describes the categories of damages in a discursive narrative without providing any calculations or facts detailing how he arrived at his (non-existent) damage amounts." (*Id.* at 4.)

The eighth interrogatory asked:

> 8. Please identify each document (including electronically stored information) pertaining to each item of damage stated in your response to Interrogatory No. 7 above.

(*Id.* at 18.) Noshirvan responded:

> Noshirvan objects on the grounds that the request is unduly burdensome, harassing, and work product. The Request is unduly burdensome as close to 60-70% of the documents produced "pertain to an item of damage." Noshirvan produced 12.5 GB of data and over 1650 items. Further, the Request requires disclosure of attorney strategies or work product. Fed. R. Evid. 502; Hickman v. Taylor, 329 U.S. 495 (1947). Further, this request makes counsel choose which documents he will use at trial a year before the trial is set to occur and while discovery is still ongoing. As such, this Request is not proportional to the needs of this litigation given the importance of the discovery sought in resolving the issues raised by the pleadings and the burden of the proposed discovery outweighing its likely benefit. Fed. R. Civ. P. 26(b)(1).

5

> Noshirvan will provide general parameters. All documents produced that contain Noshirvan's likeness on a flyer, billboard, digital media or print, or mention of publication, contains a defamatory statement regarding Noshirvan, his family or CPS, Joseph Camp's live stream videos, emails, text messages, and posts discussing any aspect of the "sustained operation", all items that reflect monetization of "buymecoffee," "Twitter," "TikTok," "Patreon," and tax returns. Noshirvan will supplement the response with documentation on "what is considered a reasonable royalty."

(*Id*. at 18-19.) Much like the answer to the seventh interrogatory, Garramone contends that Noshirvan's response is deficient because it "provides a generic description of what is essentially [Noshirvan's] entire document production . . . . [Which] in no way informs [Garramone] of the documents supporting [Noshirvan]'s claim for damages nor . . . comport[s] with the requirements of Fed. R. Civ. P. 33(d)." (Doc. 124 at 4.)

Garramone now moves to compel complete answers to both interrogatories. He also asks that the Court award attorney's fees and costs.

## II. Legal Standard

"Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery in civil cases." *Great Am. Assurance Co. v. Ride Sol., Inc.*, No. 3:16-CV-372-J-32JBT, 2019 WL 13023802, at *1 (M.D. Fla. Aug. 21, 2019). Generally, "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." *Jacobs v. Sunbelt Rentals, Inc*, No. 6:09-CV-1733-

6

ORL-35-DAB, 2010 WL 11626584, at *2 (M.D. Fla. Apr. 26, 2010). This encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Smalls v. First Liberty Ins. Corp.*, No. 3:19-CV-1274-J-34JRK, 2020 WL 5876948, at *1 (M.D. Fla. Oct. 2, 2020).

There are several vehicles to obtain discovery under Rule 26. *See Weister v. Vantage Point AI, LLC*, No. 8:21-CV-1250-SDM-AEP, 2022 WL 3139373, at *8 n.2 (M.D. Fla. Aug. 3, 2022). One is the submission of interrogatories "related to any matter into which Rule 26(b) allows inquiry[.]" *Indep. Bank of W. Michigan v. Devecht*, No. 13-21753-MC, 2020 WL 2616208, at *1 (S.D. Fla. May 22, 2020); *see also* Fed. R. Civ. P. 33(a)(2).

A party responding to interrogatories "must answer [each interrogatory] separately and fully . . . under oath or object[.]" *Interland, Inc. v. Bunting*, No. 1:04-CV-444-ODE, 2005 WL 2414990, at *5 (N.D. Ga. Mar. 31, 2005). To properly object, a party must state the grounds for their objection with specificity and detail how the interrogatory "is not relevant or . . . overly broad, burdensome or oppressive[.]" *Sprint Sols., Inc. v. 4 U Cell, LLC*, No. 2:15-CV-605-FTM-38CM, 2016 WL 4815101, at *3 (M.D. Fla. Sept. 14, 2016); *see also Interland, Inc.*, 2005 WL 2414990, at *5 (the objecting party "must state the reasons for [their] objection with specificity and shall answer to the extent the interrogatory is not objectionable").

