```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

DANESH NOSHIRVAN, an individual,

      Plaintiff,

v.                       Case No: 2:23-cv-1218-JES-KCD

JENNIFER COUTURE, an individual, RALPH GARRAMONE M.D., an individual, RALPH GARRAMONE M.D. P.A., CENTRAL PARK OF SOUTHWEST FLORIDA, LLC, WRAITH, LLC, SULLIVAN STREET INVESTMENTS, LLC, HAIRPIN TURN, LLC, OMG REALTY, LLC, R G WEIGHT MANAGEMENT, LLC, CENTRAL PARK SOUTH, LLC, BRANTLEE, LLC, LEGACY OF MARIE GARRAMONE, LLC, GARRAMONE MARKETING, INC., 5681 DIVISION LLC, THE LAW OFFICE OF PATRICK TRAINOR ESQ. LLC, PATRICK TRAINOR, an individual, and ANTI-DOXING LEAGUE INC.,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Quantify Attorney Fee Award (Doc. #127) filed on August 29, 2024. Defendant Jennifer Couture filed an Opposition (Doc. #132) on September 13, 2024.

On August 2, 2024, the Court issued an Opinion and Order (Doc. #119) granting plaintiff's Motion to Dismiss and dismissing the Counterclaim without prejudice and granting plaintiff's Motion for Sanctions against Patrick Trainor and The Law Office of Patrick Trainor, Esq., LLC jointly and severally for attorney fees and costs incurred in defending the counterclaim.  The parties were unable to reach an agreement as to the appropriate amount of fees, and plaintiff has filed a timely motion to quantify the amount.  Plaintiff seeks $15,660 for 26.1 hours of work at an hourly rate of $600.

"The plain language of Rule 11 requires that the court independently analyze the reasonableness of the requested fees and expenses."  Sussman v. Salem, Saxon, & Nielsen, P.A., 152 F.R.D. 648, 651 (M.D. Fla. 1994) (citing Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 195 (3d Cir. 1988).  A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The party seeking an award of fees should submit adequate documentation of hours and rates in support, or the award may be reduced.  Id.  In determining the reasonable amount of hours, the Court may conduct an hour-by-hour analysis or it may reduce the requested hours across the board, Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008),

and the Court must eliminate excessive, unnecessary, and redundant hours, Norman v. Housing Auth. Of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988).

**A. Hourly Rate**

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). "[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." Norman, at 1299 (citing Hensley, 461 U.S. at 439 n.15). "The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge." Norman at 1299.

Plaintiff filed a Declaration/Affidavit of Nicholas A. Chiappetta, Esq in Support (Doc. #127-2) indicating that counsel has been in good standing and licensed to practice law in the State of Florida since 2018. Counsel is published, he was lead counsel

on over 625 cases and has first chair trial experience. Counsel founded his law firm in February 2018, and in 2023, Mr. Chiappetta started operating as Chiappetta Trial Lawyers. This case was taken on a contingency fee basis after multiple other firms rejected Noshirvan as a client and he was suffering from financial hardship.

Counsel retained Ray Seaford as an expert witness at a rate of $650 per hour who worked for 2.3 hours. Mr. Seaford expects to be paid $1,495.00. (Doc. #127-6.) Mr. Seaford has been a member of the Florida Bar since 1992 and has been accepted as an attorney fee expert in the Tampa Division of the Middle District of Florida. Mr. Seaford concludes that $600 is a reasonable hourly rate for Mr. Chiappetta based on the "legal community within the past 24 months" without identifying any similar cases where a rate of $600 an hour was found to be appropriate. Mr. Seaford cites to the Tampa Division even though the prevailing market is the Fort Myers Division of the Middle District of Florida. Olesen-Frayne v. Olesen, 2:09-CV-49-FTM-29DNF, 2009 WL 3048451, *2 (M.D. Fla. Sept. 21, 2009).

Mr. Chiappetta argues that "Jennifer Couture or her counsel agreed to pay Mr. Chiappetta hourly rate of $600 in satisfaction of a discovery sanction Order entered by this Court against Couture (Dkt. 123)." (Doc. #127 at 4.) However, the August 6, 2024,

- 4 -

Order (Doc. #123) only directed that the parties meet and confer about the expenses incurred under Rule 37 and for Noshirvan to submit a motion if the parties did not reach an agreement. On August 28, 2024, after a hearing, the Magistrate Judge declined to award fees under Fed. R. Civ. P. 37. (Doc. #126.) Couture's response argues that the expert did not provide examples of rates charged by lawyers in similar circumstances and the opinion fails to cite cases other than one that was settled by Mr. Chiappetta. (Doc. #132 at 8.) Couture does not propose a lower or different hourly rate.

