UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, AN
INDIVIDUAL;

       Plaintiff,

    v.

JENNIFER COUTURE, AN
INDIVIDUAL; RALPH
GARRAMONE M.D., AN
INDIVIDUAL;  RALPH
GARRAMONE M.D. P.A.,
CENTRAL PARK OF SOUTHWEST
FLORIDA, LLC,  WRAITH, LLC,
SULLIVAN STREET
INVESTMENTS, LLC,  HAIRPIN
TURN, LLC,  OMG REALTY, LLC,
R G WEIGHT MANAGEMENT,
LLC,  CENTRAL PARK SOUTH,
LLC,  BRANTLEE, LLC,  LEGACY
OF MARIE GARRAMONE, LLC,
GARRAMONE MARKETING, INC.,
5681 DIVISION LLC,  THE LAW
OFFICE OF PATRICK TRAINOR
ESQ. LLC, PATRICK TRAINOR,
AN INDIVIDUAL; AND  ANTI-
DOXING LEAGUE INC.,

       Defendants,

_____/

Case No. 2:23-CV-1218-JES-KCD

## **ORDER**

Defendant Ralph Garramone, M.D. P.A. has moved to dismiss

Plaintiff's complaint. (Doc. 161.) Relying on Federal Rule of Civil Procedure

12(f), he now seeks to strike several exhibits attached to Plaintiff's response brief. (Doc. 188 at 4.) According to Garramone, the exhibits are an improper "attempt[] to supplement [Plaintiff's] deficient allegations and salvage his deficient claims." (*Id.* at 2.)[1]

There are two problems with the motion. First, Rule 12(f) does not afford the relief sought. The rule permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Since the plain language of Rule 12(f) is limited to *pleadings*, "a motion to strike is not the proper vehicle for challenging matters not contained in pleadings." *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-CV-366-PGB-LHP, 2023 WL 2924746, at *5 (M.D. Fla. Jan. 27, 2023). "A response in opposition to a motion to dismiss is not considered a pleading." *Id.* Put another way, "[m]otions, briefs or memoranda, objections, or affidavits may not be attacked by [a] motion to strike." *S. River Watershed All., Inc. v. DeKalb Cnty., Ga.*, 484 F. Supp. 3d 1353, 1362 (N.D. Ga. 2020); *see also Pyzynski v. Thomas & Betts Corp.*, No. 6:16-CV-1998-ORL-40-DCI, 2017 WL 9510591, at *1 (M.D. Fla. Nov. 16, 2017).

Second, Garramone has not complied with the procedural requirements imposed in the Civil Action Order. (*See* Doc. 25 at 8-9.) Motions to strike are

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

often "time wasters." *Baumgardner v. Am. Mod. Prop. & Cas. Ins. Co.*, No. 2:23-CV-298-JLB-KCD, 2023 WL 4705835, at *1 (M.D. Fla. July 24, 2023). Thus, before seeking such relief, this Court requires the movant to review several cases and "explain in the motion why the requested relief is warranted notwithstanding [these] authorities." (Doc. 25 at 9.) Garramone's motion is devoid of this required discussion.

As a practical matter, the motion here is a "time waster." *Baumgardner*, 2023 WL 4705835, at *1. Garramone's gripe is that Plaintiff cannot supplement his deficient allegations with the exhibits and thus save his complaint. But the Court is perfectly capable of discerning what evidence it can (and cannot) consider at this procedural stage. It certainly doesn't need a twenty-five-page motion to understand that Plaintiff's exhibits are beyond the pleadings.

Finally, Garramone seeks sanctions against Plaintiff's counsel. First, he accuses counsel of "attaching a series of improper exhibits" that only "multipl[ied] the proceedings in [this] case unreasonably and vexatiously." (Doc. 188 at 23.) But the same can be said of the pending motion, which is without legal support under the cited rule and otherwise unnecessary.

Second, Garramone claims that "counsel decided, in absence of any legal basis, to improperly attach the Exhibits . . . which included sensitive, personal information." (*Id.*) And this was done knowing that a non-party

3

antagonist affiliated with Plaintiff, James McGibney, would post "the sensitive and personal information on social media," which subsequently happened. (*Id.* at 24.) There is insufficient evidence to impute McGibney's actions to Plaintiff's counsel. What is more, Garramone does not identify the sensitive information with any particularity. The Court declines to impose sanctions without more detail on the material allegedly disclosed. *See Smith v. Psychiatric Sols., Inc.*, 864 F. Supp. 2d 1241, 1268 (N.D. Fla. 2012) ("The decision to impose sanctions . . . is within the sound discretion of the court.").

Accordingly, Garramone's Motion to Strike Exhibits to Noshirvan's Response in Opposition to Motion and Request to Impose Sanctions (Doc. 188) is **DENIED**.

**ORDERED** in Fort Myers, Florida November 19, 2024.


Kyle C. Dudek
United States Magistrate Judge