UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| Danesh Noshirvan,<br><br>      Plaintiff,<br><br>v.<br><br>Jennifer Couture, et al.,<br><br>      Defendants. | CASE NO. 2:23-CV-01218-JES-KCD |

**TRAINOR'S SUR-REPLY TO THE OPPOSITION TO HIS RULE 11 MOTION DIRECTED TO PLAINTIFF'S COUNSEL NICHOLAS CHIAPPETTA, ESQ.**

Patrick Trainor's ("**Trainor**") sur-reply to Nicholas Chiappetta, Esq.'s ("Chiappetta") Opposition to Trainor's *Rule 11* Motion ("Chia. Opp") [D.E. 217]. To overcome Trainor's motion, Chiappetta needed to: (1) show he did not possess the :23 second long Trainor video before he filed the McGibney Declaration [D.E. 170-10]; and (2) give the Court some reason to believe he "conduct[ed] a reasonable inquiry into both the facts and the law before" he filed the McGibney Declaration as proof the Court could rely on "to imply[ ] or infer[ ] a pattern of conduct" that supports plaintiff's civil conspiracy claims (*See Noshirvan Brief in Opposition to Motion to Dismiss* ("Opp. Mtd.") D.E. 170 at 17). *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991). Chiappetta failed on both fronts.

Rather, Chiappetta's opposition is fraught with new allegations, personal attacks, and irrelevant claims about non-parties from 2012, which do not shield Chiappetta from his failure to inquire and his deliberate indifference to obvious facts.

Trainor has argued the McGibney Declaration is "a contrivance of fabricated allegations" since Chiappetta filed it in *Couture v. Noshirvan*, 2:23-cv-00340-SPC-KCD at 3 (M.D. Fla. May 30, 2023) ("Prior Action" at [92-4]) [D.E. 95] and nothing has changed. It remains a fraud upon the Court. Chiappetta unintentionally admitted this by attempting to shift the burden to Trainor by arguing he "failed…to show" that upon further investigation the McGibney Declaration would not have evidentiary support. *Chia. Opp.* at 2. Obviously, if further investigation is needed to find factual support for the McGibney Declaration, Chiappetta violated *Rule 11* when he filed it as if it were factual. Moreover, Chiappetta filed it with deliberate indifference to the contrary facts in the Trainor video.

Chiappetta for the first time tells the Court that on February 5, 2024, one day before We Serve's harassment began, McGibney "inadvertently" published We Serve's contact information to his Instagram account's 20,000 followers. *Chia. Opp.* at 3. Clearly McGibney or his followers could have harassed We Serve, but Chiappetta failed to inquire and ignored this fact. But Given McGibney's history of similar litigation misconduct [D.E. 202 at 7-8], and online impersonation of Camp (*See below*), Chiappetta's failure's cannot be excused.



*Original here* https://web.archive.org/web/20160109220750/http://jojocamp.com/;
*Redirect here* https://web.archive.org/web/20160109225322/http://www.bullyville.com/?page=articles&id=970

Chiappetta now claims We Serve was "harassed" to "silence Alexander Vays as a witness." *Chia. Opp.* at 17. Other than We Serve served Trainor a one-page letter, what is the relevance of Vays' testimony? Because based upon Chiappetta and McGibney's extensive emails with We Serve (*See* D.E. 202 at 10-19; *See also Exhibits C through F*, D.E. 202-2 to -5), which conveniently occurred the same time as Camp's alleged harassment of We Serve – Chiappetta and McGibney were the only persons who harassed We Serve. Chiappetta used threats to overcome We Serve's desire to extract themselves from the bizarre situation and to compel We Serve to sign an affidavit he drafted [D.E. 202-6]. D.E. 202 at ¶¶ 39, 42, 54, 69-70, 71-73. For example, Chiappetta delivered We Serve an ultimatum to comply, and that signing his affidavit, was "the least invasive," because "Ps I do not want to have to subpoena the records/certification or depose you." D.E. 202 at 19.

