AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| DANESH NOSHIRVAN, an individual, ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:23-cv-01218-JES-KCD |
| JENNIFER COUTURE, an individual, RALPH ) | |
| GARRAMONE M.D., an individual, etc., et al. ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Richard A. Luthmann, 338 Sugar Pine Lane, Naples, FL 34108

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached schedule.

| Place: Veritext - Tampa (Riesdorph)<br>201 E. Kennedy Blvd., Suite 712<br>Tampa, FL 33602 | Date and Time:<br>01/20/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/05/2024

*CLERK OF COURT*

OR

_____          /s/ Nicholas A. Chiappetta
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff, Danesh Noshirvan                     , who issues or requests this subpoena, are:
Chiappetta Trial Lawyers, Nicholas A. Chiappetta, Esq., 2101 Vista Parkway, Suite 258, West Palm Beach, FL 33411; (561) 768-4500; nick@chiappettalegal.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT # B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-01218-JES-KCD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Nick Chiappetta** | Managing Partner
561-768-4500
nick@chiappettalegal.com
2101 Vista Parkway, Suite 258
West Palm Beach, Florida 33411

www.chiappettalegal.com
Product Defect | Injury | Defamation | Insurance



# SCHEDULE FOR SUBPOENA TO RICHARD LUTHMANN

## DEFINITIONS

The following definitions apply to this request for the production of documents.

1. The term "Document" is used herein in the broadest possible sense permitted by the Federal Rules of Civil Procedure and means any written, graphic or other recorded (whether visible, electronically, magnetically or otherwise) matter of whatever nature, including computer files, discs, or any other means of preserving thought or expression, and all tangible things from which information can be processed, transcribed, copied or retrieved, whether originals, copies, drafts (including, without limitation, non-identical copies), stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form. A document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions or deletions. The term "original" includes the file copy or copies of any document if there is no actual original or ribbon copy. "Document" shall include, without limitation, the following items: electronically stored information, images, letters, papers, correspondence, e-mail, facsimiles, memoranda, telegrams, reports, articles, telex and telecopier messages, records, affidavits, depositions, financial records, minutes, transcriptions, notes, books, instant messages, Facebook status updates, social media postings, internet postings, blog posts, text messages, voicemail messages, statements, contracts, pamphlets, diaries, bills, personal diaries and appointment books, computer diskettes, computer print-outs or other computer derived data, photographic material, all mechanic or electric sound recordings or transcripts thereof, pictures, audio or video tapes, drawings and all other records, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any tangible thing that, in whole or in part, records, illustrates or conveys information.

2. "Communication" is used in the broadest possible sense permitted by the Federal Rules of Civil Procedure and means transmittal of information (including, without limitation, ideas, inquiries, or any other information) by any means

(including, without limitation, in the form of a document (as defined above), audio recording or otherwise).

3. "Person" is used in the broadest possible sense permitted by the Federal Rules of Civil Procedure and shall include natural persons, public or private corporations, proprietorships, partnerships, governmental entities, associations, unions, organizations, groups, trusts and estates. Any reference herein to any "Person" shall be construed to include, if that "Person" is not a natural person, all present and former subsidiaries, affiliates, divisions, joint ventures, partners, officers, directors, board of directors (and committees thereof), employees, agents, and advisors, and any other person acting or purporting to act for, on behalf of, or in the name of such entity including, without limitation, business consultants, bankers, financial advisors, attorneys, accountants, and any other person of any description retained or employed by such entity for business or financial reasons of any kind.

4. "Concerning", and "Regarding", in addition to their customary and usual meanings, shall mean "discussing," "evidencing," "relating to" "constituting," "referring to," "reflecting," "mentioning," "pertaining to, "containing an implicit reference to," "assessing," "characterizing," "recording," "describing," "touching upon," "repudiating," or "summarizing."

5. The singular includes the plural and vice versa, except where the context may require otherwise; reference to any gender includes the other gender.

6. "Each" shall also be construed to mean "every" and "every" shall also be construed to mean "each."

7. "Any" shall also be construed to mean "any and all," or "all"; "all" shall also be construed to mean "any" or "any and all"; "including" shall mean "including, without limitation."

8. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all responses that might otherwise be construed to be outside of its scope.

9. "You," and "Your," means Richard Luthmann, including any social media usernames that you have utilized such as @rluthmann, any aliases, e.g., "Richard LaFontaine" or "Richard LaRiviere", and any companies you may own, e.g., "Scrivener, LLC."

2

10. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" shall mean "including without limitation".

## INSTRUCTIONS

If you object to fully identifying a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

(1) the nature of the privilege claimed (including work product);

(2) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(3) the date of the document, electronically stored information or oral communication;

(4) if a document: its type (*e.g.*, letter or memorandum) and, if electronically stored information, the software application used to create it (*e.g.*, MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena *duces tecum* or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

(5) if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6) the general subject matter of the document, electronically stored information or oral communication.

