**Outlook**

**Re: Noshirvan v. Couture et al - Meet and Confer Requirement - Local Rule 3.01(g)**

From  Nick Chiappetta <nick@chiappettalegal.com>
Date  Wed 12/11/2024 3:42 PM
To    Richard Luthmann <richard.luthmann@protonmail.com>
Cc    Frank Parlato <frankparlato@gmail.com>; Michael Volpe <mvolpe998@gmail.com>; RALafontaine <RALafontaine@protonmail.com>; Rick LaRivière <RickLaRiviere@proton.me>; frankiepressman@protonmail.com <frankiepressman@protonmail.com>; mthomasnast@protonmail.com <mthomasnast@protonmail.com>; julian-jackson-fannin-8837@ecf.pacerpro.com <julian-jackson-fannin-8837@ecf.pacerpro.com>; AutoDocketMIA@duanemorris.com <AutoDocketMIA@duanemorris.com>; JMagarin@duanemorris.com <JMagarin@duanemorris.com>; ashaikh@duanemorris.com <ashaikh@duanemorris.com>; bcastillo@duanemorris.com <bcastillo@duanemorris.com>; cmackey@duanemorris.com <cmackey@duanemorris.com>; courtmail@duanemorris.com <courtmail@duanemorris.com>; hwgurland@duanemorris.com <hwgurland@duanemorris.com>; jjfannin@duanemorris.com <jjfannin@duanemorris.com>; ngounaris@duanemorris.com <ngounaris@duanemorris.com>; pnmendoza@duanemorris.com <pnmendoza@duanemorris.com>; aalfano@rolfeshenry.com <aalfano@rolfeshenry.com>; kdeglman@rolfeshenry.com <kdeglman@rolfeshenry.com>; pt@ptesq.com <pt@ptesq.com>

Mr. Luthmann,

Please stop the DARVO tactics. We all know you are in cahoots with Camp, Garramone, and Couture. I saw you converse with Dr. Ralph Garramone before the hearing yesterday and that you left the hearing with Jennifer Couture.

By the way, this is the worst acting I have witnessed in a long time. **Falsus in uno**, falsus in omnibus.

Sincerely,

**Nick Chiappetta** | Founder
P. 561-768-4500
F. 561-768-4600
nick@chiappettalegal.com
2101 Vista Pkwy, Suite 258
West Palm Beach, Florida 33411

8401 Lake Worth Rd.,
Lake Worth, Florida 33467
*By Appointment Only*



Product Defect | Injury | Defamation | Insurance
www.chiappettalegal.com

NOTICE: This e-mail message and any attachment to this e-mail message contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, re-transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please notify us immediately by return e-mail or by telephone at 561-768-4500 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender.

---

**From:** Richard Luthmann <richard.luthmann@protonmail.com>
**Sent:** Wednesday, December 11, 2024 3:34 PM
**To:** Nick Chiappetta <nick@chiappettalegal.com>
**Cc:** Frank Parlato <frankparlato@gmail.com>; Michael Volpe <mvolpe998@gmail.com>; RALafontaine <RALafontaine@protonmail.com>; Rick LaRivière <RickLaRiviere@proton.me>; frankiepressman@protonmail.com <frankiepressman@protonmail.com>; mthomasnast@protonmail.com <mthomasnast@protonmail.com>; julian-jackson-fannin-8837@ecf.pacerpro.com <julian-jackson-fannin-8837@ecf.pacerpro.com>; AutoDocketMIA@duanemorris.com <AutoDocketMIA@duanemorris.com>; JMagarin@duanemorris.com <JMagarin@duanemorris.com>; ashaikh@duanemorris.com <ashaikh@duanemorris.com>; bcastillo@duanemorris.com <bcastillo@duanemorris.com>; cmackey@duanemorris.com <cmackey@duanemorris.com>; courtmail@duanemorris.com <courtmail@duanemorris.com>; hwgurland@duanemorris.com <hwgurland@duanemorris.com>; jjfannin@duanemorris.com <jjfannin@duanemorris.com>; ngounaris@duanemorris.com <ngounaris@duanemorris.com>; pnmendoza@duanemorris.com <pnmendoza@duanemorris.com>; aalfano@rolfeshenry.com <aalfano@rolfeshenry.com>; kdeglman@rolfeshenry.com <kdeglman@rolfeshenry.com>; pt@ptesq.com <pt@ptesq.com>
**Subject:** Re: Noshirvan v. Couture et al - Meet and Confer Requirement - Local Rule 3.01(g)

Mr. Chiappetta,

I have refrained from emailing your client because of a police complaint in Tioga County, PA.

Is he trying to frame me for "harassment" using a fake Joey Camp account?

Are you orchestrating this crime/fraud?





**Joseph A. Camp**  @JoeyCamp2020

4s ·

Fams, let's continue to use and spoof Richard.luthmann@protonmail.com as a spoof to email (legal threats) to Pedophile and Murderer Sand Nigger Danesh Noshirvan at thatdaneshguy@‗‗‗‗‗ thatdaneshguy@‗‗‗‗‗ daneshnoshirvan‗‗‗‗‗ and daneshnoshirvan‗‗‗‗‗.

😃

    

Regards,

Richard Luthmann
Writer, Journalist, and Commentator
Tips or Story Ideas:
(239) 631-5957
richard.luthmann@protonmail.com
**Muck Rack Profile**
**Substack: This is For Real?**
**Contributor: Frank Report**
**Editor-In-Chief: FLGulf.news**
**Contributor: Sun Bay Paper**
**Follow Me on TRUTH**

Sent with Proton Mail secure email.

On Wednesday, December 11th, 2024 at 10:51 AM, Richard Luthmann <richard.luthmann@protonmail.com> wrote:

> I will stop emailing you, and report to the Court that you do not want to speak with me.
>
> I guess your stance has rendered compliance with Local Rule 3.01(g) and "exercise in futility."
>
> Regards,
>
> Richard Luthmann
> Writer, Journalist, and Commentator
> Tips or Story Ideas:
> (239) 631-5957
> richard.luthmann@protonmail.com
> **Muck Rack Profile**

**Substack:** This is For Real?
**Contributor:** Frank Report
**Editor-In-Chief:** FLGulf.news
**Contributor:** Sun Bay Paper
**Follow Me on** TRUTH

Sent with Proton Mail secure email.

