UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| DANESH NOSHIRVAN, an individual | ) |
| | ) |
| Plaintiff | ) Civ. Action: 2:23-CV-01218-JES-KCD |
| | ) |
| v. | ) |
| | ) |
| JENNIFER COUTURE, an individual, RALPH GARRAMONE, M.D., an individual, etc. et al. | ) |
| | ) |
| Defendant. | ) |

### MOTION TO SUBMIT A REPLY UNDER LOCAL RULE 3.1(d)

RICHARD LUTHMANN declares pursuant to 28 U.S.C. §§ 1746 and under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. My name is Richard Luthmann, and I am a professional investigative journalist. It is a bit more than "self-proclaimed," as per my prior submissions. I reside in the Middle District of Florida.

2. I am not an attorney, was never a member of the Florida Bar, and I ask for a special solicitude offered to *Pro Se* Litigants, particularly in my good faith attempts to comply with the Local Rules.

3. While covering a case at the Middle District of Florida Courthouse in Fort Myers, Florida, in furtherance of my professional investigative journalism activities, I was served with a frivolous and bad-faith subpoena in the above-captioned matter on December 10, 2024, in *Danesh Noshirvan v. Jennifer Couture et al.* (the "Bad Faith Subpoena").

4. On January 2, 2025, I filed a Motion to Quash and for a Protective Order of the Free Press, Sanctions, and Additional Relief. See ECF #219. I also filed a Declaration in Support with

1

exhibits. See ECF #220. At that time, I became a movant. The basis for the relief requested rests upon the First Amendment to the U.S. Constitution, the Federal Rules of Civil Procedure, and other statutory and case law. At issue is the Reporter's Privilege. I made great pains in my submissions to detail the harms Plaintiff Danesh Noshirvan ("Noshirvan") continues to do to the Free Press and the Practice of Journalism in the service of subpoenas to journalists and the chilling effect that this and other threatened subpoenas have on the ability of the Free Press to do its job. How the Bad Faith Subpoena was conceived and served is antithetical to justice, and I detailed some of the harms of this abuse of process in my moving papers.

5. Earlier today, Noshirvan submitted a voluminous 300+ page response. See ECF # 228. Norshivan denied the Bad Faith he continues to engage in and makes incomplete and inaccurate assertions of law and fact.

6. Under Local Rule 3.1(d), I seek the Court's permission to submit a Reply and Supplement. I ask that the Court permit a Reply of no more than 20 pages to address Noshirvan's arguments and claims. I believe such a Reply is necessary to show candor to the tribunal and present the truth on behalf of myself and the entire Free Press. By serving me with a subpoena, Norshirvan opened the door to many issues related to journalism and the law. Unwillingly, I stand as a guardian of the First Amendment. I would much rather remain on the other side of the rail and engage in my chosen profession.

7. A Reply not exceeding 20 pages is necessary to ensure the Court has complete and truthful information as it makes the critical decisions required in the application at bar. Not only do I wish to correct and supplement materials based upon Noshirvan's misstatements and untruths, but I also wish to address the spurious arguments he makes both against me and, more importantly, against a Free Press and the Reporter's Privilege for all journalists. He claims he

is a journalist, but no journalist would behave in such a manner, including engaging in the Doxxing of Justices of the United States Supreme Court, revealing our venerated public servants' home addresses, places of worship, and children's schools. Justice Kavanaugh and his family were nearly murdered as a result of Noshirvan's despicable activity. Noshrivan has further engaged in a harmful course of personal attacks and defamation against me. See the attached **EXHIBIT "A."**

8. Given the complexity and breadth of the legal and factual issues, the requested additional Reply of 20 pages and supplementation is reasonable and proportional to the relief sought. I would also ask the Court for a briefing and hearing schedule.

9. I have attempted to confer with Noshirvan's attorney, Mr. Chiappetta. However, we cannot agree. See the attached **EXHIBIT "B."** This application is opposed.

### Local Rule 3.01(g) Certification

I certify that:

(A) The movant has conferred with the opposing party,

(B) The parties have not agreed on the resolution of all or part of the motion, and

(C) The motion is opposed, and the means by which the conference occurred was via email.

Dated:   Naples, Florida
         January 15, 2024

_____
RICHARD LUTHMANN
4199 Los Altos Court
Naples, FL 34109
Tel: (239) 631-5957
Email: richard.luthmann@protonmail.com

3