UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, AN
INDIVIDUAL;

    Plaintiff,

v.

JENNIFER COUTURE, *et al.*,

    Defendants,
_____/

Case No. 2:23-cv-1218-JES-KCD

## ORDER

Non-party Richard Luthmann seeks relief from a discovery subpoena issued by Plaintiff Danesh Noshirvan. (Doc. 219.)[1] Luthmann's motion is **DENIED AS MOOT** to the extent he looks to quash the subpoena (or any similar form of injunctive relief) because the subpoena was withdrawn. (Doc. 228-17 at 6.)[2] "When [Noshirvan] withdrew th[e] subpoena[], releasing [Luthmann] from testifying, there remained no live controversy upon which the Court could grant meaningful relief." *In re Aleph Inst.*, No. 06-61788-CIV, 2007 WL 9700821, at *4 (S.D. Fla. July 3, 2007). Given the current procedural posture, the Court cannot "issue an injunction," "declare the materials sought . . . protected," or "declare the subpoena an abuse of

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] This exhibit is not consecutively paginated. The Court thus cites the page numbers generated by its electronic filing system.

process." (Doc. 219 at 38-39.) Any decision on the merits would "be an impermissible advisory opinion." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).[3]

Luthmann separately demands various sanctions against Noshirvan and his attorney. For instance, Luthmann asks the Court to "award fees, costs, and expenses" and "impose monetary sanctions in the amount of at least ONE HUNDRED THOUSAND [] DOLLARS." (Doc. 219 at 38-39.) The Court will not impose sanctions under any of the authorities cited. Even if Luthmann is a journalist, that does not render him immune from discovery. And since the subpoena was withdrawn within a day of service, any burden on Luthmann was quickly mooted. Awarding monetary relief (or any relief) on such facts is unwarranted. *See In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 20-MD-2924-RLR, 2022 WL 1591128, at *3 (S.D. Fla. May 19, 2022) ("The decision to award sanctions under Rule 45(d)(1) is discretionary[.]"). The rest of Luthmann's motion is thus **DENIED**, and his separate motion for leave to reply (Doc. 229) is **DENIED AS MOOT**

---

[3] Noshirvan withdrew the subpoena because of a "clerical error with regards to the place of compliance." (Doc. 228 at 8.) Yet he now asks the Court to "modify the subpoena and order Luthmann to produce the requested documents." (*Id.* at 11.) This request is procedurally inadequate because it comes in a response brief. "[I]t is improper to seek affirmative relief in a response brief." *Partners Insight, LLC v. Gill*, No. 2:22-CV-739-SPC-KCD, 2023 WL 5352310, at *5 (M.D. Fla. Aug. 21, 2023). "This requirement isn't a mere administrative exercise. It ensures all parties—and, crucially, the Court—are aware of such requests and able to respond in full." *Id.* Regardless, the Court declines to belatedly correct Noshirvan's mistake given Luthmann has been told he need not comply with the subpoena.

**ORDERED** in Fort Myers, Florida on January 17, 2025.

Kyle C. Dudek
United States Magistrate Judge

3