## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

CASE NO. 2:23-CV-01218-JES-KCD

DANESH NOSHIRVAN,
an individual,

      Plaintiff,

v.

JENNIFER COUTURE, et al.

      Defendants.

_____/

## RALPH GARRAMONE, M.D., P.A. D/B/A/ GARRAMONE PLASTIC SURGERY'S MOTION FOR EXTENSION OF TIME TO PRODUCE DOCUMENTS AND AN UPDATED PRIVILEGE LOG IN COMPLIANCE WITH (D.E. 206)

Defendant, Ralph Garramone, M.D., P.A. d/b/a Garramone Plastic Surgery ("**GPS**"), pursuant to Fed. R. Civ. P. 6(b)(1)(A), moves for an extension of time to produce additional documents and its updated privilege log in compliance with the Court's Order located at (D.E. 206). In support of this Motion, GPS states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

**A.**    **The Court's Ruling at the December 10, 2024 Discovery Hearing**

1.    On December 10, 2024, the Court held a hearing on three pending discovery motions (D.E. 167, 178, and 181).

2.    That same date, the Court entered an Order granting Plaintiff Noshirvan's Motion to Compel (D.E. 181) as to Paragraph 4, Paragraph 7, Paragraph

8, Request No. 43, Request No. 23, Request No. 26, Request No. 29, Request No. 34 (as amended). The Court further ordered GPS to "provide responsive documents to these items (and an updated privilege log) within 45 days." (D.E. 206 at ¶3).[1]

3.    During the hearing, the Parties discussed GPS's position that it could not continue to produce documents in this case without a protective order in place as documents produced by GPS and other defendants in discovery that contain private, confidential information continue to be filed in the public record or disseminated via social media improperly, including, among other information, financial records, personal telephone numbers, and private email addresses.[2] The Court acknowledged the issue and stated, in pertinent part:

> And as for the protective order, I understand that may be an issue. You should get in front of the Court sooner rather than later to keep that from—that 45 days from being delayed any further . . . I think a limited protective order is appropriate here for the reasons I stated in the other order . . . .

*See* Transcript of December 10, 2024 Hearing at pgs. 38-39, (D.E. 214).

---

[1] GPS has already produced over 1,100 pages of documents in this case to date, including all emails and attachments downloaded from its servers, text messages downloaded from Dr. Garramone's mobile telephone, and other ESI.

[2] The Defendants previously moved for the entry of a protective order, which Plaintiff opposed. The Court agreed that "[g]iven the history of this dispute, which includes the public dissemination of private information between the parties, a protective order would seem proper." [D.E. 158]. However, on October 16, 2024, the Court declined to enter the Defendants' proposed protective order because the Court was unable to discern what precise material was at issue and needed protection. Hence, GPS revised the proposed protective order and re-circulated a draft of the same to counsel for the parties and requested a conferral.

4.      Indeed, at the hearing on December 10, 2024, undersigned counsel noted that the draft proposed protective order had already been provided to Plaintiff's counsel and that the undersigned looked forward to receiving Plaintiff's response. *Id.*

5.      The undersigned fully believed at the December 10th hearing that, with the Parties acting together, a protective order would be submitted well in advance of the 45-day response deadline and that confidential documents could be designated and produced by January 24, 2025.

6.      Further, GPS was diligent and acted expeditiously in a good faith effort to comply with Court's Order. Plaintiff's counsel has been in possession of the draft proposed protective order for over a month and a half, and *still* has not provided a substantive response thereby hindering GPS's ability to meet the production deadline imposed by the Court and to ensure its confidential and private information is protected.

**B.      GPS's Efforts Regarding the Revised Proposed Protective Order**

7.      On November 18, 2024, counsel for GPS circulated the draft proposed protective order for review and approval to counsel for the co-Defendants, one of whom had just recently appeared in this case.[3]

8.      On December 3, 2024, after receiving approval from counsel for the co-Defendants and prior to the discovery hearing held on December 10, 2024, the

---

[3] Attorney Aaron Alfano designated his appearance as lead counsel for Defendants, Jennifer Couture and Dr. Ralph Garramone, M.D., individually, as well as OMG Realty, LLC and Wraith, LLC, on November 15, 2024. [D.E. 186].

**DUANE MORRIS LLP**
201 S. Biscayne Boulevard Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

undersigned provided the draft proposed protective order to Plaintiff's counsel for his review and requested to confer the same week. The undersigned did not receive a response from Plaintiff's counsel.

9.     On December 20, 2024, counsel for GPS again requested a response from Plaintiff's counsel regarding the proposed protective order to no avail, as Plaintiff's counsel did not respond to this request.

10.     Thereafter, Plaintiff's counsel informed Defendants' counsel that his office would be closed from 5:00 p.m. on December 20, 2024 through January 6, 2025.

11.     Undersigned counsel did not hear from Plaintiff's counsel upon his return in early January. Accordingly, on January 13, 2025, the undersigned again asked Plaintiff's counsel to provide his suggested edits to the proposed protective order and to schedule a conferral.

12.     On January 14, 2025, Plaintiff's counsel informed the undersigned that he was available to confer between 10:00 a.m. and 2:30 p.m. on January 17, 2025.

13.     In setting the conferral for 1:00 p.m. on January 17, 2025, the undersigned asked Plaintiff's counsel once again to provide his suggested edits to the proposed protective order *prior to* the conferral to maximize efficiency and to allow the Defendants sufficient time to consider Plaintiff's suggested edits in advance of the Parties' conferral. Plaintiff's counsel did not provide his suggested edits to the draft proposed protective order.

