UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, AN
INDIVIDUAL;

    Plaintiff,

v.

JENNIFER COUTURE, *et al.*,

    Defendants,

                                      /

Case No. 2:23-cv-01218-JES-KCD

## **PROTECTIVE ORDER**

In the interest of ensuring that confidential information exchanged discovery in this action is not improperly disclosed, the Court enters this protective order:

Defendants Jennifer Couture, Ralph Garramone, M.D., OMG Realty, LLC, Ralph Garramone, M.D., P.A. d/b/a Garramone Plastic Surgery, Central Park Of Southwest Florida, LLC, Wraith, LLC, Sullivan Street Investments, LLC, Hairpin Turn, LLC; R G Weight Management, LLC, Central Park South, LLC; Brantlee, LLC, Legacy Of Marie Garramone, LLC, Garramone Marketing, Inc., 5681 Division LLC, The Law Office Of Patrick Trainor, Esq, LLC d/b/a The Law Office Of Patrick Trainor, Patrick Trainor, and Anti-Doxing League, Inc. are collectively referred to as "Defendants". Plaintiff Danesh Noshirvan will be referred to as "Plaintiff." Plaintiff and Defendants

are referred to in this Order individually as a "Party" and collectively as the "Parties."

1.      For purposes of this Order, the term "Confidential Information" requires good cause for protection and means non-public documents, information, or other materials produced by a Party, that are designated by that Party as being "Confidential." To bear the designation of "Confidential Information," the item must contain (a) financial data of a Party, including but not limited to, tax returns, credit card statements, bank account statements, accounting statements or other financial statements and records, invoices, checks, payments; (b) personal identifying information, i.e., name, telephone number, mailing address, or email addresses regarding the Parties, any family member of the Parties or a disclosed witness or their family members; (c) HIPAA protected information; (d) personal identifying information, i.e., telephone number, mailing address, or email address regarding any employee(s) of any Party, including the contents of any employees files held or created by any Party, and (e) experts reports. Any Party that designates information as Confidential Information is a "Designating Party." Nothing in this paragraph shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as Confidential Information.

Any Party that receives Confidential Information is a "Non-Designating Party."

2. A Designating Party may, subject to the provisions of paragraph 1 above and other terms of this Order, designate as "Confidential" any documents it in good faith and with good cause Confidential Information that falls into one of the enumerated categories in paragraph 1(a)-(e). To designate documents as "Confidential" a Designating Party shall stamp such documents with a "Confidential" marking, or specify in writing at the time of production the documents or pages of documents that it designates as "Confidential"

3. If a Non-Designating Party objects to any designation of Confidential Information, that Non-Designating Party first shall raise the objection with the Designating Party, and confer in good faith in accordance with this Court's Local Rules to attempt to resolve any dispute relative thereto. If the Parties cannot resolve a challenge as to the designation of documents as "Confidential", the Non-Designating Party shall present the dispute to the Court. The burden of proof and persuasion in any such challenge proceeding shall be on the Designating Party to demonstrate that good cause exists for the designation and protection sought for the materials sought to be protected. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating

Party's designation until the Court rules on the challenge. No Party may disseminate or publish "Confidential Information" to any third party except those specifically included in paragraph 7 of this Order, before the information is filed with the Court as an exhibit.

    4.    To the extent consistent with applicable law, the prior or inadvertent, unintentional, or unauthorized disclosure of Confidential Information, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim that the information, document, or thing be designated as Confidential, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such prior or inadvertent, unintentional, or unauthorized disclosure may be rectified by the Designating Party promptly notifying in writing, within a reasonable time after discovery of the unintentional disclosure, counsel for all Parties to whom the material was disclosed that the material should have been designated Confidential. Such notice shall constitute a designation of the information, document, or thing as Confidential Information under this Order. The Designating Party shall provide copies of the properly marked information along with the written notice, or as soon thereafter as practicable. Upon timely correction of a designation, the Non-Designating Party shall return or destroy any

undesignated Confidential Information to the extent practicable, shall not retain copies thereof, and shall undertake a best effort to correct the disclosure of such Confidential Information contrary to the re-designation, including informing any unauthorized recipients of the existence and terms of this Order and demanding the return of the Confidential Information. However, disclosure of such Confidential Information prior to the receipt of notice under this paragraph shall not be deemed a violation of this Order.

    5.    The Parties shall use Confidential Information solely in connection with this Action, including any appeals of this Action, subject to the requirements of paragraph 10 below.

    6.    "Confidential Information" shall not be published or otherwise disseminated, directly or indirectly, by any Party or their counsel via text, email, chat, post, direct message, or other form of communication or on any social media platform (sometimes referred to as "apps," "social media accounts," "social media platforms," or "platforms") e.g., Instagram, TikTok, Facebook, X f/k/a Twitter, Snapchat, Discord, and all such similar platforms regardless of whether they are encrypted or unencrypted. The sole exception is that a Party may file Confidential Information as an exhibit to a court document without prior consent as long as the Confidential Information is redacted.

