UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

CASE NO. 2:23-CV-1218-JES-KCD

DANESH NOSHIRVAN,
an individual,

       Plaintiff,

v.

JENNIFER COUTURE, *et al.*,

       Defendants.
_____/

### DEFENDANT GARRAMONE PLASTIC SURGERY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR EXTENSION OF TIME TO COMPLY WITH COURT ORDERS AT DOCKETS 206, 232, AND 241

Defendant, RALPH GARRAMONE, M.D. P.A. d/b/a GARRAMONE PLASTIC SURGERY ("***GPS***"), pursuant to Local Rule 3.01(b), submits its Response in Opposition to Plaintiff, Danesh Noshirvan's ("***Plaintiff***" or "***Noshirvan***") Amended Motion for Extension of Time to Respond to Comply with Court Orders at Dockets 206, 232 and 241. [D.E. 247]. In support of its opposition, GPS states as follows:

### PRELIMINARY STATEMENT

True to the adage: "what goes around comes around,"[1] after repeatedly objecting to Defendants' requests for extensions of time to complete their document

---

[1] *See generally Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, 2015 WL 1412363, at *5 (S.D. Fla. Mar. 26, 2015) (citing *Jackson v. Deen*, 2013 WL 2112238, at *2 (S.D. Ga. May 15, 2013) (denying defendant's motion to compel, rejecting defendant's argument that

productions, most recently at the discovery hearing held on January 24, 2025, Plaintiff now seeks additional time *not* to complete his production of documents to GPS (and other Defendants), but rather to "*start a rolling production*" of documents without indicating an anticipated date for completion. [D.E. 247, at ¶7]. Perhaps even more significant, Plaintiff reads the Court's Order directing the parties "to exchange any past-due discovery within fourteen days of this Order," as not applying to his past-due discovery to GPS. [D.E. 250, pg. 8]. The Court should summarily deny Plaintiff's requested extension of time as it is contrary to the Court's Orders of December 10, 2024 and January 22, 2025, [D.E. 206, 232], that granted Plaintiff extensions of time as well as the Court's latest Order requiring the parties to exchange outstanding discovery by February 21, 2025. [D.E. 250, pg. 8].

Added to this, Plaintiff's request lacks the requisite showing of good cause, which requires, among other things, a demonstration of diligence. Nowhere in his motion does Plaintiff offer any description of efforts taken to produce the discovery sought by GPS in a timely manner or when Plaintiff began those efforts with his "third party vendor." [D.E. 247, pg. 2]. Moreover, Plaintiff does not indicate an expected completion date to be able to comply with GPS's discovery requests. Such an omission does not support a finding of good cause nor does it allow the Court to weigh the delay

---

plaintiff's discovery response was untimely, reminding counsel that "what goes around comes around"); *Barapind v. Enomoto*, 360 F.3d 1061, 1077 (9th Cir. 2004) ("one cannot ignore the principal of reciprocity: what goes around comes around"), *aff'd in part, rev'd in part and remanded*, 400 F.3d 744 (9th Cir. 2005); *Bryant v. U.S.*, 2013 WL 4079339, at *15 (N.D. Ala. Aug. 13, 2013) (noting that "there's an old adage: what goes around comes around.")).

caused by Plaintiff's requested extension against the resulting prejudice to GPS and the other Defendants in this action.

Further to this point, Plaintiff's request will prejudice GPS because GPS currently has no usable document production. GPS was forced to postpone Plaintiff's deposition, which was previously scheduled in August 2024, due to Plaintiff's failure to provide a document production that complied with Rule 34. GPS remains unable to adequately prepare and depose Plaintiff without his document production, which is to say nothing of the fact that Plaintiff continues to refuse to give GPS available dates for his deposition despite repeated requests for the same. Continuing to extend Plaintiff's discovery obligations will result in ongoing prejudice to GPS and the other Defendants in this case given the forthcoming discovery deadline of April 25, 2025. Accordingly, GPS respectfully submits that the Court should summarily deny Plaintiff's request for an indeterminate extension of time and should order Plaintiff to provide his document production to GPS on or before February 21, 2025.

## FACTUAL AND PROCEDURAL BACKGROUND

1. On December 10, 2024, the Court entered an order granting GPS's Renewed Motion to Compel Plaintiff to Comply with Federal Rule of Civil Procedure 34. [D.E. 206, pg. 2]. Part of the Court's Order was for Plaintiff to comply with GPS's discovery requests within sixty (60) days. *Id.* Accordingly, Plaintiff's discovery responses were due on February 10, 2025.

2. On January 6, 2025, Plaintiff filed a motion for extension of time to respond to GPS's second request for production, which was due on the same date.

3

[D.E. 224]. In this motion, Plaintiff asked to have until February 10, 2025 to provide his document production to GPS. As a matter of professional courtesy and recognizing that Plaintiff's requested extension to provide responsive documents coincided with the Court's Order entered on December 10, 2024, GPS did not oppose Plaintiff's requested extension of time.

3. The Court granted Plaintiff's motion for extension of time to respond to GPS's second request for production on January 22, 2025. [D.E. 232].

4. On January 17, 2025, GPS filed its Motion for Extension of Time to Produce Documents and an Updated Privilege Log in Compliance with (D.E. 206).[2] [D.E. 231]. Therein, GPS requested until February 10, 2025 to produce its non-confidential documents and updated privilege log, and ten (10) days after entry of a Protective Order to produce documents designated as confidential. *Id*.

5. Plaintiff, however, opposed GPS's extension request during the parties' conferral and further expressed his opposition during the discovery hearing held on January 24, 2025. [D.E. 253 at 96:2-13].

6. On February 7, 2025, the Court entered an Order granting Defendants' Renewed Joint Motion for Entry of a Protective Order and directed the parties to "exchange any past-due discovery within fourteen days of this order." [D.E. 250].

---

[2] Defendants Ralph Garramone, M.D., Jennifer Couture, OMG Realty, LLC, and Wraith, LLC filed a similar motion for extension to time on January 23, 2025. [D.E. 233]. Plaintiff also opposed this motion both during the parties' conferral and during the discovery hearing held on January 24, 2025. [D.E. 253 at 96:2-13].

7. Thereafter, on the same day, Plaintiff filed the instant motion seeking an "additional 14 days" to "start a rolling production" while failing to mention a completion date or his diligence in complying with the court-ordered deadline. [D.E. 247].

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 6(b) states:

> (1) When an act may or must be done within a specified time, the court may, for good cause extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made before the original time or its extension expires

Fed. R. Civ. P. 6(b)(1)(A).

The Eleventh Circuit has not explicitly defined "good cause". *Hermann v. McFarland*, 2022 WL 4489427, at *4 (11th Cir. Sept. 28, 2022). However, in *Hermann*, the Eleventh Circuit Court of Appeals relied on its interpretation of Rule 16(b)(4)'s "good cause" standard stating the, "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Talcott v. Kusch*, 2023 WL 6064521, at *1 (S.D. Fla. Sept. 18, 2023). Courts will also not find good cause for an extension of a deadline under Rule 6(b)(1)(A) where the party seeking the extension "has been negligent, lacked diligence, acted in bad faith, or abused the privilege of prior extensions." *Alonso v. Alonso*, 2022 WL 3684861, at *1 (S.D. Fla. Jan. 31, 2022). In other words, good cause exists only if the party cannot

5

meet its deadline, despite its diligence. *Watts v. Club Madonna, Inc.*, 784 F. App'x. 684, 687 (11th Cir. 2019). *But cf. Gillio v. US Bank NA*, 2013 WL 12387342, at *1 (M.D. Fla. July 1, 2013) ("The Court routinely grants extensions when they are sought in good faith; do not prejudice a party; are not likely to create future case management problems; the Court will still have sufficient time to decide dispositive motions; and the extension will not impact the trial date.").

Looking to the circumstances of this case, Plaintiff fails to establish he acted with the requisite diligence to comply with the discovery deadline. Plaintiff had sixty (60) days to comply with the Court's ruling issued on December 10, 2024 and sixty-five (65) days to respond to GPS's second request for production. Instead, on the eve of the deadline's expiration, Plaintiff moved for an extension without sufficiently stating that despite Plaintiff's diligence, he could not comply with the discovery deadline.

Moreover, Plaintiff fails to establish a timeline of when he initially began looking for third-party vendors to download information from his cell phone and laptop. [D.E. 247]. In addition to this failure, Plaintiff also fails to state when he ultimately found a vendor who could assist in his production and began the review.

Further, on the eve of the discovery deadline, Plaintiff states "there are a few thousand items that still need to be reviewed for privilege or confidentiality" and that there are "communications from various individuals" that will need to be cross referenced and reviewed for confidentiality, privilege, and responsiveness. *Id.* at pg. 2. Had Plaintiff exercised diligence he would have discovered the issues he now brings

6

to light in his motion well in advance of the February 21, 2025 deadline. Plaintiff's timing begs the question of whether Plaintiff exercised any diligence at all in attempting to comply with the Court's discovery order. Other than Plaintiff's conclusory assertion that "Noshirvan has been, and will continue to be, diligent in conducting his discovery obligations," Plaintiff provides nothing to show that he has been exercising diligence in complying with the Court's December 10 Order. Above all, Plaintiff cannot even provide the Court or the parties with an expected date of when responding to the discovery requests will be complete. Instead, Plaintiff proposes a 14-day extension to commence a "rolling discovery production," again with no specific date for its completion. Plaintiff's failure to provide a deadline further raises skepticism as to whether Plaintiff has exercised any diligence in responding to GPS's requests and complying with the Court's December 10 Order.

In addition to the timing of Plaintiff's motion, Plaintiff also opposed GPS's Motion for Extension of Time to Produce Documents and Updated Privilege Log in Compliance with (D.E. 206). *See* [D.E. 253 at 96:2-13]. GPS's motion contemplated a simultaneous discovery exchange between Plaintiff and GPS on February 10, 2025. [D.E. 231, pg. 8]. Plaintiff opposed such an extension, but now seeks an extension past February 10, 2025 in order for him to comply with GPS's discovery requests and the Court's December 10 Order. [D.E. 247]; [D.E. 253 at 96:2-13]. Moreover, Plaintiff's request is contrary to the Court's Order, which also contemplated a simultaneous discovery exchange between Plaintiff and the Defendants on February 21, 2025, fourteen (14) days after the entry of the Protective Order. [D.E. 250, pg. 8].

7

While circumstances sometimes require extensions of time, GPS currently has no usable document production from Plaintiff. GPS has waited since last year to receive responsive documents to its discovery requests. However, GPS continues to be left empty handed, even after GPS already provided responsive documents to Plaintiff's discovery requests and intends to complete its document production to Plaintiff on February 21, 2025, as ordered. GPS has also had to postpone Plaintiff's deposition scheduled in August 2024 due to the lack of responsive materials to GPS's discovery requests. Further, Plaintiff refuses to give GPS any potential dates to take Plaintiff's deposition. In light of the foregoing, GPS submits that Plaintiff's requested extension of time is not sought in good faith; does not show good cause or diligence by Plaintiff; will continue to prejudice GPS; and will create future case management problems—particularly with respect to the scheduling of Plaintiff's deposition, the submission of dispositive motions, and the completion of the parties' mediation conference.

## CONCLUSION

Based upon the foregoing, GPS respectfully requests that the Court enter an Order: (1) denying Plaintiff's request for an extension to Comply with the Court Orders at Dockets 206, 232, and 241; and (2) granting such other and further relief that the Court deems just and proper.

Respectfully submitted this 19th day of February, 2025.

*/s/ Julian A. Jackson-Fannin*
Harvey W. Gurland, Jr., Esq.
Florida Bar No. 284033
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Anoosheh Shaikh, Esq.
Florida Bar No. 1039830
Nicholas A. Gounaris, Esq.
Florida Bar No. 1059351
DUANE MORRIS LLP
201 South Biscayne Boulevard, Suite 3400
Miami, FL 33131-4325
Telephone: +1 305 960 2200
HWGurland@duanemorris.com
JJFannin@duanemorris.com
AShaikh@duanemorris.com
NGounaris@duanemorris.com
PNMendoza@duanemorris.com
JMagarin@duanemorris.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of February, 2025, a true and correct copy of the foregoing was served via electronic mail upon all counsel of record.

*/s/ Julian A. Jackson-Fannin*
Julian A. Jackson-Fannin, Esq.

DM1\16244709.2