IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN
an individual,

        Plaintiff,

vs.

JENNIFER COUTURE, an individual,
RALPH GARRAMONE M.D, an individual,
RALPH GARRAMONE M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY.,
CENTRAL PARK OF SOUTHWEST
FLORIDA, LLC, WRAITH, LLC,
SULLIVAN STREET INVESTMENTS, LLC,
HAIRPIN TURN, LLC, OMG REALTY, LLC,
R G WEIGHT MANAGEMENT, LLC,
CENTRAL PARK SOUTH, LLC,
BRANTLEE, LLC, LEGACY OF MARIE
GARRAMONE, LLC, GARRAMONE
MARKETING, INC., 5681 DIVISION LLC,
THE LAW OFFICE OF PATRICK TRAINOR
ESQ, LLC d/b/a THE LAW OFFICE OF
PATRICK TRAINOR, PATRICK TRAINOR,
an individual, and
ANTI-DOXING LEAGUE INC.

        Defendant(s).
_____/

CASE NO:
2:23-cv-01218-JES-NPM

**PLAINTIFF, DANESH NOSHIRVAN'S THIRD MOTION TO COMPEL DISCOVERY AND SECOND MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS (DKTS. 126, 172, 206, 236-7, and 250) AGAINST DEFENDANTS, RALPH GARRAMONE M.D AND JENINFER COUTURE, AND FOR SANCTIONS**

Page **1** of **9**

Pursuant to Federal Rule of Civil Procedure 34, 37, 41(b) and this Court's 5 Orders, plaintiff, Danesh Noshirvan ("**Noshirvan**"), files this motion to compel discovery, compliance with Court Order, and seeks sanctions against defendants, Ralph Garramone M.D, an individual ("**Garramone**") and Jennifer Couture ("**Couture**"). In support of this Motion, Noshirvan states:

1. Noshirvan filed this instant action on December 26, 2023 (Dkt. 1). On April 08, 2024, this Court issued a Case Management and Scheduling Order. Dkt. 64.

2. On April 16, 2024, Noshirvan served his First Request for Production on Garramone and Couture.

3. On May 16, 2024, Garramone and Couture responded to Noshirvan's First Request for Production. Garramone's and Couture's Response initial contained a multitude of frivolous objections. See Dkt. 96 and 98.

4. On August 28, 2024, this court held a discovery hearing, counsel for Garramone and Couture advised the Court that 30-days from the date of hearing would be the due date for production. Thus, Couture's and Garramone's discovery obligations per agreement and sanctioned by Court Order were due on or before September 28, 2024. (See Dkt. 126).

5. On November 01, 2024, this Court allowed the withdrawal of Garramone and Couture counsel, Wicker Smith. (Dkt. 172). The Court also

extended the due date by 28-days for Garramone and Couture to answer discovery and produce the discovery document. *Id.* The Court's Order required Couture and Garramone to answer discovery by November 29, 2024. *Id.*

6. On December 10, 2024, this Court granted Noshirvan's Motion to Compel but in doing so, gave Couture and Garramone an additional 45-days to produce their outstanding discovery. (Dkt. 206). Couture and Garramone were again required by Court Second Order to produce discovery documents on or before Friday, January 24, 2025. *Id.*

7. On January 25, 2025, this Court again granted Couture and Garramone an extension of time to answer discovery. (See Dkts. 236-7).

8. On February 07, 2025, this Court ordered the parties to exchange "past due discovery" within 14 days. (Dkt. 250)

9. On February 21, 2025, Garramone and Couture moved for another extension, this time claiming that Wicker Smith previously collected "3,750 digital files" and that they are not organized. Dkt. 257, ¶7. Defendants argue that "[d]ue to the sheer volume of material that must be reviewed and categorized for production" their "counsel has been unable to complete the document production." *Id.* Implicit in Defendants' argument is the fact that no one for Defendants has actively worked for the past 3-months to produce the Court Ordered Documents. his presents a very real concern that Defendants are simply

refusing to produce the Court Ordered documents. After the digital download of Defendants' ESI was complete (completed by Wicker Smith before November 01, 2024), actual review of 3,750 documents should not take more than 3-4 days. Here, Garramone and Couture had 10 months to retrieve, review, and produce the requested documents. They have not. Garramone and Couture now seek another 21 additional days to complete what could be done in 3-4 days. Not much takes 11 months to produce.  No discovery takes 11 months produce.

10. Couture and Garramone have been subject to 5 Court Orders. Three extending time to answer discovery and two orders compelling discovery in the past 10-months. Couture and Garramone's actions are a willful, contumacious, disregard for this Court's authority, the rules of procedure, and discovery in general.

11. The current Case Management Scheduling Order ("**CMSO**") contains a discovery deadline of April 25, 2025 and dispositive motion deadline of May 23, 2025. Noshirvan is being severely prejudiced by Garramone's and Couture's intentional refusal to participate in discovery and non-compliance with this Court's Orders.

**Memorandum of Law**

**I. Standard**

The Federal Rules of Civil Procedure allow parties to civil litigation to conduct discovery by various methods. Federal Rule of Civil Procedure 26 provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

A district court has broad authority under Rule 37 to control discovery. Federal Rule of Civil Procedure 37(b) authorizes the court to impose such sanctions "as are just" against a party that violates an order compelling discovery. Fed. R. Civ. P. 37(b)(2). The Rule includes a list of possible sanctions:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

"Instead of or in addition to [such a sanction], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(c); see also Fed. R. Civ. P. 37(d)(3).

"Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982). A district court has substantial discretion in deciding whether and how to impose sanctions under Rule 37. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997).

Furthermore, a district court is authorized to dismiss a case for failure to comply with a court order or the federal rules. Fed. R. Civ. P. 41(b); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal under Rule 41(b) is appropriate where "there is a 'clear record of delay or willful contempt and a

finding that lesser sanctions would not suffice.' " *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quotation and citation omitted).

WHEREFORE, Noshirvan respectfully requests that the Court grant this Motion and either: (1) order that the matters embraced in discovery and other designated facts are established for purposes of the action, as the prevailing party claims; (2) default Couture and Garramone pursuant to Rule 37(b)(2)(vi) or 41(b); or (3) treat the failure to comply as contempt, order Couture and Garramone to comply with the Court's order and produce the outstanding discovery within 2-days, extend CMSO deadlines, and impose monetary sanctions against Couture and Garramone, allow Noshirvan to supplement this motion with a fee and cost affidavit, and any other relief this Court deems just and proper.

### Local Rule 3.01(g) Certification

The undersigned certifies that on February 21, 2025, met and conferred, via telephone, with counsel for Couture and Garramone and the motion opposed in its entirety.

DATED: February 24, 2025.

        Nicholas A. Chiappetta, Esq.
        **Chiappetta Trial Lawyers**
        Attorneys for Mr. Noshirvan
        2101 Vista Parkway, Suite 258
        West Palm Beach, Florida 33411
        Direct: (561) 768-4500
        Fax:   (561) 768-4600
        service@chiappettalegal.com
        nick@chiappettalegal.com

www.chiappettalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
**Law Office of Patrick Trainor, Esq., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for all Defendants*
*except Garramone Plastic Surgery,*
*Jennifer Couture, Dr. Ralph Garramone,*
*and OMG Realty, LLC*

Harvey W. Gurland, Jr., Esq.
Florida Bar No. 284033
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Anoosheh Shaikh, Esq.
Florida Bar No. 1039830
**DUANE MORRIS LLP**
201 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Tel: 561.962.2108
HWGurland@duanemorris.com
JJFannin@duanemorris.com
AShaikh@duanemorris.com
PNMendoza@duanemorris.com
JMagarin@duanemorris.com
Attorneys for Garramone Plastic Surgery

Aaron Alfano, Esq.
Florida Bar No. 0083909
Brian P. Henry, Esq.
Florida Bar No. 0089069
Rolfes Henry Co., L.P.A.
5415 87th Street East
Bradenton, FL 34211
T: (941) 684-0100
F: (941) 684-0109
E: aalfano@rolfeshenry.com
E: sburns@rolfeshenry.com
E: bhenry@rolfeshenry.com
E: kmcclintock@rolfeshenry.com
Attorneys for Defendants
Jennifer Couture, Ralph Garramone, MD,
OMG Realty, LLC, and Wraith, LLC

*/s/ Nicholas A. Chiappetta*
Nicholas A. Chiappetta