UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, AN INDIVIDUAL;

      Plaintiff,

  v.

JENNIFER COUTURE, *et al.*,

      Defendants,

Case No. 2:23-CV-1218-JES-KCD

## **ORDER**

Before the Court is Plaintiff Danesh Noshirvan's Motion to Compel the Depositions of Garramone and Couture. (Doc. 259.)[1] No response has been filed, and the time to do so expired. So the Court treats the motions as unopposed. *See* Local Rule 3.01(c).

According to the evidence before the Court, which stands unrebutted, Noshirvan tried to schedule the depositions of Defendants Jennifer Couture and Ralph Garramone for several months. (Doc. 259 at 3.) These requests have gone unanswered, and to date, "Garramone and Couture continue to refuse to provide deposition dates." (*Id.* at 3.)

"[T]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants." *Lozano v. Maryland Cas. Co.*,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

850 F.2d 1470, 1473 (11th Cir. 1988). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). This broad discovery helps "make a trial less a game of blind man's b[l]uff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

Consistent with this approach to discovery, the Federal Rules of Civil Procedure allow parties to depose witnesses, including an opposing party. *See* Fed. R. Civ. P. 30(a). Depositions can be essential to discovering relevant facts and acquiring key admissions from parties or witnesses. In some cases, depositions are "indispensable." *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989). No doubt Couture and Garramone's testimony is necessary for this case—they are the primary antagonists. The Court thus grants Noshirvan's motion to the extent he seeks leave to depose these parties. Within three days of this order, Couture and Garramone are directed to provide three dates they are available for deposition in March 2025. *See, e.g.*, *Rizzo v. Glades Golf & Country Club, Inc.*, No. 2:20-CV-390-SPC-MRM, 2021 WL 8946694, at *3 (M.D. Fla. June 23, 2021).

Noshirvan's motion also requests permission to videotape the depositions. (Doc. 239 at 5-6.) Granting such relief is unnecessary because the

2

Federal Rules already provide that a properly noticed deposition "may be recorded by audio, *audiovisual*, or stenographic means." Fed. R. Civ. P. 30(b)(3). The Court agrees that "Garramone and Couture have no basis to refuse to appear for a videotaped deposition." (Doc. 259 at 6.)

Finally, Noshirvan seeks sanctions. (Doc. 239 at 8-12.) Specifically, "an order defaulting Garramone and Couture." (*Id.* at 9.) "[T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Entering a default judgment is reserved for extreme cases, "such as where a party has willfully and wrongfully ignored court orders, intentionally impeded discovery to gain some perceived litigation advantage or otherwise made a conscious decision to obstruct the orderly processing of a case." *Knight v. Noriega*, No. 20-25053-CIV, 2023 WL 5595905, at *4 (S.D. Fla. Aug. 3, 2023). Although discovery has been difficult (for all parties), the facts do not yet meet the high bar for a default judgment. Noshirvan is correct that "Garramone's and Couture's unilateral refusal to sit for deposition is extremely prejudicial." (Doc. 239 at 7.) But any prejudice can be cured by ordering their depositions, as done above. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1375 (11th Cir. 1999) ("[W]here any other sanction would fail to cure the harm. . ., dismissal may be appropriate.").

Alternatively, Noshirvan requests "monetary sanctions." (Doc. 259 at 10.) No argument is presented for this relief beyond a single conclusory

3

sentence. The Court declines to do Noshirvan's work for him. In our adversarial system, a claimant must present his case. It's not a court's job "to conduct research to provide the proper support for [conclusory] arguments." *Eli Rsch., LLC v. Must Have Info Inc.*, No. 2:13-CV-695-FTM-38CM, 2014 WL 4983710, at *2 (M.D. Fla. Oct. 6, 2014). What is more, the record lacks a discovery violation to award attorney's fees or expenses. *See, e.g.*, *Maronda Homes, Inc. of Fla. v. Progressive Exp. Ins. Co.*, No. 6:14-CV-1287-ORL-31, 2014 WL 6610932, at *5 (M.D. Fla. Nov. 21, 2014) ("Federal Rule of Civil Procedure 37(a)(5)(A) provides for the recovery of legal expenses, including attorney's fees, in connection with a motion to compel disclosures or discovery. But, the Rule does not extend to motions to compel dates for taking depositions.").

For these reasons, Noshirvan's Motion to Compel the Depositions of Garramone and Couture (Doc. 259) is **GRANTED IN PART AND DENIED IN PART**. Within seven days of this order, Couture and Garramone are directed to provide three dates they are available for deposition in March 2025. All other relief is denied.

**ORDERED** in Fort Myers, Florida on March 14, 2025.

Kyle C. Dudek
United States Magistrate Judge

4