UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, AN
INDIVIDUAL;

       Plaintiff,

   v.                                          Case No. 2:23-CV-01218-JES-KCD

JENNIFER COUTURE, AN
INDIVIDUAL; RALPH
GARRAMONE M.D., AN
INDIVIDUAL;  RALPH
GARRAMONE M.D. P.A.,
CENTRAL PARK OF SOUTHWEST
FLORIDA, LLC,  WRAITH, LLC,
SULLIVAN STREET
INVESTMENTS, LLC,  HAIRPIN
TURN, LLC,  OMG REALTY, LLC,
R G WEIGHT MANAGEMENT,
LLC,  CENTRAL PARK SOUTH,
LLC,  BRANTLEE, LLC,  LEGACY
OF MARIE GARRAMONE, LLC,
GARRAMONE MARKETING, INC.,
5681 DIVISION LLC,  THE LAW
OFFICE OF PATRICK TRAINOR
ESQ. LLC, PATRICK TRAINOR,
AN INDIVIDUAL; AND  ANTI-
DOXING LEAGUE INC.,

       Defendants,

_____/

## ORDER

    Plaintiff Danesh Noshirvan seeks additional time to answer Defendant

Patrick Trainor's  most  recent  discovery.  (Doc. 262.)  Trainor  opposed  the

requested relief during the parties' good faith conferral. (*Id.* at 3.) So, Noshirvan filed the pending motion. In the interim, Trainor filed his own motion to compel that purports to also oppose Noshirvan's request for more time. But beyond the title, Trainor's brief lacks any substantive argument under the applicable standard. The Court thus considers Noshirvan's motion unopposed.

The Federal Rules of Civil Procedure allow this Court to "extend the time" an act must be done "for good cause." Fed. R. Civ. P. 6(b)(1). "Good cause is a well-established legal phrase that generally signifies a sound basis or legitimate need to take judicial action." *Leslie v. Experian Info. Sols., Inc.*, No. 1:23-CV-00330-ELR-JEM, 2023 WL 7492198, at *3 (N.D. Ga. Sept. 21, 2023). It is not a strict standard. It is meant to accommodate the bevy of circumstances that might necessitate more time. *See, e.g., Gillio v. US Bank NA*, No. 612CV1548ORL36TBS, 2013 WL 12387342, at *1 (M.D. Fla. July 1, 2013) ("The Court routinely grants extensions when they are sought in good faith; do not prejudice a party; are not likely to create future case management problems; the Court will still have sufficient time to decide dispositive motions; and the extension will not impact the trial date.").

Here, Noshirvan seeks a short extension to answer discovery requests that allegedly require "an expansive review [of] documents." (Doc. 262.) Because courts should "liberally" grant extensions under Rule 6 "absent a

showing of bad faith . . . or undue prejudice," which has not even been argued, the Court finds good cause to grant a short extension. *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017).

It is thus **ORDERED**:

Plaintiff Danesh Noshirvan's Motion for Extension of Time to Respond to Defendant Patrick Trainor's Second Set of Discovery Served on February 03, 2025 (Doc. 262) is **GRANTED**. Noshirvan must respond to Trainor's Second Request for Production of Documents and Interrogatories on or before April 1, 2025.

**ENTERED** in Fort Myers, Florida on March 25, 2025.

Kyle C. Dudek
United States Magistrate Judge