UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

Danesh Noshirvan

v.                                                                                                         2:23-cv-01218

Jennifer Couture, et al

### NON-PARTY MOVANT (#2) MOTION TO QUASH SUBPOENA AND FOR SANCTIONS AND FOR ASSIGNMENT OF COUNSEL TO REPRESENT "MOVANT 2" TO PROTECT HIS RIGHT TO ANONYMOUS SPEECH

**COMES NOW** Movant, proceeding *pro se* as **John Doe 2 / Jane Roe 2**, and respectfully moves this Honorable Court to quash the subpoena apparently[1] issued to Google LLC by Plaintiff Danesh Noshirvan, through his counsel, in the above-captioned case, pursuant to Federal Rule of Civil Procedure 45(d)(3), and to impose sanctions under Rule 45(d)(1) to prevent further abuse of the subpoena process by Plaintiff. Movant is a non-party whose identity is unknown to the parties and whose records are sought in connection with an alleged matter unrelated to Movant. In support of this Motion, Movant states as follows:

GROUNDS FOR MOTION TO QUASH

1. **Non-Party Status and Lack of Relevance:** Movant is not a party to this action and has no direct involvement in the dispute between Plaintiff and Defendant. The subpoena presumably seeks records not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses in this case, as required by Federal Rule of Civil Procedure 26(b)(1).

2. **Undue Burden and Privacy Violation:** The subpoena imposes an undue burden on Movant by seeking private and sensitive records (e.g., email communications, account data, and personally identifiable information) that could enable Plaintiff to further a campaign of harassment against individuals who oppose his conduct online. Plaintiff has not demonstrated necessity or particularized relevance, violating Movant's privacy rights under the First and Fourth Amendments.

3. **Failure to Identify Movant:** The subpoena does not identify Movant by name, instead relying on broad or speculative criteria to obtain records. This overbreadth renders

---

[1] Movant has not seen the Subponea, has not directly been served in any manner.

    it defective under Rule 45(a)(1)(A)(iii), which requires reasonable specificity in describing the items sought.

4. **First Amendment Protection:** To the extent the subpoena targets Movant's online speech, it infringes on Movant's First Amendment right to anonymous expression. Unmasking anonymous speakers requires a heightened showing of need, which Plaintiff has not met. See Dendrite Int'l, Inc. v. Doe, 775 A.2d 756 (N.J. App. Div. 2001).

5. **Overbroad Subpoena:** Movant #2 is not Movant #1 or Joseph A. Camp, or any party to this case, nor mentioned in any of the pleadings except by his alias, which is attributed incorrectly to Joseph A. Camp:

    1. Movant #2 presents the following additional facts after receiving a copy of the subpoena (or what is purported to be a copy of the subpoena as Movant has not been served):

        1. The overbroad subpoena requests personal identification information for a series of accounts, seemingly without consideration if they could produce anything of merit to the current case:

        2. The convoluted "schedule" attached to the subpoena lists the following accounts in which it is seeking Google, LLC's compliance with:

            - noshirvan@yandex.com
            - Josephacamp@yandex.com
            - campjosepha@gmail.com
            - anamericanhostage@facebook.com
            - joey@joeycamp2020.com
            - Jac13750@ucmo.edu
            - daneshfiles@yandex.com
            - YouTube Account: josephacamp8732

        3. To begin with, there is no feasible explanation, except abuse of subpoena and bad faith litigation practices for Plaintiff to seek records from Google for services and products that Google does not control, i.e. @Yandex.com, @JoeyCamp2020.com, @ucmo.edu, and @Facebook.com.

        4. Secondly, the obvious attempt to seek records unrelated to this matter is apparent in the list of decade old accounts that have no bearing whatsoever on the instant case.

            1. Facebook discontinued their use of providing user email address and services with their @facebook.com domain in

       2014 and has since deleted all records as of 2019 surrounding the once provided service.

2. The University of Central Missouri (ucmo.edu) made clear in their indictment against Joseph A. Camp in 2010 that they disconnected his email account in December of 2010, and then later, in 2012 the University announced that they suffered another breach which resulted in a complete loss of their entire email system and required them to seek another email provider.

3. JoeyCamp2020.com is not a Google domain rather a hover.com domain and MX (email) records provider:



5. The YouTube Channel in question was created in **August 2013**, during which time Joseph A. Camp was incarcerated for the events that happened at the University of Central Missouri, which means that the YouTube channel was rebranded to mock and mimic Joseph A. Camp, but could not possibly be him.

2. Regarding the Yandex accounts, by attempting to seek the Yandex records, a non-Google, no United States entity, via this subpoena, instead of seeking the records directly with Yandex, is nothing short of fishing. The instant complaint in this matter lists scores of alleged aliases purportedly being "Joseph A. Camp" without any proof. Not all are listed on this subpoena because, for example the identity of TheResearcher2020@yandex.com was discovered in the Dominion Voting Systems v. Donald J. Trump litigation, and it is not Joseph A. Camp.

3. Danesh Noshirvan is a criminal doxer. He has doxed several of the United States Supreme Court justices when they made decisions he did not agree with, Danesh Noshirvan has doxed an innocent man in Texas to suicide - which Danesh Noshirvan is under grand jury investigation for, and has doxed over 600 individuals, including minors. His most recent doxing threat is directed to Middle District of Florida, Magistrate Judge Kyle Dudek:



4. The subpoena is nothing short of an extremely broad, extremely disgusting, attempt to unmask a series of anonymous victims of Danesh Noshirvan under the guise of a judicial subpoena, while making implied threats towards the Magistrate Judge who has to rule on this Motion.
5. Movant has a right, to anonymously or otherwise, criticize a public figure such as Danesh Noshirvan, accused of Child Pornography (which got his OnlyFans suspended for refusing to comply with identification requirements), doxxing, and association with other criminals such as James McGibney, "CredibleIntel" (recently real life stalking of the Plaintiffs), and under investigation and grand jury in Texas for his conduct that lead an innocent man to commit suicide.

## MEMORANDUM OF LAW

The Court must quash a subpoena under Rule 45(d)(3)(A) if it: (i) fails to allow reasonable time to comply; (ii) requires disclosure of privileged or protected matter; (iii) subjects a person to undue burden; or (iv) exceeds geographic limits. This subpoena fails on multiple grounds:

- It subjects Movant, a non-party, to undue burden by seeking private records without justification (Rule 45(d)(3)(A)(iv)). Specifically, it risks exposing Movant to doxing and harassment by Plaintiff and his counsel.

- It threatens disclosure of protected anonymous speech without a compelling need (Rule 45(d)(3)(A)(ii)). The domain and email use in question are not unique to Movant but are widely shared across forums and blogs by individuals criticizing Plaintiff's conduct, rendering Movant's identity irrelevant.

- Its overbreadth and lack of specificity violate procedural requirements (Rule 45(a)(1)(A)(iii)). If Plaintiff seeks to connect Movant to a specific party or non-party, the proper procedure is through that party. Plaintiff's failure to name an essential non-party as a defendant further undermines the subpoena's legitimacy.

GROUNDS FOR SANCTIONS

6. **Abuse of Subpoena Process:** Plaintiff's issuance of this overbroad and unjustified subpoena—consistent with a pattern of similar actions—demonstrates a failure to take reasonable steps to avoid undue burden or expense on Movant, a non-party, in violation of Rule 45(d)(1). Plaintiff has not shown a good-faith basis for seeking Movant's records, suggesting harassment or a fishing expedition unrelated to the case's merits. The subpoena's presumed unlimited scope, if consistent with Plaintiff's prior attempts, seeks records beyond the relevant time period of the dispute, further evidencing bad faith.

7. **The subpoena is so broad, it seeks records related to non-**United States jurisdiction entities (such as Yandex) from an individual alleged in "**Mexico, Honduras or Belize**", from another entity that has no control over nearly any of the records requested (Facebook, UCMO, Yandex) and records that couldn't possibly have any bearing on the case -as they records would be more than 12 years prior to any of the instant matters at hand.

PLEASE PROVIDE THE FOLLOWING DOCUMENTATION:

1. Produce all basic subscriber information for any of Joseph A. Camp's profiles including any verifications. This request includes name, address, phone numbers, email addresses associated with accounts, and login IP addresses from January 01, 2021, through March 13, 2025. Joseph A. Camp's accounts and emails are as follows:

   a) YouTube profile
   Name:       Joseph A. Camp
   Location:   Mexico, Honduras, or Belize
   Username:   @josephcamp8732
   Page:       https://www.youtube.com/@josephcamp8732/about?app=desktop

   b) Email addresses:
      a. noshirvan@yandex.com
      b. josephacamp@yandex.com
      c. campjosepha@gmail.com
      d. anamericanhostage@facebook.com
      e. joey@joeycamp2020.com
      f. jac13750@ucmo.edu
      g. daneshfiles@yandex.com

   c) Phone Number:
      a. 720-454-5240

and attempting to attribute a YouTube channel to an individual who was in a maximum-security prison at the time the account was created:



8. **Deterrence:** Sanctions are warranted to prevent Plaintiff's repeated misuse of the subpoena process, which chills protected speech and burdens non-parties without cause. This is not Plaintiff's first attempt to improperly fish for details from protected non-parties, hoping they lack the means or capability to challenge such actions. Sanctions should be at least $100,000.00 per instance of misuse and bad faith attempt to use the subpoena process.

9. **Discovery in this matter has ended**: Plaintiff has had this matter pending for a long time and is only now seeking the information in the subpoena. His motive of using delay tactics is harassment.

GROUNDS FOR APPOINTMENT OF COUNSEL

- **Protection of First Amendment Rights:** This dispute involves Movant's fundamental right to anonymous speech under the First Amendment, a complex constitutional issue requiring legal expertise to defend against Plaintiff's attempt to unmask Movant via an overbroad subpoena.

- **Complexity of Legal Issues:** The motion raises intricate procedural and substantive questions under Federal Rule of Civil Procedure 45, First and Fourth Amendment jurisprudence, and case law on anonymous speech (e.g., Dendrite Int'l, Inc. v. Doe), which Movant, as a pro se non-party, lacks the training to navigate effectively.

- **Disparity in Representation:** Plaintiff is represented by counsel, creating an imbalance of legal skill and resources that disadvantages Movant, particularly given Plaintiff's pattern of aggressive and allegedly abusive subpoena tactics.

- **Risk of Harassment and Doxing:** The subpoena threatens Movant with doxing and harassment by Plaintiff, heightening the stakes and necessitating counsel to safeguard Movant's anonymity and personal safety throughout this dispute and any appeals.

- **Non-Party Status:** As a non-party, Movant has no direct stake in the underlying case yet faces significant burdens, making legal representation critical to avoid unfair prejudice from Plaintiff's actions.

- **Pattern of Abuse by Plaintiff:** Plaintiff's repeated issuance of overbroad subpoenas suggests ongoing misuse of the judicial process, requiring counsel to monitor and counter future attempts that could further infringe on Movant's rights.

- **Inability to Self-Represent Effectively:** Movant lacks the legal knowledge and resources to draft motions, argue in court, or handle appeals pro se, especially against a represented party with a history of exploiting such vulnerabilities.

- **Public Interest in Anonymity:** Assigning counsel serves the broader public interest by ensuring non-parties can challenge improper subpoenas without fear of exposure, preserving the integrity of anonymous online speech.

- **Potential for Appeals:** If this motion is denied, an appeal may be necessary to protect Movant's rights, and appellate proceedings demand a level of legal sophistication beyond Movant's pro se capacity.

REQUEST FOR RELIEF

**WHEREFORE**, Movant respectfully requests that this Court:

1. Grant this Motion to Quash the subpoena(s) issued to Google LLC;

2. Stay the current subpoena, seek details of any other potentially related or additional subpoenas by Plaintiff, and stay them as well;

3. Protect Movant's anonymity by allowing this Motion to proceed under the pseudonym John Doe/Jane Roe;

4. Impose sanctions of $100,000.00 on Plaintiff under Rule 45(d)(1), including Movant's costs incurred in preparing and filing this Motion, and any further relief to deter continued abuse of the subpoena process;

5. Appoint counsel to represent Movant anonymously in this dispute moving forward, including any appeals, due to the complexity of the legal issues involved, the significant First Amendment rights at stake, and Movant's inability to adequately protect these interests *pro se* against Plaintiff's ongoing misuse of the judicial process;

      6.  Grant such other and further relief as the Court deems just and proper.

DATED this 4th day of April, 2025.

Respectfully submitted,

*JOHN DOE 2 / JANE ROE 2*