**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DANESH NOSHIRVAN
an individual,

                                        CASE NO:
                                        2:23-cv-01218-JES-NPM

        Plaintiff,

vs.

JENNIFER COUTURE, Et'al,

        Defendant(s).
_____/

**PLAINTIFF DANESH NOSHIRVAN'S RESPONSE IN OPPOSITION TO**
**TRAINOR'S TIME-SENSITIVE MOTION PURSUANT TO RULE**
**26(C) FOR ENTRY OF A PROTECTIVE ORDER TO VACATE DANESH**
**NOSHIRVAN'S NOTICE OF VIDEOTAPED DEPOSITION AND**
<u>**DOCUMENT DEMANDS**</u>

Plaintiff, Danesh Noshirvan ("**Noshirvan**"), files this Response in

Opposition to defendant, Patrick Trainor's ("Trainor") Motion  for Protective

Order  and states:

> I.      **Introduction**

Trainor is a defendant in this case. Trainor is being deposed as an individual

and the Notice of Taking Deposition clearly states same. See Dkt 283-2 ("NAME:

Patrick Trainor"). Trainor is simply trying to avoid being deposed — an

impossible task for a defendant. As such, Noshirvan is not required to "provide

topics of inquiry" as Trainor suggests in his motion. Mot. at p. 4. To the extent that

Trainor seeks to hide behind his representation of other Defendants, his

disqualification as attorney of record is appropriate and mandated by the Florida Rules of Professional Conduct. See 4-3.7 Rules Reg. Fla. Bar. To the extent, Trainor is simply claiming attorney-client privilege or work product, he failed to sustain his burden. Facts gathered during an investigation are not work product and any items Trainor is claiming privilege to, should have already been on his privilege log. But wait… Trainor admitted in his last filing that he is improperly withholding non privileged documents under the guise of privilege. See Dkts. 276 and 280. Trainor also unwittingly admitted to knowledge of Camp's interference with Noshirvan's prior counsel, Robson Powers. See Exhibit A, Tra 252-263. To the extent that Trainor claims that he should not be deposed in Fort Myers, Florida, this too is a red herring. Trainor has regularly conducted in business in Fort Myers since May of 2023. See 2:23-cv-0340. For example, Trainor has intentionally filed suit in Fort Myers, appeared at multiple hearings, and will already be in in Fort Myers for the April 10, 2025 hearing. Therefore, there is no burden or prejudice for Trainor to stay one extra day for his deposition.

Trainor is a material witness with direct knowledge of multiple allegations in the Second Amended Complaint. Trainor's motion is a pale attempt to evade sitting for deposition —just like Ralph Garramone and Jennifer Couture.[1]

---

[1] Garramone and Couture failed to comply with this Court's 6th order to be deposed by the end of March 2025. Dkt. 267. To date they have not sat for deposition. They are as in violation of this Court's order to produce discovery. See Dkt. 275.

## II.    Factual Background

1.    On May 29, 2024, the undersigned's office deposition dates for Trainor, Jennifer Couture, and Ralph Garramone. See **Exhibit B, p. 11.**

2.    On June 13, 2024, Trainor stated he was available in August of 2024. Trainor was advised that the undersigned was not available. On August 15, 2024, the undersigned's office requested deposition dates for September or October of 2024. *Id.* at p. 6. Trainor never responded. *See id* at p. 1-5.

3.    On March 04, 2025, the undersigned again requested deposition dates from Trainor to be deposed in West Palm Beach. See **Exhibit C, p. 16-7**. For Trainor's convenience, the undersigned agreed to move the location of Trainor's deposition to Fort Myers (place he routinely frequents for business). The Parties mutually agreed on the date of the deposition — April 11, 2025. See Ex. C.

4.    Trainor never sought clarification regarding any of the issues raised in his motion prior to filing the motion except for location.

5.    On April 05, 2025, Trainor filed his "time-sensitive motion" that he knew he would have to file at the latest, March 19, 2025. Trainor does not explain his delay or dilatory conduct in filing his motion at the 11th hour.

6.    Trainor's Motion facially indicates that Trainor did not meet

and confer in person or by telephone as requested by Local Rule 3.01(g). Dkt. 283, p. 11. Thus, the grounds for the motion were never discussed by and between counsel.

### III.    Argument

#### a. Trainor's motion must be denied due to his failure to comply with Local rule 3.01(g)

Trainor's Motion fails to comply with Local Rule 3.01(g), which requires that each motion filed with the Court contain a certificate indicating that the moving party has conferred with opposing counsel prior to the filing of the motion in a good faith effort to resolve the issues raised by the motion. M.D. Fla. R. 3.01(g). The purpose of Rule 3.01(g) is for both parties to communicate with one another over the subject of the motion, either in person or by telephone. *See Howard v. Hartford Life & Accident Ins. Co.*, 275 F.R.D. 649 (M.D. Fla. Aug. 26, 2011) ("At least one magistrate judge in the Middle District of Florida has construed the mandates of [Local] Rule 3.01(g) to 'mean to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues.' ") (quoting *Davis v. Apfel*, No. 6:98-cv-657-orl-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000); see also *Badger Auctioneers, Inc. v. Ali*, 2016 WL 9383323, at *1, 2016 U.S. Dist. LEXIS 189659, at *3 (M.D. Fla. June 30, 2016).

The Local Rules apply equally to litigants who represent themselves. See *Stagl v. Gromicko*, No. 3:07-cv-967-J-32TEM, 2007 WL 4097759, at *1 (M.D. Fla. Nov.

16, 2007) ("[A] pro se litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the ... Local Rules of the Middle District of Florida") (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)); see also *Just Right Rentals, Inc. v. Blevins*, No. 6:15-cv-2150-orl-41TBS, 2016 WL 7406681, at *1 (M.D. Fla. Jan. 1, 2016) (stating that the fact that a party is proceeding pro se does not excuse the opposing party's counsel from complying with Local Rule 3.01(g)). Local Rule 3.01(g) is not merely aspirational. It is mandatory because it utilizes the term "must." See Local Rule 3.01(g)(1)("the movant **must** confer with the opposing party in a good faith effort to resolve the motion.")

### b. A party to a civil lawsuit has the right to depose the other parties

"[T]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants." *Lozano v. Maryland Cas. Co.*, 850 F.2d 1470, 1473 (11th Cir. 1988) (citing Fed. R. Civ. P. 26 advisory committee notes). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947). Liberal discovery rules allow litigants to see the full breadth of the evidence that exists in a case. This helps litigants avoid surprises, leads to the speedier settlement of cases, and helps prevent miscarriages of justice in cases where evidence would otherwise be available to only one party. See *Brown*

*Badgett, Inc. v. Jennings*, 842 F.2d 899, 902 (6th Cir. 1988). Rules favoring broad discovery help "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 986-87, 2 L.Ed.2d 1077 (1958).

Consistent with these policies, Rule 30(a) of the Federal Rules of Civil Procedure authorizes parties to depose witnesses, including an opposing party. See Fed. R. Civ. P. 30(a). Depositions can be extremely important to the discovery of relevant facts and the acquisition of key admissions from parties or witnesses. In some cases, depositions are "indispensable." *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989). "A party has a general right to compel any person to appear at a deposition, through issuance of a subpoena if necessary." CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 993 (7th Cir. 2002) (citing Fed. R. Civ. P. 30(a) ). More specifically, "each party to a civil lawsuit has the right to take depositions of the other party…." *Colonial Times, Inc. v. Gasch*, 509 F.2d 517, 521 (D.C. Cir. 1975); *see Jules Jordan Video, Inc. v. 144942 Can. Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010) (observing that "under Rule 30 any person's testimony may be taken by deposition"); *Nat'l Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595, 599 (3d Cir. 1980) ("The Federal Rules of Civil Procedure specifically give a party the right to question a witness by oral deposition."). The right to take depositions is a

"broad" one because depositions are such an important tool of discovery. See

*Credit Lyonnais, S.A. v. SGC Intern., Inc.*, 160 F.3d 428, 429 (8th Cir. 1998).

### c.  Material Witnesses

Trainor is a necessary material fact witnesses. *See Shindorf v. Bell*, 207 So. 3d

371, 372 (Fla. 2d DCA 2016)("an order that deprives a party in a civil proceeding

of the ability to depose a material witness satisfies the jurisdictional requisites for

certiorari review"); *Medero v. Florida Power & Light Co.*, 658 So.2d 566, 567 (Fla. 3d

DCA 1995) (concluding relief by way of certiorari that trial court lacked good cause

to deny deposition of  potential material witness). Accordingly, Noshirvan seeks

to depose Trainor regarding Noshirvan's claims in the Second Amended

Complaint. The Court must allow same.

### d.  Privilege

#### i.  Work Product

This case is diversity jurisdiction case. Privilege is governed Florida State

privilege law. Florida courts have consistently held that the claimant of the

privilege has the burden of presenting competent, substantial evidence to establish

that the incident reports were prepared in anticipation of litigation. *In Wal–Mart*

*Stores, Inc. v. Weeks*, 696 So.2d 855 (Fla. 2d DCA 1997); *Universal City Dev. Partners,*

*Ltd. v. Pupillo*, 54 So. 3d 612, 615 (Fla. 5th DCA 2011)(concurence)(argument by

counsel that the incident reports are work product does not constitute substantial,

competent evidence); *Marshalls of MA, Inc. v. Minsal*, 932 So.2d 444 (Fla. 3d DCA
2006) (holding that the party asserting the work-product privilege must present
substantial, competent evidence in the form of testimony or evidence to establish
that the requested incident reports were prepared in anticipation of litigation). The
burden does not shift onto the party requesting the documents until the claimant
of privilege properly establishes that the privilege exists. *Pupillo*, 54 So. 3d at 615.
"When a party asserts the work-product privilege, Florida law requires that the
trial court hold an in-camera inspection of the discovery material at issue in order
to rule on the applicability of the privilege." *Marshalls of M.A., Inc. v. Witter*, 186
So. 3d 570, 573 (Fla. 3d DCA 2016)(quoting *Snyder v. Value Rent-A-Car*, 736 So.2d
780, 782 (Fla. 4th DCA 1999)(internal quotation omitted)); *Genovese v. Provident Life
& Accident Ins. Co.*, 74 So. 3d 1064, 1068 (Fla. 2011),

    Trainor has not come forward with substantial, competent admissible
evidence to support his assertions of privilege. Trainor's Privilege Log is entirely
undermined by the following facts: (1) Trainor unwittingly admitted to
withholding non privileged documents under the guise of privilege. See Dkts. 276
and 280. (2) On May 10-1, 2022, Trainor, Couture and Garramone were in contact
with Camp's attorney, Andrea Hall, Esq. See Exhibit E, p. 1.[2] This is only five days

---

[2] The "thank you" email to Andrea Hall on May 10, 2022 is neither privileged nor protected
from discovery.

after Garramone Plastic Surgery made its first payment to Camp (payment made on May 05, 2022). (3) Trainor was again in contact with Andrea Hall on May 24, 2022 — one day after Garramone's and Couture's trip to Mansfield, Pennsylvania to distribute defamatory flyers of Noshirvan. One day after Trainor's billboard and Penny saver advertisements with Noshirvan's face appeared in Mansfield, Pennsylvania (a place where it is believed that Trainor is NOT licensed to practice law). However,  several of the communications Trainor seeks to hide occurred from May 06, 2022 through December of 2022. In any event, Trainor has failed to come forward with substantial, competent, admissible evidence to support his assertions of privilege. As such, his assertions must be overruled.

### ii.  **Attorney-Client**

The scope of the attorney-client privilege is "guided by 'the principles of the common law ... as interpreted by the courts ... in the light of reason and experience.' " *Swidler & Berlin v. United States*, 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998), citing Fed. Rule Evid. 501, *Funk v. United States*, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369 (1933). Traditionally, the privilege applies to confidential communications between the client and his or her attorney made in order to obtain legal advice. *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 503.10 (Joseph M. McLaughlin, ed., Matthew Bender 2d ed.1997). The privilege

covers much more than "any sort of admission of criminal wrongdoing," and includes "matters which the client would not wish divulged," *Swidler*, at 408, 118 S.Ct. 2081. There is no balancing test to define its contours. *Id.* at 409, 118 S.Ct. 2081.

The privilege has limits, however. It protects "*only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege*," *Fisher,* 425 U.S. 391, and it "cannot stand in the face of countervailing law or strong public policy and should be strictly confined within the narrowest possible limits underlying its purpose." *United States v. Goldberger & Dubin, P.C.,* 935 F.2d 501, 504 (2d Cir.1991). Moreover, the privilege is subject to exceptions. The privilege does not apply to communications made in furtherance of committing a crime. *United States v. Zolin*, 491 U.S. 554, 562–63, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989); Weinstein's Federal Evidence, § 503.31. Additionally, attorney-client privilege does not protect communications in furtherance of an intentional tort that undermines the adversary system itself. *Madanes v. Madanes*, 199 F.R.D. 135 (S.D.N.Y. 2001)(applying crime-fraud exception); *Guarantee Ins. Co. v. Heffernan Ins. Brokers, Inc.,* 300 F.R.D. 590, 593 (S.D. Fla. 2014)(explaining that "under Florida law, at-issue waiver only occurs when a party raises a claim that will necessarily require proof by way of a privileged communication.").

### e.  The Crime Fraud Exception to Privilege

The crime-fraud exception allows a party to obtain discovery that otherwise would be protected by the attorney-client privilege or the attorney work product doctrine. *Drummond Co., Inc. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1335 (11th Cir. 2018). The crime-fraud exception applies when a two-part test is satisfied:

First, there must be a prima facie showing that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice. Second, there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it. In re Grand Jury Investigation, 842 F.2d at 1226. Stated simply, the crime-fraud exception removes the "seal of secrecy" from attorney-client communications or work product materials when they are made in furtherance of an ongoing or future crime or fraud. Zolin, 491 U.S. at 563, 109 S.Ct. 2619; see Cox, 17 F.3d at 1422 (recognizing that the crime-fraud exception "applies to work-product in the same way that it applies to the attorney-client privilege"). When the crime-fraud exception applies, an attorney's opinion work product is discoverable. Cox, 17 F.3d at 1422; see *In re Richard Roe, Inc.*, 68 F.3d 38, 40 (2d Cir.1995).

Here, Noshirvan's "duces tecum" seeks documents containing Joseph A. Camp's ("Camp") phone number,  and four email addresses. It also seeks

information regarding Rikki Cornelisse,  the non-party Camp attempted to recruit

to help Trainor. The Duces tecum also seeks information regarding Robson

Powers, Jennifer Holliday, and Brad Laporte. Camp    utilized the email

daneshfiles@yandex.com not only to stalk, harass, and defame Noshirvan. Camp

also utilized that email address to harass and intimidate Robson Powers (Ex. A),

Jennifer Holliday (Ex. D), and Brad LaPorte. See Ex. A and D; Dkt. 228, Ex 2; Dkt.

245, Ex. 2. Camp's communications to Robson, Holliday and LaPorte were either

direct or implied threats to scare or intimidate them.[3]  And in certain instances,

likely in violation of the following: §18 U.S.C. 1512(a)(2), §18 U.S.C. 2261A, §18

U.S.C. 119, 18 U.S.C. 875, §914.22, Fla. Stat., §836.05, Fla. Stat., §784.048, Fla. Stat.,

§817.568, Fla. Stat., and §836.11, Fla. Stat. Camp also engaged in  interstate racial

hate crimes, including the conspiracy to stalk and harass Noshirvan (among

others).  The list goes on. However, what has been stated is  sufficient to disallow

any privilege for "apply to communications made in furtherance" thereof.

Trainor's knowledge of Camp's actions directly relating to this case, its witnesses,

and the conspiracy as a whole.[4]

---

[3] Andrea Hall, Esq. is known to be Camp's attorney working out of Loveland, Colorado. Of
note, John Doe and John Doe 2 in Dkts. 282 and 284 are simply Jospeh A. Camp's alter egos.
Camp contacted the undersigned's office when Google provided him with notice of the
Subpoena. Camp Self-identified, asked for a copy of the Subpoena, and threated to "put a bullet
in [the undersigned's] head." (likely also illegal).
[4] Trainor attempts to imply that he is in possession of Jennifer Holliday's employee file owned by Garramone
Plastic Surgery. But that is not listed in his privilege log, and Noshirvan's "duces tecum" does not request any
employee files from Garramone Plastic Surgery.

### f.  All of the areas of inquiry relate  allegations in Second Amended Complaint

Trainor has consistently claimed that Camp's unspecified email addresses and social accounts were hacked. So much so, it is the topic of a pending motion for sanctions. See Dkt. 266. This Court has already held that Camp's actions while utilizing social media and email is relevant to this case. Trainor attempts to hide behind the principle of judicial estoppel to hide the glaring fact that he not only did not perform the required due diligence before making frivolous assertions, but that he (in his own words), "is not an IT expert." Thus, implying that he has no evidence to support his argument and failed to do is due diligence before asserting the argument.

Judicial estoppel precludes a party from assuming a position in a legal proceeding inconsistent with one previously asserted when inconsistency would allow the party to "play fast and loose with the courts." *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 419 (3rd Cir.1988), cert. denied, 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532; *see McKinnon v. Blue Cross & Blue Shield of Alabama*, 935 F.2d 1187, 1192 (11th Cir.1991). The applicability of the doctrine of judicial estoppel therefore requires a determination that (1) the positions asserted are in fact inconsistent, and (2) the inconsistency would allow a party to benefit from deliberate manipulation of the courts. the courts." *Ryan Operations, G.P. v. Santiam–Midwest Lumber Co.*, 81 F.3d 355, 360 (3rd Cir.1996).

Trainor has neither made a showing that Noshirvan's position are inconsistent (they are not), nor has Trainor shown any party benefited from any "deliberate manipulation" or "inconsistency." Because Trainor failed to support both prongs, his argument is meritless. However, Noshirvan is entitled to obtain a statement from Trainor that he has no credible evidence to put on a trial regarding these alleged hackings of Camp's social media and email accounts. Noshirvan is also entitled to inquiry as to which accounts Trainor has been referring to for the last year, as he never specifically stated an account. Trainor wants Noshirvan to chase clouds, which can vanish in thin air. But Florida law requires that Trainor present proof of his claims at deposition if they exist.

### g. Trainor's Bar Cards is relevant

If Trainor is only licensed in New Jersey, then it begs the question: why would he advertise in Mansfield, Pennsylvania? Surely, Trainor is not spending money to advertise for referral fees. That is nonsensical. So, what is the reason? Put simply, Noshirvan needs to know where Trainor is/was licensed in the calendar year 2022.

### h. Location of the deposition

Noshirvan is not constrained by Rule 45 to depose Trainor in New Jersey. Trainor is named party defendant. Notice was timely provided. Trainor is not being depose as a corporate representative, despite his erroneous citation to Rule

30(b)(6). See Mot. at p. 4. Trainor's deposition as an individual defendant, was properly noticed pursuant to Rule 30.

"A party has a general right to compel any person to appear at a deposition, through issuance of a subpoena if necessary." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002) (citing Fed. R. Civ. P. 30(a) ). More specifically, "each party to a civil lawsuit has the right to take depositions of the other party, absent a protective order entered by the trial judge." *Colonial Times, Inc. v. Gasch*, 509 F.2d 517, 521 (D.C. Cir. 1975); *see Jules Jordan Video, Inc. v. 144942 Can. Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010) (observing that "under Rule 30 any person's testimony may be taken by deposition"); *Nat'l Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595, 599 (3d Cir. 1980) ("The Federal Rules of Civil Procedure specifically give a party the right to question a witness by oral deposition."). The right to take depositions is a "broad" one because depositions are such an important tool of discovery. See *Credit Lyonnais, S.A. v. SGC Intern., Inc.*, 160 F.3d 428, 429 (8th Cir. 1998).

Rule 30(b)(1) states: "A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition ...." Fed. R. Civ. P. 30(b)(1). Thus, to initiate a deposition of an opposing party, the deposing party must first notice the deposition by serving the notice on the opposing party. *See Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018) ("The only requirement is that the

party be 'served with proper notice' of the deposition beforehand."). "If a person is a party, a simple notice of deposition is sufficient to compel attendance ...." *Jules Jordan Video, Inc.*, 617 F.3d at 1158; *Peitzman v. City of Illmo*, 141 F.2d 956, 960 (8th Cir. 1944) ("Service of the notice upon the attorney for defendants was all that was required to make it incumbent upon the parties to appear."); *Collins v. Wayland*, 139 F.2d 677, 678 (9th Cir. 1944) ("The notice for taking appellant's deposition was a proper notice and was properly served. It is immaterial, if true, that no subpoena was served on appellant, for he was a party, and therefore no subpoena was necessary."). To be efficacious, however, the notice must be "reasonable" and must inform the opposing party of the date, time, and location of the deposition with sufficient time for compliance. *See Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 173 (2014) (holding that a deposition notice was unreasonable when it was provided only five days before the deposition); *Mims v. Cent. Mfrs. Mut. Ins. Co.*, 178 F.2d 56, 59 (5th Cir. 1949) (holding that deposition notices were unreasonable when they called "the taking of depositions of numerous witnesses on the same date, in scattered localities across the continent").

Trainor makes no argument that the location of Fort Myers is unreasonable. Obviously because even under Rule 45, Trainor has been transacting business or performing legal duties in both 2:23-cv-0340 and 2:23-cv-1218. In any event, Trainor will already be in Florida on April 10th for an in person hearing. There is

burden or prejudice to request Trainor to stay in Fort Myers for an extra day. And
Trainor certainly does not argue otherwise.

### i. Trainor failed to make a particular and specific demonstration of fact to support his alleged need for a protective order.

Fed. R. Civ. P. 26(c) permits a court to enter a protective order "for good
cause." The party seeking a protective order must make "a particular and specific
demonstration of fact as distinguished from stereotyped and conclusory
statements" supporting the need for a protective order. *United States v. Garrett*, 571
F.2d 1323, 1326 n.3 (5th Cir. 1978); *Auto-Owners Ins. Co. v. Southeast Floating Docks,
Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005). To demonstrate good cause, the
moving party must show specific injury – broad allegations of harm without
specific examples or articulated reasoning will not satisfy the Rule 26(c) standard.
*Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008). "Good
cause" is hard to define but "generally signifies a sound basis or legitimate need
to take judicial action" after balancing the interests involved. *In re Alexander Grant
& Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987).

Trainor has not made a particular and specific demonstration of fact as
distinguished from stereotyped and conclusory statements" supporting the need
for a protective order. Trainor neglects to state that a protective order is already in
place. And instead, cites *Kristoff-Rampata v. Publix Super Markets, Inc.*, No. 3:15-CV-
1324-J-20PDB, 2016 WL 11431488, at *2 (M.D. Fla. Sept. 9, 2016), which stands for

the proposition protective orders may be appropriate in certain situations. The
case is irrelevant to Trainor's argument at bar.

Furthermore, Trainor's overbroad and unduly burdensome objections, fails
to offer any specific argument as to why this request would impose an undue
burden on the non-party. Trainor merely offers the conclusory remark that the
request is unduly burdensome and harassing. *Libaire v. Kaplan*, 760 F. Supp. 2d 288,
295 (E.D.N.Y. 2011); see, e.g., *In re Grand Jury Subpoena Served Upon John Doe*, 781
F.2d 238, 247 (2d Cir.1986) (en banc ) ("We consistently have held that, absent
special circumstances, client identity and fee information are not privileged.");
*Bank Hapoalim, B.M. v. American Home Assurance Co.*, No. 92 Civ. 3561, 1993 WL
37506, at *5 (S.D.N.Y. Feb. 8, 1993) ("Documents regarding payment of fees, billing
and time expended are generally subject to discovery."); *Duttle v. Bandler & Kass*,
127 F.R.D. 46, 52 (S.D.N.Y.1989) ( "Attorneys' bills and communications regarding
retainer agreements are not privileged."); *In re Nassau County Grand Jury Subpoena
Duces Tecum Dated June 24, 2003*, 4 N.Y.3d 665, 679, 797 N.Y.S.2d 790, 830 N.E.2d
1118 (2005) (affirming denial of motion to quash subpoena that sought production
of, inter alia, law firms' financial records, including general ledgers, check
registers, "documentation of monies paid and received, check stubs, cancelled
checks, and bank statements").

### j. Trainor's cited cases are inapposite

Trainor cites to *SCCI, Inc. v. Russell*, No. 5:20-CV-348-OC-30PRL, 2021 WL 616050, at *1 (M.D. Fla. Feb. 17, 2021), for the proposition that a request to depose an attorney shifts a certain burden to the party requesting the deposition. However, in SCCI or the other cases cited by Trainor, there is no indication that the attorney who was sought to be deposed as also a <u>defendant.</u> Trainor (as an individual) is a defendant in this case. As previously stated, Trainor's disqualification as attorney of record is appropriate and mandated by the Florida Rules of Professional  Conduct. See 4-3.7 Rules Reg. Fla. Bar. And the fact that Trainor has not voluntarily withdrawn as counsel is appalling.

### k.  Sanctions are justified for Trainor's last-minute attempt to delay a properly scheduled deposition

Federal Rule of Civil Procedure 30(d)(2), provides that "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Federal Rule of Civil Procedure 30(d)(3)(C) allows an award of expenses under Rule 37(a)(5) applies to the award of expenses. Rule 26(c)(1) requires a good faith certification and Rule 26(c)(3) allows an award of expenses under Rule 37(a)(5). Here there is no justification to disallow an award of expenses in Noshirvan's favor.

Nicholas A. Chiappetta, Esq.
**Chiappetta Trial Lawyers**
Attorneys for Mr. Noshirvan

2101 Vista Parkway, Suite 258
West Palm Beach, Florida 33411
Direct: (561) 768-4500
Fax:    (561) 768-4600
service@chiappettalegal.com
nick@chiappettalegal.com
www.chiappettalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on April  07, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
**Law Office of Patrick Trainor, Esq., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for all Defendants*
*except Garramone Plastic Surgery,*
*Jennifer Couture, Dr. Ralph Garramone,*
*and OMG Realty, LLC*

Harvey W. Gurland, Jr., Esq.
Florida Bar No. 284033
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Anoosheh Shaikh, Esq.
Florida Bar No. 1039830
**DUANE MORRIS LLP**
201 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Tel: 561.962.2108
HWGurland@duanemorris.com
JJFannin@duanemorris.com
AShaikh@duanemorris.com

PNMendoza@duanemorris.com
JMagarin@duanemorris.com
Attorneys for Garramone Plastic Surgery

Aaron Alfano, Esq.
Florida Bar No. 0083909
Brian P. Henry, Esq.
Florida Bar No. 0089069
Rolfes Henry Co., L.P.A.
5415 87th Street East
Bradenton, FL 34211
T: (941) 684-0100
F: (941) 684-0109
E: aalfano@rolfeshenry.com
E: sburns@rolfeshenry.com
E: bhenry@rolfeshenry.com
E: kmcclintock@rolfeshenry.com
Attorneys for Defendants
Jennifer Couture, Ralph Garramone, MD,
OMG Realty, LLC, and Wraith, LLC


                                    _/s/ Nicholas A. Chiappetta_
                                    Nicholas A. Chiappetta