UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

Danesh Noshirvan

v.                                                                                                        2:23-cv-01218

Jennifer Couture, et al

## NOTICE TO THE COURT THAT JOSEPH A. CAMP IS NOT "JOHN DOE" AND REQUEST FOR SANCTIONS PURSUANT TO [APPLICABLE RULE, e.g., FRCP 11(c)]

**COMES NOW** Movant, proceeding *pro se* as **John Doe / Jane Roe**, and respectfully states as follows:

## I. INTRODUCTION

Joseph A. Camp is improperly and baselessly identified or associated with the fictitious Movant John Doe 2 (Movant) in the above-captioned matter. No evidence has been submitted to the Court to justify this identification (See docket 287 at footnote 1 "*Of note, John Doe and John Doe 2 in Dkts. 282 and 284 are simply Joseph A. Camp's alter egos.*", nor has any foundation been laid to support the assertion that Mr. Camp and "John Doe 2" are the same person. Such statements are not only legally unsupported but also recklessly defamatory and prejudicial.

## II. BACKGROUND

On **April 7, 2025**, in the filing titled **"Plaintiff Danesh Noshirvan's Response in Opposition to Trainor's Time-Sensitive Motion Pursuant to Rule 26(C) for entry of a protective order to vacate Danesh Noshirvan's notice of videotaped deposition and document demands"**, Plaintiff's counsel improperly asserted or implied as a matter of fact that **Joseph A. Camp is the individual referenced as 'John Doe 2'** in this litigation.

This assertion was made without **any admissible evidence**, sworn declaration, or competent basis—**in direct violation of Rule 11(b)(3)** of the Federal Rules of Civil Procedure. Such a statement is not only false, but was presented to the Court as if it were an undisputed fact, with the potential to irreparably harm.

The April 7th, 2025 Opposition filing makes false factual allegations identifying **Mr. Joseph A. Camp,** also a non-party to this action, under the fictitious name "John Doe 2."

At no point has Plaintiff provided:

- A declaration under oath identifying the basis for this claim;
- Documentary or testimonial evidence linking Mr. Camp to the alias "John Doe 2"; or
- Any motion or stipulation properly adding Mr. Camp to this action under that pseudonym.

To date, **Mr. Camp has not been served**, nor lawfully named as a party, and no legal or factual foundation has been established for the use of his name in association with "John Doe 2."

John Doe 2 and John Doe 1 are not a party to this matter. Nor are they Joseph A. Camp, or any party to this matter. Nor are they in touch with any party to this matter. Doe 2 received an email from an anonymous email address informing that a subpoena was issued and that (apparently but unknown) the first Doe was filing a response and that Doe 2 should also file a response, to which Movant added additional information and filed the response.

### III. LEGAL STANDARD

Under **Federal Rule of Civil Procedure 11(b)** (or state equivalent), by presenting a filing to the Court, an attorney or unrepresented party certifies that:

(1) it is not being presented for any improper purpose;
(2) the claims, defenses, and legal contentions are warranted by existing law; and
(3) the factual contentions have evidentiary support.

Where a party makes statements of fact without evidence, and such statements are material and prejudicial, **Rule 11(c)** permits the Court to impose **appropriate sanctions**, including attorney's fees and costs.

### IV. ARGUMENT

There is no admissible evidence before this Court that identifies **Joseph A. Camp** as "John Doe 2." The improper attribution appears to be an attempt to prejudice the Court and chill Doe 2's rights to anonymous speech. The lack of evidentiary support violates **Rule 11(b)(3)** and constitutes **bad faith conduct** warranting sanctions.

Mr. Camp has consistently denied being "John Doe 2" and requests that the Court acknowledge that no lawful or factual basis has been established to link him to that pseudonym. It is improper to proceed under assumptions masquerading as fact in a court of law.



## V. REQUEST FOR RELIEF

Wherefore, Mr. Camp respectfully requests that the Court:

1. Recognize and acknowledge on the record that Joseph A. Camp is not "John Doe 2."

2. Strike any reference to Mr. Camp as "John Doe 2" unless and until supported by competent evidence.

3. Impose sanctions under Rule 11 (or applicable state rule) against the party or attorney who made this unsupported claim, including but not limited to an additional $100,000.00 for continued violations of the Federal Civil Rules and any other relief this Court deems appropriate.

DATED this 8th day of April, 2025.

Respectfully submitted,

*JOHN DOE 2 / JANE ROE 2*