IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN
an individual,

    Plaintiff,

vs.

JENNIFER COUTURE, Et'al,

    Defendant(s).
_____/

CASE NO:
2:23-cv-01218-JES-NPM

**PLAINTIFF DANESH NOSHIRVAN'S RESPONSE IN OPPOSITION TO NON-PARTY JOSEPH A. CAMP'S A/K/A JOHN DOE AND JOHN DOE 2 MOTION TO QUASH SUBPOENA (Dkts 282 and 284), FOR SANCTIONS, AND OTHER MISCELLANEOUS RELIEF**

Plaintiff, Danesh Noshirvan ("**Noshirvan**"), files this Response in Opposition to nonparty, Joseph A. Camp ("Camp") called Motion To Quash Subpoena, and states:

**I.    Introduction**

Where there is smoke, there is usually fire. The saying holds true here. On March 25, 2025, Camp called the undersigned's office, self-identified, and confirmed that he received notice from Google, LLC d/b/a YouTube that his basic subscriber information was being sought in relation to this case. In typical Camp fashion, he threatened "***to put a bullet in [the undersigned's] head.***" Camp's use of not one but two aliases in two separate motions is nothing more than an attempt

to confuse this Court. In any event, this Court should order the Camp and his aliases to properly identify themselves and provide the required information — real name, physical and email address, and phone number to the Court.[1]

It is obvious that the person who wrote both motions (Dkts. 282 and 284) is intimately familiar with Camp's history, and domain and email ownership. Docket 284 motion appears to attempt to incite the Court by arguing the exact same rhetoric Patrick Trainor ("Trainor") utilized recently at an in-person hearing. See Dkt. 284, p. 4. Laughably, Camp in Docket 284, try's to argue that Noshirvan made threats to this Court (not true). Facially, the unauthenticated Substack.com post depicted in Docket 284 rebuts Camp's patently false assertion. *See id.*

Similar to Luthmann's Motion, Camp's two motions here, completely fail to provide evidentiary support for any proposition contained therein. In that same vein, it appears that Camp utilized AI to rattle off a list inapplicable grounds in his attempt to quash Noshirvan's subpoena.

The First Amendment does not protect private third-party misinformation specialists who publicize and disseminate  false and misleading, defamatory, or misinformation. Camp's antics go well beyond dissemination of misinformation under the guise of journalism or "IT help.

---

[1] Since the movant has access to Pacer and filed these motions, the Court should be able to identify the Movant unless someone is engaging in the unauthorized practice of law under the guise of being "pro se."

Camp harassed two witnesses —Jennifer Holliday ("**Holliday**") and Brad LaPorte ("**LaPorte**"). Camp's harassment and attempted intimidation of Holliday partially occurred in an email this Court was included in. See Dkt. 287, Ex. D. LaPorte filed a declaration explaining Camp's witness intimidation directed towards him and his family. See Dkt 228, Ex. 2 and 245, Ex. 2. Camp also harassed and intimidated Robson Powers (Noshirvan's prior counsel in 2:23-cv-0340) to withdraw. See Dkt. 266, ex. 1-17. Trainor admitted to having knowledge of Camp's interference with Noshirvan's prior counsel, Robson Powers. See Dkt. 287, Ex. A, Tra 252-263. Dr. Ralph Garramone ("**Garramone**"), Jennifer Couture ("**Couture**"), Ralph Garramone, M.D., P.A. d/b/a Garramone Plastic Surgery ("**GPS**") and Central Park of Southwest Florida, LLC ("**Central Park**") hired, paid, or housed Camp. See Dkt. 266, Ex. 1-17; see also Dkts168-70, Ex. 1-13. Camp's association with Defendants is well known. Further, Camp committed several acts alleged in the Second Amended Complaint utilizing the email address daneshfiles@yandex.com. See Dkt. 139, ¶64 ("@daneshfiles"). Camp's YouTube account created August 30, 2013, utilizes a domain that Camp admittingly owns: www.thatdaneshguy.com, and contains the email address: daneshfiles@yandex.com. Put simply, Noshirvan is entitled to discover or obtain written proof of ownership to show to a jury as it helps tie the conspiracy alleged in the Second Amended Complaint together.

## II. Statement of Relevant Facts ("SORF")

1. On August 30, 2013, Camp created a YouTube profile named: @josephcamp8732.[2] In the "description" of Camp's YouTube page, it states: "Currently: Documenting the civil and criminal conduct of Danesh Noshirvan and Hannah Noshirvan for the purposes of education, documentation, and community awareness." Camp's You Tube profile contains Camp's domain, which he self-admitted ownership: www.thatdaneshguy.com.[3] But most importantly, the "more info" section of Camp's YouTube page contains a contact email address: daneshfiles@yandex.com.[4] A true and correct copy of Camp's YouTube Page and Gab.com account are attached as **Exhibit A**.[5]

2. Camp utilized the domain www.thatdaneshguy.com and the email address: daneshfiles@yandex.com to commit several acts as alleged in the Second Amended Complaint. Couture also shamelessly promoted the domain www.thatdaneshguy.com and Trainor's self-admitted paid advertisements containing Noshirvan's likeness. See Dkt. 139, p. 48.

3. Camp has disseminated hundreds of defamatory emails,

---

[2] YouTube Page found at: https://www.youtube.com/@josephcamp8732/about?app=desktop
[3] Camp sent Trainor, Luthmann, and this Court a copy of his Epik registration for the domain www.thatdaneshguy.com, and Couture shamelessly promoted same.
[4] Camp also owns the domain: www.daneshfiles.com. See
https://www.whoxy.com/daneshfiles.com
[5] The Court see that the user (Camp) behind both profiles is also disturbingly obsessed with Aubrey Cottle.

intentionally and admittedly interfered with Noshirvan's business relationships, sough to deplatform Noshirvan, and sent hundreds of harassing, malicious, derogatory emails with the intent of inflicting severe emotional distress by way of orchestrating an elaborate scheme to "tak[e] down [Noshirvan], online and teach[] him a valuable lesson in matching vibes …until [Noshirvan] is a broken human skeleton" of the person" all while utilizing the following email address: daneshfiles@yandex.com, Noshirvan@yandex.com, and Joey@joeycamp2020.com.[6]

    4.    Because of aforementioned relevance, the undersigned drafted a subpoena on March 13, 2025, which served on Google, LLC d/b/a YouTube on March 21, 2025. A true and correct copy of the Subpoena is attached as **Exhibit B**. The duces tecum requires Google, LLC to produce "basic subscriber information "for Joseph A. Camp's [YouTube] profiles." Camp is expressly named multiple times in the duces tecum. His username and page link to the exact YouTube account is provided. Camp's phone number and email addresses are provided to help Google, LLC find YouTube accounts associated with known Camp owned email addresses.

    5.    On March 25, 2025, Camp called the undersigned's office,

---

[6] **N.B.** Camp has utilized other lesser-known accounts like @Tio2Edits and others in furtherance of the conspiracy.

self-identified, and confirmed that he received notice from Google, LLC d/b/a YouTube that his basic subscriber information was being sought in relation to this case. A true and accurate declaration of is attached as **Exhibit C**. In typical Camp fashion, he threated "to put a bullet in [the undersigned's] head." *Id.*

6. While drafting this Response, Camp went on a rampage and filed several "replies" in violation of the M.D. Local Rules. In docket entry 291, p. 3, Camp writes: "COMES NOW Movant, proceeding *pro se as John Doe / Jane Roe*, and respectfully states as follows:" … "Wherefore, *Mr. Camp* respectfully requests that the Court: 1. Recognize and acknowledge on the record that Joseph A. Camp is not "John Doe." This obvious admission by Camp clearly indicates that Camp cannot keep his story straight. See Dkt. 292 (same error as to John Doe 2).

7. Camp again, unwittingly authenticated his "@joeycamp2020" user profile at www.Gab.com and his email: TheReseacher2020@Yandex.com . See Dkts. 291,292, and 295.

8. Discovery is open and ongoing until April 25, 2025. See Dkt. 175.

III. Argument

    a. **Camp's a/k/a John Doe and John Doe 2 motion must be denied due to his failure to comply with Local rule 3.01(g)**

Both of Camp's Motions fail to comply with Local Rule 3.01(g), which requires that each motion filed with the Court contain a certificate indicating that

the moving party has conferred with opposing counsel prior to the filing of the motion in a good faith effort to resolve the issues raised by the motion. M.D. Fla. R. 3.01(g). The purpose of Rule 3.01(g) is for both parties to communicate with one another over the subject of the motion, either in person or by telephone. See *Howard v. Hartford Life & Accident Ins. Co.*, 275 F.R.D. 649 (M.D. Fla. Aug. 26, 2011) ("At least one magistrate judge in the Middle District of Florida has construed the mandates of [Local] Rule 3.01(g) to 'mean to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues.' ") (quoting *Davis v. Apfel*, No. 6:98-cv-657-orl-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000); see also Badger Auctioneers, Inc. v. Ali, 2016 WL 9383323, at *1, 2016 U.S. Dist. LEXIS 189659, at *3 (M.D. Fla. June 30, 2016).

The Local Rules apply equally to litigants who represent themselves. *See Stagl v. Gromicko*, No. 3:07-cv-967-J-32TEM, 2007 WL 4097759, at *1 (M.D. Fla. Nov. 16, 2007) ("[A] pro se litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the ... Local Rules of the Middle District of Florida") (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)); *see also Just Right Rentals, Inc. v. Blevins*, No. 6:15-cv-2150-orl-41TBS, 2016 WL 7406681, at *1 (M.D. Fla. Jan. 1, 2016) (stating that the fact that a party is proceeding pro se does not excuse the opposing party's counsel from complying with Local Rule 3.01(g)). Local Rule 3.01(g) is not merely aspirational. It is mandatory because it

utilizes the term "must." See Local Rule 3.01(g)(1)("the movant must confer with the opposing party in a good faith effort to resolve the motion.")

Camp in both motions (Dkts. 283 and 284), not only completely omits a certificate of conferral but actual states that Camp "has no intention of communicating with any party." In Dockets 289-294, Camp impermissibly commingles a motion with his "replies", fails to seek leave before filing the replies, fails to comply with the expressly written Rule 11 mandate and provide a 21-day safe harbor. This Court must strike all of Camp's improper "replies" at dockets 289-294. Camp has no standing to request the relief sought in Docket 295, and Camp failed to comply with Rule 11 mandate and provide a 21-day safe harbor and Local Rule 3.01(g), among other issues and defects

### b. Legal standard

Federal Rule of Civil Procedure 45 governs discovery of non-parties. The scope of allowable discovery under Rule 45 is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory comm's note (1970); Fed. R. Civ. P. 34(a)). Rule 26 permits discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to demonstrate good cause and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order. *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978); *Tillman v. C.R. Bard, Inc.*, 297 F.R.D. 660, 664 (M.D. Fla. 2014)(relying on declarations that accompany the motion); *Schwanke v. JB Med. Mgmt. Sols., Inc.*, No. 5:16-CV-597-OC-30PRL, 2017 WL 3034039, at *6 (M.D. Fla. July 18, 2017)(requiring a specific factual demonstration by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality); *E.E.O.C. v. DiMare Ruskin, Inc*, No. 2:11-CV-158-FTM-99, 2012 WL 12067868, at *3 (M.D. Fla. Feb. 15, 2012)(same); *citing Gulf Oil Company v. Bernard*, 452 U.S. 89, 102 n. 16, (1981)(same); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1315 (11th Cir. 2001)(same).

Rule 26 supplies the starting point for analyzing the merits of Camp's motions, it does not end the inquiry. Camp's lack of evidence ends that inquiry.

### c. Relevance, identification of Camp, and location

Contrary to Camp's contentions, discovery need not be limited to issues raised in the pleadings; this is true because of the limitations imposed by the practice of notice pleading embodied in the Federal Rules of Civil Procedure. See *Fin. Bldg. Consultants, Inc. v. Am. Druggists Ins. Co.*, 91 F.R.D. 59, 61 (N.D. Ga. 1981).

Camp and his social media accounts are highly relevant to this case. See SORF. Particularly, Camp YouTube account: @josephcamp8732. Furthermore, the information sought is narrowly tailored (not overbroad) to this unique situation and the duces tecum expressly names "Joseph A. Camp. See Ex. B; SORF. Additionally, the location of compliance is withing 100 miles for Google, LLC and can be accomplished by sending the requested information via email. See Ex. B.

### d. Camp has not established that "good cause" exists to quash Noshirvan's subpoena served on Google, LLC

Rule 26(c) permits a court upon motion of a party to make a protective order requiring "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed.R.Civ.P. 26(c)(G). The prerequisite is a showing of "good cause" made by the party seeking protection. *See id.* Federal courts have superimposed a balancing of

interests approach for Rule 26's good cause requirement. *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1547 (11th Cir.1985). This standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential. *Id.* The party seeking a protective order bears the burden of showing good cause for the order to issue. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 890 (E.D. Pa. 1981).

In order to establish good cause, it must be shown that disclosure will work a clearly defined and serious injury, *United States v. Lever Bros. Co.*, 193 F.Supp. 254 (S.D.N.Y.1961), cert. denied, 371 U.S. 932, 83 S.Ct. 310, 9 L.Ed.2d 272 (1962),43 and that the party resisting disclosure "will indeed be harmed by disclosure." *Johnson Foils, Inc. v. Huyck Corp.*, 61 F.R.D. 405, 409 (N.D.N.Y.1973); *Smart Communications Holding, Inc. v. Correct Sols., LLC*, 8:20-CV-1469-JLB-JSS, 2022 WL 1081564, at *2 (M.D. Fla. Apr. 11, 2022)(restating Rule26(c)'s standard). In order to show good cause, the injury which allegedly will result from disclosure must be shown with specificity, and conclusory statements to this effect are insufficient. *United States v. Hooker Chem. & Plastics Corp.*, 90 F.R.D. 421 (W.D.N.Y.1981); *Cipollone v. Liggett Group, Inc.*, 113 F.R.D. 86, 90 (D.N.J. 1986)(Rule 26(c), as made plain by the Third Circuit, requires more than broad allegations that release will harm their overall standing for a showing of good cause).

Camp's argument fails to substantiate a particularized and significant injury as required by Rule 26(c). Camp also fail to support his assertions with actual admissible evidence. Camp has not specifically alleged, or made a factual showing that anonymity is required or that the information sought is protected by the First Amendment (it is not). Unadorned allegations are insufficient. Camp's concerns are simply an evasive attempt to cover up his part in the conspiracy as alleged in the Second Amended Complaint. Camp's conclusory statements about the potential perceived harm does not reach the threshold for "good cause" under the Rule 26. Camp's motions fails to establish that his rights will be so tangibly and substantially prejudiced that injustice will result unless the discovery sought in Noshirvan's subpoena is limited. Camp's motions must be denied.

### e. The First Amendment Does not protect tortious, defamatory, or libelous speech

When the First Amendment applies, the First Amendment's free-speech clause protects "an author's decision to remain anonymous." *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342, 115 S.Ct. 1511, 131 L.Ed.2d 426 (1995). That protection "is not unlimited," and competing interests, including a person's interest in protecting his reputation against falsehoods, can outweigh an anonymous speaker's free-speech rights. *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011); *see also In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp.*, 337 F.R.D. 639, 646 (N.D. Cal. 2020) (noting that the First

Amendment "does not protect tortious, defamatory, or libelous speech"). A proper balance is struck when there is "a real evidentiary basis" for believing that the defendant acted unlawfully and caused "real harm." *Highfields Cap. Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975 (N.D. Cal. 2005).

A sufficient showing exists on the docket to take the materials sought out of the purview of the First Amendments protections. Camp should not be allowed to hide his tortious conduct behind a social media profile.

### f. A pro se party is not entitled to court appointed counsel in a civil matter

As a general rule, there is no entitlement to appointed counsel in a civil case. *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel in certain cases is a privilege justified only by exceptional circumstances. *Id.*; *see also Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and where such appointment would alleviate security concerns and help sharpen issues).

Here, Camp failed to show exceptional circumstances exist to justify the appointment of counsel. *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). Camp has not shown that his status as a layperson prevents him from "presenting the essential merits of his ... position," which is the key consideration in determining

whether the appointment of counsel is justified. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). Similarly, Camp presents no evidence to support his arguments and has failed to state precisely and particularly any viable basis to warrant such relief. Contrary to Camp's assertions of "his lack of ability," Camp also threatens to appeal a denial of his motion. Statements in Camp motion indicate that he is sufficiently capable of representing himself.

Furthermore, a party is not entitled to extra leeway or consideration just because the party is not represented by a lawyer. *Fotse v. Angel Oak Prime Bridge, LLC*, No. 119CV05820ODEAJB, 2020 WL 9936688, at *4 (N.D. Ga. Feb. 27, 2020). Neither the Court nor its staff should provide assistance to a party due to that party's pro se status. See *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 Fed. Appx. 274, 276 (11th Cir. 2008) (noting that a court is not to act as counsel for a pro se party); *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)('Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party....").

### g. A pro se party is not entitled to an award of attorney's fees, and Luthmann does not claim that he incurred costs

Whether based upon the Court's inherent authority, statutory rule, or otherwise, "[i]t goes without saying that non-attorneys proceeding *pro se* are not entitled to an award of attorney's fees." *See Kay v. Ehrler*, 499 U.S. 432, 435, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991) ("[A] pro se litigant who is not a lawyer is not entitled

to attorney's fees."); *Lee v. Animal Aid, Inc.*, 388 So. 3d 25, 31 (Fla. 4th DCA 2024)(denying attorney's fees to pro se party); *DeBose v. Univ. of S. Fla. Bd. of Tr.*, No. 8:15-cv-2787, 2018 WL 8919870, at *1 (M.D. Fla. Oct. 19, 2018)("[A] pro se plaintiff, … cannot recover attorney's fees for representing herself."); *Massengale v. Ray*, 267 F. 3d 1298, 1302-03 (11th Cir. 2001) ("Because a party proceeding pro se cannot have incurred attorney's fees as an expense, a district court cannot order a violating party to pay a pro se litigant a reasonable attorney's fee as part of a sanction."); *City of Riviera Beach v. Lozman*, 672 Fed. Appx. 892, 899 (11th Cir. 2016) ("[A]ttorneys' fees are not available to pro se parties even if a counseled party would be awarded them as a matter of right."); *U.S. v. Evans*, 561 Fed. Appx. 877, 880 (11th Cir. 2014) ("[P]ro se litigants are entitled to an award of attorney fees only to the extent that the 'services of an attorney were utilized and fees incurred.'"); *Torres v. Miami-Dade Cnty.*, No. 15-24013-CIV, 2019 WL 1281213, at * 3 (S.D. Fla. Mar. 20, 2019) ("Plaintiff's request for attorney's fees ... is denied as he is a pro se, non-lawyer, litigant not entitled to such fees."); *DeBose v. Univ. of S. Fla. Bd. of Tr.*, No. 8:15-cv-2787, 2018 WL 8919870, at *1 (M.D. Fla. Oct. 19, 2018) ("[A] pro se plaintiff, as a matter of law, cannot recover attorney's fees for representing herself.").

  Here, Camp represents himself. He has not claimed that he incurred any

legal costs or expenses and is not eligible to receive sanctions under Fed. R. Civ. P. 37. *See Rosenblum v. Blackstone*, 2020 WL 8515207, at *2 (C.D. Cal., Feb. 28, 2020) ("a pro se prisoner, cannot obtain monetary sanctions under Rule 37(b)," and has not demonstrated he incurred costs") (citing *Brown v. Stroud*, 2012 WL 2709058, at *7 (N.D. Cal. July 6, 2012) (same)); *Pickholtz v. Rainbow Technologies, Inc.*, 284 F.3d 1365, 1375-76 (Fed. Cir. 2002) ("Rule 37 does not empower the district court to award attorney fees to a pro se [party]"); *Bird v. Mayhew*, 2016 WL 374555, at *7 (E.D. Cal. Feb. 1, 2016) (same).

Rule 45(d)(1) provides that a court must impose "appropriate sanction[s]" for parties who fail to "take reasonable steps to avoid imposing undue burden or expense on *a person subject to* a subpoena." Fed. R. Civ. P. 45(d)(1). This "may include lost earnings and reasonable attorneys' fees." Fed. R. Civ. P. 45(d)(1). To take advantage of this provision, however, the petitioner must show that he is "a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). But Rule 45(d)(3) — the section under which the petitioner has moved to quash — makes a distinction between a person "subject to" a subpoena and a person "affected by" a subpoena. Fed. R. Civ. P. 45(d)(3). Under a natural reading of this language, Camp is "affected by" the subpoena, and Google, LLC d/b/a You Tube is "subject to" the subpoena. Because Rule 45(d)(1) does not allow attorney's fees for those "affected by" a subpoena, the court must only permit an award of attorney's fees only to a

person that is "subject to" a subpoena. Because Camp is not the recipient of the subpoena and thus is not "subject to" the subpoena, his request for attorney's fees under Rule 45(d)(1) should be denied. *Id.*

Furthermore, Camp has not shown with evidence that an 'undue' burden was imposed. Additionally, only a district court where compliance is required has authority to impose a sanction under Rule 45(d)(1). Fed. R. Civ. P. 45(d)(1). In order for sanctions to be imposed, the court must find that the subpoena was issued in bad faith for an improper purpose. Rule 45(d)(1) is discretionary. Put simply, Camp's request for "sanctions" must be denied. Camp has provided no evidentiary support for a bad faith claim.

## IV. Conclusion

Noshirvan requests that this Court deny Camp's motions (Dkts. 283 and 284) entirely, strike Camp's replies located at dockets 289-294, Camp's motions and replies violate multiple rules of procedure and Local Rules, sanctions are not available to Camp as pro se party, and the Court lacks jurisdiction beyond Rule 26(c). This Court must deny Camp's motion entirely and should award Noshirvan Rule 37(b) sanctions.


        Respectfully Submitted,

        Nicholas A. Chiappetta, Esq.
**Chiappetta Trial Lawyers**
Attorneys for Mr. Noshirvan
2101 Vista Parkway, Suite 258
West Palm Beach, Florida 33411
Direct: (561) 768-4500
Fax:    (561) 768-4600
service@chiappettalegal.com
nick@chiappettalegal.com
www.chiappettalegal.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 08, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
**Law Office of Patrick Trainor, Esq., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for all Defendants*
*except Garramone Plastic Surgery,*
*Jennifer Couture, Dr. Ralph Garramone,*
*and OMG Realty, LLC*

Harvey W. Gurland, Jr., Esq.
Florida Bar No. 284033
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Anoosheh Shaikh, Esq.
Florida Bar No. 1039830
**DUANE MORRIS LLP**
201 South Biscayne Boulevard
Suite 3400

Miami, FL 33131
Tel: 561.962.2108
HWGurland@duanemorris.com
JJFannin@duanemorris.com
AShaikh@duanemorris.com
PNMendoza@duanemorris.com
JMagarin@duanemorris.com
Attorneys for Garramone Plastic Surgery

Aaron Alfano, Esq.
Florida Bar No. 0083909
Brian P. Henry, Esq.
Florida Bar No. 0089069
Rolfes Henry Co., L.P.A.
5415 87th Street East
Bradenton, FL 34211
T: (941) 684-0100
F: (941) 684-0109
E: aalfano@rolfeshenry.com
E: sburns@rolfeshenry.com
E: bhenry@rolfeshenry.com
E: kmcclintock@rolfeshenry.com
Attorneys for Defendants
Jennifer Couture, Ralph Garramone, MD,
OMG Realty, LLC, and Wraith, LLC

Joseph A. Camp
720.454.5240
Joey@joeycamp.com
Noshirvan@yandex.com
josephacamp@yandex.com
campjosepha@gmail.com
daneshfiles@yandex.com
jac13750@ucmo.edu
anamericanhostage@facebook.com
@josephcamp8732
***(Self-admitted see Dkts 291 and 292)***

                                              */s/ Nicholas A. Chiappetta*
                                              Nicholas A. Chiappetta