UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

Danesh Noshirvan,}

v.                                                                                        2:23-cv-01218

Jennifer Couture, et al

JOHN DOE 5'S NOTICE OF MOTION AND MOTION TO HOLD VICKI MODAFFARI IN CONTEMPT FOR PERJURY AND FOR SANCTIONS AGAINST PLAINTIFF FOR FALSE IDENTIFICATION OF JOSEPH A. CAMP

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that **John Doe 5, who spoofed the phone number 720-454-5240 and who is NOT Joseph A. Camp,** hereby moves this Court for an Order (1) holding **Vicki Modaffari in contempt** for perjured affidavit given under oath; and (2) imposing **sanctions** on **Plaintiff Danesh Noshirvan** and his attorney for his ongoing, intentional misidentification of **Joseph A. Camp as "John Doe", "John Doe 2" and now John Doe 5,** without evidence or lawful basis.

This Motion is brought pursuant to the Court's inherent authority to sanction bad-faith conduct and to address perjury, as well as under **Federal Rule of Civil Procedure 11(c)** and **18 U.S.C. § 401**.

## I. INTRODUCTION

Plaintiff Danesh Noshirvan has perpetuated a falsehood that **Joseph A. Camp is John Doe**, John Doe 2 and now the current John Doe 5, accusations with **zero evidentiary support**. This baseless claim was recklessly repeated in Plaintiff's opposition brief filed on **April 7, 2025**, and further compounded by **perjured testimony from Plaintiff's witness, Vicki Modaffari** provided via sworn affidavit on April 8th, 2025.

As of the date of this filing, no affidavit, declaration, or verifiable record links Joseph A. Camp to any acts allegedly committed by "John Does" in this case -mere speculation without evidence. Nonetheless, Plaintiff and his agents continue to state and rely on this lie, to the detriment of both Mr. Camp and the interests of justice.

## II. STATEMENT OF FACTS

1. **On April 7, 2025**, Plaintiff submitted a filing identifying Joseph A. Camp as "John Doe" without evidence, in direct violation of Rule 11(b)(3).

2. Plaintiff has never filed a motion or submitted any declaration verifying the identity of "John Doe and John Doe 2" as Joseph A. Camp. Nor the identity of John Doe 5

3. **Vicki Modaffari**, under oath, offered sworn statements asserting Joseph A. Camp's identity as "John Doe 5" statements that are demonstrably **false**, made **knowingly**, and **without personal knowledge or corroborating evidence**. Her entire basis of this accusation is that she is familiar with Joseph A. Camp's "voice".

4. **As John Doe 5, the calling party, I can attest that I used voice spoofing AI software to pretend to be Joseph A. Camp and I also used regularly and publicly available phone number spoofing software to pretend to be Joseph A. Camp.**

5. By submitting the false statements Vickie's conduct constitutes **perjury** under **18 U.S.C. § 1621** and is further sanctionable under **18 U.S.C. § 401(3)** for obstruction of court proceedings via false testimony.

---

## III. LEGAL STANDARD

### A. Contempt and Perjury

A federal court may hold a person in **contempt** under **18 U.S.C. § 401** for "[misbehavior]…in its presence or so near thereto as to obstruct the administration of justice." Knowingly giving **false testimony under oath** is contemptuous and may also rise to the level of **criminal perjury** under **18 U.S.C. § 1621**.

### B. Sanctions under Rule 11(c)

As described above, **Rule 11(c)** permits sanctions against a party or attorney who presents false factual contentions without evidentiary support. Repeatedly naming a non-party (Mr. Camp) as "John Doe 5" (the calling party) without basis falls squarely within this provision.

---

## IV. ARGUMENT

Plaintiff has acted in **bad faith** by attempting to force a private citizen, Joseph A. Camp, into this action through **fraudulent misrepresentation** and by relying on **false testimony** from Vicki Modaffari. Their actions are not simply negligent — they are **intentional**, **malicious**, and **obstructive**.

The perjury by Vicki Modaffari undermines the integrity of these proceedings. Plaintiff's repetition of this false identity—after being put on notice of its inaccuracy—is a deliberate abuse of judicial process warranting immediate correction and sanction.

## V. RELIEF REQUESTED

**WHEREFORE**, **John Doe 5** respectfully requests that this Honorable Court:

1. **Hold Vicki Modaffari in contempt** of court for providing knowingly false testimony under oath;

2. **Refer the matter to the U.S. Attorney** for investigation under 18 U.S.C. § 1621, or issue an order to show cause;

3. **Sanction Plaintiff Danesh Noshirvan and/or his attorney** under **FRCP 11(c)** for continuing to assert that Joseph A. Camp is "John Doe 5" without evidentiary basis;

4. **Strike from the record** any filings that identify Mr. Camp as "John Doe 5" without proper motion or evidence;

5. Award any other relief this Court deems appropriate, including attorney's fees, costs, or monetary fines.

April 8th, 2025.

Respectfully submitted,

*John Doe 5*