<u>UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA</u>

<u>Danesh Noshirvan,}</u>

<u>v.</u>                                                                                                          2:23-cv-01218

<u>Jennifer Couture, et al</u>

JOHN DOEs 1 and 2 Combined NOTICE TO THE COURT THAT NICK CHIAPPETTA CONTINUES TO LIE TO THE COURT

TO THE HONORABLE COURT:

John Does 1 and 2 respectfully submit this **Notice** to bring to the Court's attention what can only be described as a **pattern of deliberate falsehoods** and **strategic misdirection** by **Plaintiff's counsel, Nick Chiappetta**.

As the record will show, **Mr. Chiappetta has made a point of identifying and calling out typographical errors** — including in filings written by unrepresented parties or drafted with the assistance of generative tools like ChatGPT. Most recently, he fixated on an accidental reference to "Mr. Camp" in a conclusion paragraph of a motion that made no other mistaken mention of Joseph A. Camp — as if such a slip were evidence of identity, conspiracy, or guilt.

This sort of **microscopic obsession with minutiae** might be impressive if it weren't so selectively applied.

---

### I. MR. CHIAPPETTA DOESN'T MAKE "TYPOs," REMEMBER?

In his filings, Mr. Chiappetta appears to take the position that **he simply does not make typographical errors**. After all, someone who publicly and persistently points out others' harmless slips must surely produce only pristine and flawless filings.

And yet, the subpoena and accompanying documents submitted to Google — **authored and filed by Mr. Chiappetta himself** — contain numerous typographical errors, formatting problems, and structural defects.

This contradiction leaves us in a logical conundrum. Either:

1. Mr. Chiappetta **does** make typographical mistakes, in which case his entire campaign to weaponize others' minor typos is both disingenuous and hypocritical, **OR**

2. These were not mistakes at all — but rather **intentional distortions**, which would make his filings not merely flawed, but **fraudulent**.

Either way, the integrity of Mr. Chiappetta's representations to this Court deserves increased scrutiny.

## II. FALSE ASSOCIATION WITH "LUTHMANN"

Perhaps more troubling than his creative proofreading tactics is **Mr. Chiappetta's baseless attempt to now connect the undersigned Does to an individual named "Luthmann"**.

This connection is nowhere supported by any sworn affidavit, verified evidence, or even coherent theory. It simply **does not exist**.

No interaction.
No relationship.
No communication.
No shared legal representation.
No "smoking gun."
No nothing.

The only logical explanation for this brazen leap is either **malicious intent** or an apparent belief that throwing enough spaghetti at the wall might distract the Court long enough for Plaintiff's claims to survive.

We respectfully assert that **"spaghetti jurisprudence"** is not a recognized doctrine under the Federal Rules of Civil Procedure.

## III. CONCLUSION

John Does 1 and 2 respectfully ask the Court to take **judicial notice** that:

- Nick Chiappetta continues to submit false or unsupported factual contentions to the Court;
- His apparent immunity to making typographical errors is, in fact, fiction; and
- The connection between the John Does and an individual named Luthmann is wholly imaginary.

We further ask the Court to consider whether Mr. Chiappetta's repeated misconduct rises to the level of **sanctionable conduct under Rule 11(b)** and warrants a **formal warning, sanctions, or such relief as the Court deems proper** to restore balance and truth to these proceedings.

3 of 3 luth

LC, No. 119CV05820ODEAJB, 2020 WL 9936688, at *4 (N.D. Ga. Feb. 27, 2020). Neither the Court nor its staff should provide assistance to a party due to that party's pro se status. See Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 Fed. Appx. 74, 276 (11th Cir. 2008) (noting that a court is not to act as counsel for a pro se party); GJR Investments, Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 998)("Yet even in the case of pro se litigants this leniency does not give a court cense to serve as de facto counsel for a party....").

**g. A pro se party is not entitled to an award of attorney's fees, and Luthmann does not claim that he incurred costs**

Whether based upon the Court's inherent authority, statutory rule, or therwise, "[i]t goes without saying that non-attorneys proceeding pro se are not ntitled to an award of attorney's fees." See Kay v. Ehrler, 499 U.S. 432, 435, 111 S.Ct. 435, 113 L.Ed.2d 486 (1991) ("[A] pro se litigant who is not a lawyer is not entitled

Page 14 of 19

se 2:23-cv-01218-JES-KCD Document 296 Filed 04/08/25 Page 15 of 19 PageID 6162

o attorney's fees."); Lee v. Animal Aid, Inc., 388 So. 3d 25, 31 (Fla. 4th DCA 024)(denying attorney's fees to pro se party); DeBose v. Univ. of S. Fla. Bd. of Tr., lo. 8:15-cv-2787, 2018 WL 8919870, at *1 (M.D. Fla. Oct. 19, 2018)("[A] pro se laintiff, ... cannot recover attorney's fees for representing herself."); Massengale v. lay, 267 F. 3d 1298, 1302-03 (11th Cir. 2001) ("Because a party proceeding pro se annot have incurred attorney's fees as an expense, a district court cannot order a iolating party to pay a pro se litigant a reasonable attorney's fee as part of a anction."); City of Riviera Beach v. Lozman, 672 Fed. Appx. 892, 899 (11th Cir. 2016) '[A]ttorneys' fees are not available to pro se parties even if a counseled party vould be awarded them as a matter of right."); U.S. v. Evans, 561 Fed. Appx. 877, 80 (11th Cir. 2014) ("[P]ro se litigants are entitled to an award of attorney fees

April 8th, 2025.

Respectfully submitted,

*John Doe 5*

*John Doe 4*

*John Doe 3*

*John Doe 2*

*John Doe 1*

*(As evidenced we are collectively James McGibney).*