UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

<u>Danesh Noshirvan,</u>

<u>v.</u>                                                                                                                          2:23-cv-01218

<u>Jennifer Couture, et al</u>

PRO SE BRIEF OF JOHN DOE 69

AS A PRIVATE, NON-PARTY INTERVENOR OBJECTING TO PLAINTIFF'S ABUSE OF PROCESS, ATTEMPT TO LITIGATE AGAINST UNNAMED AND UNJOINED INDIVIDUALS, AND CONSTITUTIONAL VIOLATIONS THROUGH WEAPONIZED PLEADING

**TO THE HONORABLE COURT:**

**COMES NOW** John Doe 69, a private individual appearing *pro se*, and not as a party to this action, nor as one of the fictitious "John Doe" defendants named therein. This brief is submitted in **formal objection** to the Plaintiff's continued abuse of process, which now spans multiple amended complaints, procedural manipulation, subpoenas and the prosecution of unnamed, unjoined, and unrepresented individuals.

The undersigned has been **digitally retained** through cryptocurrency (Bitcoin) by anonymous individuals referred to herein as "John Does," who remain entirely unserved, unnamed (not even pseudonymously), and wholly denied the opportunity to defend themselves in this Court.

**I. PLAINTIFF IS ATTEMPTING TO PROSECUTE UNNAMED PERSONS WHILE IMPLYING GUILT OF OTHERS IT REFUSES TO NAME**

The Plaintiff, now on its **Second Amended Complaint**, continues to assert serious accusations—defamatory in nature, quasi-criminal in implication—against unidentified persons "John Does," while simultaneously implying that individuals such as **Joseph A. Camp** are the true actors behind the scenes.

And yet: **Joseph A. Camp is not named as a defendant in this matter.** He is not one of the John Does. He has not been served, joined, or afforded any procedural standing within the case.

This intentional ambiguity is **not innocent**. It is strategic misconduct. Plaintiff seeks to have this Court accept the premise that unnamed persons committed actionable harm, while steering attention toward unjoined third parties without naming them in the caption—**thus depriving them of the ability to respond or defend themselves**.

This approach violates core tenets of American jurisprudence.

"Fundamental to due process is the right to be heard 'at a meaningful time and in a meaningful manner.'"
*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

"[T]he requirement of notice… is not satisfied when a party is left to guess whether they are a defendant or not."
See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Plaintiff cannot have it both ways. It cannot imply that Mr. Camp or others are culpable, while declining to name them in the caption, and simultaneously seeking court rulings affecting unidentified, unrepresented individuals.

This is **procedural cowardice**, not legal strategy.

## II. PLAINTIFF HAS NOW AMENDED TWICE—FURTHER AMENDMENT IS NOT THE SOLUTION

This case is already at its **Second Amended Complaint**. Plaintiff has had ample opportunity to correct these deficiencies, name its targets, and proceed according to Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. It has failed—**willfully**.

To now seek, or permit, further amendments would only **compound the abuse**. This litigation has already morphed into a procedural Hydra—each new complaint introducing vague parties, new insinuations, and shifting targets.

"Repeated amendments without resolution of core pleading defects may justify dismissal with prejudice."
See *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

No further amendments should be allowed. **Enough is enough.**

## III. THIS COURT CANNOT ISSUE ORDERS AGAINST UNNAMED, UNSERVED DEFENDANTS

Federal courts do not have personal jurisdiction over individuals who have not been served. Period. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Yet Plaintiff continues to seek—and in some instances, receive—rulings affecting those who are not properly before the Court.

This is a blatant violation of constitutional due process and renders any such orders **void**.

"A judgment rendered in the absence of jurisdiction over the person is void."
See *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 706 (1982).

## IV. PLAINTIFF'S TACTICS UNDERMINE JUDICIAL INTEGRITY AND DEFAME NON-PARTIES

The attempt to litigate against "John Does" while **implicitly accusing identifiable individuals** (like Mr. Camp) without formally naming them, constitutes a **public defamation-by-proxy**, abusing the credibility of the Court to publish unsupported and unchallengeable narratives.

The Court must not allow this forum to be used as a **reputational hit job** against individuals who are not even parties to the case.

"Courts must not be instruments of defamation through unsubstantiated allegations filed for tactical purposes."
See *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 579 (N.D. Cal. 1999).

### V. THE UNDERSIGNED FILES THIS BRIEF ON BEHALF OF INDIVIDUALS WHO CANNOT APPEAR

The undersigned has been retained via cryptocurrency by individuals who believe they may be referenced as various alisas of Mr. Camp, without proof, in this action. Their identities remain unknown to the Court because the Plaintiff has deliberately withheld any identifying markers. Mr. Camp could not be reached for comment or participation and thus this pleading does not extend to Mr. Camp's defenses, offenses, or strategy -it is understood that Mr. Camp is not only outside the Court's jurisdiction via not being a named party, but also outside the jurisdiction of the United States for the entire duration of the matter at hand.

This filing is submitted under the doctrine that courts may accept filings from interested non-parties, amici, or informal advocates in extraordinary cases. See *In re Application of Chevron Corp.*, 709 F. Supp. 2d 283, 291 (S.D.N.Y. 2010); *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990).

### VI. CONCLUSION

This case is not about justice. It has become an exercise in innuendo, evasion, and weaponized litigation tactics by Plaintiff. The Plaintiff has made its intentions clear: to accuse others while shielding its targets from due process, service, and their right to respond, while engaging in even worse conduct.

This Court must not enable such tactics. The judiciary is not a platform for unchecked accusation. It is a forum of law, not theater.

### VII. RELIEF REQUESTED

In light of the above, John Doe 69 respectfully requests that the Court:

1. **Dismiss any claims asserted against unnamed John Does** for failure to identify, serve, or prosecute under Rules 4 and 10;

2. **Bar Plaintiff from continuing to imply that unjoined third parties (including but not limited to Joseph A. Camp) are involved**,

3. **Refuse any future motion for leave to amend**, given the Second Amended Complaint's continued failures;

4. **Strike from the record any allegations made against unnamed or unserved individuals**;

5. **Stay enforcement of Plaintiff's subpoena(s) issued to Google LLC** until this first impression issue has been heard through the Courts and any appeals;

6. **Issue a show cause order** directing Plaintiff to explain why sanctions should not be imposed for abuse of process and manipulation of the Court's authority to defame and accuse absent parties.

**Respectfully submitted,**

John Doe 69

**CERTIFICATE OF CONFERING WITH OPPOSING COUNSEL**

I, John Doe 69 hereby certify that in accordance with [relevant rule, e.g., Rule 3.01(g) that I have attempted to conferred with counsel for the opposing party in a good faith effort to resolve the issues raised in the attached motion without the necessity of court intervention.

Specifically, on April 8th 2025 I with VICKI MODAFFARI Paralegal for Counsel for Plaintiff, regarding the matters set forth in the above. Despite these efforts, the parties were unable to reach a resolution with Vicki Modaffari stating to me "*Listen you faggot, no-good, piece of shit mother fucking scumbag, we will find you and we will put a bullet in your head*" which Movant accepts as a non-participation by Plaintiff's legal counsel and potentially criminal conduct.

This certificate is submitted in compliance with the applicable rules requiring counsel (not parties or pro se parties) to confer before filing motions with the Court.

Respectfully,

*John Doe 69*