UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, an individual,

    Plaintiff,

v.                              Case No: 2:23-cv-1218-JES-KCD

JENNIFER COUTURE, an individual, RALPH GARRAMONE M.D., an individual, RALPH GARRAMONE M.D. P.A., CENTRAL PARK OF SOUTHWEST FLORIDA, LLC, WRAITH, LLC, SULLIVAN STREET INVESTMENTS, LLC, HAIRPIN TURN, LLC, OMG REALTY, LLC, R G WEIGHT MANAGEMENT, LLC, CENTRAL PARK SOUTH, LLC, BRANTLEE, LLC, LEGACY OF MARIE GARRAMONE, LLC, GARRAMONE MARKETING, INC., 5681 DIVISION LLC, THE LAW OFFICE OF PATRICK TRAINOR ESQ. LLC, PATRICK TRAINOR, an individual, and ANTI-DOXING LEAGUE INC.,

    Defendants.

_____

**ORDER**

This matter comes before the Court on review of the file, including the Motion for Rule 11 Sanctions Against Plaintiff's Counsel Nicholas Chiappetta ("Chiappetta") (Doc. #202) filed by Patrick Trainor ("Trainor"), as well as the Motion to Extend Expert Witness Disclosure Deadline and for Sanctions for Bad Faith

Litigation Tactics (Doc. #266) filed by Danesh Noshirvan ("Noshirvan" or "Plaintiff").

Trainor's Motion asserts that Chiappetta should be sanctioned under Rule 11 of the Federal Rules of Civil Procedure for filing a declaration from James McGibney ("McGibney"), (see Doc. #170-10),[1] which Chiappetta knew or should have known falsely asserted that Trainor conspired with non-party Joseph Camp ("Camp") to harass a process server and her company.

Plaintiff's Motion asserts various conduct by different parties should be sanctioned under the Court's inherent powers. It asserts that Trainor, Ralph Garramone, Jennifer Couture, and Ralph Garramone M.D. P.A. D/B/A Garramone Plastic Surgery should be sanctioned for various discovery abuses. It also asserts that Trainor should be sanctioned for fabricating false statements and making misrepresentations regarding McGibney, including the declaration at center of Trainor's Motion. (See Doc. #266, p. 22.) And lastly, it asserts that Defendants should be sanctioned for working in concert with non-parties Camp and Richard Luthmann to intimidate and harass Plaintiff's witnesses. Plaintiff asserts that one of his witnesses has already withdrawn because of the ongoing intimidation.

---

[1] Plaintiff labeled this exhibit as "Exhibit J." However, the exhibit appears on the Court's CM/ECF system as Exhibit 10. The Court will cite each exhibit herein by the numerical number assigned to it by the Court's CM/ECF system.

As the Eleventh Circuit recently summarized:

> Rule 11 sanctions are warranted "when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998). And courts have the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process." Chambers, 501 U.S. at 44–45, 111 S. Ct. at 2133. A court may exercise this power "to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017) (quotation marks omitted). This power is "unlock[ed]" only upon a finding of bad faith. Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998).

Johnson v. 27th Ave. Caraf, Inc., 9 F.4th 1300, 1314 (11th Cir. 2021).

The Court will conduct an in-person evidentiary hearing for the sanctions motions on May 19th, 2025 at 10:30 AM EST. No extensions will be granted. The Court will also establish, as detailed in a forthcoming separate order, a limited and strict discovery window regarding the witness intimidation and harassment allegations. The parties should be prepared, with evidence, to show what sanctions, if any, are or are not merited under Rule 11 or the Court's inherent powers.

Accordingly, it is now

**ORDERED:**

1. The Parties are hereby **ORDERED** to attend an **EVIDENTIARY HEARING** at **10:30 a.m.** on **Monday, May 19, 2025**, in **Courtroom**

**6A, 2110 First Street, Fort Myers, Florida 33901.** The undersigned will preside. No extensions or changes to the hearing date will be permitted.

2. An order setting discovery for the witness intimidation and harassment issue will be issued separately.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of April 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record