# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

**In Re: Petition of John Doe and John Doe 2**

**Relation Case:**

### United States District Court
### Middle District of Florida

**Danesh Noshirvan,**

                                                                                       **2:23-cv-01218**

**Jennifer Couture, et al**

## EMERGENCY PETITION FOR WRIT OF MANDAMUS

## AND MOTION TO STAY DISTRICT COURT'S ORDERS REGARDING DENIAL OF MOTIONS TO QUASH (Dkts. 282, 284)

## RELIEF SOUGHT

Petitioners John Doe and John Doe 2, by and through undersigned representative John Doe 69, respectfully petition this Court pursuant to 28 U.S.C. § 1651(a) and Federal Rule of Appellate Procedure 21 for a *writ of mandamus* compelling the United States District Court for the Middle District of Florida to:

1. Vacate its orders denying Petitioners' Motions to Quash (Docket Nos. 282 and 284);

2. Grant Petitioners' Motions to Quash, thereby preventing disclosure of their identifying information; and

3. Preserve Petitioners' anonymity, consistent with prevailing constitutional and common law standards, due process, and compelling privacy interests.

Petitioners further request an immediate stay of the District Court's orders pending resolution of this Petition.

**JURISDICTION**

This Court has jurisdiction to issue the requested writ under 28 U.S.C. § 1651(a), which authorizes courts of appeals to issue all writs necessary and appropriate in aid of their jurisdiction. The Eleventh Circuit may review interlocutory orders in exceptional circumstances where irreparable harm will result and no other adequate remedy exists.

Relief is appropriate when: (1) no other adequate means exist to attain the desired relief; (2) the right to the writ is clear and indisputable; and (3) the writ is appropriate under the circumstances. *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004).

**BACKGROUND**

1. Petitioners are non-party individuals who have acted anonymously to protect their privacy, safety, and constitutional rights, in accordance with well-established precedent permitting pseudonymous participation under appropriate circumstances (*Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981); *Roe v. Wade*, 410 U.S. 113 (1973)).

2. Petitioners filed Motions to Quash subpoenas sent to Google LLC / YouTube on March 13th, 2025 by Plaintiffs in the underlying action, that would compel disclosure of their personal identifying information (Dockets 282 and 284), asserting lack of relevance, overbreadth, chilling effects on speech, and constitutional privacy protections.

3. On [insert date], the District Court issued orders denying both Motions to Quash, thereby authorizing the imminent disclosure of Petitioners' identities and personal data.

4. If not stayed and reversed, these orders will cause irreparable harm, including the loss of anonymity, public exposure, potential retaliation, and chilling of First Amendment-protected expression.

5. The Plaintiff's filings and actions make clear that this case is not about legitimate discovery but rather an attempt to doxx, harass, and publicly expose critics, including Petitioners, using the judicial process as a weapon.

**GROUNDS FOR MANDAMUS**

**THE CASE INVOLVES ONGOING DOXXING—INCLUDING FEDERAL JUDGES**

Petitioners bring this application in an extraordinary case involving:

- Documented efforts by the Plaintiff to doxx perceived opponents,

- The targeting of federal judges, journalists, attorneys, and now non-party Petitioners through court filings,

- A pattern of abuse where Plaintiff uses litigation to gather, expose, or threaten exposure of personal information in retaliation for speech.

**THE FIRST AMENDMENT PROTECTS ANONYMOUS SPEECH**

- The right to anonymous speech is well established. The Supreme Court has repeatedly held that the First Amendment protects the right to speak anonymously.

- "Anonymous pamphlets, leaflets, brochures and even books have played an important role in the progress of mankind."
  — *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995)
- "The interest in anonymity is particularly strong in the context of online speech."
  — *Doe v. Harris*, 772 F.3d 563, 570 (9th Cir. 2014)
- "Identifying anonymous speakers raises First Amendment concerns and should be done cautiously and only upon showing of necessity."
  — *Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1093 (W.D. Wash. 2001)

## PETITIONERS FACE IRREPARABLE HARM

If the District Court's order is enforced:

- Petitioners will irreversibly lose their anonymity, chilling their constitutional speech rights;
- They risk real-world retaliation and harm from a Plaintiff with a record of using courts to expose, harass, and intimidate;
- The Plaintiff's litigation conduct indicates intentional misuse of discovery for doxxing purposes, not legitimate legal claims.

This Court has recognized that the forced disclosure of anonymous identities constitutes immediate and irreparable harm. *See Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (reversing dismissal for refusal to reveal identity, citing chilling effects).

## THE IDENTITY OF THE JOHN DOES IS NOT NEEDED

Crucially:

- The individual Plaintiff claims is behind the pseudonymous speech is not a named party in the underlying action.

- No damages or relief sought in the underlying case depends on the identity of the Petitioners.

- Therefore, Petitioners' identities are wholly immaterial to the adjudication of the issues in the instant matter.

This case is not a standard defamation case where identity is central to establishing liability. It is instead part of a broader effort to litigate as a pretext for public exposure and doxxing by Plaintiff.

## MANDAMUS IS APPROPRIATE UNDER THESE CIRCUMSTANCES

This Petition satisfies the requirements for mandamus under *Cheney*, supra, and related precedent:

1. No adequate remedy at law exists—an appeal after disclosure would be too late (*Doe v. Frank*, supra); If Petitioners' identities are disclosed, the harm is permanent and unreviewable on direct appeal, as anonymity, once lost, cannot be restored (*See Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992)).
2. Petitioners' right to anonymous speech is clear and indisputable;
3. The District Court failed to apply proper legal standards, including the balancing test required when constitutional rights are at stake (*See Stegall*, 653 F.2d at 185);
4. The case is extraordinary in nature, involving active doxxing of not only Petitioners, but federal judges and others.

All elements are met here.

## REQUEST FOR STAY PENDING REVIEW

Petitioners respectfully request that this Court issue an immediate stay of the District Court's orders denying their Motions to Quash (Dkts. 282 and 284), pending the resolution of this Petition. A stay is necessary to prevent the irreparable harm that would result from forced disclosure of Petitioners' identities—an injury that cannot be undone even if the Mandamus is ultimately granted.

To obtain a stay, Petitioners must show:

**1. A strong likelihood of success on the merits;**

As shown in the above, the District Court failed to apply controlling precedent requiring balancing of interests before compelling the unmasking of anonymous speakers. The lack of necessity, relevance, or compelling interest—especially given that Petitioners are not parties to the case, and the identity Plaintiff *believes* is behind the John Doe accounts is also *not a party*—makes the subpoenas constitutionally suspect.

**2. Irreparable harm in the absence of a stay;**

Courts have repeatedly recognized that forced disclosure of anonymous speakers' identities causes irreparable harm, particularly when the disclosure would chill First Amendment activity.

"Once a speaker's anonymity is lost, it cannot be recovered. The resulting chill to speech is immediate and irreversible."
— *Doe v. Reed*, 561 U.S. 186, 200 (2010) (Alito, J., concurring)

> "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."
> — *Elrod v. Burns*, 427 U.S. 347, 373 (1976)

> The Eleventh Circuit has recognized this principle in *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992), reversing the denial of anonymous participation due to the chilling effect and irreversible harm from forced identity disclosure.

### 3. That the balance of equities favors the movant;

Plaintiff faces no prejudice from a brief delay in enforcing the subpoena, especially because the identity of the Petitioners is irrelevant to the underlying case. Petitioners, by contrast, face grave and irreversible consequences, including retaliation, harassment, and public exposure.

Furthermore, this case has been pending for years and Plaintiff is only now, after discovery has closed, seeking the identity of John Does.

> "[W]here the harm to the moving party is great and the injury to the non-moving party is minimal or speculative, a stay is appropriate."
> — *Garcia-Mir v. Meese*, 781 F.2d at 1453

### 4. That a stay is in the public interest.

The First Amendment interest in preserving anonymous speech is not only private but public. Courts have recognized the societal importance of protecting anonymous discourse, especially where matters of public interest or government criticism are involved.

> "Anonymity is a shield from the tyranny of the majority."
> — *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 357 (1995)

> "Protecting anonymous speech promotes the free exchange of ideas, which lies at the heart of the First Amendment."
>
> — *Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1093 (W.D. Wash. 2001)

The public has an interest in ensuring that the courts are not misused as instruments of retaliation or exposure, especially in cases where doxxing is being alleged.

*See Nken v. Holder*, 556 U.S. 418, 434 (2009); *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).

Petitioners respectfully request a temporary administrative stay followed by a full stay of the District Court's enforcement of its denial orders (Dockets 282 and 284) until this Court rules on the merits of the Writ Petition. Because disclosure of Petitioners' identities would cause irreparable harm, chill protected speech, and subvert the very purpose of First Amendment anonymity, and because the Plaintiff suffers no meaningful harm from delay, this Court should stay enforcement of the District Court's orders until it has resolved the merits of this Emergency Petition.

Absent a stay, the relief sought herein would be rendered moot by the forced disclosure of Petitioners' identities.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that this Court:

1. Issue a Writ of Mandamus directing the District Court to vacate its denial orders at Dockets 282 and 284;

2. Instruct the District Court to grant the Motions to Quash, thereby preserving Petitioners' anonymity;

3. Enter a stay of the District Court's orders pending resolution of this Petition; and

4. Grant any other relief deemed just and proper.

Respectfully submitted,


*/s/ John Doe 69*_____

On behalf of John Doe and John Doe 2

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, the undersigned certifies that this petition for writ of mandamus complies with the type-volume limitation of Federal Rule of Appellate Procedure 21(d) because:

- This document contains approximately **2,370 words**, excluding the parts of the document exempted by Rule 32(f), and

- This document has been prepared in a proportionally spaced typeface using **Microsoft Word]** in **14-point Times New Roman font**.

## CERTIFICATE OF SERVICE

Pursuant to Rule 25(d) of the Federal Rules of Appellate Procedure, I hereby certify that on this [Insert Date], I caused a true and correct copy of the foregoing **Emergency Petition for Writ of Mandamus**, including all supporting documents, to be served on all parties to this matter via:

- The **Court's CM/ECF electronic filing system**

Nick Chiappetta

Nick@Chiappettalegal.com

Attorney for Plaintiff

___

Patrick Trainor, Esquire

Law Office of Patrick Trainor, Esq., LLC

19 Union Avenue, Suite 201

Rutherford, New Jersey 07070

Telephone: (201) 777-3327

Facsimile: (201) 896-7815

pt@ptesq.com

Attorney for all Defendants

except Garramone Plastic Surgery,

Jennifer Couture, Dr. Ralph Garramone,

and OMG Realty, LLC

___

Harvey W. Gurland, Jr., Esq.

Florida Bar No. 284033

Julian A. Jackson-Fannin, Esq.

Florida Bar No. 93220

Anoosheh Shaikh, Esq.

Florida Bar No. 1039830

DUANE MORRIS LLP

201 South Biscayne Boulevard

Suite 3400

Miami, FL 33131

Tel: 561.962.2108

HWGurland@duanemorris.com

JJFannin@duanemorris.com

AShaikh@duanemorris.com

PNMendoza@duanemorris.com

JMagarin@duanemorris.com

Attorneys for Garramone Plastic Surgery

___

Aaron Alfano, Esq.

Florida Bar No. 0083909

Brian P. Henry, Esq.

Florida Bar No. 0089069

Rolfes Henry Co., L.P.A.

5415 87th Street East

Bradenton, FL 34211

T: (941) 684-0100

F: (941) 684-0109

E: aalfano@rolfeshenry.com

E: sburns@rolfeshenry.com

E: bhenry@rolfeshenry.com

E: kmcclintock@rolfeshenry.com

Attorneys for Defendants

Jennifer Couture, Ralph Garramone, MD,

OMG Realty, LLC, and Wraith, LLCWraith, LLC

_____

clerks_office@ca11.uscourts.gov

Respectfully submitted,

*/s/ John Doe 69*_____