UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, AN
INDIVIDUAL;

      Plaintiff,

    v.

JENNIFER COUTURE, AN
INDIVIDUAL; RALPH
GARRAMONE M.D., AN
INDIVIDUAL;  RALPH
GARRAMONE M.D. P.A.,
CENTRAL PARK OF SOUTHWEST
FLORIDA, LLC,  WRAITH, LLC,
SULLIVAN STREET
INVESTMENTS, LLC,  HAIRPIN
TURN, LLC,  OMG REALTY, LLC,
R G WEIGHT MANAGEMENT,
LLC,  CENTRAL PARK SOUTH,
LLC,  BRANTLEE, LLC,  LEGACY
OF MARIE GARRAMONE, LLC,
GARRAMONE MARKETING, INC.,
5681 DIVISION LLC,  THE LAW
OFFICE OF PATRICK TRAINOR
ESQ. LLC, PATRICK TRAINOR,
AN INDIVIDUAL; AND  ANTI-
DOXING LEAGUE INC.,

      Defendants,

Case No. 2:23-cv-1218-JES-KCD

## ORDER

Before the Court are two motions to quash—one filed by John Doe/Jane
Roe (Doc. 282) and the other by John Doe/Jane Roe 2 (Doc. 284). The motions

are substantively the same, so the Court will address them together. Plaintiff

Danesh Noshirvan responded in opposition. (Doc. 296.) For the reasons

below, the motions are denied.

## I. Background

"Noshirvan is a TikTok creator" whose niche is cancel culture. *Couture*

*v. Noshirvan*, No. 2:23-CV-340-SPC-KCD, 2023 WL 8280955, at *1 (M.D. Fla.

Nov. 30, 2023).[1] People pay him to repost negative videos with an overlay of

"himself doxing the person depicted in the video—that is, he provides the

person's name, contact information, employer, and other personal

information." *Id.*

Several years ago, Noshirvan doxed Defendant Jennifer Couture. *Id.*

Couture sued Noshirvan, and he responded in kind with this case. (*See* Doc.

1.) Noshirvan claims he was the target of a conspiracy "to injure, harm, and

destroy [him]" after he publicized the videos of Couture. (Doc. 139 at 3.) The

central antagonist is non-party Joseph Camp. According to Noshirvan,

Defendants hired Camp to stalk and harass him.

On March 21, 2025, Noshirvan issued a third-party subpoena to Google,

LLC d/f/a YouTube. (Doc. 296-2.) The duces tecum requires Google to

> [p]roduce all basic subscriber information for any of Joseph A. Camp's
> profiles including any verifications. This request includes name,
> address, phone numbers, email addresses associated with accounts,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and
alterations have been omitted in this and later citations.

and login IP addresses from January 01, 2021, through March 13, 2025.

(Doc. 269-2 at 4.) Camp's username and a link to his YouTube account is provided. (*Id.*) Camp's phone number and several email addresses are also included to help Google find YouTube accounts associated with him. (*Id.*)

John Doe/Jane Roe and John Doe/Jane Roe 2 ("Movants") now seek to quash or otherwise limit the subpoena. Setting aside the rhetoric and hyperbole, they offer four discernable arguments: (1) undue burden, (2) protected anonymous speech, (3) overbreadth, and (4) relevancy. (Docs. 282, 284 at 1-2.)[2]

## II. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any ... claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The typical mechanism to obtain discovery from a nonparty is a subpoena. *See* Fed. R. Civ. P. 45. Under Rule 45, a party may subpoena documents in a nonparty's possession. *Id.* at 45(a)(1).

Rule 45 also specifies when a court should, or must, quash a subpoena to a third party. The applicable legal standard depends on the nature of the documents sought. As relevant here, a court must quash or modify a subpoena that "(iii) requires disclosure of privileged or other protected

---

[2] The motions are not paginated, so the Court uses the page numbers generated by the CM/ECF system.

matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv).

## III. Discussion

### A. Undue Burden

Rule 45(d)(1) requires parties to "take reasonable steps to avoid imposing an undue burden or expense *on a person subject to the subpoena.*" Fed. R. Civ. P. 45(d)(1) (emphasis added). "Subdivision (d) ... was included in order to ensure that the *recipient* of the subpoena is fully aware of both her own obligations in responding to the subpoena, of the duties of the attorney in properly executing the subpoena, and the options a *recipient* may exercise in contesting a subpoena." *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 380 (W.D. Pa. 2005) (emphasis added). The recipient of the subpoena is Google, and it directs only that Google produce information. *See* Fed. R. Civ. P. (a)(1)(A); (Doc. 269-2.) Movants have no obligations under the subpoena, so their claim that it imposes an undue burden on them is frivolous.

### B. Protected Speech

Under Rule 45(c), a court must quash a subpoena if it "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(c)(3)(A)(iii). Movants argue that the subpoena threatens the disclosure of protected anonymous speech without a compelling need. (Docs. 282, 284 at 2.)

4

Not so. The subpoena does not request the content of any communications, and courts have consistently held that internet subscribers do not have a reasonable expectation of privacy in their subscriber information—including name, address, phone number, and email address—since they have already conveyed such information to a third-party. *See Rehberg v. Paulk*, 611 F.3d 828, 843 (11th Cir. 2010). What is more, Movants have disclaimed (repeatedly) that they are Joseph Camp. They provide no legal basis for standing to assert a privilege to his communication. *See also United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) ("[E]-mail and Internet users have no expectation of privacy in the to/from addresses of their messages or the IP addresses of the websites they visit because they should know that this information is provided to and used by Internet service providers for the specific purpose of directing the routing of information.").

The identifying information subpoenaed neither qualifies for protection as "privileged," nor is it protected under the First Amendment right to engage in anonymous speech on the internet. Consequently, the subpoena will not be quashed on this basis either.

### A. Overbreadth

Movants next argue that the subpoena is overbroad and lacks specificity because Noshirvan has not connected John Doe/Jane Roe to a specific party or non-party, nor has he named an "essential non-party as a

defendant." (Docs. 282, 284 at 2.) This argument gets nowhere. The subpoena is not overbroad. It is confined to a specific individual and specific requests, which is entirely appropriate under Rule 45.

## B. Relevancy

Finally, Movants argue relevancy. (Docs. 282, 284 at 1.) The Court is not convinced. Noshirvan claims that Camp, "in furtherance of the conspiracy[,] intentionally interfered with Noshirvan's business by submitting false or fake reports and complaints to known social media platforms for the purpose of deplatforming Noshirvan." (Doc. 139 ¶ 133.) He also alleges that Camp "sent harassing and threatening emails to Noshirvan's donors, which caused those donors to withdrawal support." (*Id.* ¶ 157.) The subpoena arguably seeks information to corroborate the alleged conspiracy involving Camp and the remaining Defendants. (Doc. 296 at 3.) The information requested is thus pertinent to prove Noshirvan's claims. *See Turco v. Ironshore Ins. Co.*, No. 218CV634FTM99MRM, 2019 WL 2255654, at *5 (M.D. Fla. Mar. 4, 2019) ("Relevance is determined on the basis of the existing claims and defenses in the litigation.").

## C. Appoint Counsel

Movants separately request that the Court appoint counsel for them. (Docs. 282, 284 at 7-8.) There is no constitutional right to counsel in civil cases. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). Appointment of

counsel for civil plaintiffs "is a privilege, not a right." *Lane v. Philbin*, 835 F.3d 1302, 1310 (11th Cir. 2016). A district court has discretion to recruit counsel to represent "any person unable to obtain counsel" under 28 U.S.C. § 1915(e)(1). But the appointment of counsel in civil cases is warranted only in exceptional circumstances. *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996).

In determining whether exceptional circumstances exist, district courts consider various factors such as "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to adequately investigate the case; and (4) whether the evidence will consistent in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination." *Dominguez v. Lake Como Club*, 520 F. App'x 937, 942 (11th Cir. 2013) "The key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

After considering the factors, the Court finds no exceptional circumstances that necessitate the appointment of counsel. There will not be an evidentiary hearing on this matter. And Movants are capable of presenting their arguments to the Court, as demonstrated by the pending motions.

7

**D. Sanctions**

Finally, Movants demand sanctions. (Docs, 282, 284 at 2-4.) Rule 45(d)(1) provides that the district court must impose "appropriate sanction[s]" for parties who fail to "take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Because the Court will let the subpoena proceed, the request for sanctions is necessarily denied.

## IV. Conclusion

The Federal Rules of Civil Procedure strongly favor complete discovery, *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021), and the subpoena at issue may lead to the development of relevant evidence for the reasons stated. Accordingly, the Motions to Quash (Docs. 282, 284) are **DENIED**.

**ORDERED** in Fort Myers, Florida on April 11, 2025.

Kyle C. Dudek
United States Magistrate Judge