**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Danesh Noshirvan

V.                                                                                                                2:23-cv-01218

Jennifer Couture, et al,

_____

**NOTICE OF DIVESTITURE OF JURISDICTION AND REQUEST TO STRIKE MAGISTRATE JUDGE'S DECISION TO DENY MOVANT'S MOTIONS TO QUASH (DOCKET 314)**

Movants **John Doe and John Doe 2** hereby respectfully notify this Honorable Court that jurisdiction over any pending matters before Magistrate Judge Kyle Dudek was divested immediately upon the filing of their **Notices of Appeal (which Magistrate Dudek or his clerk did not immediately docket, instead improperly waiting until after the written order (314) which would have immediately taken jurisdiction from the Magistrate pending the Notices of Appeal)** and **Emergency Petition for Writ of Mandamus (ditto to the Notices of Appeal parenthesis)** with the United States Court of Appeals for the Eleventh Circuit. Accordingly, any subsequent written decisions issued by the Magistrate Judge—including but not limited to ruling on the pending **Motions to Quash (Docket: 317)**—are without jurisdiction and thus void or voidable.

## I. DIVESTITURE OF JURISDICTION UPON NOTICE OF APPEAL

It is well-settled that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir. 1979) (en banc).

Here, Movants filed a notice of appeal and a petition for writ of mandamus concerning the exact matters addressed by the Magistrate Judge's subsequent written ruling. This includes, *inter alia*, issues surrounding the improper disclosure of confidential VPN and metadata in open court, before any final written ruling on the **Motions to Quash** was rendered. Once these matters were placed before the Eleventh Circuit, the Magistrate Judge no longer retained jurisdiction to enter a substantive ruling.

## II. REQUEST TO STRIKE WRITTEN ORDER ISSUED WITHOUT JURISDICTION

Because the written order was entered *after* the case had been removed to the jurisdiction of the appellate court via the mandamus application and notice of appeal, the Magistrate Judge's decision is ultra vires and must be stricken. See *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (actions outside a court's jurisdiction are invalid); *Doe v.*

*Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (district court loses jurisdiction when appeal concerns the same issue).

## III. SUGGESTION OF IMPROPER INFLUENCE ON MAGISTRATE JUDGE

Moreover, Movants respectfully request that this Court order a preliminary inquiry into whether the Magistrate Judge's rulings were influenced by extrajudicial statements made by Plaintiff Danesh Noshirvan. As outlined in the pending **Motions to Quash**, Mr. Noshirvan made repeated public and veiled statements implying that Defendants had engaged in bribery or other forms of improper judicial influence—statements made in close temporal proximity to the court's oral and illegal written proceedings. By doing so, and then sharply favoring Plaintiff in proximity to the allegations of corruption, it can be assumed that Magistrate Judge Dudek desires not to be a arbiter of justice, but a defender of his own reputation

While the Court may ultimately find these comments irrelevant or speculative, Movants believe that any proceeding involving the appearance of impropriety, bias, or undue influence demands scrutiny. See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988) (emphasizing need for appearance of impartiality); 28 U.S.C. § 455(a) ("Any…magistrate judge…shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.").

## IV. PRAYER FOR RELIEF

WHEREFORE, Movants respectfully request that this Court:

1. **STRIKE** any post-appeal written decisions or orders issued by the Magistrate Judge as issued without jurisdiction;

2. **STAY** any enforcement of such rulings pending further appellate review;

3. **INITIATE AN INQUIRY** into whether Magistrate Judge Dudek was improperly influenced, directly or indirectly, by Plaintiff Danesh Noshirvan's repeated extrajudicial and potentially defamatory remarks; and

4. **GRANT such other and further relief** as the Court deems just and proper.

*John Doe and John Doe 2*