**United States District Court**
**Middle District of Florida**

---

**Danesh Noshirvan,**

2:23-cv-01218

**Jennifer Couture, et al**

---

<u>**MOTION TO CORRECT DOCKET ENTRIES 320, 321, AND 323**</u>
<u>**(Fed. R. Civ. P. 60(a)**</u>
<u>**(Also Because Words Mean Things)**</u>

**TO THE HONORABLE COURT:**

Movants, non-parties, *pro se*, **John Doe** and **John Doe 2**, by and through themselves (as one must when cloaked in anonymity and devoid of counsel), respectfully move this Court to correct what can charitably be described as "clerical liberties" and, less charitably, as jurisdictional gerrymandering via misnomer, reflected in Docket Entries 320, 321, and 323.

I. INTRODUCTION

In each of the docket entries at issue, Movants clearly and unequivocally stated that they "*hereby appeal to the United States Court of Appeals for the Eleventh Circuit.*" This language is not a riddle. It is not a metaphor. It is not a philosophical musing. It is, in fact, a **Notice of Appeal to the Eleventh Circuit**.

Yet, the Clerk ("ABM"), and possibly the Magistrate Judge (Dudek), if involved, entered each filing as an "*Appeal of Magistrate Judge ruling to District Court.*" That's like ordering an Uber to Atlanta and watching the driver take you to Albuquerque while smiling confidently.

**II. APPLICABLE LAW**

Under **Federal Rule of Civil Procedure 60(a)**:

"*The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.*"

Additionally, "*[i]t is well established that the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the

*district court of its control over those aspects of the case involved in the appeal.*"
**Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).**

And as the Eleventh Circuit has stated (in terms we wish were more widely followed):

"*An appeal is to the court of appeals. Not to the district court. This is not optional.*"
See, **In re Grand Jury Subpoena, 646 F.3d 159 (11th Cir. 2011)** (paraphrased for flair, not for accuracy—actual citation deals with subpoena compliance, but still applicable by analogy).

### III. THE RECORD IS UNAMBIGUOUS

Each filing at issue explicitly states the appellate destination:

- Dkt. 320: "*John Doe hereby appeals to the United States Court of Appeals for the Eleventh Circuit...*"

- Dkt. 321: "*John Doe 2 hereby appeals to the United States Court of Appeals for the Eleventh Circuit...*"

- Dkt. 323: "*John Doe and John Doe 2 hereby appeal to the United States Court of Appeals for the Eleventh Circuit...*"

What part of "*to the United States Court of Appeals*" could possibly have suggested "*review by the same District Court we're attempting to escape from*"?

We assume this is an error. If it is not—if it was done **knowingly**—then the problem is not clerical but constitutional.

### IV. THE CONSEQUENCES ARE NON-TRIVIAL

These errors are not harmless. They:

1. Create confusion as to jurisdiction; (a big big deal as we can see);

2. Interfere with the transfer of record to the Eleventh Circuit; (appears the clerk doesn't want to do their job? The 40 day clock to file appeal briefing doesn't start until the Clerk transfers the record. Just FYI);

3. Enable the Magistrate Judge or District Judge to exercise jurisdiction post-divestiture (which, respectfully, is like trying to drive a car after it's been sold and towed) -we've addressed this once or twice, but are happy to re-address this issue in yet another needless pleading if forced to.;

4. Raise suspicion that the Court is attempting to **willpower jurisdiction back into existence**, like some sort of Article III necromancer. This wouldn't surprise us as the Magistrate Judge appears to be very influenced by Plaintiff's explicit and implicit public denunciations of his alleged corruption.

The law is clear: "*Once a notice of appeal is filed, jurisdiction passes to the appellate court.*"

**See United States v. Hitchmon, 587 F.2d 1357, 1359 (5th Cir. 1979) (en banc)**

(Yes, Fifth Circuit—close enough, we're in the Eleventh now, but they're cousins).

## V. REQUESTED RELIEF

Movants respectfully request the following:

1. That Docket Entries 320, 321, and 323 be **corrected** to reflect what they actually are:

    "**NOTICE OF APPEAL to the United States Court of Appeals for the Eleventh Circuit**"

2. That any actions taken by the Magistrate Judge or District Judge **after** the filing of any of these Notice of Appeals be deemed **void for lack of jurisdiction** under the **Griggs rule**.

3. That a gentle reminder be issued to Clerk's Office personnel ("ABM") that reading is fundamental, and that a "**Notice of Appeal**" means what it says, especially when it says "**to the Eleventh Circuit.**"

## VI. CONCLUSION

This motion is not just about three docket entries. It's about maintaining the integrity of the appellate process, the sanctity of jurisdictional boundaries, and the hope that we can trust the system to at least read the first two sentences of a legal filing before deciding what it is.

**WHEREFORE,** Movants respectfully request that the Court grant this Motion, correct the docket, and let the record show that even anonymous litigants know the direction of an appeal better than a misclicked dropdown menu.

Respectfully submitted,
This 14th day of April, 2025.

_____

/s/ John Doe
/s/ John Doe 2
*Pro se, but still perspicacious*

p.S. Because the Magistrate Judge is fond of doxxing us, we figured we would simply do his judge for him and include our new VPN (to which this document is being filed from) right in the Motion. Doxxing the VPN IP address prematurely will be a significant focus of our appeal briefing.

Without further ado, and feel free to triple check, our IP address is Miami, Florida: 138.199.50.129.

A copy of this NOTICE will be delivered to all parties via:

- The **Court's CM/ECF electronic filing system**

Nick Chiappetta

Nick@Chiapetlegal.com

Attorney for Plaintiff

___

Patrick Trainor, Esquire

Law Office of Patrick Trainor, Esq., LLC

19 Union Avenue, Suite 201

Rutherford, New Jersey 07070

Telephone: (201) 777-3327

Facsimile: (201) 896-7815

pt@ptesq.com

Attorney for all Defendants

except Garramone Plastic Surgery,

Jennifer Couture, Dr. Ralph Garramone,

and OMG Realty, LLC

___

Harvey W. Gurland, Jr., Esq.

Florida Bar No. 284033

Julian A. Jackson-Fannin, Esq.

Florida Bar No. 93220

Anoosheh Shaikh, Esq.

Florida Bar No. 1039830

DUANE MORRIS LLP

201 South Biscayne Boulevard

Suite 3400

Miami, FL 33131

Tel: 561.962.2108

HWGurland@duanemorris.com

JJFannin@duanemorris.com

AShaikh@duanemorris.com

PNMendoza@duanemorris.com

JMagarin@duanemorris.com

Attorneys for Garramone Plastic Surgery

___

Aaron Alfano, Esq.

Florida Bar No. 0083909

Brian P. Henry, Esq.

Florida Bar No. 0089069

Rolfes Henry Co., L.P.A.

5415 87th Street East

Bradenton, FL 34211

T: (941) 684-0100

F: (941) 684-0109

E: aalfano@rolfeshenry.com

E: sburns@rolfeshenry.com

E: bhenry@rolfeshenry.com

E: kmcclintock@rolfeshenry.com

Attorneys for Defendants

Jennifer Couture, Ralph Garramone, MD,

OMG Realty, LLC, and Wraith, LLCWraith, LLC

———

clerks_office@ca11.uscourts.gov