# United States District Court
# Middle District of Florida

**Danesh Noshirvan,**

2:23-cv-01218

**Jennifer Couture, et al**

---

**MOVANTS John Doe and John Doe 2's SUPPLEMENTAL OBJECTIONS TO ORDER DENYING MOTIONS TO QUASH (Dkt. 317)**

John Doe and John Doe 2 ("Movants") respectfully object to Magistrate Judge Kyle Dudek's April 11, 2025 Order (Dkt. 317) denying their Motions to Quash the subpoena issued to Google LLC (Docs. 282, 284). This Order is clearly erroneous, contrary to law, and fails to apply controlling constitutional standards required for compelled disclosure of anonymous identities.We are after all Pro se so bare with us as we make mistakes or delayed filings that have no harm to any party.

## I. THE ORDER IGNORES THE CONSTITUTIONAL PROTECTIONS OF ANONYMOUS SPEECH

The Order dismisses First Amendment protections, asserting that no privilege or protected interest exists in "basic subscriber information" like names or IP addresses. This ignores longstanding constitutional precedent.

**"[T]he First Amendment protects anonymous speech."**
*McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995); *Doe v. 2theMart.com Inc.*, 140 F. Supp. 2d 1088, 1092–93 (W.D. Wash. 2001).

**"[A]n author's decision to remain anonymous … is an aspect of the freedom of speech protected by the First Amendment."**
— *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995)

Courts across jurisdictions have uniformly held that civil discovery mechanisms such as Rule 45 subpoenas **must not be used to pierce anonymity** without satisfying a rigorous balancing test that accounts for chilling effects and the public interest. See *Doe v. 2theMart.com*, 140 F. Supp. 2d 1088, 1093 (W.D. Wash. 2001); *Sony Music Entm't v. Does 1–40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004).

**"The potential for chilling effect is high when disclosure is compelled at an early stage without requiring plaintiffs to meet any threshold burden."**
— *Doe v. Cahill*, 884 A.2d 451, 456 (Del. 2005)

The Magistrate failed to conduct any such balancing test and instead treated the disclosure of IP addresses and account holders as routine, ignoring their **direct link to constitutionally protected anonymous speech**.

The Eleventh Circuit has not squarely addressed this issue in this context, but other circuits require courts to **balance the right to anonymous speech against the plaintiff's interest in disclosure**. See *Sony Music Entm't v. Does 1–40*, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004); *Doe v. Cahill*, 884 A.2d 451 (Del. 2005) (requiring plaintiff to survive a summary judgment motion before unmasking).

**No Compelling Interest or Valid Claim Was Shown**

No compelling interest was established to justify stripping anonymity at this early stage—particularly where the Plaintiff has not established a prima facie case of defamation, harassment, or any unprotected conduct. Rather, the alleged conduct centers around **core political and legal commentary**, which is **squarely protected under the First Amendment**, even if unpleasant or critical of the Plaintiff.

The Order disregards this balancing entirely, despite substantial allegations that the Plaintiff (Noshirvan) is using this subpoena as a tool of retaliation and **doxxing**—the very conduct at the center of this case.

Moreover, the Court inaccurately applies *Rehberg v. Paulk*, 611 F.3d 828 (11th Cir. 2010), which pertains to **expectations of privacy under the Fourth Amendment**, not the **First Amendment right to anonymous expression**. Subscriber information, while shared with a third party, can still implicate protected anonymous speech under the First Amendment. See *Art of Living Found. v. Does 1–10*, No. 10-05022, 2011 WL 5444622, at *5 (N.D. Cal. Nov. 9, 2011).

**II. THE COURT FAILED TO APPLY A HEIGHTENED STANDARD FOR UNMASKING ANONYMOUS SPEAKERS**

Courts must apply a **heightened scrutiny test** when a civil litigant seeks to identify anonymous internet speakers, especially where the alleged conduct is **not criminal or tortious**, but rather amounts to constitutionally protected criticism or commentary.

The leading five-factor test from *Sony Music Entm't* requires:

1. Concrete showing of a prima facie claim;
2. Specificity of the discovery request;
3. Absence of alternative means to obtain the information;
4. Central need for the information;
5. The anonymous party's expectation of privacy.

**The Order makes no mention of this test or any other**. It simply defers to the Plaintiff's vague claims and ignores the chilling effect of forced unmasking.

In *Doe v. Individuals*, 561 F. Supp. 2d 249 (D. Conn. 2008), the court quashed a subpoena for IP addresses absent specific evidence linking the anonymous defendant to actionable misconduct. The subpoena here is **not narrowly tailored**, spans over four years (Jan 2021 – Mar 2025), and includes all IP logs, verifications, phone numbers, and emails. It is impermissibly broad and invasive under First Amendment scrutiny.

### III. THE ORDER ERRONEOUSLY REJECTS STANDING WHILE RELYING ON A FACTUAL DISPUTE

The Court wrongly denies standing on the basis that Movants "disclaim" being Joseph Camp. But **standing to object to a subpoena** under Rule 45 is **not limited to the person whose data is sought**, particularly where the objecting party asserts that the subpoena threatens to chill their anonymous speech rights or is targeted as a proxy for their unmasking.

See:

- *Mount Hope Church v. Bash Back!*, 705 F.3d 418 (9th Cir. 2012) – standing exists where enforcement of the subpoena would chill anonymous speech.
- *In re Anonymous Online Speakers*, 661 F.3d 1168 (9th Cir. 2011).

The Court's position creates a **Catch-22**: If Movants are not Camp, they lack standing; if they are Camp, they lose anonymity. This is an illogical and unconstitutional framework that undermines First Amendment protections.

### IV. THE ORDER GIVES DEFERENCE TO BARE ALLEGATIONS WITHOUT EVIDENTIARY SUPPORT

The Court accepts, without scrutiny, that the subpoenaed data is "relevant" to proving Plaintiff's conspiracy theory. But **bare allegations** that someone "sent harassing emails" do not justify a fishing expedition into years of IP logs and subscriber metadata.

See:

- *Doe v. 2theMart.com*, 140 F. Supp. 2d 1088, 1093 (W.D. Wash. 2001) ("[W]here a subpoena seeks to unmask anonymous Internet speakers, courts have imposed a more stringent relevancy requirement.").
- *SaleHoo Grp., Ltd. v. ABC Co.*, No. 2:09-cv-01064, 2010 WL 4941717, at *3 (D. Nev. Nov. 30, 2010) ("A court must balance the need for discovery against the First Amendment interests at stake.").

Further, Plaintiff's theory that "IP logs from Google" will substantiate a conspiracy lacks any nexus to specific acts alleged. The subpoena will not reveal the content of emails, which is where any "harassment" would exist. The metadata is useless unless Plaintiff already knows which IPs belong to which parties—a contradiction he cannot overcome.

The Court accepts, without factual development or evidentiary hearing, Plaintiff's narrative that anonymous persons submitted fake complaints or harassed donors. Yet there is **no concrete evidence**, only conjecture, and the subpoena does not seek communications or documents that would confirm harassment—it seeks metadata.

This is an improper fishing expedition without tailoring, contrary to the proportionality mandate under Rule 26(b)(1). See *Turco v. Ironshore Ins. Co.*, No. 2:18-cv-634, 2019 WL 2255654, at *5 (M.D. Fla. Mar. 4, 2019) ("Relevance is determined on the basis of the existing claims and defenses.").

## V. THE SUBPOENA IS OVERBROAD AND DISPROPORTIONATE

Rule 26(b)(1) and Rule 45(d)(3)(A)(iv) prohibit discovery that is **disproportionate** or **unduly burdensome**. The Court finds no burden on the Movants since "Google is the recipient." This is a straw man.

The **burden on the anonymous speakers** is **the loss of anonymity**, which courts have repeatedly acknowledged as a legally cognizable harm. See *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005) (ordering protection of anonymous speakers despite low burden on the ISP).

## VI. THE MAGISTRATE HAS LOST IMPARTIALITY AND FAILED TO ADDRESS DUE PROCESS

Movants do not waive their allegations that the Magistrate has improperly **prejudged the John Does**, disclosed identifying information prematurely, and made **factual findings** while motions were still pending. These concerns will be raised separately under motions to disqualify and appeals to the Eleventh Circuit and, if necessary, the Supreme Court.

This is a major issue considering that the Magistrate did exactly that when he, in Open Court, on April 10th, 2025 doxxed John Doe's VPN IPs and other alleged metadata.

## VII. JURISDICTION WAS DIVESTED UPON THE INITIAL FILINGS OF NOTICE OF APPEAL.

As addressed in the original Objections and will be addressed more on Appeal to the 11th Court of Appeals.

## VII. THE MAGISTRATE FAILED TO ADDRESS THE PLAINTIFF'S OPEN COURT MISCONDUCT

It is deeply troubling that Plaintiff, with the **Court's apparent acquiescence and assistance**, attempted to dox anonymous speakers **in open court with alleged metadata and VPN Ips of John Doe's filings** that only the court would have. This conduct occurred:

- While Motions to Quash were still pending;

- Without authentication, expert validation, or cross-examination;
- Without any opportunity for Movants to object or respond.

The failure to address this **extrajudicial doxxing** tactic constitutes **clear error and raises ethical concerns**. Courts must not be complicit in conduct that undermines due process and weaponizes discovery to intimidate anonymous litigants.

## CONCLUSION

The Order fails to apply the correct legal standards, ignores clear constitutional protections, and creates dangerous precedent for civil litigants to abuse Rule 45 subpoenas as doxxing tools.

The Court's Order should be overturned because:

- It fails to apply First Amendment protections;
- It misstates standing and burdens under Rule 45;
- It accepts Plaintiff's unproven conspiracy narrative without scrutiny;
- It condones ethically improper courtroom conduct that jeopardized anonymous litigants;
- It lost jurisdiction after the initial Notices of Appeal were filed a day previous to the written order.

For these reasons, Movants respectfully request that this Court:

1. **Set aside the Magistrate's Order (Dkt. 317)** as clearly erroneous and contrary to law;
2. **Grant the Motions to Quash (Docs. 282, 284)**;
3. **Enjoin any further attempts to reveal the identity of Movants without meeting heightened constitutional standards**.

Respectfully submitted,

*/John Doe and John Doe 2*

*Pro se*