# United States District Court
# Middle District of Florida

**Danesh Noshirvan,**

2:23-cv-01218

**Jennifer Couture, et al**

## JOHN DOE & JOHN DOE 2
## LEGAL ANALYSIS, AND REQUEST FOR SANCTIONS
## RE: DEFAMATORY PUBLICATION BY DANESH NOSHIRVAN TARGETING ATTORNEY JULIAN A. JACKSON AND DEFAMING JOHN DOES

### I. INTRODUCTION

This memorandum addresses a now-deleted, defamatory publication created and circulated by **Danesh Noshirvan**, a known vexatious litigant, falsely accusing **Attorney Julian A. Jackson**, an African-American civil rights attorney, of distributing "revenge porn" in court proceedings.

The defamatory post, titled *"BREAKING! Lawyer Julian A. Jackson allegedly shares Revenge Porn in court!"* (see exhibit 1 attached as if in whole), is demonstrably false and represents a malicious attempt to interfere with litigation, intimidate opposing counsel, and racially target a respected legal professional. The publication has since been deleted, raising significant concerns about **spoliation of evidence** and **bad faith litigation conduct**.

In reality, the images at issue were introduced by **Richard Lutthman**, as part of his **Motion to Quash** and related filings—not by Mr. Jackson. The images were used in a legal context, for rebuttal and evidentiary purposes, and were lawfully obtained from a commercial pornography platform (OnlyFans).

### II. DESTRUCTION OF EVIDENCE (SPOLIATION)

Following the circulation of the defamatory publication, Mr. Noshirvan deleted it—raising serious questions of **spoliation of evidence**, especially considering its relevance to multiple pending matters.

*Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001): Courts may impose severe sanctions when parties destroy evidence relevant to litigation.

### III. DEFAMATION PER SE AND RACIAL ANIMUS

The statements made against Attorney Jackson are **defamation per se**, falsely imputing criminal conduct and ethical violations, and targeting a Black attorney with clear racial overtones.

*New York Times Co. v. Sullivan*, 376 U.S. 254 (1964): Defamation involving public interest requires "actual malice"—present here due to reckless disregard for the truth and falsification of attribution.

**IV. COMMERCIAL PORNOGRAPHY IS NOT "REVENGE PORN" UNDER LAW**

The content in question was **lawfully purchased** from a public **OnlyFans account operated by Danesh Noshirvan**. This negates the required legal elements for so-called "revenge porn" in every relevant jurisdiction.

**Key Case Law:**

- **California**: *People v. Iniguez*, 7 Cal.5th 831 (2019)
- **Texas**: Tex. Penal Code § 21.16
- **New York**: *People v. Aderotimi*, 193 A.D.3d 984 (N.Y. App. Div. 2021)
- **Colorado**: *Doe v. Hofstetter*, 2017 WL 2531839
- **Federal**: *U.S. v. Petrovic*, 701 F.3d 849 (8th Cir. 2012)

**V. FLORIDA LAW – § 784.049 FLA. STAT. (Sexual Cyberharassment)**

Florida law prohibits the distribution of sexually explicit content only where it is:

1. Non-consensual,
2. Subject to a reasonable expectation of privacy, and
3. Disseminated with the intent to cause emotional distress.

*State v. McDade*, 270 So. 3d 349 (Fla. 2d DCA 2019)
*Maldonado v. State*, 259 So. 3d 323 (Fla. 2d DCA 2018)

The distribution of publicly sold OnlyFans content does **not** meet any of these criteria. Thus, Danesh's claims are legally invalid.

**VI. UNLAWFUL DEPOSITION INFLUENCE**

Mr. Noshirvan's alleged presence and involvement in the **deposition of Hannah Noshirvan**—a potential witness or party—is highly improper, violating:

- **Fed. R. Civ. P. 30(c)**
- **Florida Rule of Judicial Administration 2.515**
- **18 U.S.C. § 1503** (Obstruction of Justice)

This behavior further taints the credibility of Mr. Noshirvan's filings and public commentary.

**VII. REQUEST FOR SANCTIONS AND RELIEF**

We respectfully request that the Court or appropriate authority:

1. Impose **Rule 11 sanctions** for vexatious conduct;
2. Refer Mr. Noshirvan for **disciplinary and criminal investigation**;
3. Enter a **protective order** for John Doe and John Doe 2 litigants;
4. Require **metadata preservation** for deleted defamatory materials;
5. Permit the filing of a **civil defamation action as John Doe and John Doe 2** or declaratory relief.

**VIII. CONCLUSION ON LEGAL MERIT**

This episode represents a deliberate attempt to harass opposing parties and their attorneys through misinformation and character assassination. The accusations against Mr. Jackson are false. The use of lawfully purchased commercial pornography in a legal filing by **Richard Luthman** is not criminal conduct, nor is it "revenge porn."

**IX. STANDING OF JOHN DOE & JOHN DOE 2**

**John Doe and John Doe 2** each contributed **$0.01** toward the **collective purchase of the OnlyFans content** in question. These micro-contributions were pooled among contributors to lawfully acquire and co-own access to the material for purposes of:

- **Evidence gathering**,
- **Fair use commentary**,
- **Legal rebuttal**, and
- **Public interest reporting.**

As such, we have standing because:

1. **We are part-owners** of the digital content Mr. Noshirvan is attempting to reclassify as criminal "revenge porn";
2. **Mr. Noshirvan's defamatory statements** indirectly accuse us of participating in criminal activity (i.e., possessing/distributing revenge porn), which subjects us to **reputational harm**, **potential chilling of First Amendment rights**, and **actual and perceived legal liability**;

3. We are anonymous speakers and litigants whose First Amendment rights are at risk due to Mr. Noshirvan's **pattern of false public accusations** and **judicial manipulation**.

*McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334 (1995): Anonymous speech is protected, particularly in matters of public concern.
*Doe v. Cahill*, 884 A.2d 451 (Del. 2005): Disclosure of anonymous identity must meet heightened scrutiny and compelling interest.
*NAACP v. Alabama*, 357 U.S. 449 (1958): Disclosure of associational ties, especially with unpopular viewpoints, must yield to constitutional protection.

Thus, as **legal co-owners**, **targets**, and **anonymous litigants**, **John Doe and John Doe 2** have direct, personal, and constitutional interests at stake in correcting the record, halting the defamation, and seeking judicial protection.

**Respectfully submitted,**

_____/s/John Doe and John Doe 2_____

*John Doe*
*John Doe 2*
*Pro Se, Anonymous Litigants*