# United States District Court
# Middle District of Florida

**Danesh Noshirvan,**

2:23-cv-01218

**Jennifer Couture, et al**

---

### JOHN DOE & JOHN DOE 2
### SECOND LEGAL ANALYSIS, AND REQUEST FOR SANCTIONS
### RE: ESCALATING DEFAMATION BY DANESH NOSHIRVAN TARGETING ATTORNEY JULIAN A. JACKSON, RICHARD LUTTHMANN & OTHER LITIGANTS

## I. INTRODUCTION

This memorandum addresses a growing pattern of **defamatory and retaliatory conduct** by **Danesh Noshirvan**, a vexatious litigant who has weaponized his public platform to attack legal professionals and parties, and non-parties in litigation.

Two defamatory publications and related correspondence now form the basis of this submission:

1. The **original now-deleted defamatory article**, falsely accusing **Julian A. Jackson** and others of criminal acts;

2. The **April 17, 2025 publication**, which escalates the defamation and strips away any shred of qualifiers or disclaimers; and

3. A **Notice of Intent to Sue for Defamation** from Richard A. Luthmann, sent pursuant to **Florida Statute § 770.01**, placing Danesh Noshirvan and his counsel on formal notice of imminent legal action. Sent to us via our noshirvan@yandex.com email and included here for the record.

These materials are now entered into the record as **Exhibit 1**.

## II. DESTRUCTION OF EVIDENCE (SPOLIATION)

Following the circulation of the first defamatory publication, Mr. Noshirvan deleted it—raising serious questions of **spoliation of evidence**, especially considering its relevance to multiple pending matters.

*Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001): Courts may impose severe sanctions when parties destroy evidence relevant to litigation.

### III. DEFAMATION PER SE AND RACIAL ANIMUS

The statements made against Attorney Jackson are **defamation per se**, falsely imputing criminal conduct and ethical violations, and targeting a Black attorney with clear racial overtones.

*New York Times Co. v. Sullivan*, 376 U.S. 254 (1964): Defamation involving public interest requires "actual malice"—present here due to reckless disregard for the truth and falsification of attribution.

### CLARIFICATION – JACKSON DID NOT FILE THE IMAGES

The images referenced were not filed by Julian Jackson, but rather by **Richard A. Luthmann** as part of his own **Motion to Quash** and other filings. Any attribution to Jackson is false and defamatory.

### IV. COMMERCIAL PORNOGRAPHY IS NOT "REVENGE PORN" UNDER LAW

The content in question was **lawfully purchased** from a public **OnlyFans account operated by Danesh Noshirvan**. This negates the required legal elements for so-called "revenge porn" in every relevant jurisdiction.

**Key Case Law:**

- **California**: *People v. Iniguez*, 7 Cal.5th 831 (2019)
- **Texas**: Tex. Penal Code § 21.16
- **New York**: *People v. Aderotimi*, 193 A.D.3d 984 (N.Y. App. Div. 2021)
- **Colorado**: *Doe v. Hofstetter*, 2017 WL 2531839
- **Federal**: *U.S. v. Petrovic*, 701 F.3d 849 (8th Cir. 2012)

### V. FLORIDA LAW – § 784.049 FLA. STAT. (Sexual Cyberharassment)

Florida law prohibits the distribution of sexually explicit content only where it is:

1. Non-consensual,
2. Subject to a reasonable expectation of privacy, and
3. Disseminated with the intent to cause emotional distress.

*State v. McDade*, 270 So. 3d 349 (Fla. 2d DCA 2019)
*Maldonado v. State*, 259 So. 3d 323 (Fla. 2d DCA 2018)

The distribution of publicly sold OnlyFans content does **not** meet any of these criteria. Thus, Danesh's claims are legally invalid.

## VI. UNLAWFUL DEPOSITION INFLUENCE

Mr. Noshirvan's alleged presence and involvement in the **deposition of Hannah Noshirvan**—a potential witness or party—is highly improper, violating:

- **Fed. R. Civ. P. 30(c)**
- **Florida Rule of Judicial Administration 2.515**
- **18 U.S.C. § 1503** (Obstruction of Justice)

This behavior further taints the credibility of Mr. Noshirvan's filings and public commentary.

## VII. ESCALATION OF DEFAMATION (APRIL 17, 2025 POST)

In the **second defamatory publication**, Danesh Noshirvan:

- Removed the word "allegedly," converting prior claims into **affirmative assertions of criminal fact**;
- Added new accusations that:
    - Julian Jackson distributed **child pornography**;
    - Luthmann is a **"pedophile"**, despite no charges, accusations, or convictions;
    - Multiple individuals "harassed" Danesh's wife using images he himself posted commercially;
    - Anyone who legally possessed this content is guilty of "revenge porn" and possibly child pornography crimes.

These statements are not merely irresponsible—they are **actionable**. They are defamatory **per se**, made with **actual malice**, and designed to destroy reputations and interfere with litigation.

## VIII. CONCLUSION ON LEGAL MERIT

This episode represents a deliberate attempt to harass opposing parties and their attorneys through misinformation and character assassination. The accusations against Mr. Jackson are false. The use of lawfully purchased commercial pornography in a legal filing by **Richard Lutthman** is not criminal conduct, nor is it "revenge porn."

## IX. STANDING OF JOHN DOE & JOHN DOE 2

**John Doe and John Doe 2** each contributed **$0.01** toward the **collective purchase of the OnlyFans content** in question. These micro-contributions were pooled among contributors to lawfully acquire and co-own access to the material for purposes of:

- **Evidence gathering**,
- **Fair use commentary**,
- **Legal rebuttal**, and
- **Public interest reporting.**

As such, we have standing because:

1. **We are part-owners** of the digital content Mr. Noshirvan is attempting to reclassify as criminal "revenge porn";
2. **Mr. Noshirvan's defamatory statements** indirectly accuse us of participating in criminal activity (i.e., possessing/distributing revenge porn), which subjects us to **reputational harm**, **potential chilling of First Amendment rights**, and **actual and perceived legal liability**;
3. We are anonymous speakers and litigants whose First Amendment rights are at risk due to Mr. Noshirvan's **pattern of false public accusations** and **judicial manipulation**.

*McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334 (1995): Anonymous speech is protected, particularly in matters of public concern.
*Doe v. Cahill*, 884 A.2d 451 (Del. 2005): Disclosure of anonymous identity must meet heightened scrutiny and compelling interest.
*NAACP v. Alabama*, 357 U.S. 449 (1958): Disclosure of associational ties, especially with unpopular viewpoints, must yield to constitutional protection.

Thus, as **legal co-owners**, **targets**, and **anonymous litigants**, **John Doe and John Doe 2** have direct, personal, and constitutional interests at stake in correcting the record, halting the defamation, and seeking judicial protection.

### X. LUTTHMANN NOTICE TO SUE – FLORIDA STAT. § 770.01

As now included in **Exhibit 1**, Richard A. Luthmann served a formal **Notice of Defamatory Statement** to Danesh Noshirvan and his counsel, pursuant to **Florida Statute § 770.01**.

Key language includes:

"This statement is false, defamatory, and made with actual malice. Mr. Luthmann is not a pedophile and has never been accused, charged, or convicted of any such crime. The statement is libelous per se."

He additionally provides notice of intent to pursue civil litigation and criminal reporting under **Florida Statute § 836.01** (Criminal Libel).

### XI. FLORIDA LAW – DEFAMATION & LIBEL PER SE

- **§ 770.01, Fla. Stat.** – Requires pre-suit notice for media defendants;
- **§ 836.01, Fla. Stat.** – Criminal libel, including knowingly publishing false accusations of criminal conduct;
- **§ 836.04, Fla. Stat.** – False accusation of a crime is defamation **per se**.

These laws provide **both civil and criminal liability** for Danesh's ongoing public attacks.

### XII. EVERY CRITIC OF DANESH NOSHIRVAN IS FALSELY LABELED A "RACIST PEDOPHILE"

In Danesh Noshirvan's April 17, 2025 Substack publication (see **Exhibit 1**), he escalates his defamatory campaign by **broad-brushing every critic or legal opponent as a "racist pedophile"** without legal basis, evidence, or truth.

Specifically, he writes:

*"Here's a list of other people who have also claimed to be unable to tell the difference between Black people and Zombies: Joey Camp (a racist pedophile) Richard Luthmann (a racist pedophile) and Rzouk Kattatora (a racist pedophile)…"*

This sentence is **defamation per se**, accusing individuals of:

1. **Sex crimes** (pedophilia), and
2. **Racial hate speech** (racism and white supremacy).

Let us be clear: **none of these individuals have ever been accused, charged, or convicted of any sex crimes in any jurisdiction—state, federal, or foreign.** These accusations are entirely fabricated, malicious, and made with actual malice.

Furthermore, in the specific case of **Joseph A. Camp**, the **United States District Court for the Middle District of Florida** recently **denied** a motion brought by John Doe 5 that attempted to label Camp a white supremacist.

**Relevant Docket Entries:**

- **Dkt. 282** – "John Doe 5's Motion to Declare Joseph A. Camp a White Supremacist"

- **Dkt. 318** – **ORDER denying Motion 297**, which sought a judicial declaration of Mr. Camp as a white supremacist

*ORDER denying 297 Motion to Declare Joseph A. Camp a White Supremacist. Signed by Magistrate Judge Kyle C. Dudek on 4/11/2025.*

Thus, the **Court itself has legally rejected** the notion that Mr. Camp can be labeled a "white supremacist" in these proceedings. It is therefore false and defamatory to imply that he, or anyone else listed, is a racist or pedophile.

This pattern of **reckless, reputation-destroying language** used by Mr. Noshirvan in public forums is not merely hyperbole. It is **libelous**, **malicious**, and **intended to intimidate or silence legal adversaries and critics**.

Each of these individuals—Camp, Luthmann, and Kattatora—has been **targeted solely because they are involved in litigation against or critical of Danesh Noshirvan**. This "smear-by-default" tactic is transparent and deeply harmful.

We now renew and **expand our previous requests**:

1. **Immediate sanctions** under Rule 11 and the Court's inherent authority;
2. Entry of a **protective order** barring future extrajudicial statements targeting parties and attorneys;
3. Judicial acknowledgment that **Danesh Noshirvan's Substack articles are false, malicious, and defamatory**;
4. Permission for John Does and Luthmann to **pursue civil action** without violating court anonymity;
5. A **referral to the appropriate bar disciplinary committee** for Danesh's counsel, should they be involved in coordinating these publications.

**Respectfully submitted,**

_____/s/John Doe and John Doe 2_____

*John Doe*
*John Doe 2*
*Pro Se, Anonymous Litigants*