DANESH NOSHIRVAN

2:23-cv-01218

JENNIFER COUTURE

---

### PRO SE EMERGENCY MOTION FOR DEFAMATION AND INJUNCTIVE RELIEF BY NON-PARTIES JOHN DOE AND JOHN DOE 2

We, John Doe and John Doe 2, non-parties to this action, proceeding pro se, respectfully move this Court for an order finding Plaintiff Danesh Noshirvan liable for defamation per se and granting injunctive relief to prevent further harm, pursuant to Federal Rule of Civil Procedure 65 and Florida law. This motion is supported by the record, including our prior pleadings documenting Plaintiff's defamatory conduct (ECF Nos. 329, 330, 331, 332, 333) and Defendants' filing (ECF No. 334), as well as Plaintiff's response (ECF No. 296) explicitly equating us with Joseph A. Camp, and the following memorandum. For clarity, we assert there is no connection between Duane Morris LLP, ourselves (John Doe and John Doe 2), and no connection between ourselves and Joseph A. Camp, contrary to Plaintiff's claims. Additionally, none of the defamatory conduct attributed to Camp in the article or Plaintiff's pleadings is true.

MEMORANDUM OF LAW

I. INTRODUCTION

On April 21, 2025, Plaintiff Danesh Noshirvan published a defamatory article titled "*BREAKING! G G G Ghost! Joey Camp came back from the dead! Just in time to abuse subjects of Duane Morris LLP's depositions!*" on his Substack page (https://thatdaneshguy.substack.com/p/breaking-g-g-g-ghost-joey-camp-came see also exhibit 1 attached as if in whole). Although the article does not name us, "John Doe" and "John Doe 2", Plaintiff's prior pleadings, particularly **ECF No. 296**, his public statements, and his attorney's conduct have consistently and falsely identified us as Joseph A. Camp. By falsely accusing Camp of criminal and defamatory acts—none of which are appear true—Plaintiff imputes those same defamatory statements to us, as ECF No. 296 explicitly states we are Camp's aliases. Our prior pleadings (ECF Nos. 329, 330, 331, 332, 333) document Plaintiff's recent pattern of defamatory conduct against numerous individuals in this action, Joseph A. Camp, opposing counsel, and our interests (particularly in the ownership of OnlyFans content we lawfully purchased). These statements constitute defamation per se under Florida law, as they impute criminal activity, ruin our reputations, and expose us to public contempt. This Court has jurisdiction under 28 U.S.C. § 1332, and

venue is proper under 28 U.S.C. § 1391. **As non-parties, we have standing to seek relief for defamation, as recognized in *Doe v. Roe*, 638 So. 2d 88, 90 (Fla. 4th DCA 1994).**

II. DEFAMATORY STATEMENTS

The article contains the following statements, which, through Plaintiff's explicit identification of us as Joey Camp in ECF No. 296 and other filings, defame us. We assert that all allegations of misconduct against Camp are false:

1. "Last week, Joey Camp faked his own death after he learned that the judge caught on to his scheme of writing fake John Does and harassing the court with Joseph Camp's famous daneshfiles@yandex.com and Noshirvan@yandex.com email addresses." (Page 2)

   o ECF No. 296 (Page 1) states we are "Joseph A. Camp ('Camp') a/k/a John Doe and John Doe 2," falsely imputing to us Camp's alleged criminal fraud and court harassment, which are untrue.

   o It should be noted that daneshfiles@yandex.com doesn't even exist as an email -this is and has always been a complete falsity of Plaintiff.



2. "Below, are the following emails I received from the ... lawyers/goons/propagandists." (Page 3)

- ○ ECF No. 296 (Page 3) ties us to Camp's alleged harassment of witnesses, falsely portraying us as "goons" and "propagandists" engaged in abusive acts, which are baseless claims.

- ○ We did not send those emails – though we do use the email address noshirvan@yandex.com.

These statements are defamatory because Plaintiff's pleading in ECF No. 296 explicitly identifies us as Joey Camp, stating, "Joseph A. Camp ('Camp') a/k/a John Doe and John Doe 2" (Page 1), and accuses us of using aliases to confuse the Court (Page 2). Our pleadings (ECF Nos. 329, 330, 331, 332, 333) and Defendant GPS (ECF No. 334) highlight Plaintiff's recent prior defamatory claims and misconduct, such as witness intimidation and harassment.

Plaintiff's attorney, Nicholas A. Chiappetta, has reinforced the false narrative in court, equating our filings with Camp's actions. We are not Joseph A. Camp, have no connection to him, and did not engage in the alleged acts. It is also a complete lie that there is any connection between Duane Morris LLP, ourselves, or (presumably) Joseph A. Camp -whom we have been attempting to reach but cannot-, and all claims of Camp's misconduct, thus far, are false, rendering Plaintiff's statements baseless and defamatory.

III. LEGAL STANDARD

Florida law requires five elements for defamation: (1) publication; (2) falsity; (3) negligence or actual malice; (4) actual damage; and (5) a defamatory statement. *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). Statements are defamatory per se if they impute criminal conduct, harm a person's profession, or expose them to public hatred. *Wolfson v. Kirk*, 273 So. 2d 774, 777 (Fla. 4th DCA 1973). Defamation per se presumes damages and does not require proof of malice unless the person is a public figure. *Mile Marker, Inc. v. Petersen Publ'g, L.L.C.*, 811 So. 2d 841, 845 (Fla. 4th DCA 2002). Non-parties can seek relief for defamation tied to litigation. *Doe v. Roe*, 638 So. 2d at 90. Defamation may arise from statements that indirectly identify a person through context or prior associations. *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So. 2d 113, 115 (Fla. 1993).

The Eleventh Circuit applies state defamation law while protecting First Amendment rights. *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 6 F.4th 1247, 1252 (11th Cir. 2021). Injunctive relief is available to stop defamatory statements that cause irreparable harm. *Zimmerman v. D.C.A. at Welleby, Inc.*, 505 So. 2d 1371, 1373 (Fla. 4th DCA 1987).

IV. ARGUMENT

A. The Statements Are Defamatory Per Se

The statements are defamatory per se because, through Plaintiff's explicit identification in ECF No. 296, they impute to us Joey Camp's alleged criminal conduct, none of which is true, and expose us to public hatred. *See Wolfson*, 273 So. 2d at 777. Plaintiff's claim that Camp created "fake John Does" (Page 2) targets us, as ECF No. 296 (Page 1) names us as Camp's aliases, falsely accusing us of criminal fraud. Attributing racist and threatening emails to Camp (Pages 4, 6), which ECF No. 296 (Page 3) ties to us, falsely portrays us as committing hate crimes, which is defamatory per se. *See Hoch v. Rissman, Weisberg, Barrett*, 742 So. 2d 451, 457 (Fla. 5th DCA 1999). The linkage in Plaintiff's pleadings makes defaming Camp equivalent to defaming us. *See Flanagan*, 629 So. 2d at 115.

B. The Elements of Defamation Are Met

1. **Publication**: The article was published on a public Substack page with over 2,000 subscribers, satisfying publication. *See Rapp*, 997 So. 2d at 1106.

2. **Falsity**: The statements are false. We are not Joey Camp, are not his aliases, and did not send the emails. All allegations of misconduct against Camp are untrue, as are Plaintiff's claims linking us to him, as documented in our pleadings (ECF Nos. 329, 330, 331, 332, 333).

3. **Negligence or Actual Malice**: Plaintiff acted with actual malice, knowing we are not Camp (otherwise he wouldn't need the subpoena metadata to which he is seeking and which invited us to this matter in the first istance) and that his allegations against Camp are false, or recklessly disregarding the truth, as shown by his repeated false pleadings, including ECF No. 296, despite our vigorous objections. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964).

4. **Actual Damage**: The statements are defamatory per se, so damages are presumed. *Mile Marker*, 811 So. 2d at 845. The article's public reach has harmed our reputations and exposed us to harassment.

5. **Defamatory Statement**: By identifying us as Camp in ECF No. 296 and linking us to his alleged—but false—crimes, the statements impute criminal and unethical acts to us, making them defamatory per se. *See Wolfson*, 273 So. 2d at 777.

C. Injunctive Relief Is Warranted

Injunctive relief is necessary to prevent further harm. Plaintiff's article, viewed by thousands, and his pleadings (ECF Nos. 296) show he will continue falsely identifying us as Camp and attributing fabricated misconduct to us unless stopped. Florida law permits injunctions against defamatory statements causing ongoing harm. *Zimmerman*, 505 So. 2d

at 1373. The Eleventh Circuit allows injunctive relief for false statements with minimal First Amendment concerns. *Falanga v. State Bar of Ga.*, 150 F.3d 1333, 1339 (11th Cir. 1998).

D. Prior Pleadings Support This Motion

Our prior pleadings document only some of Plaintiff's defamatory conduct:

- ECF No. 329 (April 17, 2025): Legal Analysis and Motion for Sanctions noting Plaintiff's false claims against us.

- ECF No. 330 (April 17, 2025): Second Motion for Sanctions detailing Plaintiff's defamatory harassment.

- ECF No. 331 (April 17, 2025): Notice of Criminal Complaint for Plaintiff's defamation.

- ECF No. 332 (April 17, 2025): Memorandum on Florida's jurisdiction over Plaintiff's defamation.

Plaintiff's ECF No. 296 explicitly equates us with Camp, and ECF No. 334 (Defendants' Motion for Sanctions) further notes Plaintiff's ongoing misconduct, supporting our claim.

V. REQUEST FOR RELIEF

We respectfully request that the Court:

1. Find Plaintiff Danesh Noshirvan liable for defamation per se for the April 21, 2025, article, which defames us by falsely identifying us as Joseph A. Camp and attributing false misconduct to us, as confirmed by ECF No. 296.

2. Issue a permanent injunction ordering Plaintiff to:

    o Remove the defamatory article from his Substack page.

    o Cease publishing false statements linking us to Joseph A. Camp or his alleged acts.

3. Award presumed damages for defamation per se and any further relief the Court deems just.

Respectfully submitted,

/s/ John Doe John Doe, Pro Se