UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH     NOSHIRVAN,     an
individual,

       Plaintiff,

v.                                  Case No:  2:23-cv-1218-JES-KCD

JENNIFER     COUTURE,     an
individual, RALPH GARRAMONE
M.D., an individual, RALPH
GARRAMONE M.D. P.A., CENTRAL
PARK OF SOUTHWEST FLORIDA,
LLC, WRAITH, LLC, SULLIVAN
STREET   INVESTMENTS,   LLC,
HAIRPIN   TURN,   LLC,   OMG
REALTY, LLC, R G WEIGHT
MANAGEMENT,   LLC,   CENTRAL
PARK SOUTH, LLC, BRANTLEE,
LLC,   LEGACY   OF   MARIE
GARRAMONE,   LLC,   GARRAMONE
MARKETING,   INC.,   5681
DIVISION LLC, THE LAW OFFICE
OF PATRICK TRAINOR ESQ. LLC,
PATRICK     TRAINOR,     an
individual, and ANTI-DOXING
LEAGUE INC.,

       Defendants.

_____

**ORDER**

    This matter comes before the Court on review of the file.
From this case's inception, Plaintiff Danesh Noshirvan (Noshirvan)
has alleged that Defendants have acted in concert with non-party
Joseph Camp (Camp) to harass him, his family, and parties involved
in this case. Recently, on April 4, 2025, "John Doe/Jane Roe" and
"John Doe 2/Jane Roe 2" appeared for the first time by filing

motions to quash (Docs. ##282, 284) Noshirvan's subpoena to Google,

LLC d/f/a YouTube, requiring Google to:

> Produce all basic subscriber information for any of
> Joseph A. Camp's profiles including any verifications.
> This request includes name, address, phone numbers,
> email addresses associated with accounts, and login IP
> addresses from January 01, 2021, through March 13, 2025.

(Doc. #282-1, p. 4.) Then, "John Doe/Jane Roe" and "John Doe 2/Jane

2" filed six duplicative "notices" that they are not Joseph Camp.

(See Docs. ##289-294.)[1]

More filings by more "John Does" were made. In addition,

thirty filings were made within the last days by filers identifying

themselves as either John Does 1, 2, 3, 4, 5, 6, 69 or a combination

thereof. (See Docs. ##295, 297-305, 308-309, 314-315, 320-326,

329-33, 335-38.) They include replies to the motion to quash,

objections to the Magistrate Judge's order denying the motion to

quash (the Order), notices of appeal to the Eleventh Circuit as to

the Order, and motions. The motions range from moving to

"[t]emporarily restrain all further filings by Plaintiff's counsel

until such filings can be verified as non-fiction by the Science

Fiction and Fantasy Writers Association," (Doc. #305), to "quash

the plaintiff's counsel's ego," (Doc. #308), among other things.

Most, if not all, of the John Doe/Jane Roe filings are

patently frivolous. But separately, it is a general rule that

---

[1] These filings were apparently in response to Noshirvan asserting that the
"John Does/Jane Roes" are in fact Joseph Camp. (See Doc. #287, p. 12, n.3.)

"'parties to a lawsuit must identify themselves' in the pleadings."
In re: Chiquita Brands Int'l, Inc., 965 F.3d 1238, 1247 (11th Cir.
2020)(citation omitted). "Parties may use 'fictitious name[s]'
only in 'exceptional case[s].'" Id. (citation omitted). This rule
"protects the public's legitimate interest in knowing all of the
facts involved, including the identities of the parties." Id.
(citation omitted). "A party may proceed anonymously in federal
court by establishing 'a substantial privacy right which outweighs
the customary and constitutionally-embedded presumption of
openness in judicial proceedings.'" Id. (citation omitted).

The Court has not approved any party to proceed anonymously.
Given the improper flooding of the Court's docket, the failure to
first seek permission to proceed anonymously, and the Court's power
to control its own docket, Dietz v. Bouldin., 579 U.S. 40, 45
(2016), the Clerk is directed to strike but retain for the record
all pending filings by John Does or Jane Roes before this Court
(Docs. ##289-295, 298-305, 308-09, 315, 322, 324-326, 329-33, 335-
38).[2] The Clerk is further directed to reject any anonymous pro se
filings unless otherwise ordered by the Court.

---

[2] The Court will leave the notices of appeal and a "writ of mandamus" to the
Eleventh Circuit intact and recognizes that, "[a]s a general matter, the filing
of a notice of appeal deprives the district court of jurisdiction over all
issues involved in the appeal." Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir.
2003). But that general rule at most would only deprive the Court of jurisdiction
on the lone issue involved on appeal—whether Noshirvan's subpoena to Google
should be quashed. And in any event, at least two exceptions exist to that
general rule: when a frivolous interlocutory notice of appeal is filed or when
a notice of appeal from a non-appealable order is filed. See United States v.

Accordingly, it is now

**ORDERED:**

1. The Clerk is directed to strike but retain for the record all pending filings by John Does or Jane Roes before this Court (Docs. ##289-295, 298-305, 308-09, 315, 322, 324-326, 329-33, 335-38).

2. The Clerk is further directed to reject any anonymous pro se filings unless otherwise ordered by the Court.

**DONE AND ORDERED** at Fort Myers, Florida, this  23rd  day of April 2025.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record

---

Khoury, 901 F.2d 948, 969 n.20 (11th Cir.), opinion modified on denial of reh'g, 910 F.2d 713 (11th Cir. 1990); see also In re Transbrasil S.A. Linhas Aereas, 860 F. App'x 163, 166 n.3 (11th Cir. 2021)(noting that "as a 'general rule, orders denying motions to quash subpoenas are not final orders that are immediately appealable.'" (citation omitted)).