UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, an individual,

    Plaintiff,

v.  Case No: 2:23-cv-1218-JES-KCD

JENNIFER COUTURE, an individual, RALPH GARRAMONE M.D., an individual, RALPH GARRAMONE M.D. P.A., CENTRAL PARK OF SOUTHWEST FLORIDA, LLC, WRAITH, LLC, SULLIVAN STREET INVESTMENTS, LLC, HAIRPIN TURN, LLC, OMG REALTY, LLC, R G WEIGHT MANAGEMENT, LLC, CENTRAL PARK SOUTH, LLC, BRANTLEE, LLC, LEGACY OF MARIE GARRAMONE, LLC, GARRAMONE MARKETING, INC., 5681 DIVISION LLC, THE LAW OFFICE OF PATRICK TRAINOR ESQ. LLC, PATRICK TRAINOR, an individual, and ANTI-DOXING LEAGUE INC.,

    Defendants.

---

**ORDER**

This matter comes before the Court on Ralph Garramone, M.D., P.A. d/b/a Garramone Plastic Surgery's (GPS) Emergency Motion for Sanctions (Doc. #334) filed on April 21, 2025. The Motion asserts that, after a deposition of Plaintiff's wife, Plaintiff made social media posts regarding Julian Jackson-Fannin, GPS' counsel, which has resulted in "an onslaught of targeted harassment toward Mr.

Jackson-Fannin and his professional affiliates from Plaintiff's army of followers, ranging from attacks on Mr. Jackson-Fannin's law firm's social media accounts, to threatening phone calls to Mr. Jackson-Fannin's office, and calls for disciplinary action with the Florida Bar." (Id. at p. 5.) Plaintiff's counsel, Nick Chiappetta, has allegedly stood idly by or even encouraged Plaintiff's actions. (Id. at 6.)

GPS requests the Court issue an order before the next scheduled deposition, within less than four days, granting the following relief:

> 1. Order Plaintiff to appear in person for a hearing on this Motion to answer for his conduct;
>
> 2. Direct Plaintiff to immediately remove all social media posts targeting Mr. Jackson-Fannin and prohibit further public commentary that could prejudice this litigation or endanger its participants, including other counsel for GPS as well as other attorneys in this case;
>
> 3. Compel Plaintiff to issue a formal, public retraction and to request his followers to cease all harassment and threats directed at Mr. Jackson-Fannin;
>
> 4. Formally reprimand Mr. Chiappetta and issue an order directing him to control his client's conduct, as required by Rule 4-8.4(d) of the Florida Rules of Professional Conduct;
>
> 5. Award GPS all attorneys' fees and costs incurred in connection with preparing and filing this Motion;
>
> 6. Order that any violation of the Court's order would result in dismissal of Plaintiff's case; and
>
> 7. Any additional relief that the Court believes is just and proper to address the issues raised herein.

(Id. at p. 2-3.)

A hurried order is imprudent considering the relief requested. For example, by requesting that the Court "prohibit [Plaintiff from] further public commentary," GPS effectively requests a prior restraint on Plaintiff's speech.[1] "Any prior restraint on expression comes to this Court with a 'heavy presumption' against its constitutional validity," and the movant "carries a heavy burden of showing justification for the imposition of such a restraint." Org. for a Better Austin v. Keefe, 402 U.S. 415, 419 (1971). GPS has not even mentioned prior restraint, much less carried its heavy burden.

Accusations of harassment are not new in this case. A sanctions hearing is already scheduled, in part to resolve accusations that GPS and other defendants are "working in concert with non-parties [Joseph] Camp and Richard Luthmann to intimidate and harass Plaintiff's witnesses." (Doc. #307, p. 2.) This Motion will be considered at that hearing as well. Separately, the Court will set a briefing schedule, as outlined below, so GPS can supplement its Motion and any opposition can be considered. GPS' brief must contain a memorandum of law citing supporting law for each item of relief requested.

---

[1] "The term prior restraint is used 'to describe administrative and judicial orders *forbidding* certain communications when issued in advance of the time that such communications are to occur.'" Alexander v. United States, 509 U.S. 544, 550 (1993)(citation omitted).

Accordingly, it is now

**ORDERED**:

1. Ralph Garramone, M.D., P.A. d/b/a Garramone Plastic Surgery's (GPS) Emergency Motion for Sanctions (Doc. #334) is taken **UNDER ADVISEMENT**.

2. The Motion will be considered at the sanctions hearing already scheduled, as detailed in Doc. #307.

3. GPS may file a supplemental brief by May 5, 2025, but not later. An opposition brief may be filed by May 14, 2025, but not later.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of April 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record