UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

DANESH NOSHIRVAN, an individual.

Plaintiff,

Case No: 2:23-cv-1218-JES-KCD

JENNIFER COUTURE, an individual,

RALPH GARRAMONE, M.D., an individual,

et al.,

Defendants.

## NOTICE OF APPEAL (Dkt: 339 -April 23, 2025)

*To the Honorable Judges of the United States Court of Appeals for the Eleventh Circuit, and to all who lend an ear to this legal lament*

With a flourish of jurisprudential fervor and a wry nod to the absurdities of procedural theater, the undersigned, the pseudonymous **John Doe** and **John Doe 2**, joined by (with their permission) **John Doe 3**, **John Doe 4**, **John Doe 5** and **John Doe 69**[1] non-parties dragged into the above-captioned melodrama, hereby declare their intent to appeal to the esteemed **Eleventh Circuit**. This appeal arises from the Order of April 23, 2025 (Doc. #339), a judicial pronouncement that, with the decisiveness of a guillotine's drop, struck *but retained* for the record a torrent of filings by these appellants and their anonymous cohorts (Docs. ##289-295, 298-305,

---

[1] An extensive search of the record found no "John Doe 6" -as indicated by the Court in the ORDER being appealed from.

308-09, 315, 322, 324-326, 329-33, 335-38). The Order further directed the Clerk, in a manner evocative of a gatekeeper barring revelers from a masked ball, to reject all future anonymous *pro se* filings absent explicit judicial sanction.

The appellants, shrouded in pseudonymity to shield their identities from the relentless glare of a litigious cosmos, assert that the District Court's Order is a grievous assault on their hallowed right to access the courts. Far from the "patently frivolous" caricature slung by the Court, their pleadings—spanning motions, replies, and notices—were masterfully argued, fortified with binding case law, statutes, rules, and incisive analogies. These filings, including their standing Motions to Quash (Docs. ##282, 284), represent a resolute defense of their privacy and a plea to proceed anonymously, as permitted in exceptional circumstances under In re: Chiquita Brands Int'l, Inc., 965 F.3d 1238, 1247 (11th Cir. 2020).

The appellants take particular umbrage at the District Court's failure to grapple with a critical issue left dangling by the Magistrate Judge's contested order of April 11, 2025 (Doc. #314). That order, issued by Magistrate Judge Kyle Dudek, is vehemently challenged as jurisdictionally infirm, yet it tactically acknowledged the relief sought in the appellants' Motions to Quash, including their request to proceed anonymously. While addressing other relief—denying the quashal of subpoenas, assignment of counsel, sanctions, and a stay—the Magistrate Judge conspicuously sidestepped the anonymity request, leaving it unresolved. By striking the appellants' filings, the District Court's Order (Doc. #339) perpetuates this ambiguity, leaving the Motions to Quash open and the question of anonymity in procedural limbo. This oversight, the appellants submit, is akin to a playwright omitting the resolution of a pivotal act, leaving the audience adrift.

The appellants further contend that their pleadings, far from being judicial chaff, were erudite and deserving of a fair hearing. The District Court's reliance on its

docket-control powers, while potent, cannot trample the constitutional and statutory protections afforded to those who seek redress under pseudonymity's cloak. To strike such well-reasoned filings without a hearing or an opportunity to substantiate their substantial privacy interests is, in their view, tantamount to dismissing a symphony as mere noise. The Court's procedural haste, they argue, tips the delicate balance between public transparency and individual privacy—a balance the Eleventh Circuit has deftly upheld.

**Record Relied Upon**: The appellants rely upon the following docket entries as the record for their appeal: Docs. ##282, 284, 289-295, 298-305, 308-09, 314, 315, 322, 324-326, 329-33, 335-38, 339. No transcripts will be needed for this appeal.

**Certificate of Service**: The undersigned certify that a true and correct copy of this Notice of Appeal might possibly be sent to all parties. If the clerk dockets it electronically then it has been served upon all parties of record via the Court's CM/ECF system. If the clerk does not docket this **Notice of Appeal**, all parties have also received a copy via our super-secret email address noshirvan@yandex.com (mentioned in the subpoena).

**Wherefore**, John Doe and John Doe 2, with the gravitas of earnest litigants and the wit of those who tilt at procedural windmills, implore the Eleventh Circuit's wisdom to review and reverse the District Court's Order. They seek restoration of their stricken filings, recognition of their right to proceed pseudonymously, resolution of the anonymity question left pending by the Magistrate Judge's order, and a fair hearing and resolution for **all** their motions, which stand as beacons of legal rigor amidst the judicial fray.

Dated: April 25, 2025

Respectfully submitted,

*/s/John Doe*

*/s/John Doe 2*

On behalf of John Doe, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 69.

**Anonymous and Pro se.**

noshirvan@yandex.com