IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| DANESH NOSHIRVAN a/k/a @THATDANESHGUY,<br><br>Plaintiffs,<br><br>vs.<br><br>JENNIFER COUTURE, et al.,<br><br>Defendants. | Civil Case No.: 2:23-cv-01218 |

**PATRICK TRAINOR'S OPPOSITION TO PLAINTIFF'S MOTION FOR OUT-OF-STATE NON-PARTY WITNESSES TO APPEAR REMOTELY**

Patrick Trainor (hereinafter "Trainor") respectfully opposes Danesh Noshirvan's ("Noshirvan") Motion for Out-of-State Non-Party Witnesses to Appear Remotely. In the federal courts, "there is a decided preference for live testimony in open court." *Goines v. Lee Mem'l Health Sys.*, No. 217CV656FTM29UAM, 2019 WL 8918734, at *1 (M.D. Fla. May 22, 2019). However, *Rule 43(a)* of the *Federal Rules of Civil Procedure* "vests discretion with the Court – not the parties – to allow remote testimony." *Davis v. Little Giant Ladder Systems, LLC*, Case No.: 2-19-cv-00780-SPC-NPM, 2022 WL 3924144 at *7 (M.D. Fla. Aug. 31, 2022). At its discretion, a court may allow remote testimony for good cause where compelling circumstances have been shown and appropriate safeguards can be assured. *Fed. R. Civ. P. 43(a).*

Appropriate safeguards that must be in place, include: (a) the ability to accurately identify the witness; (b) protections that the witness will not be influenced

by others; and (c) accurate transmission of the witness's testimony. *Clowdus v. Am. Airlines, Inc.*, Case No. 1:21-CV-23155-KMM, 2022 WL 6497311, at *3 (S.D. Fla. Sept. 21, 2022).

Noshirvan has not proven good cause nor compelling circumstances to warrant remote testimony. Noshirvan's bad faith motion is rubbish. He failed to identify a single potential witness, let alone witnesses. Given Noshirvan's violent and profane interruption of the deposition of Hannah Noshirvan, and subsequent coordinated attack against Mr. Jackson-Fannin the Court cannot be assured that the unnamed alleged witnesses will be free of influence from either Noshirvan or his minions during their remote testimony. *See Garramone Plastic Surgery's Emergency Motion for Protective Order* at 4-6, D.E. 334.

In the instant motion, Noshirvan again refused to identify the alleged non-party witnesses, nor the substance of their alleged testimony, he simply stated they needed to testify remotely to "ease the financial burden and onerous time consumption of last-minute travel on out-of-state non-party witnesses." D.E. 343 at 2. In *Clowdus* the Court found good cause and compelling circumstances, where it allowed non-citizens to testify remotely, because they could not enter the country due to issues with their Visas. *Clowdus v. Am. Airlines, Inc.*, Case No. 1:21-CV-23155-KMM, 2022 WL 6497311, at *2-4. Courts in this circuit found good cause existed and allowed remote testimony at an evidentiary hearing where COVID-19 restricted travel. *VMX-Glob. USA, LLC v. Noble Env't Tech*, 339 F.R.D. 690 (S.D. Fla. 2021)).

Further, Noshirvan failed to set forth the appropriate safeguards that would be in place to ensure the accurate and reliable transmission of the alleged witness's testimony. The Courts in this circuit have established that appropriate safeguards include, the use of reliable videoconferencing technology and the presence of a technology consultant to address technical issues, should any arise, and an attorney present to manage exhibits. *In re 3M Combat Arms Earplug Products Liability Litigation*, Case No. 3:19-md-02885, 2021 WL 6327374 at 5-6 (Oct. 28, 2021). Noshirvan identified none.

Since Noshirvan refused to identify his alleged out-of-state witnesses the Court cannot find that an in-person appearances present a financial burden. Moreover, Noshirvan has known since April 11, 2025, that the hearing was scheduled May 19, 2025, so his alleged witnesses have had six weeks' notice, which is not "last-minute." D.E. 343 at 5.

WHEREFORE, for the reasons stated herein Trainor respectfully requests that Noshirvan's motion be denied.

Respectfully submitted,

May 5, 2025

_____
Patrick Trainor, Esquire (Attorney ID 242682019)
LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327

F: (201) 896-7815
pt@ptesq.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties in this action.

May 5, 2025                    _____
                                              Patrick Trainor