IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN
an individual,

        Plaintiff,

vs.

JENNIFER COUTURE, Et'al,

        Defendant(s).
_____/

CASE NO:
  2:23-cv-01218-JES-NPM

**PLAINTIFF, DANESH NOSHIRVAN'S FOURTH MOTION TO COMPEL DISCOVERY AND THIRD MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS (DKTS. 126, 172, 206, 236-7, 250 AND 311) AGAINST DEFENDANTS, RALPH GARRAMONE M.D AND JENINFER COUTURE, AND FOR SANCTIONS**

Pursuant to Federal Rule of Civil Procedure 34, 37, 41(b) and this Court's 6Orders, plaintiff, Danesh Noshirvan ("**Noshirvan**"), files this motion to compel discovery, compliance with multiple Court Order, and seeks sanctions against defendants, Ralph Garramone M.D, an individual ("**Garramone**") and Jennifer Couture ("**Couture**"). In support of this Motion, Noshirvan states:

1. Noshirvan filed this instant action on December 26, 2023 (Dkt. 1). On April 08, 2024, this Court issued a Case Management and Scheduling Order. Dkt. 64.

2. On April 16, 2024, Noshirvan served his First Request for Production on Garramone and Couture.

3. On May 16, 2024, Garramone and Couture responded to Noshirvan's First Request for Production. Garramone's and Couture's Response initial contained a multitude of frivolous objections. See Dkt. 96 and 98.

4. On August 28, 2024, this court held a discovery hearing, counsel for Garramone and Couture advised the Court that 30-days from the date of hearing would be the due date for production. Thus, Couture's and Garramone's discovery obligations per agreement and sanctioned by Court Order were due on or before September 28, 2024. (See Dkt. 126).

5. On November 01, 2024, this Court allowed the withdrawal of Garramone and Couture counsel, Wicker Smith. (Dkt. 172). The Court also extended the due date by 28-days for Garramone and Couture to answer discovery and produce the discovery document. *Id.* The Court's Order required Couture and Garramone to answer discovery by November 29, 2024. *Id.*

6. On December 10, 2024, this Court granted Noshirvan's Motion to Compel but in doing so, gave Couture and Garramone an additional 45-days to produce their outstanding discovery. (Dkt. 206). Couture and Garramone were again required by Court Second Order to produce discovery documents on or before Friday, January 24, 2025. *Id.*

7. On January 25, 2025, this Court again granted Couture and Garramone an extension of time to answer discovery. (See Dkts. 236-7).

8. On February 07, 2025, this Court ordered the parties to exchange "past due discovery" within 14 days. (Dkt. 250)

9. On February 21, 2025, Garramone and Couture moved for another extension, this time claiming that Wicker Smith previously collected "3,750 digital files" and that they are not organized. Dkt. 257, ¶7. Defendants argued that "[d]ue to the sheer volume of material that must be reviewed and categorized for production" their "counsel has been unable to complete the document production." *Id.*

10. On April 10, 2025, this Court ordered Garramone and Couture to "provide all past-due discovery within 10 days of this order." See Dkt. 311. Thus, Garramone and Couture were required to produce Rule 34 compliant responsive documents on or before April 20, 2025. They did not.

11. On April 22, 2025, Couture produced six digital file folders containing a mixture of various file formats. For example, PDF, PNG, and something simply called "file." The documents labeled as "file" format do not open. The production itself is largely nonresponsive to Noshirvan's requests. Further, some files have digital numbering systems, while others do not. The actual documents themselves are not Bates labeled or contain any labeling or

identification marks. Couture's document production does not include social media pages as previously agreed. As such, Noshirvan is unable to which of the several social media accounts bearing her user name actually belongs to Couture. For example, @JencoutureFL, @legendofthesouth, etc. Further, several accounts appear to have been deleted or unfollowed by @jencoutureFL. And, Couture recently admitted via social media that she personally utilized a "sock puppet account." Couture's document production does not appear to include Couture's Garramonejennifer@gmail.com email address or any other email address except "garramone.com." Couture's production has not been properly organized, nor are several documents provided as they kept or maintained. Couture's production largely consists of links to the internet. This is improper. Moreover, Couture failed to produce native and near-native documents, and metadata. Couture's production is not in a reasonably usable form. Simply put, the production does not comply with Rule 34(E)(i) and (ii).[1]

    12.    Garramone, on the other hand, has not produced as single document to date. Garramone has not even attempted to produce a single document. Garramone will try side-step his failure by attempting to commingle GPS's discovery responses with his personal responses. However, this is an error because Garramone, individually, was purposely given key search terms that

---

[1] Couture did not produce all communications from Garramonejennifer@gmail.com

differ from the search terms given to GPS. Further, GPS claims corporate ownership by Hidden Harbor Capital Partners ("HHCP"), which would make the entity distinct from Garramone the individual.[2]

13. On April 24, 2024, the undersigned agreed to allow Garramone and Couture until May 01, 2025 to correct the deficiencies in their respective productions. Needless to say, despite affirmative representations by counsel, Couture and Garramone did not adhere to the agreement.

14. Couture and Garramone have been subject to 6 Court Orders. Three extending time to answer discovery and **three orders compelling discovery** in the past 11 months. Couture and Garramone's actions are a willful, contumacious, disregard for this Court's authority, the rules of procedure, and discovery in general.

11. Noshirvan is being severely prejudiced by Garramone's and Couture's intentional refusal to participate in discovery and non-compliance with this Court's Orders.

**Memorandum of Law**

I. **Standard**

---

[2] Did GPS properly disclose all interested parties in this case? See https://hh-cp.com/hidden-harbor-capital-partners-makes-investment-in-inspire-aesthetics/ ; https://pitchbook.com/profiles/company/354063-79#overview ; https://inspireaestheticsgroup.com/our-partners

The Federal Rules of Civil Procedure allow parties to civil litigation to conduct discovery by various methods. Federal Rule of Civil Procedure 26 provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

A district court has broad authority under Rule 37 to control discovery. Federal Rule of Civil Procedure 37(b) authorizes the court to impose such sanctions "as are just" against a party that violates an order compelling discovery. Fed. R. Civ. P. 37(b)(2). The Rule includes a list of possible sanctions:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

"Instead of or in addition to [such a sanction], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(c); see also Fed. R. Civ. P. 37(d)(3).

"Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982). A district court has substantial discretion in deciding whether and how to impose sanctions under Rule 37. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997).

Furthermore, a district court is authorized to dismiss a case for failure to comply with a court order or the federal rules. Fed. R. Civ. P. 41(b); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal under Rule 41(b) is appropriate where "there is a 'clear record of delay or willful contempt and a

finding that lesser sanctions would not suffice.' " *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quotation and citation omitted).

A party must not be permitted to gain an advantage by agreeing to cure the discovery violation, then fail to implement the cure, and hope to avoid a sanction by forestalling the sanctions ruling. *In re Seroquel Products Liab. Litig.*, 244 F.R.D. 650, 657 (M.D. Fla. 2007). This inference is informed by observations from other cases. The Ninth Circuit held in considering the delay in another multi-district case:

> Prejudice from unreasonable delay is presumed. *In re Eisen*, 31 F.3d [1447] at 1452–53 [(1994)]. Failure to produce documents as ordered is sufficient prejudice, whether or not there is belated compliance. Id. at 1453 (taking action after the defendant's motion to dismiss was pending does not excuse taking no action before); *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir.1997) (noting that last-minute tender of documents does not cure prejudice or restore other litigants on a crowded docket to the opportunity to use the courts); see also *Adriana [International Corp. v. Thoeren]*, 913 F.2d [1406] at 1413 n. 6 [(9th Cir.1990)] (recognizing that refusal to produce evidence presumptively shows that an asserted claim or defense is meritless). The risk of prejudice is exacerbated where each delay potentially affects the discovery and remand schedule in hundreds of other cases.

*In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1236–37 (9th Cir.2006).

Here, Couture been "purposely sluggish" in making effective production to Noshirvan. Garramone has not produced a single document as an individual defendant. As a result, Noshirvan is prejudiced in multiple ways. Further,

Noshirvan will continue to be prejudiced every day that Couture and Garramone further willfully delay their production. This is improper.

WHEREFORE, Noshirvan respectfully requests that the Court grant this Motion and either: (1) order that the matters embraced in discovery and other designated facts are established for purposes of the action, as the prevailing party claims; (2) default Couture and Garramone pursuant to Rule 37(b)(2)(vi) or 41(b); or (3) treat the failure to comply as contempt, order Couture and Garramone to comply with the Court's order, produce the outstanding discovery within 2-days and impose monetary sanctions against Couture and Garramone, allow Noshirvan to supplement this motion with a fee and cost affidavit, and any other relief this Court deems just and proper.

**Local Rule 3.01(g) Certification**

The undersigned certifies that on April 24, 2025, met and conferred, via telephone, with counsel for Couture and Garramone and the motion opposed in its entirety.

DATED: May 07, 2025.

        Nicholas A. Chiappetta, Esq.
**Chiappetta Trial Lawyers**
Attorneys for Mr. Noshirvan
2101 Vista Parkway, Suite 258
West Palm Beach, Florida 33411
Direct: (561) 768-4500
Fax:   (561) 768-4600
service@chiappettalegal.com
nick@chiappettalegal.com
www.chiappettalegal.com

## CERTIFICATE OF SERVICE

      I hereby certify that on May 07, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
**Law Office of Patrick Trainor, Esq., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for all Defendants
except Garramone Plastic Surgery,
Jennifer Couture, Dr. Ralph Garramone,
and OMG Realty, LLC*

Harvey W. Gurland, Jr., Esq.
Florida Bar No. 284033
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Anoosheh Shaikh, Esq.
Florida Bar No. 1039830
**DUANE MORRIS LLP**
201 South Biscayne Boulevard
Suite 3400
Miami, FL 33131

Tel: 561.962.2108
HWGurland@duanemorris.com
JJFannin@duanemorris.com
AShaikh@duanemorris.com
PNMendoza@duanemorris.com
JMagarin@duanemorris.com
Attorneys for Garramone Plastic Surgery

Aaron Alfano, Esq.
Florida Bar No. 0083909
Brian P. Henry, Esq.
Florida Bar No. 0089069
Rolfes Henry Co., L.P.A.
5415 87th Street East
Bradenton, FL 34211
T: (941) 684-0100
F: (941) 684-0109
E: aalfano@rolfeshenry.com
E: sburns@rolfeshenry.com
E: bhenry@rolfeshenry.com
E: kmcclintock@rolfeshenry.com
Attorneys for Defendants
Jennifer Couture, Ralph Garramone, MD,
OMG Realty, LLC, and Wraith, LLC

                                                              */s/ Nicholas A. Chiappetta*
                                                              Nicholas A. Chiappetta