UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, an individual,

      Plaintiff,

v.

Case No: 2:23-cv-1218-JES-KCD

JENNIFER COUTURE, an individual, RALPH GARRAMONE M.D., an individual, RALPH GARRAMONE M.D. P.A., CENTRAL PARK OF SOUTHWEST FLORIDA, LLC, WRAITH, LLC, SULLIVAN STREET INVESTMENTS, LLC, HAIRPIN TURN, LLC, OMG REALTY, LLC, R G WEIGHT MANAGEMENT, LLC, CENTRAL PARK SOUTH, LLC, BRANTLEE, LLC, LEGACY OF MARIE GARRAMONE, LLC, GARRAMONE MARKETING, INC., 5681 DIVISION LLC, THE LAW OFFICE OF PATRICK TRAINOR ESQ. LLC, PATRICK TRAINOR, an individual, and ANTI-DOXING LEAGUE INC.,

      Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of Plaintiff Danesh Noshirvan's Motion for Out-of-State Nonparty Witnesses to Appear Remotely for the May 19, 2025 Evidentiary Hearing (Doc. #343) filed on April 30, 2025. After this Court issued an expedited briefing schedule, (Doc. #345), Defendant Patrick Trainor (Trainor) filed a Response in Opposition (Doc. #351) and so did

Ralph Garramone, M.D., P.A. d/b/a Garramone Plastic Surgery (GPS) (Doc. #359). Defendants Jennifer Couture, Ralph Garramone, Wraith, LLC, and OMG Realty, LLC filed notice of joining GPS's Response in Opposition. (Doc. #362.) For the reasons set forth below, the motion is denied.

**I.**

Federal Rule of Civil Procedure 43(a) empowers courts with discretionary authority to allow remote testimony in certain occasions. Belser v. Soc. Sec. Admin., Comm'r, No. 20-12121, 2021 WL 6116639, at *3 n.1 (11th Cir. Dec. 27, 2021). Though the Rule prefers open court testimony, it permits an exception "if a party shows 'good cause in compelling circumstances and with appropriate safeguards.'" Ballesteros v. Wal-Mart Stores E., LP, No. 2:19-CV-881-SPC-NPM, 2021 WL 2917553, at *1 (M.D. Fla. July 12, 2021)(quoting Fed. R. Civ. P. 43(a)). "Courts are guided by the Advisory Committee Notes on the 1996 Amendment to Rule 43 in determining whether a movant has demonstrated good cause and compelling circumstances." Clowdus v. Am. Airlines, Inc., No. 1:21-CV-23155-KMM, 2022 WL 6497311, at *2 (S.D. Fla. Sept. 21, 2022).[1] "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to

---

[1] "Although not binding, the interpretations in the Advisory Committee Notes 'are nearly universally accorded great weight in interpreting federal rules.'" Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005)(citation omitted).

attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. But a mere showing of inconvenience is not sufficient. Id.

## II.

On April 10, 2025, this Court issued an Order setting an in-person sanctions hearing for May 19, 2025. (Doc. #307.) On April 30, 2025, Plaintiff filed the instant Motion, requesting that an unknown amount of unidentified out-of-state witnesses be allowed to testify remotely to "ease the financial burden and onerous time consumption of last-minute travel . . . ." (Doc. #343, ¶ 6.) Because the Plaintiff fails to show good cause in compelling circumstances and appropriate safeguards, the Motion is denied.

### A. No Good Cause in Compelling Circumstances

Plaintiff attempts to offer two good causes: time and cost of travel. Neither suffices. Courts have repeatedly held that "mere inconvenience or expense or logistical difficulties associated with travel falls short of suppling the requisite good cause under Rule 43(a)." Ballesteros, at *1 (quoting Novello v. Progressive Express Ins., No. 8:19-cv-1618-KKM-JSS, 2021 WL 1751351, at *2 (M.D. Fla. May 4, 2021)); see also Clowdus v. Am. Airlines, Inc., No. 1:21-CV-23155-KMM, 2022 WL 6497311, at *3 (S.D. Fla. Sept. 21, 2022)(collecting cases).

This is not an "unforeseen need" or an "unexpected" circumstance. See Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. The Court set this for hearing more than a month in advance. It was immediately foreseeable and expected that any witnesses Noshirvan intended to proffer in support of his sanctions motion and to defend against Trainor's sanction motion—the only motions cited in the instant Motion—would need to travel to the courthouse to attend this in-person hearing. Yet, Plaintiff waited twenty days to file his instant Motion. "A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." Id. The Court finds no good cause in compelling circumstances.

**B. No Appropriate Safeguards**

Further, Plaintiff's Motion is due to be denied because he offers no safeguards, let alone appropriate ones. "Rule 43(a) requires appropriate safeguards, including: 1) accurate identification of the witness; 2) protection of influence from persons present with the witness; and 3) accurate transmission." Clowdus, at *3 (quoting VMX-Glob. USA, LLC v. Noble Env't Tech, 339 F.R.D. 690, 692 (S.D. Fla. 2021)). Examples of accepted safeguards include identifying the reliable videoconference technology to be used, arranging for testimony from a court reporter's office or other facility with advanced videoconference

equipment, coordination with court staff to test and arrange the videoconference technology, and ensuring the witness will be alone in the room while providing testimony. See Cunningham v. Cunningham, No. 3:16-CV-1349-J-34JBT, 2016 WL 8261726, at *1 (M.D. Fla. Dec. 27, 2016); In re: 3M Combat Arms Earplug Prods. Liab. Litig., No. 3:19-MD-2885, 2021 WL 2605957, at *5 (N.D. Fla. May 28, 2021).

At most, Plaintiff offers that:

> All of Noshirvan's nonparty witnesses will agree that they will neither record, photograph, broadcast, nor otherwise capture any audio, video, or image from any aspect of my remote appearance. They will further agree not to transmit nor permit the transmittal of any audio, video, or image from any aspect of my remote appearance to any third-party.

(Doc. #343, ¶ 7.) This does not set all the appropriate safeguards Rule 43(a) requires, especially in this case, where it has been admitted that a party interrupted a remote videoconference deposition. (See Doc. #361, pp. 3-4.) The Court finds no appropriate safeguards have been shown.

One last point. Plaintiff's instant Motion states that his sanctions motion includes the allegation that multiple defendants worked with Joseph A. Camp "to interfere with Noshirvan's ability to defend himself in 2:23-cv-340," (Doc. #343, p. 2), a separate case before a separate judge. Such an issue was not identified in this Court's Order setting Plaintiff's sanctions motion for a hearing, (see Doc. #307, p. 2), and indeed no evidence of conduct

occurring in another case but this one will be permitted at the May 19th sanction hearing.

Accordingly, it is now

**ORDERED:**

Plaintiff Danesh Noshirvan's Motion for Out-of-State Nonparty Witnesses to Appear Remotely for the May 19, 2025 Evidentiary Hearing (Doc. #343) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of May 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies: Parties of record