UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

CASE NO. 2:23-CV-1218-JES-KCD

DANESH NOSHIRVAN,
an individual,

      Plaintiff,

v.

JENNIFER COUTURE, *et al.*,

      Defendants.
_____/

**DEFENDANT GARRAMONE PLASTIC SURGERY'S OBJECTION TO PLAINTIFF'S AMENDED NOTICE OF FILING DECLARATIONS TO BE UTILIZED IN CONJUNCTION WITH THE MAY 19, 2025 EVIDENTIARY HEARING [D.E. 380]**

Defendant, RALPH GARRAMONE, M.D. P.A. d/b/a GARRAMONE PLASTIC SURGERY ("*GPS*"), submits its Objection to Plaintiff, Danesh Noshirvan's ("*Plaintiff*" or "*Mr. Noshirvan*") Amended Notice of Filing Declarations to be Utilized in Conjunction with the May 19, 2025 Evidentiary Hearing ("*Amended Notice*") [D.E. 380]. In support thereof, GPS states as follows:

**PRELIMINARY STATEMENT**

Given the seriousness of the assertions contained in Plaintiff's Motion to Extend Expert Witness Disclosure Deadline and for Sanctions for Bad Faith Litigation Tactics ("*Sanctions Motion*") [D.E. 266], on April 10, 2025, the Court ordered an *in-person* evidentiary hearing to take place on May 19, 2025. [D.E. 307]. In doing so, the Court

1

forewarned, "*The parties should be prepared, with evidence, to show what sanctions, if any, are or are not merited under Rule 11 or the Court's inherent powers.*" *Id*. at 3 (emphasis added). Notably, the Court ordered "a limited and strict discovery window regarding the witness intimidation and harassment allegations" to "facilitate the Court's fact-finding role." [D.E. 307, pg. 3]; [D.E. 319]. The Court's Order was entered even though Plaintiff had attached the very same Declarations contained in his Amended Notice that he now wants to use.

Twenty days later, on April 30, 2025, Plaintiff filed his Motion for Out-of-State Nonparty Witnesses to Appear Remotely for the May 19, 2025 Evidentiary Hearing. [D.E. 343]. The Court denied Plaintiff's motion noting that Plaintiff "failed to show good cause in compelling circumstances and appropriate safeguards" to support his request for "an unknown amount of unidentified out-of-state witnesses [to] be allowed to testify remotely." [D.E. 378, pg. 3]. The Court also noted that "no evidence of conduct occurring in another case but this one will be permitted at the May 19th sanction hearing." *Id*. at pg. 5-6.

Unsatisfied with the Court's Orders regarding the presentation of evidence at the May 19, 2025 hearing, Plaintiff now attempts a procedural sleight-of-hand by having the Court accept the Declarations of Brad Laporte (dated January 14, 2025), Meta Platforms, Inc. (dated July 29, 2024), James McGibney (dated February 8, 2024), Vicki Modaffari (dated April 8, 2025), and Danesh Noshirvan (dated March

2

13, 2025) pursuant to Fed. R. Civ. P. 43(c) in lieu of live testimony.[1,2] For the reasons set forth below, GPS objects to the aforementioned Declarations being entered into evidence at the May 19, 2025 hearing and the Court should not consider Declarations in lieu of in-person testimony.

### ARGUMENT AND CITATION TO AUTHORITIES

**A. GPS Objects to the Submission of Witness Testimony via Plaintiff's Proffered Declarations Pursuant to Fed. R. Civ. P. 43(c)**

As an initial matter, the Court's prior Orders regarding the presentation of evidence made it abundantly clear that the Court expects in-person testimony from the parties' witnesses at the May 19, 2025 evidentiary hearing. Instead of adhering to this Court's rulings, Plaintiff tries once again to rely on the same Declarations he submitted in support of his Sanctions Motion at the outset. Indeed, had the Court deemed this submission to be sufficient, the Court could have considered Declarations filed on behalf of Defendants and there would be no need for an evidentiary hearing. Notwithstanding, GPS objects to the submission of witness testimony via Plaintiff's proffered Declarations because Plaintiff's Sanctions Motion is predicated entirely on contested issues of fact and GPS (and the other Defendants for that matter) has not

---

[1] It is worth noting that on May 15, 2025, GPS received an emailed service copy of Plaintiff's Witness and Exhibit List for the May 19, 2025 Evidentiary Hearing, which included, *inter alia*, a list of 112 unlabeled composite and individual exhibits consisting of over 1,300 pages of documents. Plaintiff's Witness and Exhibit List was not filed in the Court record, does not comply with Local Rule 3.07 or the Court-approved Exhibit List form and Instructions Regarding the Pre-Marking of Exhibits.

[2] In addition to the Declarations listed in Plaintiff's Amended Notice, Plaintiff's Witness and Exhibit List for the May 19, 2025 Evidentiary Hearing lists the Declarations of Alvaro Sanchez and Christopher Marlborough, Esq., which have not been provided to GPS. Further, Mr. Noshirvan and Ms. Modaffari are listed as providing in-person testimony as well as testimony in Declarations.

had an opportunity to cross-examine witnesses on the substance of their Declarations and on the specific factual issues raised in Plaintiff's Sanctions Motion.

Where, as here, "a motion relies on facts outside the record, the court *may* hear the matter on affidavits or *may* hear it *wholly or partly* on *oral testimony or on depositions*." Fed. R. Civ. P. 43(c) (emphasis added). However, despite this discretionary standard, courts typically do not accept affidavits or declarations as admissible to prove contested facts at an evidentiary hearing. This is because the declarants are not subject to cross-examination, their credibility cannot be considered, and thus declarations cannot provide a sufficient evidentiary basis to resolve contested issues of fact. *United Commercial Ins. Serv. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992) ("Under [FRCP 43(e), now FRCP 43(c)], which normally governs motions, the trial court has wide discretion in deciding whether to admit or deny oral testimony. Where factual questions not readily ascertainable from the declarations of witnesses or questions of credibility predominate, the district court should hear oral testimony."); *see also Stewart v. M.D.F., Inc.*, 83 F.3d 247, 251 (8th Cir. 1996).

On this point, several Florida cases are instructive. *See, e.g., Marine Diesel Specialists, Inc. v. M/Y "20 %"*, 2018 WL 2926175, at *2 n.5 (M.D. Fla. May 24, 2018) ("The Court finds that the attempted submission of testimony from these witnesses by affidavit or declaration effectively deprived Plaintiff of the ability to cross-examine the witnesses at the evidentiary hearing. Accordingly, the Court sustains Plaintiff's objections concerning the admissibility of these affidavits and will not consider them."); *Robson v. D.R. Horton, Inc.,* WL 3914474 (M.D. Fla. Aug. 12, 2021)

4

("Accordingly, I find that the declarations submitted with the motion, response, and reply, none of which were admitted into evidence at the evidentiary hearing, constitute hearsay and should not be considered over Plaintiff's objection to same."); *U.S. v. Shiner,* 2008 WL 11341316 (S.D. Fla. Oct. 7, 2008) ("Defendants' reliance, however, upon affidavits which have not been subjected to cross-examination is insufficient . . . Their affidavits are hearsay and, without being subjected to cross-examination, cannot provide a sufficient evidentiary basis for the Court to conclude that the advice was actually given. The government should not be subjected to the harsh remedy of dismissal of an indictment based upon statements of defendants the credibility of which has not been tested by way of cross-examination."); *Sundial Partners, Inc. v. Atlantic Street Capital Management LLC*, WL 6157105 (M.D. Fla. Oct. 19, 2015); *see also Fortune v. Fortune*, 61 So. 3d 441, 445 (Fla. 2d DCA 2011) ("It is well settled that affidavits are not admissible to prove facts in issue at an evidentiary hearing because they are not subject to cross-examination and because they impermissibly shift the burden of proof to the other party.").

Here, the Court should not allow the submission of witness testimony via Plaintiff's proffered Declarations because to do so would effectively deprive GPS (and the other Defendants) of the ability to cross-examine and test the credibility of these witnesses on contested issues of fact at the May 19, 2025 evidentiary hearing.

Moreover, Plaintiff's reliance on *Forsberg v. Pefanis*, 261 F.R.D. 694 (N.D. Ga. 2009), *aff'd*, 634 F. App'x 676 (11th Cir. 2015), for the proposition that the Court should allow Plaintiff's proffered Declarations pursuant to Fed. R. Civ. P. 43(c)

5

because "Defendants have received due process" and because they "had the opportunity to depose witnesses but declined to do so" is not only disingenuous but it also ignores the factual distinction between the instant case and *Forsberg*.

In *Forsberg*, the court considered two hearsay declarations of David Popke in ruling on a sanctions motion because the defendants "had the opportunity to be heard and present evidence on two hearing dates" and "[d]efendants' counsel agreed on the record at the hearing . . . that [p]laintiff's counsel provided him with several dates upon which he could depose Mr. Popke in Texas." 261 F.R.D. at 699-700. Additionally, the court observed that "[e]ven after the hearing on sanctions when the court instructed Plaintiff to provide additional deposition dates, Defendants have not planned to depose Mr. Popke." *Id*. at 699. These facts alone demonstrate that *Forsberg* is not factually analogous to the instant case because (i) GPS and the other Defendants have not been afforded multiple hearings to present evidence; (ii) the Court allowed "a limited and strict discovery window regarding the witness intimidation and harassment allegations," [D.E. 307, pg. 3]; and (iii) Plaintiff's counsel refused to notify GPS and the other Defendants of the witnesses he intended to call at the evidentiary hearing despite repeated requests for him to do so.[3] This last point begs the question: How can Defendants have had the opportunity to depose witnesses Plaintiff's counsel refused to identify? The answer is obvious: They could not have done so. Hence,

---

[3] Despite Defendants repeated requests for Plaintiff to identify the witnesses he intended to call at the evidentiary hearing, Plaintiff waited until May 15, 2025 to provide a witness list that identified the following live witnesses: Danesh Noshirvan, Vicki Modaffari, Ralph Garramone, Jennifer Couture, Patrick Trainor, and Richard Luthmann.

6

*Forsberg* does not apply and Plaintiff's suggestion that GPS and the other Defendants have received due process on this issue is disingenuous, at best, and actually smacks of bad faith.

> **B. GPS Objects to Plaintiff's Proffered Declarations Because They Constitute and Contain Inadmissible Hearsay**

GPS also objects to Plaintiff's proffered Declarations on grounds that they constitute inadmissible hearsay, and the exhibits attached thereto contain multiple layers of hearsay. Even if, for argument's sake, Plaintiff and Ms. Modaffari testify in-person at the evidentiary hearing, the exhibits attached to their Declarations cannot be reduced to an admissible form because they contain hearsay without the benefit of an exception.

The Federal Rules of Evidence define hearsay as "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c); *see also United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015); *NuVasive, Inc. v. Absolute Medical, LLC*, 642 F. Supp. 3d 1320 (M.D. Fla. 2022); *Pump It Up Holdings, LLC v. Anderson*, 2021 WL 4427509, at *2, n.3 (M.D. Fla. Apr. 8, 2021) (at evidentiary hearing to determine damages following entry of default judgment, court declined to admit into evidence declarations as inadmissible hearsay).

Starting with Brad LaPorte's Declaration, it is inadmissible because it contains out-of-court statements being offered for their truth. In addition, it contains six (6) exhibits that are themselves unauthenticated documents with unexplained redactions

7

and alterations, constitute hearsay, and contain hearsay within hearsay. [D.E. 380-1 through D.E. 380-7].

Similarly, the Declaration from Meta Platforms, Inc. only purports to authenticate the documents attached thereto as business records of Meta Platforms, Inc. [D.E. 380-8 through D.E. 380-12]. Meta's Records Custodian, Ms. Velazquez, cannot testify, as Plaintiff suggests, that "Camp has been conclusively tied" to a string of email of email addresses—*none* of which carry a Facebook or Instagram domain name. [D.E. 266, pg. 9]. Thus, the documents attached to Meta's Declaration are still inadmissible hearsay.

Likewise, James McGibney's Declaration contains inadmissible hearsay and attaches unauthenticated email correspondence, another affidavit from Anabela Pinto, and the Declarations of Finella Hesin and Alexander Vays, which all individually constitute inadmissible hearsay. [D.E. 380-13 through D.E. 380-17].[4]

As for Ms. Modaffari's Declaration, it contains a number of hearsay statements purportedly made by Joseph Camp despite Ms. Modaffari's opinion identifying Mr. Camp's voice. [D.E. 380-18 through D.E. 380-19]; *see* Fed. R. Evid. 901. In addition, it contains inadmissible speculation by Ms. Modaffari regarding the ownership of a certain YouTube account. [D.E. 380-18, at ¶5]. Beyond the substance of Ms. Modaffari's statements, her Declaration attached a number of unauthenticated

---

[4] Mr. McGibney's Declaration is also objectionable on relevancy grounds to the extent he states, "None of the discussions that occurred between Mr. Noshirvan and I are relevant to events alleged in Plaintiff's Second Amended Complaint, nor do those discussions relate to defamation or interference with a business relationship." [D.E. 380-13, pg. 4]; *see also* Fed. R. Evid. 401, *et seq.*

screenshots that contain inadmissible hearsay. [D.E. 380-19]. Thus, even if Ms. Modaffari testifies at the May 19, 2025 evidentiary hearing, her Declaration would still be inadmissible under the Federal Rules of Evidence.

Lastly, Mr. Noshirvan's Declaration suffers from the same infirmities that preclude its admission into evidence at the May 19, 2025 hearing. [D.E. 380-20]. It contains a host of hearsay statements and attaches a series of exhibits that themselves constitute and contain inadmissible hearsay.[5]

As such, Plaintiff's proffered Declarations should not be admitted into evidence at the May 19, 2025 hearing because they contain layer upon layer of inadmissible hearsay.

### C. GPS Objects to Plaintiff's Proffered Declarations Because They Contain Statements that Are Not Relevant to the Issues Raised in Plaintiff's Sanctions Motion

As this Court stated in its Order setting the May 19, 2025 evidentiary hearing, Plaintiff's sanctions motions raises the following issues: (i) GPS, Patrick Trainor, Dr. Garramone, and Jennifer Couture should be sanctioned for discovery abuses; (ii) Patrick Trainor should be sanctioned for fabricating false statements and making misrepresentations regarding James McGibney; and (iii) Defendants should be sanctioned for working in concert with non-parties Joseph Camp and Richard Luthmann to intimidate and harass Plaintiff's witnesses—namely, Brad LaPorte.

---

[5] Although Plaintiff has not provided GPS with the Declarations of Messrs. Alvaro and Marlborough, they, too, constitute inadmissible hearsay to the extent they are out-of-court statements being offered for the truth of the unknown matters asserted therein.

9

[D.E. 307, pg. 2]. To the extent Plaintiff's proffered Declarations, including the undisclosed Declarations of Alvaro Sanchez and Christopher Marlborough, Esq., contain statements unrelated issues framed by Plaintiff's Sanctions Motion, they are not relevant and should be excluded from evidence. Fed. R. Evid. 401, *et seq.*

## CONCLUSION

Based on the foregoing objections, GPS respectfully submits that the Court should admit into evidence or consider Plaintiff's proffered Declarations in lieu of in-person testimony at the May 19, 2025 evidentiary hearing.

Respectfully submitted this 16th day of May, 2025.

> */s/ Julian A. Jackson-Fannin*
> Harvey W. Gurland, Jr., Esq.
> Florida Bar No. 284033
> Julian A. Jackson-Fannin, Esq.
> Florida Bar No. 93220
> DUANE MORRIS LLP
> 201 South Biscayne Boulevard, Suite 3400
> Miami, FL 33131-4325
> Telephone: +1 305 960 2200
> HWGurland@duanemorris.com
> JJFannin@duanemorris.com
> PNMendoza@duanemorris.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of May, 2025, a true and correct copy of the foregoing was served via electronic mail upon all counsel of record.

*/s/ Julian A. Jackson-Fannin*
Julian A. Jackson-Fannin, Esq.

DM1\16610144.2