# EXHIBIT 1

# D'Ambly Docket Doc. No. 93

# THE MARLBOROUGH LAW FIRM, P.C.

445 Broad Hollow Road, Suite 400  
Melville, New York 11747

(212) 991-8960  
(212) 991-8952 fax  
chris@marlboroughlawfirm.com

August 31, 2021

**Filed electronically via CM/ECF**
The Hon. Jessica S. Allen
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re: *D'Ambly v. Exoo, et al.*, Civil Action No.: 2:20-cv-12880-JMV-JSA
    Plaintiffs' Request for Telephone Conference and Expedited Discovery

Dear Judge Allen:

This office represents Defendant Christian Exoo in the above-captioned action. I write in response to Plaintiffs' requests for a court telephone conference and for expedited discovery. The requests should be denied as Plaintiffs have failed to show that there has been or will likely be, any spoliation of evidence and fail to satisfy the good cause standard for expedited discovery.

Plaintiffs make outrageous, profane and baseless claims against Defendants Exoo, his counsel and Twitter concerning alleged spoliation of evidence. However, Defendant Exoo's Twitter account has not been deleted and is currently publicly accessible on the internet (*See* https://twitter.com/antifashgordon). Nevertheless, Plaintiffs proceed to waste the resources of the Court and numerous attorneys for defendants with these frivolous accusations.

## The Meet and Confer Process

Plaintiffs' Counsel has conducted himself in an abusive and uncivil manner hurling baseless accusations and insults at both me and my client. For example, Plaintiffs' Counsel asserted that Mr. Exoo deleted his account with the permission of his counsel in a profane manner. Plaintiffs' Counsel stated, " … you let your client delete his account what a sh*t show. Allowing your client to delete his account is bush league douchery." *See* Exhibit A, Trainor-Marlborough E-mails at 1. Plaintiffs' Counsel's unfounded accusations, and incivility are grossly inappropriate.

I explained to Mr. Trainor that his insults and use of profanity was inconsistent with the manner in which attorneys in federal court, or any court for that matter,

should conduct themselves. *Id*. Rather than apologize, he responded in our meet and confer call by saying that attorneys always talk that way, suggesting to me that he intends to continue with his abusive conduct and does not understand his professional obligation to conduct himself in a civil manner.

On our meet and confer call, Plaintiffs' Counsel admitted that Defendant Exoo's Twitter account was currently accessible online. Plaintiffs' Counsel was unable to explain how any discovery rules are violated when information is taken offline but archived and available for production in discovery.

Plaintiffs' Counsel also admitted that he was unable to identify any information that was recently deleted from the account. I informed Plaintiffs' Counsel that there was no destructions of evidence in connection with his stated concern. He refused to accept my representation. He further stated that he would not accept the representation of Defendant Exoo either and accused Mr. Exoo of being a liar.

In addition, Plaintiffs' Counsel admitted that he uses social media "scraping" software to obtain all of Defendant Exoo's Tweets. Nevertheless, Plaintiffs claim that they will be harmed by losing the same information that is already in their possession.

Plaintiffs' Counsel also admits that he failed to meet and confer with counsel for Defendant Twitter prior to seeking Court intervention. *See* Trainor Ltr. at 1. Twitter's counsel would likely have told Plaintiff's Counsel that a Twitter account may be temporarily deactivated without deleting any evidence. *See* Exhibit B, How to Deactivate Your Account at 2/9, located at https://help.twitter.com/en/managing-your-account/how-to-deactivate-twitter-account ("Taking a break from Twitter? We get it."). Indeed, it is impossible for users to delete the data on their Twitter accounts in less than 30 days. *Id*. Plaintiffs' Counsel could also have learned this information from a simple Google search.

**Plaintiffs' Request for a Telephone Conference Should be Denied**

A Court conference is not warranted. Plaintiffs failed to conduct due diligence before seeking a conference and failed to confirm that any information was deleted. Plaintiffs claim that:

> Tweets from @AntifashGordon were referenced as Exhibits attached to [Exoo's] pending motion to dismiss and that information has now been likely deleted and/or altered as a result of defendants' breach of their duty to preserve.

However, Plaintiffs did not even bother to confirm that any of this information was deleted even though the account was publicly available online both at the time of

the parties' meet and confer call and the time Plaintiffs filed their request for a conference and even though Plaintiffs' Counsel has his own archive of Exoo's public Twitter account. Moreover, Plaintiffs' entire case is premised on their claim that Exoo's Tweets have caused and continue to cause irreparable harm to Plaintiffs. Yet, when the Tweets were temporarily unavailable online, Plaintiffs claim that caused them irreparable harm too.

The only reason to schedule a telephone conference would be for the purpose of reprimanding Plaintiffs' Counsel for his unprofessional conduct, incivility and filing of frivolous papers. Courts regularly admonish parties who attempt to turn discovery disputes into a "gotcha game" rather than treat the litigation as a full and fair opportunity to air the merits of a dispute. *See Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.,* 685 F. Supp. 2d 456, 468 (S.D.N.Y. 2010). *See also Zhang v. City of N.Y.,* No. 17-CV-5415 (JFK) (OTW), 2020 U.S. Dist. LEXIS 148031, at *14 (S.D.N.Y. Aug. 17, 2020).

**Plaintiffs' Request for Expedited Discovery Should Be Denied**

Plaintiffs' request for expedited discovery should be denied. Under the Federal Rules of Civil Procedure "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . ." Fed. R. Civ. P. 26(d). The rules allow for discovery prior to a Rule 26(f) conference, inter alia, "when authorized by . . . court order." *Id*. District Courts in this circuit have typically required that the party seeking such expedited discovery must demonstrate "good cause for its motion, such that the request is reasonable in light of the circumstances." *Samuel, Son & Co. v. Beach*, No. CIV. A. 13-128, 2013 U.S. Dist. LEXIS 129486, 2013 WL 4855325, at *3 (W.D. Pa. Sept. 11,2013) (quotations marks and citation omitted). *See Milko v. Excalibur Mediation Grp.*, Civil Action No. 20-1789, 2021 U.S. Dist. LEXIS 31790, at *2-3 (W.D. Pa. Feb. 22, 2021).

In this case, Plaintiffs have failed to satisfy the good cause requirement. Plaintiffs failed to conduct due diligence when making the request and do not have a good faith basis to believe that any information on Exoo's Twitter account was recently deleted. Moreover, Defendant Exoo has a right to be free from Plaintiffs' harassment. Notwithstanding Plaintiffs' curiosity about the management of his account, Defendant Exoo has a First Amendment right to utilize his Twitter account as he sees fit.

CHRISTOPHER MARLBOROUGH