# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

CASE NO.:   2:23-cv-01218-JES-NPM

DANESH NOSHIRVAN,

    Plaintiff,

v.

JENNIFER COUTURE, an individual,
RALPH GARRAMONE, M.D., an individual
RALPH GARRAMONE, M.D. P.A. d/b/a
GARRAMONE PLASTIC SURGERY,
CENTRAL PARK OF SOUTHWEST
FLORIDA, LLC, WRAITH, LLC
SULLIVAN STREET INVESTMENTS, LLC,
HAIRPIN TURN, LLC, OMG REALTY, LLC
R G WEIGHT MANAGEMENT, LLC
CENTRAL PARK SOUTH, LLC
BRANTLEE, LLC, LEGACY OF MARIE
GARRAMONE, LLC, GARRAMONE
MARKETING, INC., 5681 DIVISION, LLC
THE LAW OFFICE OF PATRICK TRAINOR
ESQ., LLC d/b/a THE LAW OFFICE OF
PATRICK TRAINOR, PATRICK TRAINOR,
an individual, and ANTI-DOXING LEAGUE, INC.

    Defendants.
_____/

## DEFENDANTS JENNIFER COUTURE AND RALPH GARRAMONE'S, RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY [D.E. 385] AND RESPONSE TO COURT ORDER [D.E. 401]

Defendants, Jennifer Couture, Ralph Garramone, M.D., Wraith, LLC and OMG Realty, LLC, by and through their undersigned counsel, respond to Plaintiff Danesh Noshirvan's Fourth Motion to Compel Discovery and Third Motion to Compel Compliance With Court Orders and Motion for Sanctions [D.E. 358] (hereinafter, "the Motion" or "Plaintiff's Motion") and respond to the Court's endorsed order dated May 22, 2025 [D.E. 401] and state as follows:

1. Plaintiff filed this case on December 26, 2023.

2. This case arises out of the Plaintiff's doxing of Defendants Jennifer Couture and Dr. Ralph Garramone, M.D., following an altercation between Ms. Couture and another person in the parking lot of a Dunkin Donuts in Fort Myers, Florida. The Plaintiff posted an edited video of the incident on his social media accounts. The Plaintiff had and has in excess of one million social media followers.

3. The result of the Plaintiff's posting of this edited video and commentary was that Defendants Couture and Garramone, as well as the other Defendants, received a deluge of online harassment, including but not limited to negative social media posts, emails, text messages, phone calls, voicemails, and Google reviews of their business. This harassment continues to this day.

4. Subsequently, Defendant Jennifer Couture and Defendant Ralph Garramone M.D., P.A., d/b/a Garramone Plastic Surgery, filed suit against Plaintiff in the United States District Court for the Middle District of Florida. That case

remains pending before this Court as case number 2:23-cv-0340 (generally referred to in this case as the "340 case")1. The above-captioned case (case number 2:23-cv-1218, hereinafter referred to as the "1218 case") was filed by Plaintiff in response to the 340 case and is essentially a countersuit.

5. In this case (the 1218 case), Plaintiff alleges that he suffered harassment at the hands of Joseph A. Camp, who Plaintiff alleges was paid by Defendants to undertake the alleged campaign of harassment. *See* Plaintiff's Second Amended Complaint, [D.E. 139].

6. All Defendants have filed motions to dismiss Plaintiff's Second Amended Complaint on numerous grounds, including failure to join Camp, an indispensable party. *See* Defendants' Jennifer Couture, Ralph Garramone, M.D., and OMG Realty, LLC's, Motion to Dismiss Second Amended Complaint [D.E. 160].

7. The Court has not yet ruled on any of the Defendants' motions to dismiss Plaintiff's Second Amended Complaint.

8. Plaintiff filed the 1218 case on December 26, 2023.

9. Undersigned counsel for Defendants Couture and Garramone first entered an appearance in this case on November 15, 2024.

---

[1] The Court has dismissed some of the claims asserted by Ms. Couture and Garramone Plastic Surgery in the 340 case.

10. On December 10, 2024, this Court entered an order granting, in part, Plaintiff's Second Motion to Compel Discovery and First Motion to Compel Compliance with Court Order and requiring Defendants Couture and Garramone to "produce their outstanding discovery within 45 days." [D.E. 206]

11. The deadline set forth in the December 10, 2024, Order was subsequently extended by the Court pursuant to the Court's rulings on the parties' motions for protective order to prevent disclosure of confidential documents to be produced in discovery and subsequent filings concerning the specific terms of the protective order to be entered by the Court.

12. On February 7, 2025, the Court entered its Protective Order [Document 251]. On the same day, the Court entered a separate Order [D.E. 250] which directed the parties to "exchange any past-due discovery within fourteen days of this order."

13. Plaintiff's Requests for Production are voluminous, in that each Request for Production includes over 60 specific categories of documents to be produced. Specifically, Plaintiff's Request to Produce to Defendant Couture includes 63 categories of documents to be produced and Plaintiff's Request to Produce to Defendant Garramone includes 62 categories of documents to be produced.

14. The more problematic issue was that the "client file" documents provided to Defendant's undersigned counsel by former defense counsel are

4

extremely voluminous, consisting of over 3,750 digital files totaling over 24GB of data. These files are not organized into folders or organized in any fashion whatsoever. Due to the sheer volume of material that must be reviewed and categorized for production, Defendant's undersigned counsel was unable to complete the document production within the time frame required by the Court's orders and moved for an extension of time.

15. The Court granted Defendant's motion for extension of time [D.E. 311]. Pursuant to the order entered on April 10, 2025, Defendants were required to "provide all past-due discovery within 10 days of this order."

16. Defendant Jennifer Couture served her Amended/Supplemental Response to Request to Produce on Monday, April 21, 2025. Due to technical issues encountered in producing the documents electronically, Defendant's undersigned counsel was unable to provide the documents to Plaintiff's counsel that day. Defendant's undersigned counsel provided the documents to Plaintiff's counsel via Dropbox at 7:41 a.m. the following morning, April 22, 2025.

17. The review and production of the requested documents consumed far more time than anticipated and required extensive review and analysis of the voluminous requests for production served by Plaintiff, the responses and objections to requests for production served by former defense counsel, communications and consultation with former defense counsel regarding former defense counsel's

5

conferrals with Plaintiff's counsel concerning Defendants' objections to the requests for production, Plaintiff's previous motions to compel discovery, and orders entered by the court regarding the Defendants' objections and Plaintiff's motions to compel. As a result, it is extraordinarily difficult to determine exactly what documents must be produced.

18. Responding to the discovery required further consultation with Defendant's e-discovery vendor.

19. With respect to Ms. Couture's document production and the deficiencies alleged in paragraph 11 of Plaintiff's motion, Defendant's undersigned counsel is unsure why Plaintiff's counsel was unable to open some of the files. All provided documents were saved in common file formats. Defendant's undersigned counsel can reproduce the requested documents with Bates labels or other identifying marks. The requested social media accounts were unintentionally omitted and will be produced. With respect to Plaintiff's claim that the production "has not been properly organized, nor are several documents provided as they are kept or maintained…," "largely consists of links to the internet …," and that Ms. Couture did not "produce native and near-native documents and metadata" is facetious, in that Plaintiff is requesting information that is almost entirely stored online in formats that are not easily downloaded, organized, and produced to third parties in such formats.

6

20. With respect to Dr. Garramone's response to request to produce, all or substantially all of Dr. Garramone's responsive documents would have been produced by Defendant Garramone Plastic Surgery.

21. Further, there has been extensive activity in this case for the past two months, including multiple lengthy depositions of fact witnesses and expert witnesses; responding to Plaintiff's motion to sanction Defendants for interfering with the judicial process [D.E. 266]; review, analysis, and production of voluminous documents in response to the Court's order [D.E. 319] regarding the evidentiary hearing on Plaintiff's motion to sanction Defendants for interfering with the judicial process; extensive planning and preparation for the evidentiary hearing on Plaintiff's motion to sanction Defendants; and appearing and attending the evidentiary hearing, which consumed two full days (May 19 and 20, 2025).

22. Plaintiff cites *Goforth v. Owens*, 766 F.2d 1533 (11th Cir. 1985), in support of Plaintiff's Motion and in particular the severe penalties of dismissal of claims or entry of default. That case actually presents a counterpoint to this case as to the actions that warranted the most severe sanctions. In that case, Plaintiff appealed a dismissal with prejudice of a diversity medical malpractice action for failure to prosecute under Rule 41(b). This medical malpractice action was originally filed in state court in May 1981. On the day of the state court trial date in September 1983, plaintiff voluntarily dismissed the case. Six months later, plaintiff refiled the

7

case in state court and filed the same action in federal court. The violations of the plaintiff or plaintiff's counsel in the refiled federal court case included failure to file a required preliminary statement, failure to appear for a court-ordered status conference, apparent misrepresentation to the court of medical inability to appear for the status conference, and failure of lead trial counsel to appear for trial. The attorney who appeared for the Plaintiff at trial moved for a continuance. The district court judge stated that to grant the motion for continuance would punish the defendant doctors, who had cancelled appointments with patients to be ready for trial. The district court therefore granted defendants' motion to dismiss for want of prosecution. *Id.* at 1534–1535.

23.  The *Goforth* court held that the legal standard to be applied under Rule 41(b) is whether there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Id*. at 1535, citing *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980). "Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Id.*, citing *Jones v. Graham*, 709 F.2d at 1458. The *Goforth* court found that plaintiff's counsel deliberately refused to comply with the directions of the court. Importantly, the *Goforth* court also found that the record supported an implicit finding that any lesser sanction than dismissal would not have served the interests of justice:

> The district court determined that by granting plaintiff's motion for a continuance the court would have punished defendants. Defendants

were physicians who had to cancel three days of appointments with patients to be present for trial. If the continuance were granted, defendants would have been forced to cancel several additional days of appointments. As any further delay would have greatly prejudiced defendants, a lesser sanction than dismissal would not have served the interests of justice.

*Id.* at 1535.

24. In the instant case, there is no record of willful contempt. Plaintiff Noshirvan states that he "is prejudiced multiple ways" (Plaintiff's Motion [D.E. 358, p. 8]) but does not specify in what way he claims to be prejudiced. Plaintiff certainly does not show any prejudice equivalent to the cancellation of three days of appointments shown by the defendant physicians in the *Goforth* case. Accordingly, Plaintiff has made no showing sufficient to justify the severe sanctions he is seeking.

WHEREFORE, Defendants Jennifer Couture and Dr. Ralph Garramone, M.D., respectfully request that the Court deny Plaintiff's Plaintiff Danesh Noshirvan's Fourth Motion to Compel Discovery and Third Motion to Compel Compliance With Court Orders and Motion for Sanctions [D.E. 358] and grant them an additional seven (7) days to produce the remaining discovery.

Date: May 29, 2025                         Respectfully submitted,

By:   /s/ *Aaron Alfano*
Aaron Alfano, Esq.
(Florida Bar No. 0083909)
Brian P. Henry, Esq.
(Florida Bar No. 0089069)
Rolfes Henry Co., L.P.A.
5415 87th Street East

        Bradenton, FL   34211
        T:  (941) 684-0100
        F:  (941) 684-0109
        E:  aalfano@rolfeshenry.com
        E:  sburns@rolfeshenry.com
        E:  bhenry@rolfeshenry.com
        E:  kmcclintock@rolfeshenry.com

*Attorneys for Defendants Jennifer Couture, Ralph Garramone, MD, OMG Realty, LLC, and Wraith, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Notice of Substitution of Counsel was served this May 5, 2025, on all counsel or parties of record via the Court's Electronic Filing System, Electronic Mail, or via regular mail:

Nicholas A. Chiappetta, Esq.
Fla. Bar No. 1006407
Chiappetta Trial Lawyers
2101 Vista Parkway, Ste. 258
West Palm Beach, FL   33411
T:  561-768-4500
E:  nick@chiappettalegal.com

*Attorney for Plaintiff*

Harvey W. Gurland, Jr., Esq.
Fla. Bar No. 284033
Julian A. Jackson-Fannin, Esq.
Fla. Bar No. 93220
Duane Morris, LLP
201 South Biscayne Blvd., Ste. 3400
Miami, FL   33131
T:  561-962-2108
E:  hwgurland@duanemorris.com
E:  jjfannin@duanemorris.com

E:   pnjemdoza@duanemorris.com
E:   jmagarin@duanemorris.com

*Attorneys for Garramone Plastic Surgery*


Patrick Trainor, Esq.
Law Office of Patrick Trainor, Esq., LLC
19 Union Avenue, Suite 201
Rutherford, NJ   07070
T:   201-777-3327
E:   pt@ptesq.com

*Attorney for all Defendants
Except Garramone Plastic Surgery,
Jennifer Couture, Dr. Ralph Garramone,
OMG Realty, LLC and Wraith, LLC*

                                       */s/ Aaron Alfano*_____
                                       Aaron Alfano (Fla Bar No.: 83909)