IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| DANESH NOSHIRVAN, | |
| Plaintiff, | Civil Case No.: 2:23-cv-01218 |
| vs. | |
| JENNIFER COUTURE, et al.; | |
| Defendants. | |

**TRAINOR'S OPPOSED THIRD MOTION FOR AN ORDER COMPELLING DANESH NOSHIRVAN'S TO PRODUCE RESPONSIVE DISCOVERY THAT COMPLIES WITH THE COURT'S ORDER DATED APRIL 10, 2025, [D.E. 311] AND FOR AN ORDER THAT COMPELS NOSHIRVAN TO PRODUCE THE WITHHELD DOCUMENTS AND UNREDACTED VERSIONS OF THE REDACTED DOCUMENTS IN HIS DISCOVERY PRODUCTION DATED FEBRUARY 24, 2025, AND A PRIVILEGE LOG FOR SAME**

Patrick Trainor (hereinafter "Trainor") respectfully submits this Motion for an Order to Compel plaintiff Danesh Noshirvan's ("Noshirvan") to comply with the Court's Order dated April 10, 2025, [D.E. 311] to provide written responses to Trainor's requests for production ("RFPs") that satisfy the specificity requirements of *Rules 34* and *37* of the *Federal Rules of Civil Procedure* Discovery and responsive documents and electronically stored information ("ESI").

Further, Trainor moves the Court for an Order to Comple Noshirvan to Produce Documents and ESI that he withheld in his Discovery Production dated February 24, 2025, and Unredacted Versions of the Redacted Documents in the same production, and a Privilege Log.

## I. PROCEDURAL HISTORY

1. This is Trainor's third motion to compel Noshirvan to produce responsive documents and ESI.

2. On November 25, 2024, Trainor filed his first motion to compel, because Noshirvan's written responses were evasive and meant to frustrate. [D.E. 198]. On January 24, 2025, the Court ordered Noshirvan to produce responsive documents and ESI and specific written responses to Trainor's first RFP. [D.E. 241]; *See also Clerk's Minutes – Motion Hearing (Docs. 198, 199)* [D.E. 239].

3. On March 6, 2025, Trainor opposed Noshirvan's Motion to Extend Time to Respond to Discovery and second Cross-Motion to Compel Noshirvan to comply with the Court's Order dated January 24, 2025, [D.E. 241].

4. On April 10, 2025, the Court conducted a Discovery Hearing where the Court admonished Noshirvan's counsel for his use of the overbroad and non-specific catchall response "[o]n February 24, 2025, Noshirvan produced 4,912 files, bates labeled as Noshirvan-00000001 to Noshirvan-000011947. Items responsive to this request are contained therein." The Court ordered Noshirvan to provide specific written responses to Trainor's RFPs and responsive documents. [D.E. 311]; *See also Clerk's Minutes – Motion Hearing (Docs. 258 and 264)*, April 10, 2025 at 3 ("Minutes") [D.E. 310].

5. The Court ordered Noshirvan within twelve (12) days after the hearing to produce specific written responses and the first production of documents tranche of responsive documents to Trainor's RFP's numbers 11-12, 14, 15, 19, 25, 28, 38,

41-43, 46-49, 51, 53, 55-56, 58-59, 84, and 85.  The Court further ordered that he provide specific written responses and responsive documents to Trainor's RFP's numbers 4 and 6 and responsive documents were due fourteen (14) days after the hearing, and the final specific written responses and responsive documents to Trainor's RFP's 60-62, 66-67, and 69 were due twenty (20) days after the hearing. [D.E. 311]; *See also Clerk's Minutes – Motion Hearing* (Docs. 258 and 264), April 10, 2025 at 3 ("Minutes") [D.E. 310].  A copy of Noshirvan's written responses are attached as ***Exhibit A***.

## ARGUMENT

I. **MEMORANDUM OF LAW**
   a. **Legal Standard**

In accordance with *Rule 26* of the *Federal Rules of Civil Procedure* a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case  *Fed. R. Civ. P. 26(b)(1)*. Under *Rule 34* a party may serve on any other party a request for production of documents. *Fed. R. Civ. P. 34*.  Where the responding party does not respond, or its responses are facially deficient or the party fails to respond with pertinent information, the requesting party may move for an order compelling discovery. *Fed. R. Civ. P. 37(a)(3), (b)(2)(A)*.  If the party served refuses to produce the documents sought, the party seeking the documents may move the court to compel their production in accordance with *Rule 37(a)(2)*.

The burden is initially on the moving party to demonstrate that its request for production "is relevant, i.e., calculated to lead to admissible evidence." *Shearson Lehman Hutton, Inc. v. Lambros*, 135 F.R.D. 195, 198 (M.D. Fla. 1990) (*citing* Fed. R. Civ. P. 26(b)(1)). Once the moving party has met its burden, the party resisting discovery must establish a lack of relevancy and "demonstrate how the information sought is improper, unreasonable, unduly or burdensome." *Strong v. City of Naples*, 2023 U.S. Dist. LEXIS 121667 at *3 (M.D. Fla. Jul. 14, 2023).

Objections stating that a request is "vague," "overly broad," or "unduly burdensome" are meaningless standing alone – the "party objecting on these grounds must explain its reasoning in a specific and particularized way." *Martin v. Zale Del., Inc.*, Case No. 8:08-cv-00047-T-27EAJ, 2008 U.S. Dist. LEXIS 105215 *4 (M.D. Fla. Dec. 15, 2008). "The party must demonstrate to the court that the requested documents [and information] either do not come within the broad scope of relevance defined pursuant to *Fed. R. Civ. P. 26(b)(1)* or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000). Moreover, asserting boilerplate objections and responses is "procedurally deficient…the responding party either objects or answers, it cannot do both." *Strong v. City of Naples,* No. 2:22-cv-318-KCD, 2023 U.S. Dist. LEXIS 121667 *9 (M.D. Fla. July 14, 2023). By commingling objections and responses, the responding party "wastes the time and resources of the parties and the court." *Id.* at 9 (*citing Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47, 2008 U.S. Dist. LEXIS 105215

at *4 (M.D. Fla. Dec. 15, 2008).  The "courts have found that whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands." *Pepperwood of Naples Condo Ass'n., Inc.*, 2011 U.S. Dist. LEXIS 96501 at *6-7  (M.D. Fla. Aug. 29, 2011).

Moreover, a party can refuse to produce, or withhold discovery, however, pursuant to *Rule 26(b)(5)(A)* "when a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must expressly make the claim and describe the nature of the documents, communications, or tangible things not produced or disclosed." *Fed. R. Civ. P. 26(b)(5)(A)*.  The privilege log must describe the withheld discovery in a manner that enables opposing parties to assess the privilege claim.  *Id.*

A party's duty to produce the privilege log is immediate and absolute, and does not depend at all upon the opposing party asking for it. *Covington v. Sailormen Inc.*, 274 F.R.D. 692, 694 (N.D. Fla. 2011).  Here, Noshirvan has simply withheld discovery, but he has not produced a privilege log.  Further, when Trainor requested Noshirvan's privilege log, his counsel obstructed, and claimed that attachments to messages were either deleted by the sender, including where evidence of the attachment is visible in the altered document he produced, or he claimed that the entire folder did not exist.  *See* emails between parties counsel attached hereto as **Exhibit B**, *at EXB 000002. See also* Trainor letter to Noshirvan's counsel requesting non-produced discovery and attached emails attached hereto as **Exhibit C**.

5

## II. NOSHIRVAN'S RESPONSES DO NOT COMPLY WITH THE COURT'S ORDER

At the hearing in April 10, 2025, the Court ruled that Noshirvan's responses to Trainor's RFPs lacked the specificity required by *Rules 34* and *37* of the *Federal Rules of Civil Procedure* where he used responded with the catchall phrase *"[o]n February 24, 2025, Noshirvan produced 4,912 files, bates labeled as Noshirvan-00000001 to Noshirvan-000011947. Items responsive to this request are contained therein"* and Ordered Noshirvan to provide specific written responses to Trainor's RFPs and responsive discovery.

On April 23, 2025, Noshirvan provided written responses to Trainor's RFPs that defis the Court's Order, because Noshirvan responded to Trainor's RFPs with an expanded catchall that is more broad and less specific than what the Court ordered. See *Exhibit A*.

### a. Noshirvan's Overbroad and Non-Specific Responses

Trainor's RFP number 4 requested that Noshirvan:

*"Produce all social media messages that you sent to Jennifer Couture as either yourself or any name other than @thatdaneshguy since January 26, 2022."*

Noshirvan previously responded:

*"On August 16, 2024, the following link was provided to Trainor:https://www.dropbox.com/scl/fo/nbgiwbthjqa3ka0am1jm6/ANDjb YhoxUwT5rZNokDeHk?rlkey=pp87nv2nu3qffdnhz1vo3rf47&st=fi6afp6a&dl= 0. That link contains multiple file folders labeled from 1.a. to 1.k., several other named filed folders, and loose individual files. The following file: Initial 01.27.22 Video."*

Noshirvan's amended response to Trainor's RFP 4 said:

6

> *"The following file is the only item in Noshirvan's possession, custody, or control: Initial 01.27.22 Video."*

First, Noshirvan's amended response does not respond to the request of RFP 4, because the video is not a social media message. Moreover, although the video file is labeled "*Initial 01.27.22 Video*" the video itself was not created January 27, 2022, it was created on or after February 21, 2022, because in the video Noshirvan included an image of a legal document that was issued on February 21, 2022.

Trainor's RFP 6 requested that Noshirvan:

> *"Produce all documents in your possession, custody, or control that show the acts you allege the Anti-Doxing League committed."*

Noshirvan previously responded to RFP 6 by directing Trainor to see every file within the Dropbox link he produced on or about August 16, 2024, in addition to the files his non-compliant catchall response that said:

> *"…On February 24, 2025, Noshirvan produced 4,912 files, bates labeled as Noshirvan-00000001 to Noshirvan-000011947. Items responsive to this request are contained therein."*

Noshirvan's amended response again directed Trainor see every file in the Dropbox dated August 16, 2024, and concluded with the expanded catchall:

> "*Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024. Please see Noshirvan-00000001 to Noshirvan-000002297; Noshirvan-00002298 to Noshirvan-00006557; Noshirvan-000012276 to Noshirvan-000012325; Noshirvan-000006558 to Noshirvan 000006589.*"

Trainor's RFP number 11 requested that Noshirvan:

> "*Produce all documents or information in your possession, custody, or control, that shows Trainor marketed on "underground or alternative economy websites and social media applications*."

7

Noshirvan previously responded "*See Response to paragraph 10,*" which response was identical to his response to RFP 6 above.  Noshirvan's amended his response to RFP 11 with the broader less specific expanded catchall:

> *"Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024.  Please see Noshirvan-00000001 to Noshirvan-000002297; Noshirvan-00002298 to Noshirvan-00006557; Noshirvan-000012276 to Noshirvan-000012325; Noshirvan-000006558 to Noshirvan-000006589."*

Further, Noshirvan's responses to Trainor's RFP's 12, 15, 19, 25, 38, 41, 46, 47, 48, 49, 53, 55, 58, 59, and 84, defy the Court's Order dated April 10, 2025, [D.E. 311], because they contain a variation of the expanded catchall responses, and are less specific and less responsive than the catchall responses the Court ruled did not satisfy the specificity required by *Rules 34* and *37*.   [D.E. 311].

Noshirvan previously responded to Trainor's RFP 12 with the catchall:

> *"…On February 24, 2025, Noshirvan produced 4,912 files, bates labeled as Noshirvan-00000001 to Noshirvan-000011947."  Items responsive to this request are contained therein."*

Noshirvan amended his response to Trainor's RFP 12 by responding with the expanded less specific catchall than what the Court found deficient:

> *"…Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024.  Noshirvan-00002298 to Noshirvan-00006557; Noshirvan-000006558 to Noshirvan-000006589."*

Noshirvan has not responded to Trainor's RFP number 14.

Noshirvan previously responded to RFP's 15, 19, 25, 38, 41, 46, 47, 48, 49, 55, 58, 59, 60, 84, and 85 with the catchall response *"[o]n February 24, 2025, Noshirvan*

8

*produced 4,912 files, bates labeled as Noshirvan-00000001 to Noshirvan-000011947. Items responsive to this request are contained therein"* that Court found violated *Rule 34* and *Rule 37's* specificity requirement. Noshirvan's amended his responses to these RFP's with broader, less specific catchall responses than those the Court ruled violated *Rules 34* and *37*.

Noshirvan responded to RFP 15 with "*Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024. Please see Noshirvan-00000001 to Noshirvan-000002297; Noshirvan-00002298 to Noshirvan-00006557; Noshirvan-000012276 to Noshirvan-000012325; Noshirvan-000006558 to Noshirvan-000006589.*"

Noshirvan amended his response to RFP 19 with the less specific expanded catchall "…*Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024. Please see Noshirvan-00000001 to Noshirvan-000002297; Noshirvan-00002298 to Noshirvan-00006557.*"

Nosirvan amended his response to RFP 25 with the less specific expanded catchall "*Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024. Please see Noshirvan-00000001 to Noshirvan-000002297; Noshirvan-00002298 to Noshirvan-00006557; Noshirvan-000011578 to Noshirvan-000011859.*"

Noshirvan amended his response to RFP 38 with the less specific expanded catchall "…*Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024. Please see Noshirvan-00000001 to Noshirvan-000002297; Noshirvan-00002298 to Noshirvan-00006557; Noshirvan-000012276 to Noshirvan-000012325; Noshirvan-00006590 to Noshirvan-000011413.*"

Noshirvan amended his response to RFP 41 with the less specific expanded catchall *"…Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024. Please see Noshirvan-00002298 to Noshirvan-00006557; Noshirvan-000012276 to Noshirvan-000012325."*

Noshirvan amended his response to RFP 46 with the less specific expanded catchall *"…Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024. Please see Noshirvan-00000001 to Noshirvan-000002297; Noshirvan-00002298 to Noshirvan-00006557."*

Noshirvan amended his response to RFP 47 with the less specific expanded catchall *"…Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024. Please see Noshirvan-00000001 to Noshirvan-000002297; Noshirvan-00002298 to Noshirvan-00006557; Noshirvan-000012276 to Noshirvan-000012325."*

Noshirvan amended his response to RFP 48 with the less specific expanded catchall *"…Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024. Please see Noshirvan-00000001 to Noshirvan-000002297; Noshirvan-00002298 to Noshirvan-00006557."*

Noshirvan amended his response to RFP 49 with the less specific expanded catchall *"…Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024. Please see Noshirvan-00000001 to Noshirvan-000002297; Noshirvan-00002298 to Noshirvan-00006557; Noshirvan-000012276 to Noshirvan-000012325; Noshirvan-000006558 to Noshirvan-000006589; Noshirvan-000011414 to Noshirvan-000011461."*

Noshirvan amended his response to RFP 55 with the less specific expanded catchall *"…Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024.  Please see Noshirvan-00000001 to Noshirvan-000002297; Noshirvan-00002298 to Noshirvan-00006557; Noshirvan-000012276 to Noshirvan-000012325; Noshirvan-000006558 to Noshirvan-000006589."*

Noshirvan amended his response to RFP 58 with the less specific expanded catchall *"…Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024.  Please see Noshirvan-00000001 to Noshirvan-000002297; Noshirvan-00002298 to Noshirvan-00006557; Noshirvan-000012276 to Noshirvan-000012325; Noshirvan-000006558 to Noshirvan-000006589."*

Noshirvan amended his response to RFP 59 with the less specific expanded catchall *"…Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024.  Please see Noshirvan-00000001 to Noshirvan-000002297; Noshirvan-00002298 to Noshirvan-00006557; Noshirvan-000012276 to Noshirvan-000012325; Noshirvan-000006558 to Noshirvan-000006589."*

Noshirvan amended his response to RFP 84 with the less specific expanded catchall *"…Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024.  Please see Noshirvan-00000001 to Noshirvan-000002297; Noshirvan-00002298 to Noshirvan-00006557."*

Noshirvan amended his response to RFP 85 with the less specific expanded catchall *"…Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024.  Please see Noshirvan-00000001 to Noshirvan-000002297."*

Noshirvan's responses to Trainor's RFP's 66, 67, and 69 were due on or about April 30, 2025, which Noshirvan indicated in his written responses. However, Noshirvan responded to RFP 66 with the less specific expanded catchall *"…Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024. Please see Noshirvan-000012337 to Noshirvan-000016024. Noshirvan-000011948-Noshirvan-000012275; and Noshirva-000002298 to Noshirvan-6557."*

Noshirvan amended his response to RFP 67 with the less specific expanded catchall *"…Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024. Please see Noshirvan-000012337 to Noshirvan-000016024."*

Noshirvan amended his response to RFP 69 with the less specific expanded catchall *"…Noshirvan produced 8,592 files, bates labeled as Noshirvan-00000001 to Noshirvan-000016024. Please see Noshirvan: 5547, 3433, 3437, 3461, 2171, 3324, 551, 596, 3463, and 3639. Noshirvan-000002298 to Noshirvan-000006657."*

In sum, Noshirvan's former responses advised Trainor to look for responsive documents in his files Bates numbered *Noshirvan-00000001 to Noshirvan-000011947*, here, he divided the documents into sections, *Noshirvan-00000001 to Noshirvan-000002297 and Noshirvan-00002298 to Noshirvan-00006557*, which still requires Trainor to search 6,557 files for allegedly responsive documents.

### III.    IMPROPERLY WITHHELD DISCOVERY MATERIALS

Noshirvan's February 24, 2025, discovery production consisted of three file folders labeled "Image," "Native," and "Text." The file folder labeled "Image" contains twelve (12) numerically sequential sub-folders labeled 000 through 011.

12

The Image subfolders contain Noshirvan's ESI produced in individual documents that are formatted as TIF files. Every Image file subfolder includes TIF files that contain documents, audio files, video files, and other electronically formatted files as attachments. See emails attached to Exhibit C.

The documents, audio files, video files, and other electronically formatted files are attached to the TIF documents are contained within subfolders in the file folder labeled "Natives." Documents, audio files, video files, and other electronically formatted files are attached to the TIF files in every Image file subfolder numbered 000-011, and each subfolder contains files numbered 000 to 999 preceded by the numerical subfolder, *i.e.*, 2450.

Noshirvan has withheld Native subfolders 000, 002, 008, and 010 which contains the documents, audio files, video files, and other electronically formatted files attached to the files in Image subfolder 000, 002, 008, and 010. I requested same from Mr. Chiappetta via letter and also email. *See* Exhibit C. He did not respond to letter, but on June 9, 2025, Mr. Chiappetta told me there were no Native files for Image subfolders 002 and 010. Upon even a cursory review of Image subfolders 002 and 010, as well as subfolders 000 and 008 this claim is patently false.

The files within Image subfolders 000, 002, 008, and 010, consists of TIF files mostly of Noshirvan's social media messages, text messages, voice messages that were attached to text messages, and emails. The TIF files within each subfolder contain at least dozens of attachments that must be produced, and severally the subfolders contain hundreds of attachments that Noshirvan has withheld without

13

explanation and without producing a privilege log. These attachments are visibly present.

### a. Defiance of the Court's Order and Evasive Responses Warrants Sanctions under Rule 37(a)(5)(A)

*Rule 37(a)(5)(A)* is designed to deter the bad faith and dilatory discovery tactics that are present in this case. Under *Rule 37(a)(4)* "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." When a court grants a movant's motion, the court must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Fed. R. Civ. P. 37(a)(5)(A).*

Noshirvan has not provided specific written responses and responsive documents to Trainor's RFP's as the Court ordered. Further, when Trainor asked him to produce same, Noshirvan's counsel provided misleading responses. *See* EXB000002.

WHEREFORE, Trainor respectfully requests that the Court enter an Order compelling Defendant to provide specific written responses and responsive documents to Trainor's RFPs, and an award attorney's fees and costs.

### LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Trainor certifies that on May 29, 2025, I served Plaintiff's counsel a written request for production of missing discovery, which Plaintiff's counsel did not respond. On June 9, 2025, Trainor emailed follow up requests for status of the

14

production was emailed to Plaintiff's counsel without success. On June 19, 2025, Trainor sent Plaintiff's counsel a request to meet and confer, to which Plaintiff's counsel requested detailed description of the subject of the meet and confer, and when the subject matter was provided to Plaintiff's counsel via email, he refused to agree to meet and refuses to state his position on the motion. *See* Exhibit C

June 22, 2025                     _____
                                  Patrick Trainor, Esq.
                                  **LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
                                  19 Union Avenue, Suite 201
                                  Rutherford, New Jersey 07070
                                  P: (201) 777-3327
                                  F: (201) 896-7815
                                  pt@ptesq.com

## CERTIFICATION OF SERVICE

I hereby certify that on June 22, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of the electronic filing to all attorneys of record in this case.

Date: June 22, 2025              _____
                                 Patrick Trainor, Esq.

15