"Where a party objects to an interrogatory or gives an answer that is improper or incomplete, the requesting party may file a motion to compel." *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-MD-2885, 2020 WL 1821924, at *4 (N.D. Fla. Apr. 10, 2020). "[T]he proponent of a motion to compel carries the initial burden of proving that the information sought is relevant to a claim or defense." *Strong v. City of Naples*, No. 2:22-CV-318-KCD, 2023 WL 4545165, at *1 (M.D. Fla. July 14, 2023). This is a low bar. *See Kipperman v. Onex Corp.*, No. CIV.A.1:05CV1242JOF, 2008 WL 1902227, at *10 (N.D. Ga. Apr. 25, 2008) ("Rule 26 sets forth a very low threshold for relevancy.") In fact, it can be cleared by simply looking at the face of the interrogatory. *Kyles v. Health First, Inc.*, No. 6:09-CV-1248-ORL-28-GJK, 2010 WL 11626712, at *2 n.1 (M.D. Fla. Sept. 27, 2010). If the movant satisfies this initial burden, "the responding party must demonstrate how the information sought is improper, unreasonable," or disproportionate. *Strong*, 2023 WL 4545165, at *1.

Whether to grant a motion to compel "is committed to the discretion of the trial court." *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

### III. Discussion

#### A. Interrogatory VII

Starting with relevance, as we must, each claim in the complaint seeks damages. (Doc. 26 ¶¶ 160-61, 169-70, 181-82, 191-92, 201-02, 209-10.) The

8

seventh interrogatory asks for five categories of information related to Noshirvan's alleged damages. It asks him to: (1) identify each item of damage he claims, (2) identify the count or defense to which each item relates, (3) identify the category of damages into which each item falls, (4) provide the factual basis for each item, and (5) and explain how Noshirvan computed each item. (*See* Doc. 124-1 at 16.) These requests obviously "bear[] on," or at the very least "could lead to other matter that could bear on," an issue in the case. *Matter of in re Skanska USA Civ. Se. Inc.*, No. 3:20-CV-05980–LC/HTC, 2021 WL 2515645, at *1 (N.D. Fla. June 19, 2021).

Because the seventh interrogatory is relevant, Noshirvan needed to "demonstrate how the information sought [by the interrogatory] is improper." *Strong*, 2023 WL 4545165, at *1. Important for our purposes, Noshirvan needed to make this showing in response to the interrogatory, not just in response to the motion to compel. *See* Fed. R. Civ. P. 33(b)(4); *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-CV-366-PGB-LHP, 2023 WL 1069783, at *4 (M.D. Fla. Jan. 27, 2023).

Challenging the seventh interrogatory is a tall ask since courts have routinely directed parties to answer similar discovery. *See Neira v. Gualtieri*, No. 8:22-CV-1720-CEH-NHA, 2024 WL 865883, at *7 (M.D. Fla. Feb. 29, 2024); *Sundby v. Johnson*, No. 20-CV-81944, 2022 WL 1121762, at *2–3 (S.D. Fla. Apr. 14, 2022); *Lafleur v. State Univ. Sys. of Fla.*, No. 8:20-CV-1665-KKM-AAS,

9

2021 WL 963938, at *2 (M.D. Fla. Mar. 15, 2021); *Sream, Inc. v. Hassan Hakim & Sarwar, Inc.*, No. 16-CV-81600, 2017 WL 878704, at *5 (S.D. Fla. Mar. 6, 2017); *Friskney v. Am. Park & Play, Inc.*, No. 04-80457-CIV, 2005 WL 8156082, at *2–3 (S.D. Fla. June 21, 2005). That may be why Noshirvan did not raise any objections based on proportionality or burden.

Instead, he objected on grounds "that certain damages are still continuing and may continue into the future," which he then waived by answering the interrogatory despite the objection. (Doc. 124-1 at 16); *see Strong*, 2023 WL 4545165, at *3 ("[W]hen an answer accompanies an objection, the objection is waived and the answer, if responsive, stands."). Noshirvan attempts to buttress his defective objection by raising additional arguments in response to the motion to compel, but those arguments have also been waived. *See* Fed. R. Civ. P. 33(b)(4). In short, through a combination of waiver and untimely arguments, Noshirvan has failed to show that the interrogatory is objectionable.

So the Court turns to whether Noshirvan's response "is improper or incomplete." *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2020 WL 1821924, at *4. It's both. Noshirvan's response ignores the interrogatory's request that he provide a factual basis for his damages and match his "items of damage" to their corresponding counts. (*See* Doc. 124-1 at 16-18.) It also

10

provides only a rudimentary calculation of his damages, which fails to fully respond to the interrogatory. *See, e.g.*, *Neira*, 2024 WL 865883, at *6.

Noshirvan does not claim he provided a full answer. Instead, he asks for permission to ignore the interrogatory "until after discovery has been completed." (Doc. 128 at 12.) According to Noshirvan, "it is wholly inappropriate" for him "to adopt a rough estimate quantifying a dollar value on his injuries" before he has hired a damages expert. (*Id.* at 8, 11, 12.) The Court disagrees. "[W]here discovery is sought regarding the damages being claimed, [i]t is not sufficient for a party to respond merely by stating generally that it seeks certain types of damages . . . Even where it is premature for a party to provide expert opinions on the subject of damages, the party is required to provide a substantive response regarding the amount of damages based on the information it has to date." *Sundby*, 2022 WL 1121762, at *2; *see also Wilkins v. Ragoodial*, No. 2:20-CV-14203, 2021 WL 1579955, at *2 (S.D. Fla. Apr. 21, 2021).

The Court overrules Noshirvan's objections to the seventh interrogatory and directs him to fully respond pursuant to the above.

## B. Interrogatory VIII

The eighth interrogatory asked Noshirvan to identify the documents supporting his alleged damages. (Doc. 124-1 at 17.) Like above, this request seeks information that "bears on" or "could lead to other matter that could

11

bear on," an issue in the case. *Matter of in re Skanska USA Civ. Se. Inc.*, 2021 WL 2515645, at *1.

To avoid answering, Noshirvan contends the request seeks work product and is "unduly burdensome," "harassing," and disproportionate to the needs of the case. (Doc. 124-1 at 18-19.)

Noshirvan does not explain how the interrogatory is harassing or seeks work product. (*See* Doc. 124-1 at 18-19.) As a result, these objections are waived. *See Pinkston v. Univ. of S. Fla. Bd. of Trustees*, No. 8:18-CV-2651-T-33SPF, 2019 WL 4254471, at *2 (M.D. Fla. Sept. 9, 2019) ("Boilerplate or general objections are improper and constitute a waiver of the objections to the discovery sought."); *Club Exploria, LLC v. Aaronson*, No. 6:18-CV-576-ORL-28-DCI, 2019 WL 13227590, at *3 (M.D. Fla. Dec. 9, 2019) ("[T]he mere conclusory assertion that material sought is covered by . . . work product privilege is not sufficient to render such material undiscoverable."). And like above, his attempt to bolster these objections in response to the motion to compel comes too late. *See Morock v. Chautauqua Airlines, Inc.*, No. 8:07-CV-210-T17-MAP, 2007 WL 4247767, at *4 (M.D. Fla. Dec. 3, 2007).

Noshirvan also fails to show how responding to the interrogatory would be unduly burdensome. Putting aside that undue burden "no longer exists in the Federal Rules," *Musser v. Walmart Stores E., L.P.*, No. 16-62231-CIV, 2017 WL 7732871, at *3 (S.D. Fla. July 19, 2017), Noshirvan needed to "show facts

justifying [his] objection by demonstrating that the time or expense involved in responding to [the interrogatory] is unduly burdensome," *All Moving Servs., Inc. v. Stonington Ins. Co.*, No. 11-61003-CIV, 2012 WL 718786, at *5 (S.D. Fla. Mar. 5, 2012). "This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents." *Id*.

Noshirvan stresses that he "produced 12.5 GB of data and over 1650 items" in discovery and "close to 60-70% of the documents produced pertain to an item of damage." (Doc. 124-1 at 18-19.) But simply pointing to the volume of discovery the parties have exchanged, as Norshirvan does, is insufficient. Instead, the party resisting discovery "must [generally] substantiate [their objection] with detailed affidavits or other evidence establishing an undue burden." *Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998); *All Moving Servs., Inc.*, 2012 WL 718786, at *5. Noshirvan has not provided the Court with what is needed. He simply suggests that the large nature of his document production will result in an undue burden. (*See* Doc. 124-1 at 18-19.) That is not enough.

Finally, Noshirvan contends that interrogatory eight is "not proportional to the needs of this litigation" because it forces him to "choose which documents he will use at trial [next] year." (*Id*. at 18.) Rule 26 provides several factors to consider when determining whether a discovery request is proportional. *See*

13

Fed. R. Civ. P. 26(b)(1). The party resisting discovery "bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address" each factor. *Sw. Insulation, Inc. v. Gen. Insulation Co.*, No. 4:15-CV-601-O, 2016 WL 9244822, at *3 (N.D. Tex. Apr. 25, 2016).

Noshirvan's response touches on some factors, but he does not "com[e] forward with specific information to address" them. *Id*. For example, Noshirvan does not address "the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1). And while he complains that responding will be burdensome, he does not provide information showing "the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. In short, he has not shown that the information requested in the eighth interrogatory is disproportional to the needs of the case. *See id.*; *Sw. Insulation, Inc.*, 2016 WL 9244822, at *3.

So once again, the Court must determine whether Noshirvan's response "is improper or incomplete." *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2020 WL 1821924, at *4. Again, it's both. Noshirvan has not identified the documents supporting his damages. (*See* Doc. 124-1 at 18-19.) His response simply provides Garramone with "general parameters" of the documents Noshirvan will rely on. (Doc. 124-1 at 19.)

14

Noshirvan seems to have expected this result. He turns to Rule 33(d)'s business records exception in the hopes that his prior document production will satisfy his discovery obligations. (*See* Doc. 128 at 17.) Assuming Noshirvan can raise the exception now, his response is still insufficient.

First, the eighth interrogatory asks Noshirvan to identify the documents supporting each of his claimed damages. (Doc. 124-1 at 17.) "Reliance on Rule 33(d) is appropriate when the interrogatory requests objective facts that are obvious from the specified documents, but is generally inappropriate when the interrogatory asks a party to state its contentions or to **state facts supporting its allegations**." *Hands on Chiropractic PL v. Progressive Select Ins. Co.*, No. 6:18-CV-192-ORL-37-DCI, 2018 WL 6983622, at *8 (M.D. Fla. Nov. 20, 2018) (emphasis added). A complete answer to the interrogatory required Noshirvan to state which documents support the different categories of damages he is seeking. That won't be obvious from the face of the documents. Thus, application of Rule 33(d) is inappropriate here. *Id*.

Second, the business records exception "was not intended to permit parties to respond by directing the interrogating party to a mass of business records or by offering to make all of their records available." *Ecolab Inc. v. Int'l Chem. Corp.*, No. 6:18-CV-1910-ORL-41-GJK, 2020 WL 109693, at *5 (M.D. Fla. Jan. 8, 2020). Yet that is what Noshirvan has done. His response amounts to laying "12.5 GB of data and over 1650 items" produced in discovery at

15

Garramone's feet for him to determine which documents support each item of damages. (Doc. 128 at 12.) As a result, Noshirvan's response fails to "specify[] the records that must be reviewed, in sufficient detail to enable [Garramone] to locate and identify them as readily as [Noshirvan] could." Fed. R. Civ. P. 33(d)(1).

The Court thus overrules Noshirvan's objections to the eighth interrogatory and directs him to fully respond pursuant to the above.

### C. Fees and Costs

If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). These sanctions are self-executing. The court must award expenses where a motion to compel is granted. *KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021); *see also Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993).

Rule 37 does have a safe-harbor provision. The court need not award fees if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other

circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Noshirvan seems to argue the middle factor—his responses were substantially justified. (*See* Doc. 128 at 19.) To support this claim, Noshirvan notes that Garramone's "interrogatories are improper because they are overbroad and oppressive." (Doc. 128 at 18.) But Noshirvan does not explain why his belief that the interrogatories are overly broad or oppressive justifies his conduct. (*Id.* at 18-19.) To be sure, Noshirvan's responses to the seventh and eighth interrogatories were improper and incomplete, and his objections were often unsupported. Noshirvan has not shown "that reasonable people could differ as to the appropriateness of" his objections and responses. *Eichmuller*, 2020 WL 10318567, at *1. The Court will thus order Noshirvan to pay the attorneys' fees and costs Garramone incurred preparing and filing the motion.

It is **ORDERED**:

1. Defendant Ralph Garramone M.D., P.A., d/b/a Garramone Plastic Surgery's Motion to Compel Discovery is **GRANTED**.

17

2. Within fourteen days of this order, Plaintiff Danesh Noshirvan must provide full and complete responses to the seventh and eighth interrogatories referenced above.

3. Additionally, within fourteen days of this order, the parties must meet and confer about the expenses Garramone reasonably incurred in making the motion. If the parties cannot agree on a figure, Garramone must submit a motion, which includes necessary supporting documents, detailing the reasonable expenses and fees incurred.

**ENTERED** in Fort Myers, Florida on September 17, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record