The Court finds that the hourly rate must be reduced. The prevailing rates in the Fort Myers Division and generally within the Middle District of Florida are significantly lower than the proposed rate. See, e.g., Rizzo-Alderson v. Tawfik, No. 5:17-CV-312-OC-37PRL, 2019 WL 3324298, at *3 (M.D. Fla. July 1, 2019), report and recommendation adopted sub nom. Rizzo-Alderson v. Eihab H. Tawfik, M.D., P.A., No. 5:17-CV-312-OC-37PRL, 2019 WL 3323432 (M.D. Fla. July 24, 2019) (finding rates of $250 and $375 per hour in FLSA cases); Helix Inv. Mgmt., LP v. Privilege Direct Corp., No. 8:18-CV-206-T-33AEP, 2019 WL 7562765, at *2 (M.D. Fla. Oct. 18, 2019), report and recommendation adopted, No. 8:18-CV-206-T-33AEP, 2019 WL 5704671 (M.D. Fla. Nov. 5, 2019) (an hourly rate of $275 an hour reasonable for an attorney with 22 years of

experience); Johnson v. FedEx Ground Package Sys. Inc., No. 5:19-CV-00196-JSM-PRL, 2020 WL 10334683, at *3 n.2 (M.D. Fla. June 23, 2020) (collecting cases approving rates of $325 and $350 an hour for attorneys with over 12 years to 32 years of experience); Bork v. Tran Huong Quynh, No. 2:19-CV-354-FTM-38MRM, 2020 WL 6366189, at *2 (M.D. Fla. Oct. 14, 2020), report and recommendation adopted, No. 2:19-CV-354-FTM-38MRM, 2020 WL 6363847 (M.D. Fla. Oct. 29, 2020) (finding that $450 an hour is reasonable for an attorney board certified in Intellectual Property). Mr. Chiappetta has failed to produce "evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed for similar services by a lawyer of comparable skill, experience, and reputation." M.D. Fla. R. 7.01(c)(4)(F).

Mr. Chiappetta was admitted in 2018 and runs his own small firm. A rate between $350 to $400 an hour is more appropriate for an attorney with Mr. Chiappetta's level of experience, the fees customarily charged in the locality, and the nature and short length of the professional relationship with the client. The Court will allow a slightly higher rate given the fact that the client could not obtain other counsel.[1] Sos v. State Farm Mut.

---

[1] See, e.g., Am. C.L. Union of Georgia v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999) ("If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his

Auto. Ins. Co., No. 6:17-CV-890-PGB-LHP, 2024 WL 2152154, at *5 (M.D. Fla. May 13, 2024) (considering the "Rowe factors" in Fla. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985)). The Court will allow a rate of $400 an hour.

### B. Hours Expended

Counsel claims 26.1 hours expended on the motion to dismiss the counterclaim. Defendant argues that the ledger includes at least 7.3 hours of improperly billed charges. (Doc. #132 at 3.) Specifically, Couture argues the following entries are vague: (1) the entry dated 4/29/24 for "research to confirm viability of a few theories for dismissal, and find case law on same;" (2) the entry dated 5/02/24 for "factual allegations in counterclaim;" (3) the entry on 5/2/24 for "single publication rule and prepared statement of law;" (4) the entry on 5/3/24 for "case documents and included citation" and "statement of law;" (5) the entry on 5/6/24 for "legal statement for impact rule;" and (6) the entry on 5/7/24 for "researched definitions." (Id. at 6.) Couture further argues that at least 2 hours were accrued after the motion was filed, and 2.2 hours are claimed for research of defenses related to mandatory

---

claims.").

reporter safe harbors even though participation in filing false reports is denied. (Id. at 6-7.)

On May 8, 2024, Noshirvan filed a Motion to Dismiss Defendant, Jennifer Couture's Counterclaim (Doc. #72) arguing res judicata, truth in defense of defamation, the single publication rule, condition precedent under Fla. Stat. § 770.01, that the intentional infliction of emotional distress claim was piecemeal and barred by privilege, the failure to allege that Noshirvan knew allegations were false, the impact rule bars negligent infliction of emotional distress to the extent alleged, a failure to state a claim to the extent Couture alludes to negligent infliction of emotional distress, civil conspiracy, invasion of privacy, intrusion upon seclusion, defamation, false light, and cyber harassment. The Motion for Rule 11 Sanctions (Doc. #86) argued that the Counterclaim was barred by res judicata, and that Couture and Trainor refused to withdraw the counterclaim. On May 22, 2024, Noshirvan filed a Notice of Supplemental Authority (Doc.#87). On May 31, 2024, Couture was directed to show cause for failing to respond to the motion to dismiss or the motion could be treated as unopposed. (Doc. #91.) On June 7, 2024, Couture filed an Opposition to Motion to Strike Counterclaim and for Sanctions (Doc. #93) arguing that res judicata does not apply and therefore sanctions are not required.

The Opinion and Order (Doc. #119) granted the Motion to Dismiss Counterclaim (Doc. #72) filed on May 8, 2024, and Motion for Rule 11 Sanctions (Doc. #86) filed on May 22, 2024. The Court found that res judicata barred the counterclaim and that any amendment would be futile. The Counterclaim was dismissed with prejudice. The Court further found that the Counterclaim was a copy-and-paste mirror of the Complaint in Couture v. Noshirvan, Case No. 2:23-cv-340-SPC-KCD (M.D. Fla.). Counsel did not withdraw the counterclaim after enough time was provided to conduct a reasonable inquiry after notice of a motion for sanctions. Whether specifically addressed or not, the research and drafting on the additional arguments were still necessary in presenting the motion to dismiss. Although no response was filed to the additional arguments, the Court finds the work was still required and the hours expended were reasonable.

The following 2 hours will be eliminated as they are outside the parameters of the motion to dismiss and motion for sanctions:

| DATE | DESCRIPTION | HOURS CLAIMED |
|---|---|---|
| 5/22/24 | Started preparing for early mediation (time limited to Counterclaim) | 1.0 |
| 5/23/24 | Re: upcoming mediation (time limited to discuss of counterclaim) | 0.4 |
| 5/23/24 | Couture's corporate disclosure | 0.1 |
| 7/18/24 | Motion for Trainor to withdraw as counsel | 0.2 |

| 7/18/24 | Unopposed motion for Trainor to withdraw | 0.1 |
| --- | --- | --- |
| 7/13/24 | Order granting unopposed to withdraw | 0.1 |
| 7/18/24 | Notice of Lead Designation | 0.1 |
| | **Total Hours** | **2** |

The Court finds that a total of 24.1 hours expended was reasonable. At a reduced rate of $400 an hour, the Court awards $9,640.00.

**C. Expert Witness**

Mr. Chiappetta also seeks $1,495 in costs for expert witness Ray Seaford. Mr. Seaford expended 2.3 hours at a rate of $650 per hour on the preparation of the Affidavit (Doc. #127-6) in support of attorney fees. The Court finds that the hourly rate of $650 is well above the previously approved rate cited in the Tampa Division cases. In both cases, an hourly rate of $450 was found to be reasonable for Mr. Seaford. Houston Specialty Ins. Co. v. Vaughn, 8:14-cv-1187-EAK-JSS, Doc. #247 at 3 (M.D. Fla. Jan. 17, 2018); Houston Specialty Ins. Co. v. Vaughn, 8:15-cv-2165-TPB-AAS, Doc. #232 at 3 (M.D. Fla. Aug. 24, 2018) (companion case). The Court will apply the same rate of $450 an hour and allow $1,035 as 2.3 hours is reasonable.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Quantify Attorney Fee Award (Doc. #127) is **GRANTED in part and DENIED in part.** Patrick Trainor and The Law Office of Patrick Trainor, Esq., LLC are jointly and severally sanctioned in the amount of $9,640.00 in reasonable attorney's fees and $1,035 in expert costs incurred by Noshirvan in defending against the counterclaim.

2. Mr. Trainor and The Law Office of Patrick Trainor, Esq., LLC shall make payment within **THIRTY (30) DAYS** of this Opinion and Order by check payable to Chiappetta Trial Lawyers, 2101 Vista Parkway, Suite 258, West Palm Beach, Florida 33411.

**DONE and ORDERED** at Fort Myers, Florida, this __3rd__ day of October 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record