Another new allegation is that on the day that Noshirvan's cybersecurity expert witness was to be deposed he received harassing and threatening calls on his private phone number and messages on his What's App social media account, which information only Chiappetta possessed. *Chia. Opp.* at 2, fn. 1. Moreover, ***for the first time*** Chiappetta alleges that "someone present at the [expert's] deposition was communicating with Camp in real time about the deponent's statements." *Chia. Opp.* at 2, fn. 1. This is by far his most egregious assault on the truth, because if true, Chiappetta was required to immediately halt the deposition and seek a protective order. However, Chiappetta did not do so, because it did not happen. This

3

scurrilous allegation is another example of Chiappetta's habitual use of innuendo to debase these proceedings.

Moreover, the differences between Trainor's original McGibney Letter (*See* Exhibit B, D.E. 202-2) and the McGibney Letter Chiappetta attached to his opposition [D.E. 217-1, Exhibit A] illustrate Chiappetta's willingness to defraud this Court. Trainor's version is a scanned copy of the original hard copy that We Serve personally served, and as served it has a slightly blurred typeface and alternating dark lines of print and lighter lines of print, and the bull in the letterhead is an off-colored orange-yellow. In Trainor's original, James McGibney's "signature" ***is in a print font, not a cursive font***. *Exhibit B*, D.E. 202-2*; See below on left.*

| I am respectfully requesting that you retract the gross misrepresentation of facts within filing docket #89. As an officer of the court, it is incumbent upon you to be candid with the tribunal. Failure to remedy these numerous misrepresentations will require me to hire an attorney to apprise the tribunal of your known misrepresentations. If I am forced to seek counsel to explain your fraud upon the court, I will request that the court award me all attorney fees incurred and that you be sanctioned.<br><br>James McGibney<br><br>*Trainor's Exhibit B (D.E. 202-2)* | I am respectfully requesting that you retract the gross misrepresentation of facts within filing docket #89. As an officer of the court, it is incumbent upon you to be candid with the tribunal. Failure to remedy these numerous misrepresentations will require me to hire an attorney to apprise the tribunal of your known misrepresentations. If I am forced to seek counsel to explain your fraud upon the court, I will request that the court award me all attorney fees incurred and that you be sanctioned.<br><br>*James McGibney*<br><br>*Chiappetta's Exhibit A (D.E. 217-1)* |
|---|---|

Chiappetta attached "a copy of the [McGibney] Letter," as "Exhibit A" [D.E. 217-1]. D.E. 217, ¶ 2 at 3. In Chiappetta's version, the lines of print are crisp and uniformly dark, and the letter head bull is yellow in color. *Chia. Opp.*, Exhibit A, D.E. 217-1. Of significant distinction as seen above on the right, is that the "signature" ***is in cursive font, not print font like the original***. *Id.* In other words, Chiappetta committed a second fraud upon the Court by passing off a newly drafted document as if it were a copy of the original.

Lastly, the affidavit signatures of Finella Hesin (D.E. 217-6) and Vays (D.E. 217-7) are remarkably alike, however, this Vays signature, is starkly different than his signature on prior recent notarized mortgage documents.  In September 2023, Vays signed two different Mortgages that are publicly recorded in the Official Records of Broward County, Records, Taxes, and Treasury Division at Instrument No. 119100561 recorded September 13, 2023, below left, and Instrument No. 119136765 recorded October 2, 2023, below right.



No amount of equivocating, new claims, or fever dreams about Camp's alleged conduct in 2012 that allow the Court to overlook Chiappetta's failure to inquire, his deliberate indifference to contrary facts in the Trainor video, and Trainor's demand letter  Chiappetta double down on his disdain for *Rule 11*, with his brazen use of fraudulent documents, including the falsely sworn McGibney Declaration and the fraudulent McGibney Letter.  This writer is gob smacked by Chiappetta's willingness to defraud the Court, which the Court cannot tolerate.

For the foregoing reasons, the Court must grant Trainor's motion and the relief sought therein, and such other relief as the Court deems just.

Date:  January 12, 2025            _____
                                    Patrick Trainor

**Law Office of Patrick Trainor, Esq., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
E: pt@ptesq.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of January 2025, a true and correct copy of the foregoing was served electronically upon all counsel of record via the Court's CM/ECF system.

Date:  January 12, 2025          _____
                                 Patrick Trainor