## PLEASE PROVIDE THE FOLLOWING DOCUMENTATION:

1. Produce all Documents regarding Jennifer Couture, Ralph Garramone, Patrick Trainor, or Danesh Noshirvan that you published to your X account - https://x.com/rluthmann or @rluthman. This request requires production of both native and non-native formats of all videos, posts, podcasts, and articles.

3

2. Produce every Document you published on any platform regarding Jennifer Couture, Ralph Garramone, Patrick Trainor, or Danesh Noshirvan. This request requires production of both native and non-native formats of all videos, posts, podcasts, and articles.

3. Produce every Communication between you and Jennifer Couture from January 26, 2022 through December 04, 2024, regarding any matter concerning case 2:23-cv-0340 or 2:23-cv-1218.

4. Produce every Communication between you and Ralph Garramone, M.D. from January 01, 2022 through December 04, 2024, regarding any matter concerning case 2:23-cv-0340 or 2:23-cv-1218.

5. Produce every Communication between you and Patrick Trainor from January 01, 2019 through December 04, 2024, regarding any matter concerning case 2:23-cv-0340 or 2:23-cv-1218, any party thereto, or Joseph A. Camp.

6. Produce every Communication between you and Joseph A. Camp from January 01, 2022 through December 04, 2024, regarding any matter concerning case 2:23-cv-0340 or 2:23-cv-1218. This request includes all of Joseph A. Camp's email addresses, aliases, businesses, and social media handles, e.g., @joeycamp2020, @CampJosephA, @Daneshfiles, etc.

7. Produce every Document sent or received in any Communication between you and Joseph A. Camp from January 01, 2022 through December 04, 2024, regarding any matter concerning case 2:23-cv-0340 or 2:23-cv-1218. This request includes all of Joseph A. Camp's email addresses, aliases, businesses, and social media handles, e.g., @joeycamp2020, @CampJosephA, @Daneshfiles, etc. See https://www.newsbreak.com/richard-luthmann-1792610/3659332977133-legal-battle-tiktok-harassment-case-sparks-controversial-license-to-doxx ("We **spoke to Joey Camp**, who claims he is "enjoying the air in Mexico City.")

4

8. Produce all Documents concerning payments received by you from any Person who compensated or retained you to publish articles or stories regarding Jennifer Couture, Ralph Garramone, M.D., Patrick Trainor, Esq., or Danesh Noshirvan. See https://substack.com/home/post/p-150921957 ("We have been **retained** by a private party to investigate, newsgather, and publish on this story and related matters with the potential for a documentary on Social Media and Cancel Culture.")

9. Produce all Documents concerning any Person who retained you to publish articles or stories regarding Jennifer Couture, Ralph Garramone, M.D., Patrick Trainor, Esq., or Danesh Noshirvan. See https://substack.com/home/post/p-150921957 ("We have been retained by a private party to investigate, newsgather, and publish on this story and related matters with the potential for a documentary on Social Media and Cancel Culture.").

10. Produce every Document sent or received in any Communication between you and any Person from January 01, 2022 through December 04, 2024, regarding any matter concerning case 2:23-cv-0340 or 2:23-cv-1218, the parties thereto, or Joseph A. Camp.

11. Produce every Communication between you and any Person from January 01, 2022 through December 04, 2024, regarding any matter concerning case 2:23-cv-0340 or 2:23-cv-1218, the parties thereto, or Joseph A. Camp.

12. Produce every Communication you had with anyone from Newsweek.com, including Katherine Fung, from January 01, 2022 through December 04, 2024, regarding any matter concerning case 2:23-cv-0340 or 2:23-cv-1218.

5

13. Produce every Communication you had with the Person or people who hired you to write articles or stories regarding Jennifer Couture, Ralph Garramone, Garramone Plastic Surgery or Danesh Noshirvan.

14. Produce every article and story you wrote and every video you published regarding Jennifer Couture, Ralph Garramone, Garramone Plastic Surgery or Danesh Noshirvan.

15. Produce Documents from the New York State Bar and New Jersey State Bar that state the reason for your disbarment, i.e., fraud, extortion, kidnapping, holding a client at gunpoint, conspiracy, etc.

16. Produce Documents from the USAO Eastern District of New York concerning E.D.N.Y. Docket No. 17-CR-664 (JBW). See https://www.justice.gov/usao-edny/pr/staten-island-attorney-richard-luthmann-sentenced-four-years-prison-fraud-and-extortion

17. Produce all Documents you posted to Substack, Muckrack, Instagram, Facebook, Threads, and Twitter/ X (ie., @rluthmann), Frank Report, The Sun Bay Paper, Newsbreak, Florida Gulf News, and This is for Real.

18. Produce Documents from your indictment for creating fake Facebook profiles and impersonating political leaders. See https://www.silive.com/crime/2019/09/with-mom-by-his-side-trial-by-combat-lawyer-richard-luthmann-sentenced-in-scrap-scheme.html

6