On Wednesday, December 11th, 2024 at 10:48 AM, Nick Chiappetta <nick@chiappettalegal.com> wrote:

> Provide an address for service of process or stop emailing me.
>
> Good day.
>
> Sincerely,
>
> Nick Chiappetta | Founder
> P. 561-768-4500
> F. 561-768-4600
> nick@chiappettalegal.com
> 2101 Vista Pkwy, Suite 258
> West Palm Beach, Florida 33411
>
> 8401 Lake Worth Rd., 
> Lake Worth, Florida 33467
> *By Appointment Only*
>
> 
>
> Product Defect | Injury | Defamation | Insurance
>    https://url.avanan.click/v2/r01/
> ___www.chiappettalegal.com___.YXAzOmNoaWFwcGV0dGFsZWdhbDphOm86Mzl2Mjc2NzIyYjM0ZjJjYzAzNjM5YjhmMWRmZGE5MDA6Nzo2ZmU3OmU0ZGFjMWRIYjQyMDZlNWY1YzRIYzE3NDYzMGUzNjRhZjNkN2RjMmEzOWVjNmViZTFlZTQwZTc5Y2E3NTFiMzM6dDpUOk4
>
> NOTICE: This e-mail message and any attachment to this e-mail message contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, re-transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please notify us immediately by return e-mail or by telephone at 561-768-4500 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender.
>
> ---
>
> **From:** Richard Luthmann <richard.luthmann@protonmail.com>
> **Sent:** Wednesday, December 11, 2024 10:46 AM
> **To:** Nick Chiappetta <nick@chiappettalegal.com>
> **Cc:** Danesh <daneshnoshirvan@gmail.com>; daneshnoshirvan@yahoo.com <daneshnoshirvan@yahoo.com>; thatdaneshguy@gmail.com <thatdaneshguy@gmail.com>; Frank Parlato <frankparlato@gmail.com>; Michael Volpe <mvolpe998@gmail.com>; RALafontaine <RALafontaine@protonmail.com>; Rick LaRivière <RickLaRiviere@proton.me>; frankiepressman@protonmail.com <frankiepressman@protonmail.com>; mthomasnast@protonmail.com <mthomasnast@protonmail.com>; julian-jackson-fannin-8837@ecf.pacerpro.com <julian-jackson-fannin-8837@ecf.pacerpro.com>; AutoDocketMIA@duanemorris.com <AutoDocketMIA@duanemorris.com>; JMagarin@duanemorris.com <JMagarin@duanemorris.com>; ashaikh@duanemorris.com <ashaikh@duanemorris.com>; bcastillo@duanemorris.com <bcastillo@duanemorris.com>; cmackey@duanemorris.com <cmackey@duanemorris.com>; courtmail@duanemorris.com <courtmail@duanemorris.com>; hwgurland@duanemorris.com <hwgurland@duanemorris.com>; jjfannin@duanemorris.com <jjfannin@duanemorris.com>; ngounaris@duanemorris.com <ngounaris@duanemorris.com>; pnmendoza@duanemorris.com <pnmendoza@duanemorris.com>; aalfano@rolfeshenry.com <aalfano@rolfeshenry.com>; kdeglman@rolfeshenry.com <kdeglman@rolfeshenry.com>; pt@ptesq.com <pt@ptesq.com>
> **Subject:** Re: Noshirvan v. Couture et al - Meet and Confer Requirement - Local Rule 3.01(g)
>
> I'm not accepting process. I'm considering it. It would save me $405. I'm thinking you guys might be sports!
>
> Send the documents for me to take a look at. I make no promises.
>
> Regards,
>
> Richard Luthmann
> Writer, Journalist, and Commentator
> Tips or Story Ideas:
> (239) 631-5957
> richard.luthmann@protonmail.com
> **Muck Rack Profile**
> **Substack:** This is For Real?
> **Contributor:** Frank Report

**Editor-In-Chief:** FLGulf.news
**Contributor:** Sun Bay Paper
**Follow Me on** TRUTH

Sent with Proton Mail secure email.

On Wednesday, December 11th, 2024 at 10:34 AM, Nick Chiappetta <nick@chiappettalegal.com> wrote:

> Please provide your address where you will accept service of process.
>
> Sincerely,
>
>
> **Nick Chiappetta** | Founder
> P. 561-768-4500
> F. 561-768-4600
> nick@chiappettalegal.com
> 2101 Vista Pkwy, Suite 258
> West Palm Beach, Florida 33411
>
> 8401 Lake Worth Rd.,
> Lake Worth, Florida 33467
> *By Appointment Only*
>
> 
>
> Product Defect | Injury | Defamation | Insurance
> https://url.avanan.click/v2/r01/
> ___www.chiappettalegal.com___.YXAzOmNoaWFwcGV0dGFsZWdhbDphOm86NTdjMmI2MDYwMTFmMjg5NTk2Y2I5MzZh
> NDFmODIjM2Q6Nzo1OTU1OmZjZGMwNjMzZjk2ODA4ZjI3ZWU1MDk2ZGUwMDllODk5NGRiZTY0YjYxMmFiYjM2YjUyZGY2
> NjViOGZhYjc5OGU6dDpUOk4
>
> NOTICE: This e-mail message and any attachment to this e-mail message contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, re-transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please notify us immediately by return e-mail or by telephone at 561-768-4500 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender.
>
> ---
>
> **From:** Richard Luthmann <richard.luthmann@protonmail.com>
> **Sent:** Wednesday, December 11, 2024 10:30 AM
> **To:** Nick Chiappetta <nick@chiappettalegal.com>; Danesh <daneshnoshirvan@gmail.com>; daneshnoshirvan@yahoo.com <daneshnoshirvan@yahoo.com>; thatdaneshguy@gmail.com <thatdaneshguy@gmail.com>
> **Cc:** Frank Parlato <frankparlato@gmail.com>; Michael Volpe <mvolpe998@gmail.com>; RALafontaine <RALafontaine@protonmail.com>; Rick LaRivière <RickLaRiviere@proton.me>; frankiepressman@protonmail.com <frankiepressman@protonmail.com>; mthomasnast@protonmail.com <mthomasnast@protonmail.com>; julian-jackson-fannin-8837@ecf.pacerpro.com <julian-jackson-fannin-8837@ecf.pacerpro.com>; AutoDocketMIA@duanemorris.com <AutoDocketMIA@duanemorris.com>; JMagarin@duanemorris.com <JMagarin@duanemorris.com>; ashaikh@duanemorris.com <ashaikh@duanemorris.com>; bcastillo@duanemorris.com <bcastillo@duanemorris.com>; cmackey@duanemorris.com <cmackey@duanemorris.com>; courtmail@duanemorris.com <courtmail@duanemorris.com>; hwgurland@duanemorris.com <hwgurland@duanemorris.com>; jjfannin@duanemorris.com <jjfannin@duanemorris.com>; ngounaris@duanemorris.com <ngounaris@duanemorris.com>; pnmendoza@duanemorris.com <pnmendoza@duanemorris.com>; aalfano@rolfeshenry.com <aalfano@rolfeshenry.com>; kdeglman@rolfeshenry.com <kdeglman@rolfeshenry.com>; pt@ptesq.com <pt@ptesq.com>
> **Subject:** Re: Noshirvan v. Couture et al - Meet and Confer Requirement - Local Rule 3.01(g)
>
> Dear Ethically Challenged Attorney Nick Chiapetta,
>
> I live here! Did you sleep through law school? Pennoyer v. Neff; International Shoe v. Washington. Presence is a fundamental basis for jurisdiction. Christ Almighty give me strength. Were you folks always this dense or did the WOKENESS rot your brains?
>
> If you're going to add me as a "co-conspirator" please let me know. I would consider accepting service. It will save me the filing fee for my anti-SLAPP lawsuit. That might be the only way Danesh can get the goods on his Man Crush Joey Camp. Now we know what he was thing about in the bathtub.
>
> If you get me to sit for a depo and I am making an affirmative counterclaim, maybe you get a shot at all the goods. Maybe not. But beware, if Danesh brings me in, he goes first. And it ain't no fun when the Wabbit's got the gun. 18 U.S.C. §§ 2, 115, 951, 1343, 2257, and 2257A



Regards,

Richard Luthmann
Writer, Journalist, and Commentator
Tips or Story Ideas:
(239) 631-5957
richard.luthmann@protonmail.com
**Muck Rack Profile**
**Substack:** **This is For Real?**
**Contributor: Frank Report**
**Editor-In-Chief: FLGulf.news**
**Contributor: Sun Bay Paper**
**Follow Me on TRUTH**

Sent with Proton Mail secure email.

On Wednesday, December 11th, 2024 at 10:15 AM, Nick Chiappetta <nick@chiappettalegal.com> wrote:

> By all means, please avail yourself you the court's jurisdiction.
>
> Sincerely,
>
> **Nick Chiappetta** | Founder
> P. 561-768-4500
> F. 561-768-4600
> nick@chiappettalegal.com
> 2101 Vista Pkwy, Suite 258
> West Palm Beach, Florida 33411
>
> 8401 Lake Worth Rd.,
> Lake Worth, Florida 33467
> *By Appointment Only*
>
> 
>
> Product Defect | Injury | Defamation | Insurance
> https://url.avanan.click/v2/r01/
> ___www.chiappettalegal.com___.YXAzOmNoaWFwcGV0dGFsZWdhbDphOm86YWNIM2QzNzU1ZTBjNjQ2OWJ
> mOWJmNjQ2NGU0YTc5ZDA6NzpkNWEzOjQyZDY2ZjA0NmJjMzZmOTViMDZjN2l1MzY2YTkzYjQyMjllNGU1YW
> Y4NWQzNDU2MzZjZDAxYmRmNjZjOTFFjY2Q6ZDpUOk4

NOTICE: This e-mail message and any attachment to this e-mail message contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, re-transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please notify us immediately by return e-mail or by telephone at 561-768-4500 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender.

---

**From:** Richard Luthmann <richard.luthmann@protonmail.com>
**Sent:** Wednesday, December 11, 2024 10:07 AM
**To:** Nick Chiappetta <nick@chiappettalegal.com>
**Cc:** Frank Parlato <frankparlato@gmail.com>; Michael Volpe <mvolpe998@gmail.com>; RALafontaine <RALafontaine@protonmail.com>; Rick LaRivière <RickLaRiviere@proton.me>; frankiepressman@protonmail.com <frankiepressman@protonmail.com>; mthomasnast@protonmail.com <mthomasnast@protonmail.com>
**Subject:** Re: Noshirvan v. Couture et al - Meet and Confer Requirement - Local Rule 3.01(g)

Since you seek to re-serve, I am going ahead with my request for a Protective Order.

This communication serves to comply with the Local Rule 3.01(g) requirements.

Regards,

Richard Luthmann
Writer, Journalist, and Commentator
Tips or Story Ideas:
(239) 631-5957
richard.luthmann@protonmail.com
**Muck Rack Profile**
**Substack:** This is For Real?
**Contributor:** Frank Report
**Editor-In-Chief:** FLGulf.news
**Contributor:** Sun Bay Paper
**Follow Me on** TRUTH

Sent with Proton Mail secure email.

On Wednesday, December 11th, 2024 at 10:04 AM, Nick Chiappetta <nick@chiappettalegal.com> wrote:

> Mr. Luthmann,
>
> It appears that a clerical error occurred on the subpoena. The place of compliance is not correct. Therefore, my office is withdrawing this subpoena served on December 10, 2024, because the "place of compliance" does not comply with Rule 45's 100-mile rule. Therefore, you are relieved from complying with same. We will correct the clerical error and reserve you with a Rule 45 compliant subpoena.
>
> Sincerely,
>
> **Nick Chiappetta** | Founder
> P. 561-768-4500
> F. 561-768-4600
> nick@chiappettalegal.com
> 2101 Vista Pkwy, Suite 258
> West Palm Beach, Florida 33411
>
> 8401 Lake Worth Rd.,
> Lake Worth, Florida 33467
> *By Appointment Only*



**Product Defect** | **Injury** | **Defamation** | **Insurance**

https://url.avanan.click/v2/r01/
___www.chiappettalegal.com___.YXAzOmNoaWFwcGV0dGFsZWdhbDphOm86NDBhMTdhZTVlN2
VmMmNhZGNkNDg5M2RmZTczNTViNjI6NzoyMDM4OmVkYjYyZjU4Y2M2MTczZmYxYjcxMDQ5Mz
Y5MzgwODY5ZDAxZGE5ZWEzNThmOGMyMmQ3ZDQwY2I5ZDE3ZWYwNzE6dDpUOk4

NOTICE: This e-mail message and any attachment to this e-mail message contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, re-transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please

notify us immediately by return e-mail or by telephone at 561-768-4500 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender.

---

**From:** Richard Luthmann <richard.luthmann@protonmail.com>
**Sent:** Wednesday, December 11, 2024 9:24 AM
**To:** Nick Chiappetta <nick@chiappettalegal.com>
**Cc:** Danesh <daneshnoshirvan@gmail.com>; Frank Parlato <frankparlato@gmail.com>; Michael Volpe <mvolpe998@gmail.com>; RALafontaine <RALafontaine@protonmail.com>; Rick LaRivière <RickLaRiviere@proton.me>; frankiepressman@protonmail.com <frankiepressman@protonmail.com>; mthomasnast@protonmail.com <mthomasnast@protonmail.com>
**Subject:** Re: Noshirvan v. Couture et al - Meet and Confer Requirement - Local Rule 3.01(g)

Dear Ethically Challenged Attorney Nick Chiapetta,

The first volley of my response is contained in this piece published earlier today. Your WOKE ASSHOLE client's days of harassment with injury and death resulting are numbered. And so are yours as his enabler (Rule 4.4(a) ("A lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person.")).

https://luthmann.substack.com/p/brazen-scotus-doxxer-strikes-again

By this email, I view the obligations under Local Rule 3.01(g) satisfied.

Regards,

Richard Luthmann
Writer, Journalist, and Commentator
Tips or Story Ideas:
(239) 631-5957
richard.luthmann@protonmail.com
**Muck Rack Profile**
**Substack: This is For Real?**
**Contributor: Frank Report**
**Editor-In-Chief: FLGulf.news**
**Contributor: Sun Bay Paper**
**Follow Me on TRUTH**

Sent with Proton Mail secure email.

On Wednesday, December 11th, 2024 at 8:26 AM, Nick Chiappetta <nick@chiappettalegal.com> wrote:

> Good morning Mr. Luthmann,
>
> Thank you for your "interesting" email. Please be advised that my office **will not** be withdrawing the properly served non-party subpoena. You have two options. Email my office the requested documents or file your proposed motion incorporated into your email below. If the latter do not forget to mention the conversation you had with Dr. Ralph Garramone before the hearing or that you left the hearing with Jennifer Couture. Further, there is no need for threats - physical, verbal, or otherwise. And yes, everyone on the courtroom eye witnessed your improper behavior yesterday. Physically threatening a female process server and myself in front of Federal Deputies in a Federal Courthouse. Kicking the subpoena on the floor. Throwing a tantrum. Not appropriate to say the least. I strongly encourage you to seek help.
>
> I am available to confer if you wish to file a motion and you may email me the requested documents. However, please refrain from contacting my client, office, or me personally ever again absent one of the two mentioned exceptions.
>
> I look forward to receiving the requested documents. Please note, should you wish to file a motion, your email below will be **"Exhibit A"** to my response.
>
> Sincerely,
>
> Nick Chiappetta | Founder
> P. 561-768-4500
> F. 561-768-4600
> nick@chiappettalegal.com

2101 Vista Pkwy, Suite 258
West Palm Beach, Florida 33411

8401 Lake Worth Rd.,
Lake Worth, Florida 33467
*By Appointment Only*



**Product Defect | Injury | Defamation | Insurance**

https://url.avanan.click/v2/r01/
___www.chiappettalegal.com___.YXAzOmNoaWFwcGV0dGFsZWdhbDphOm86OTU3M
WFiZjExNjE1ZGE3MDM5ZWYyOWRkNGJjMmZhOGQ6NzpmMzFIOjdiM2VkYjk2ZDA3M
zkxNWIzMDNjZDJiZjljNmE3NTA4NzRkNGE3ZjNkMDg0ZGVhNDJiNWRhZTQwZDc5OG
JlNDQ6dDpUOk4

NOTICE: This e-mail message and any attachment to this e-mail message contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, re-transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please notify us immediately by return e-mail or by telephone at 561-768-4500 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender.

---

**From:** Danesh <daneshnoshirvan@gmail.com>
**Sent:** Wednesday, December 11, 2024 7:45 AM
**To:** Richard Luthmann <richard.luthmann@protonmail.com>; Nick Chiappetta <nick@chiappettalegal.com>
**Subject:** Re: Noshirvan v. Couture et al - Meet and Confer Requirement - Local Rule 3.01(g)

Hello!
Oh hey look, it's one of Ralph's previous patients who *hasn't died* during operation. You're one of the lucky ones lmao.

I reported you to the justice department and FBI for sharing images online that you believed to be child porn. I currently have an onlyfans account that you're not aware you can't research for shit and because I have every right to be on the platform. Joey's account was removed because he shared revenge porn at Jennifer's direction (great friends you have). Since you and your co conspirators are constantly unaware of the law, it is illegal to share sexual images and present it as child porn, even if it's not. I have screenshots of you sharing sexual images and you claiming that you just shared child porn. There goes your entire life. You know how pedos are treated in prison, right? You deserve it, bud.

You're putting every effort into intimating me, but you can let your boss Ralph know it's not going to work. Threatening me, being hostile with me, harassing me, will never get me to stop and only hurt you guys in court. You're only helping my case as I'm suing for this exact behavior. Besides, I heard you cried in court when you were served so I'm not worried about you lol

One note: no amount of threats, harassment, or you throwing yourself on the sword for no reason will get me to stop seeking justice for my kids. All your efforts are simply reported to the FBI and courts. It's interesting that your co conspirators have no faith in their own case and have to hire you to try to scare me off hahahaha

Go tell your mom to heat you up a hot pocket and buy you a big box of tissues, because you will be held accountable along with your friends, numbnuts.

Moving forward, do not ever contact me ever again. Do not contact me with your alias either. Please only contact me through my lawyer. Any further communication will be considered harassment.

Danesh

On Tue, Dec 10, 2024, 11:02 PM Richard Luthmann <richard.luthmann@protonmail.com> wrote:
> Dear Ethically-Challenged Attorney Nick Chiappetta,
>
> Before you and your client, Mr. Noshirvan, have all of your malfeasance aired in the public square, I request a meet and confer to allow you and your client to withdraw -

WITH PREJUDICE - the attached defective, Frivolous and Bad Faith Subpoena, which you directed served on me in Magistrate Judge Dudek's courtroom seconds after he left the bench earlier today in the above-referenced *Noshirvan v. Couture et al.* matter.

I'll give you one shot so I don't have to file a motion to quash, ask for a protective order, ask for sanctions, sue you for abuse of process, etc. Or else I promise you and your client will be famous, and not in the way you dirtbag WOKE narcissist communists desire.

I already started drafting. Below is a taste. You won't get everything now, but this will be enough to get the press ready for when this thing is stamped.

BTW - will you admit that your client is a pedophile? OnlyFans Verified - then thrown off? The white dildo in the bathtub? Apparently, underaged girls? Why didn't he submit the documentation under 18 U.S.C. §§ 2257 and 2257A? You know that's a felony, right? Maybe to cover up the larger felony ... SEX WITH MINORS?

January 20 is coming.

Hugs and kisses,

Richard Luthmann
Writer, Journalist, and Commentator
Tips or Story Ideas:
(239) 631-5957
richard.luthmann@protonmail.com
**Muck Rack Profile**
**Substack: This is For Real?**
**Contributor: Frank Report**
**Editor-In-Chief: FLGulf.news**
**Contributor: Sun Bay Paper**
**Follow Me on TRUTH**


Sent with Proton Mail secure email.

1. The Frivolous and Bad Faith Subpoena blatantly violates the rights of the Free Press in America. It serves to chill the practice of investigative journalism and First Amendment-protected activities.
2. The service of the subpoena in Magistrate Judge Dudek's courtroom immediately after the judge left the bench represents a flagrant affront to the principles of ordered justice and the dignity of the judiciary. Federal Court Officer Pena's sanctioning of this ambush tactic, directed by Noshirvan and his counsel, Attorney Nick Chiapetta, reflects a misuse of judicial resources and an abuse of process designed to harass and intimidate a journalist engaged in constitutionally protected activities. Such actions undermine the sanctity of the courtroom as a venue for fair and impartial proceedings, turning it instead into a stage for procedural ambushes. I do not blame Federal Court Officer Pena because he probably did not fully understand the gravity of a Federal Court Officer sanctioning such an abuse of the Court, the courtroom venue, the sanctity of the judiciary, and the Constitution of the United States. Sheppard v. Maxwell, 384 U.S. 333, 350, 86 S. Ct. 1507, 1515 (1966) (A responsible press has always been regarded as the handmaiden of effective judicial administration).
3. However, Noshirvan and Attorney Chiapetta's conduct not only disrespects the authority of the Court but also weaponizes its processes to chill investigative journalism, a cornerstone of democracy. The Court should admonish and sanction those responsible for knowingly orchestrating this bad-faith service of the Frivolous and Bad Faith Subpoena, including Noshirvan and Attorney Chiapetta, to preserve the integrity of the judicial system and deter similar abuses in the future.
4. The Frivolous and Bad Faith Subpoena issued to me should be dismissed under Rule 26 of the Federal Rules of Civil Procedure because it seeks information that is neither relevant to the claims or defenses in the underlying litigation nor proportional to the needs of the case. Rule 26(b)(1) limits discovery to nonprivileged matters necessary to resolve the issues at stake, yet the Frivolous and Bad Faith Subpoena requests journalistic work product and communications protected under the Qualified Journalist's Privilege.
5. Furthermore, Rule 26(c)(1) authorizes the issuance of a protective order to prevent undue burden, harassment, and intimidation. The overly broad and retaliatory nature of this subpoena—targeting a journalist for constitutionally protected investigative work—violates both procedural fairness and the public interest in safeguarding freedom of the press.
6. Accordingly, the Court should quash the subpoena under Rule 26 and issue a protective order barring further attempts to misuse the discovery process to harass or chill legitimate journalistic activities.
7. The Plaintiff, Mr. Danesh Noshirvan, is a bad actor. He and Attorney Chiapetta have repeatedly perjured themselves by swearing to the fact that Noshirvan is a journalist in court pleadings in this case. Noshirvan is not a journalist, and the insinuation that he is a journalist is an affront to the Fourth Estate.

8. Noshirvan regularly engages in the practice of "Doxxing," derived from the term "dropping documents," which refers to the malicious act of publicly revealing private or personal information about an individual, such as their home address, phone number, or workplace, without their consent. This act is typically carried out with the intent to harass, intimidate, or endanger the targeted individual. Doxxing is widely regarded as a severe invasion of privacy and violates federal and state laws, including anti-harassment statutes and laws protecting personal information.
9. Danesh Noshirvan, operating under the alias or social media handle @ThatDaneshGuy, has engaged in disturbing criminal activities centered around digital vigilantism. Most egregiously, he doxxed conservative Supreme Court Justices following the *Dobbs v. Jackson Women's Health Organization* decision by publicly disseminating their home addresses. This intentional and malicious act incited protests outside their residences, subjected the Justices to threats, and contributed to heightened security risks, violating 18 U.S.C. § 115, which criminalizes threats and harassment of federal officials.
10. Beyond this, Noshirvan has conducted campaigns of harassment against private citizens, including Jennifer Couture, Ralph Garramone, their family members, and their businesses by releasing their personal information online, inciting mob behavior that led to reputational and financial harm.
11. Noshirvan exploits minors through an OnlyFans page, reportedly without proper model releases to ensure participants were of legal age, raises significant concerns under 18 U.S.C. §§ 2257 and 2257A regarding the documentation required for adult content production. Noshirvan's page was previously listed as "Verified" on OnlyFans but was "dropped" for improper documentation, begging the question of whether the girls
12. Furthermore, his campaigns targeting vulnerable groups, including healthcare workers, law enforcement, and educators, demonstrate a systematic disregard for ethical boundaries and legal protections, highlighting the dangers posed by his unchecked digital vigilantism.
13. Noshirvan's activities as a TikTok influencer align disturbingly with the objectives of the Chinese Communist Party (CCP), which wields TikTok and its parent company, ByteDance, as tools of psychological operations (psy-ops) and active measures designed to destabilize American society. TikTok's algorithmic amplification of divisive content, including Danesh's campaigns of WOKE cancel culture, serves to erode social cohesion and prime the United States for ideological fragmentation, governmental disarray, and potential foreign exploitation.
14. Whether as a knowing participant or as an unwitting "useful idiot," Noshirvan—an Iranian Farsi-speaking "anchor baby" whose rhetoric consistently demonizes Israel, Christianity, traditional values, white Americans, and Republicans—propagates narratives that align with CCP goals. These tactics, rooted in fostering resentment and outrage, are not benign; they constitute ideological warfare. Danesh's dangerous blend of malicious digital vigilantism and ideological extremism makes him a significant actor in advancing the destabilization of American values and institutions, rendering him not only a social menace but also a potential national security threat.
15. The undersigned fully anticipates that Danesh Noshirvan will face investigation and prosecution by the incoming Trump Justice Department for a litany of crimes, including but not limited to doxxing, harassment, incitement, violations of federal law under 18 U.S.C. §§ 115, 1343, 2257, and 2257A, and potential foreign collusion with adversarial entities like the Chinese Communist Party.
16. With Great Americans such as Pam Bondi and Kash Patel poised to restore integrity and accountability to the Justice Department after January 20, 2025, the tide of justice will once again prioritize the rule of law over politically motivated agendas. These proven patriots, renowned for their unwavering dedication to upholding justice, are uniquely positioned to confront the abuses of individuals like Danesh, who weaponize digital platforms to harm private citizens, undermine public institutions, and advance ideologically dangerous narratives. The restoration of law and order under their leadership will bring long-overdue accountability to figures like Noshirvan, who exploit societal divisions for personal and ideological gain.
17. In light of the extraordinary national significance of January 20, 2025, as the Presidential Inauguration of Donald J. Trump as the 47th President of the United States—a day of historic importance, national celebration, and unity—the undersigned respectfully requests that, should the Court decline to grant the broader relief sought herein, the Court at the very least amend the subpoena's compliance date to a later date. This adjustment would ensure that the undersigned and other parties potentially impacted by this historic day can appropriately honor and participate in this vital democratic tradition without undue burden or conflict. I would also appeal to the Eleventh Circuit.

## BACKGROUND ON INVESTIGATIVE JOURNALIST RICHARD LUTHMANN

1. I am a professional investigative journalist focusing on exposing corruption, misconduct, and systemic failures in government, the judiciary, and social

institutions. My work has been widely published across multiple platforms, including **Substack, Newsbreak, The Sun Bay Paper, FLGulfNews.com**, and **The Frank Report**. My reporting has garnered attention for its depth, rigor, and focus on issues of public concern. Judge Polster Chappell knows very well that investigative journalism is "Act 2" in my life.

2. I am a verified journalist listed on **MuckRack**, an internationally recognized platform for professional journalists. This verification underscores my commitment to ethical reporting and adherence to journalistic standards. My work is also supported by my membership in the **National Writers Union (NWU)**, the only labor union representing freelance writers, ensuring my professional standing and advocacy for press freedom.

3. My investigative reporting delves into critical issues:
    a. Documenting personal and professional battles against systemic corruption and retaliatory tactics to suppress investigative journalism.
    b. Providing an in-depth analysis of my involvement in landmark legal cases and their implications for First Amendment rights and the abuse of judicial processes.
    c. Investigating judicial bias, failures to protect children, and systemic abuses within family court systems nationwide.
    d. Exposing the widespread harm caused by parental alienation and institutional complicity in perpetuating these abuses.
    e. Covering local interest stories, governance issues, and corruption in Southwest Florida, including malfeasance by public officials and policy failures.

4. My journalistic work also extends to **The Unknown Podcast**, where I co-host discussions on underreported stories about court failures, social service negligence, and institutional corruption. This platform allows for a broader exploration of investigative findings and fosters public discourse on critical societal issues.

5. Over my career, I have uncovered significant corruption, particularly within the judiciary, focusing on:
    a. **Judicial Conflicts of Interest**: Exposing judges' failures to recuse themselves from cases involving financial or personal entanglements, undermining the integrity of the judicial process.
    b. **Family Court Failures**: Highlighting cases where family courts overlooked abuse or failed to protect vulnerable parties, resulting in life-altering harm.
    c. **Cancel Culture and Digital Vigilantism**: Investigating influencers like Danesh Noshirvan, who weaponize social media to harass and intimidate individuals for personal gain.

6. My reporting on social media abuses has been pivotal in exposing the predatory practices of digital influencers such as Danesh Noshirvan, also known as @ThatDaneshGuy on TikTok. My investigative articles detail his tactics, including selective video editing, doxxing, and orchestrating harassment campaigns that cause real-world harm to private citizens, public figures, institutions, and American Society as a whole, as discussed in further detail below.

7. My investigative journalism has consistently drawn attention to systemic government and court corruption. I have reported on public mismanagement and unethical practices by elected officials, bringing these issues to public attention and fostering calls for reform.

8. In addition to my investigative writing, my work as a verified journalist on **MuckRack** has cemented my professional reputation, ensuring my reporting adheres to the highest ethical standards. My membership in the **National Writers Union (NWU)** further underscores my commitment to press freedom and the protection of journalistic integrity.

9. My commitment to investigative journalism is rooted in the belief that a free and independent press is essential to democracy. My work has led to public debates, policy reviews, and calls for institutional accountability, ensuring that those in power are held responsible for their actions.

10. As a journalist, I remain dedicated to uncovering the truth, advocating for transparency, and protecting the public interest. These principles guide my ongoing efforts to shed light on issues that matter most to the communities I serve.

## INVESTIGATIVE JOURNALISM ON DANESH NOSHIRVAN

11. My investigative journalism has documented the extensive harm caused by Plaintiff Danesh Noshirvan, a TikTok influencer operating under the handle @ThatDaneshGuy. With a platform of over 2 million followers, Noshirvan has engaged in systematic campaigns of digital vigilantism, targeting private citizens, public officials, healthcare professionals, educators, law enforcement officers, and even grieving families. His methods include selective video editing, doxxing, and orchestrated harassment campaigns designed to stoke outrage and monetize public anger, often with devastating consequences for his victims.

12. These campaigns result in reputational harm, financial loss, personal threats, and severe emotional distress for his targets. A consistent hallmark of Noshirvan's approach is his reliance on half-truths, misrepresentations, and omissions to create a narrative that incites mob behavior. My reporting has highlighted the breadth and depth of these campaigns, exposing the pervasive harm they inflict across diverse groups.

### Key Incidents Documented in My Investigative Reporting

13. <u>The Jennifer Couture Incident</u>: Noshirvan amplified a selectively edited video of Ms. Couture, portraying her as an aggressor in a Dunkin Donuts parking lot altercation. The video omitted critical context, including her efforts to de-escalate the situation and protect her young daughter. He subsequently doxxed Ms. Couture and her family, sharing their personal information online. This led to a torrent of harassment against Ms. Couture, her teenage daughter, and her husband's medical practice, Garramone Plastic Surgery. The financial toll included hundreds of thousands in lost business, tens of thousands of dollars spent on public relations and security, reputational loss, and loss in community standing, while the emotional toll continues to impact the family.

14. <u>The Aaron De La Torre Tragedy</u>: In a case involving a high school football coach in Texas, Noshirvan disseminated unverified and defamatory allegations. This

harassment campaign deeply impacted De La Torre's personal and professional life, leading to broader consequences, including his suicide. Noshirvan is currently under criminal investigation by Texas authorities, underscoring these WOKE Cancel Culture campaigns' dangerous and far-reaching effects.

15. <u>Doxxing U.S. Supreme Court Justices</u>: Following the Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*, Noshirvan publicly disseminated the home addresses of conservative Justices, inciting protests and death threats. This action violated federal law, including 18 U.S.C. § 115, which prohibits threats and harassment of federal officials. Notably, Justice Brett Kavanaugh faced credible death threats following these disclosures, highlighting the real-world dangers of Noshirvan's actions.

16. <u>OnlyFans and Other Alleged Felonies</u>: My investigation uncovered that Noshirvan reportedly operates an OnlyFans page containing sexually explicit material. Concerns have been raised regarding his apparent failure to file legally required model releases under 18 U.S.C. §§ 2257 and 2257A, which ensure participants in sexually explicit content are of legal age and consent. This failure constitutes a potential felony offense and raises grave concerns about the exploitation of minors and the possibility of child pornography being distributed on his platform. These allegations demand further scrutiny from law enforcement agencies.

17. <u>Agent of a Foreign Enemy</u>**:** Noshirvan's actions align with Chinese Communist Party (CCP) objectives, leveraging platforms like TikTok, owned by Byte Dance and the CCP, to promote destabilizing "WOKE" Cancel Culture and undermine American societal cohesion.

18. Beyond these high-profile incidents, my reporting has identified **over 200 victims** across various demographics and professions, including healthcare workers such as Dr. Edith Del Mar Behr (PA) and Dr. Ryne Paulson (WY); law enforcement officers like Nick Moore (GA); educators like Keshia Brinkerhoff (WY); and even small business owners like those affiliated with Countryside BBQ (SC) and Paparoni's Grill (SC). In many cases, family members and estates of deceased individuals have also been targeted, exacerbating the emotional and reputational harm.

19. Here are some of the articles that I have published to date on this matter:
    a. **Jennifer Couture v. TikTok's Danesh Noshirvan: Can You Successfully Sue For Online 'Doxxing'?** (attached as EXHIBIT "___") https://luthmann.substack.com/p/jennifer-couture-v-tiktoks-danesh
    b. **License to Doxx: Did a Florida Federal Court Just Sanction Doxxing as a Litigation Strategy?** (attached as EXHIBIT "___") https://luthmann.substack.com/p/license-to-doxx-did-a-florida-federal
    c. **"The Unknown Podcast" Hosts Tackle Cancel Culture, Judicial Misconduct, and the Weaponization of the Legal System** (attached as EXHIBIT "___") https://luthmann.substack.com/p/the-unknown-podcast-hosts-tackle
    d. **Wicker Smith Ditches SCOTUS Doxxer Danesh Noshirvan's Case Over Discovery Doxxing** (attached as EXHIBIT "___") https://luthmann.substack.com/p/wicker-smith-ditches-scotus-doxxer
    e. **BREAKING: SCOTUS Doxxer Under Investigation in Texas Coach's Tragic Death** (attached as EXHIBIT "___") https://luthmann.substack.com/p/breaking-scotus-doxxer-under-investigation
    f. **Cancel Culture Killer? SCOTUS Doxxer Investigated in Texas Coach's**

     Death (attached as EXHIBIT "___") https://luthmann.substack.com/p/cancel-culture-killer-scotus-doxxer

g. The Unknown Podcast Episode 16: Cancel Culture's Reckoning, 'Reunification Therapy or Retraumatization?', Family Court Turkeys, and More (attached as EXHIBIT "___") https://luthmann.substack.com/p/the-unknown-podcast-episode-16-cancel

h. WOKE Mobs No Match for Beth Duttons in Trump's America: Florida Businesswoman and Mom Fights Back Against TikTok Harassment (attached as EXHIBIT "___") https://luthmann.substack.com/p/woke-mobs-no-match-for-beth-duttons

i. Cancel Culture Cracks: Florida Mom Fights Back Against WOKE Influencer (attached as EXHIBIT "___") https://luthmann.substack.com/p/cancel-culture-cracks-florida-mom

### Patterns of Monetized Outrage and Exploitation

20. Noshirvan has monetized his campaigns through platforms like TikTok and OnlyFans, profiting from the outrage he incites. TikTok's revenue-sharing model incentivizes creators to generate engagement through controversial content, creating a perverse system where greater harm yields greater profits. On OnlyFans, explicit content generates further revenue, raising serious ethical and legal questions about the legitimacy and oversight of his activities.

21. Through my reporting, I have brought critical attention to the systemic failures of social media platforms to address such abuses. Despite documented evidence of harm, platforms like TikTok have allowed Noshirvan to continue his campaigns, raising questions about their complicity, the broader implications for user safety, and the active measures currently employed by the CCP.

### Retaliatory Frivolous and Bad Faith Subpoena and Legal Harassment

22. The Frivolous and Bad Faith Subpoena issued by Noshirvan represents a clear act of retaliation against my investigative work. By targeting a journalist engaged in constitutionally protected activities, this Frivolous and Bad Faith Subpoena seeks to silence critical reporting and shield his misconduct from public scrutiny. This misuse of the legal process underscores the urgent need for judicial intervention to protect the integrity of investigative journalism and prevent further abuses.

23. The breadth and depth of my reporting expose not only the individual harm caused by Noshirvan's campaigns but also the systemic failures that enable his continued misconduct. My work highlights the urgent need for accountability, reform, and protection for victims targeted by digital vigilantism. Judicial action to quash this retaliatory subpoena and impose sanctions against Noshirvan and his counsel will reinforce the principles of justice, fairness, and the vital role of a Free Press.

### THE VICTIMS OF DANESH NOSHIRVAN

24. The victims of Noshirvan's campaigns span diverse backgrounds, including private citizens, educators, healthcare workers, law enforcement officers, public figures, and elected officials. These victims have experienced doxxing, harassment,

threats, reputational harm, and in some cases, tragic personal consequences.

<u>**Categorized Summary of Victims**</u>

25. Below is a categorized summary of victims, illustrating the widespread impact of Noshirvan's campaigns of harassment and intimidation. These individuals, drawn from diverse backgrounds and professions, suffered reputational damage, financial loss, personal threats, and emotional distress.

26. **Private Citizens.** Private individuals like Jennifer Couture (FL), Ralph Garramone (FL), and Gene Kelly (NJ) were falsely accused and subjected to widespread online harassment campaigns. In the case of Ms. Couture, Noshirvan's manipulated videos incited mob behavior that led to threats against her family and damage to her husband's medical practice. Similar campaigns targeted Michele Foley (FL), Shelly Schwarz (CA), Kent Steven Brown (IN), Max Bernegger (CT), and Gabrielle Xlander (NY). Each of these individuals suffered significant personal and professional fallout, including online harassment and reputational damage.

27. **Public Figures.** Supreme Court Justices, including Justice Brett Kavanaugh, were subjected to doxxing following the Dobbs decision, with Noshirvan publicly disseminating their home addresses. This doxxing sparked protests and death threats, violating 18 U.S.C. § 115 and jeopardizing their safety. Public figures such as Isabella DeLuca (NY) and the late Robert LeMay (WA) also faced severe harassment campaigns. Other notable victims include political figures like Kyle Rittenhouse and Marjorie Taylor Greene and local officials like Burt Saunders, Amira Fox, and Sheriff Carmine Marceno (FL).

28. **Healthcare Workers.** Healthcare professionals targeted by Noshirvan include Dr. Edith Del Mar Behr (PA), Dr. Ryne Paulson (WY), and Dr. Melissa Hieb (WY). Pharmacists Scott Wertz (PA) and Crystal Green (PA) were also subjected to coordinated harassment. Nurses such as Ambria Schebler (WY) and Dena L'Heureux (WY) faced reputational harm and threats, often tied to medical controversies or vaccine-related issues.

29. **Educational Professionals.** Teachers and administrators such as Keshia Brinkerhoff (WY), Ryan Lewis (CA), and Heather Williams (CA) were subjected to public ridicule and professional jeopardy. Other victims include Dr. Stephanie Knarr, a mental health professional, and Cortney Kotzian, an educator accused of ideological bias. These individuals were targeted based on perceived stances on cultural and political issues, resulting in threats and reputational harm.

30. **Law Enforcement and Military Personnel.** Law enforcement officers like Nick Moore (GA) and Arlington Police Department members (TX) were falsely accused of misconduct. The late Robert LeMay (WA), a retired officer, faced posthumous harassment. Military personnel, including active and retired service members such as Vincent Iorio (NY) and Michael Getz (AL), were similarly targeted, further evidencing Noshirvan's reckless disregard for institutional and individual integrity.

31. **Small Business Owners and Employees.** Small business owners and employees targeted include those affiliated with Paparoni's Grill (SC), Countryside BBQ (SC), and Garramone Plastic Surgery (FL). Individuals such as Michael Brown (SC), Daryn Richardson (TX), and Dominic Parks (NY) experienced

negative reviews, lost clientele, and financial harm due to Noshirvan's campaigns.

32. **Families of Victims.** Family members of targeted individuals often became collateral damage. For example, the spouses, children, and extended family of Jennifer Couture and Ralph Garramone faced threats and online abuse. Families such as the Millers (CA) and the Turners (SC) experienced widespread harassment stemming from their association with Noshirvan's targets.

33. **Deceased Individuals and Their Estates.** In one of the more egregious patterns, Noshirvan directed campaigns at deceased individuals, exacerbating the grief of surviving families. Victims include Robert LeMay (WA), Matthew Lee Rupert (IL), Hans Kristian Gaarder (NORWAY), and Mak Parhar (CANADA). These disturbing practices magnified the emotional toll on grieving families while sparking outrage against the estates of the deceased.

34. Each category reflects the indiscriminate nature of Noshirvan's campaigns, with victims spanning professions, geographies, and socioeconomic statuses. This evidence underscores the systemic danger of Noshirvan's platform and the urgent need for judicial intervention.

## IMPROPER SERVICE IN THE COURTHOUSE

1. The Frivolous and Bad Faith Subpoena in question was served on me in a public courtroom while I was engaging in journalistic activities, an act orchestrated by Attorney Nick Chiapetta. By arranging for the process server to ambush me in Judge Dudek's courtroom during the conclusion of a public proceeding, Chiapetta employed a calculated tactic intended to harass and intimidate me in the exercise of my First Amendment-protected activities as a journalist.

2. On the morning of December 10, 2024, at about 9:00 AM, I saw Attorney Chiapetta in the hallway outside of Judge Dudek's courtroom in the Fort Myers U.S. Courthouse. He looked at me and said, "Oh, you're here." I had previously heard from a journalistic source that Noshirvan was looking to serve me with a subpoena. I had words with Attorney Chiapetta about the brazen issuance of a subpoena to a member of the press. I then handed him a document and directed him to give it to his client. See the attached EXHIBIT "___." I think I used the words, "Give this to your COCKSUCKER client, Danesh." The paper recounted President Trump conducting business with terrorists. It said: "President Trump, why are you showing me a picture of my house?" ... "Abdul, you're going to have to figure that out." The paper also had pictures of President Trump, Terrorists, and a shitty hovel that looks like it could belong to a terrorist, much like a shack or a cave.

TRUMP and ABDUL.png

3. An examination of the documents contained in the Frivolous and Bad Faith Subpoena package show that Attorney Chiapetta ordered the process server AFTER I had arrived at the Ft. Myers Courthouse and had called his client, Danesh, a COCKSUCKER. See the attached **EXHIBIT "A"** at page 11.

Service Order.jpg

4. The witness fee check was created and issued on December 10, 2024. See the attached **EXHIBIT "A"** on page 10.

Service Record.jpg

5. Legal ethics and procedural norms prohibit serving process in a manner that is inherently harassing, disruptive, or designed to interfere with constitutionally protected activities.

6. Attorney Chiapetta's deliberate choice of a courtroom—a place symbolizing the rule of law and impartial justice—as the venue for such a service magnifies the impropriety of this tactic. Courts have consistently condemned such behavior. See *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("The discovery process is not to be used as a tool for harassment or oppression.").

7. Attorney Chiapetta's lack of respect smacks of the same lack of brazenness Noshirvan showed in doxing the SCOTUS Justices he disagreed with. It makes me wonder whether this activity – the knowing formulation and service of the Frivolous and Bad Faith Subpoena on an investigative journalist - was coordinated and conspiratorial activity, outside of the proper bounds of the attorney-client relationship, and harassment well within the ambit of the crime-fraud exception to the attorney-client privilege.

8. Serving a journalist in a courthouse, particularly while engaged in their professional capacity, constitutes a blatant abuse of the legal process. The Eleventh Circuit has made clear that courts possess the inherent authority to sanction attorneys who misuse litigation tools to achieve improper objectives. See *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) ("Courts may sanction bad faith conduct to preserve the orderly administration of justice."). The subpoena is part of a deliberate pattern of harassment by Noshirvan and Attorney Chiapetta.

9. This bad faith is evident (as analyzed in detail below) in:

    1. The overly broad and duplicative nature of the requests, many of which seek publicly available information.
    2. The targeting of a journalist to deter investigative reporting, violating the First Amendment.
    3. The frivolous demand for irrelevant, unrelated materials, and unrelated legal matters, which have no bearing on the case.

10. This tactical ambush, combined with the Frivolous and Bad Faith Subpoena's procedural flaws and geographic overreach, underscores a pattern of bad faith litigation tactics. The choice to serve me during a public court proceeding demonstrates an intent to chill my journalistic endeavors -- and others who would have the temerity to cover Noshirvan's exploits - and hijack the judicial process for malfeasance and misconduct, rather than to secure relevant or necessary discovery.

11. Such actions are contrary to the principles of fairness and professionalism expected in litigation. See *ABA Model Rules of Professional Conduct* Rule 4.4(a) ("A lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person."). Here, Attorney Chiapetta's conduct is precisely the type of oppressive behavior Rule 4.4(a) was designed to prevent.

12. The improper service not only violated ethical standards but also disrupted my ability to attend and report on the public proceedings in question. By doing so, it interfered with my First Amendment rights to observe and report on matters of public concern, a cornerstone of Free Press protections enshrined in the Constitution.

13. The deliberate orchestration of this service in a courtroom is HORNBOOK bad faith conduct that requires judicial intervention. Such actions undermine the

integrity of the judicial process and cannot be allowed to stand unchallenged.

14. Accordingly, I respectfully request that this Court act decisively to stem this malicious affront to investigative journalism and the Freedom of the Press. I ask the Court to grant all the relief herein requested. Specifically, I pray that this Court impose sanctions on Plaintiff's counsel, Nick Chiapetta, Esq., and the Defendant, Danesh Noshirvan in an amount sufficient to deter future misconduct. Because of Noshirvan's history in Doxxing the SCOTUS Justices, I request an amount no less than ONE HUNDRED THOUSAND ($100,000) DOLLARS, as authorized by the Court's inherent powers to regulate and sanction abusive litigation practices.

15. This Court's swift intervention is necessary to reaffirm the principles of fairness, protect non-parties from oppressive discovery practices, and safeguard the vital role of investigative journalism and the Freedom of the Press in a democratic society.