DUANE MORRIS LLP
201 S. Biscayne Boulevard Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

**C.    The Parties' January 17, 2025 Conferral**

14.    During the Parties' conferral on January 17, 2025, Plaintiff's counsel still did not provide Plaintiff's suggested edits and counter-proposals to the draft protective order and, instead, wanted to generally discuss his thoughts on where he believed the Parties were at an "impasse" and certain areas of agreement with respect to defining the scope of persons authorized to receive confidential information exchanged in the case.[4]

15.    Rather than discussing generalities, the undersigned reiterated the request that Plaintiff's counsel provide his suggested edits and counter-proposals in writing so that counsel for the Defendants could consider the specific issues in detail and evaluate their respective positions.

16.    Despite having had the draft protective order since December 3, 2024, Plaintiff's counsel stated that he could not provide Plaintiff's suggested edits and counter-proposals until January 20 or 21, 2025.

17.    As such, the Parties are now scheduled to complete their conferral on the draft protective order on January 23, 2025 at 10:30 a.m. This, of course, is prejudicial to GPS as its document production, which, among other things, includes documents containing confidential information, is currently due on January 24, 2025.

---

[4] Notably, Plaintiff's counsel mentioned that he wanted to request a protective order on behalf of the Plaintiff, but thought that the proposed draft circulated by Defendants' counsel was "too broad." The undersigned again noted the overlap and asked Plaintiff's counsel to provide his suggested edits and counter-proposals in writing to the Defendants as soon as possible.

**DUANE MORRIS LLP**
201 S. Biscayne Boulevard Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

18.    Accordingly, GPS respectfully requests the Court issue an Order allowing GPS until February 10, 2025 to produce its non-confidential documents and updated privilege log, and ten (10) days after entry of a Protective Order to produce documents designated as confidential.[5]

## MEMORANDUM OF LAW

Based upon the "good cause" factors set forth below, GPS's Motion should be granted pursuant to Fed. R. Civ. P. 6(b)(1)(A). This rule provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." *Smith v. Conner*, 2013 U.S. Dist. LEXIS 7248, at *2 (M.D. Fla. Jan. 17, 2013) (granting an extension of time for defendants to respond to the amended complaint based on, *inter alia*, "counsel's other pending deadlines"); *see also Jozwiak v. Stryker Corp.*, 2010 U.S. Dist. LEXIS 17221, at *8 (M.D. Fla. 2010) ("Because Plaintiff's Motion to Extend was filed within the deadline for filing a response, the Court may grant an extension of time upon a showing of good cause."). GPS's deadline to comply with the Court's Order is January 24, 2025. Therefore, GPS has timely submitted the instant request for an extension of time.

---

[5] This requested extension only pertains to GPS's document production and updated privilege log as GPS intends to provide its written supplemental responses to Paragraph 4, Paragraph 7, Paragraph 8, Request No. 43, Request No. 23, Request No. 26, Request No. 29, Request No. 34 (as amended), on or before January 24, 2025.

Additionally, the requested extension will not prejudice the parties here. In this context, "to establish prejudice, the delay must 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Smith*, 2013 U.S. Dist. LEXIS 7248, at *4-5 (citing 10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 2699 at 536-37 (2d ed. 1983)). None of these factors are present here.

Specifically, Plaintiff will have GPS's written responses in the same time frame as previously ordered by the Court—*i.e.*, January 24, 2025. (D.E. 206). Moreover, GPS's production of its non-confidential documents will coincide with Plaintiff's delivery of his amended electronic discovery production in compliance with Fed. R. Civ. P. 34(b)(2)(E)(i)—*i.e.*, February 10, 2025. *Id*. Most critically, Plaintiff's dilatory actions with respect to the draft protective order occasioned the need for the requested extension to prevent prejudice to GPS. Further demonstrating the lack of prejudice to Plaintiff (or the other Defendants), none of the parties' depositions have been scheduled at this time—nor can they be in light of Plaintiffs' failure to provide a document production in compliance with Rule 34(b)(2)(E)(i). *Id*. As such, the requested extension will not prejudice any party, but the lack of an extension of time would prejudice GPS.

Further, given the posture of this case, there are no discovery or trial deadlines that would otherwise be impacted by granting the relief requested herein. *Smith*, 2013 U.S. Dist. LEXIS 7248, at *5 (granting the defendants' motion for an extension of time to respond to the amended complaint "given the early stage of these proceedings," and

because any "delay should have little impact on them."). As such, GPS respectfully submits that good cause exists for the extension of time requested herein.

WHEREFORE, based upon the foregoing, GPS respectfully requests that the Court enter an Order: (1) granting the instant motion; (2) allowing GPS up to and including February 10, 2025 to produce its non-confidential documents and updated privilege log; (3) allow GPS ten (10) days after the entry of a Protective Order to produce documents designated as confidential; and (4) granting such other and further relief that the Court deems just and proper.

## <u>CERTIFICATE OF CONFERRAL</u>

I HEREBY CERTIFY that the undersigned conferred with Plaintiff's counsel and counsel for the Defendants via Zoom on January 17, 2025. Plaintiff's counsel opposes the relief requested herein. Counsel for GPS's co-Defendants do not oppose the relief requested herein.

Respectfully submitted this 17th day of January, 2025.

/s/ Julian A. Jackson-Fannin
Harvey W. Gurland, Jr., Esq.
Florida Bar No. 284033
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
DUANE MORRIS LLP
201 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Tel: 561.962.2108
HWGurland@duanemorris.com
JJFannin@duanemorris.com

**DUANE MORRIS LLP**
201 S. Biscayne Boulevard Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

PNMendoza@duanemorris.com
JMagarin@duanemorris.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January, 2025, a true and correct

copy of the foregoing was served via electronic mail upon all counsel of record.

*/s/ Julian A. Jackson-Fannin*
Julian A. Jackson-Fannin, Esq.

DM1\16092522.1