7. Unless otherwise permitted by the Designating Party in writing or as provided in this Order, Confidential Information may be disclosed only to:

   a. The Parties to this Action, insurers, their auditors, counsel to their insurers, and in-house counsel who are assisting outside counsel in this Action;

   b. Legal counsel for the Parties, legal assistants, staff, and litigation support service providers working at the direction of such counsel;

   c. Outside vendors or service providers (such as copy-service providers and document-management consultants) assisting the Parties' counsel in this Action;

   d. Experts and consultants retained by the Parties or their counsel in connection with this Action who acknowledge and agree in writing to be bound to the terms of this Order prior to the disclosure of any Confidential Information by executing the "Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A;

   e. Courts, including any appellate court, support personnel, and court reporters involved in this Action;

   f. Any person from whom deposition or trial testimony is taken or may be taken, or such person's counsel, but only to the extent such disclosure occurs in preparation for and/or during such contemplated deposition, hearing, or trial in this Action;

   g. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy; and

   h. Any mediator, arbitrator, or special discovery master who the Parties engage in this matter or who the Court appoints in relation to this Action.

  8. Transcripts containing Confidential Information or testimony designated as containing Confidential Information shall have an obvious legend on the title page that the transcript contains Confidential Information and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as containing Confidential Information. The Designating Party shall inform the court reporter of these requirements.

  For testimony given in a deposition or other proceeding, the Designating Party shall either identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony or identify

all Confidential Information disclosed in the transcript within ten (10) days of receipt of the transcript. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "Confidential."

9. All notices to the Parties required or permitted under this Order shall be in writing and shall become effective when delivered by facsimile transmission, electronic mail, overnight courier service, or hand delivery, addressed to counsel at their address provided on the Court's docket for this Action.

10. All Non-Designating Parties shall take reasonable steps to safeguard Confidential Information against disclosure (other than as permitted by this Order). If the Non-Designating Parties or their counsel become subject to any discovery obligation or request (including, without limitation, document requests, subpoenas, civil investigative demands, court orders, governmental or administrative orders or requests, or other process) requiring or seeking production of, or testimony about, or to otherwise require the Non-Designating Parties or their counsel to disclose Confidential Information not otherwise permitted, the Non-Designating Parties shall provide written notice of such discovery obligation or request (unless such notice is prohibited by applicable law) to the Designating Party pursuant to the notice provisions set forth herein promptly upon receiving notice thereof, so that the Designating Party may seek an appropriate protective order or

8

other appropriate relief. If the Designating Party seeks an appropriate protective order or other appropriate relief, the Non-Designating Parties and their counsel shall maintain the confidential designation until a ruling has been made. If the Designating Party does not seek a protective order or other appropriate relief, or if a court denies such a request, the Non-Producing Parties shall be permitted to disclose only that portion of the Confidential Information the Non-Producing Parties is legally required to be disclosed. Nothing in this Order shall require the Non-Producing Parties or their counsel to refuse to obey any order by a court or tribunal that has not been stayed.

11.     Nothing in this Order shall be construed to limit in any way a Designating Party's use of its own Confidential.

12.     Nothing contained in this Order (i) is intended to be, or shall be deemed to be, an admission on the part of the Non-Producing Parties that any documents or materials are Confidential Information or are entitled to the designation of "Confidential" or (ii) shall be construed to affect the admissibility into evidence of any documents, information, or other materials.

13.     This Order shall be in place and remain in place until the Final Disposition of this litigation. Final Disposition shall be deemed to be the later of when (1) a dismissal of all claims and defenses in this Action is filed, with or without prejudice; (2) a final judgment is entered by the Court; or (3) after

the completion and exhaustion of all appeals. Within 30 days after Final Disposition, the Parties shall collect all Confidential Information (including that disclosed to third-parties) and either return it to the Designating Party or destroy the same.

14. If a Non-Designating Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, counsel for the Non-Designating Party must immediately: (i) notify in writing the Designating Party of the unauthorized disclosures, (ii) use its best efforts to retrieve all unauthorized copies of the Confidential, and (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

15. This Order does not overrule or waive objections to discovery made by any Party. Discovery responses with any objections will be addressed by the Court upon appropriate motion by any Party

16. The Court will have retain to consider a proportional remedy for any improper disclosure or dissemination of Confidential Information in violation of this Order.

**ORDERED** in Fort Myers, Florida on February 10, 2025.

Kyle C. Dudek
United States Magistrate Judge

# EXHIBIT A

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND** I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order entered in the case of Danesh Noshirvan v. Jennifer Couture, et al., Case No. 23-CV-01218 pending in the United States District Court for the Middle District of Florida, (the "Order") a copy of which is attached hereto.

I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment.

I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

As soon as practical, but no later than thirty (30) days after final termination of this Action, I shall return to the attorney from whom I have received them any documents in my possession designated as "Confidential" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I further agree to submit to the jurisdiction of the United States District Court for the Middle District of Florida for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this Action.

Date:

City and State where sworn and signed:

Signature: