IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN
an individual,

      CASE NO:
      2:23-cv-01218-JES-NPM

    Plaintiff,

vs.

JENNIFER COUTURE, et'al,

    Defendant(s).
_____/

## PLAINTIFF DANESH NOSHIRVAN'S RESPONSE IN OPPOSITION TO DEFENDANT TRAINOR'S THIRD MOTION FOR AN ORDER COMPELLING DANESH NOSHIRVAN TO PRODUCE RESPONSIVE DISCOVERY THAT COMPLIES WITH THE COURT'S ORDER DATED APRIL 10, 2025 [D.E. 311] AND FOR AN ORDER COMPELLING PORDUCTION WITHHELD AND REDACTED DOCUEMNTS AND A PRIVILEGE LOG

Plaintiff, Danesh Noshirvan ("**Noshirvan**"), files this Response in Opposition to defendant, Patrick Trainor's ("**Trainor**") Third Motion to Compel discovery, and states as follows:

### PRELIMINARY STATEMENT

Trainor's motion is in direct response to, and in retaliation for, this Court's sanction award against defendants, Jennifer Couture and Ralph Garramone. Trainor made his intentions abundantly clear via email. When Trainor requested a "meet and confer" via email, he refused to disclose the topics or purpose of the

meet and confer. After repeated requests, Trainor identified one document specifically and gave a range of 1,000 documents for the rest. Trainor later reduced the range to 500 documents but did not specify which documents he had an issue with. When pushed for more information, Trainor finally expressly stated that he took issue that File Folders 002 and 010 did not have a separate "native" File Folder. Trainor was informed that the documents contained in File Folder 002 and 010 are third-party documents that did not originate with Noshirvan. Therefore, Noshivan does not have or maintain "native" files of the documents produced in File Folders 002 and 010. Trainor also took issue with three documents Noshirvan-000010489-91. They are Instagram messages received from a third party. Noshirvan's e-vendor confirmed that the message was produced as they exist on Noshirvan's Instagram account and that there is no redactions only a grey box signaling that the messages ended. Trainor last document Noshirvan-00008008 was requested on Trainor's Third Request For Production. It is an email between the undersigned and Noshirvan discussing aspects of the 0340 Case. Noshirvan provided a mini privilege log directly in response to Trainor Third Request For Production. Outside of what the understated here, Trainor never brough up, discussed, mentioned, or otherwise informed Noshirvan of any other issue raised in his Third Motion to Compel in violation of the Local Rule 3.01(g) .

## BACKGROUND

1. At the last hearing, this Court allowed the parties breakdown their discovery responses to roughly a few thousand documents or less given how voluminous discovery has been in this case. Noshirvan did just that. He expressly identified groupings of responsive documents into smaller more easily digestible segments. See Dkt. 417-1.

2. On May 29, 2025, Trainor emailed the undersigned a letter requesting the following: Noshirvan-00008008 and Native file for File Folder 010

3. On June 06, 2025, Trainor expanded his request to Noshirvan-00008008 and Native file for File Folders 002 and 010. See Dkt. 417-2, p.6.

4. On June 19, 2025, Trainor sent the undersigned an email requesting a meet and confer. A true and correct copy of that email chain is attached as **Exhibit A.** See Ex. A, p. 10.

5. On June 19, 2025, Trainor refused to disclose the topics or purpose of the meet and confer. See Ex. A. p. 8-10. After repeated requests, Trainor again, identified Noshirvan-00008008 and Native file for File Folders 002 and 010. See Ex. A. p. 7.

6. On June 20, 2025, Trainor added the following documents ranges: Noshirvan -000010482 through Noshirvan-000010999 (517 documents) and Noshirvan-0000489-91 (3 documents). See Ex. A., p. 6. Trainor claimed that Noshirvan-0000489-91 were redacted they are not. A true and correct copy of

Cornerstone's letter is attached as **Exhibit B**. See Ex. B. Noshirvan-0000489-91 are Instagram messages from a third party pulled directly from Noshirvan's Instagram account by Cornerstone. "The grey area at the end of chats is from the conversation, not any sort of redaction." Ex. B. Trainor was informed of same prior to filing his current motion.

7. Trainor never discussed or conferred about objections, the specificity of Noshirvan's grouping of responsive documents to RFP 4,6, 12, 15, 19, 25, 38, 41, 46, 47, 28, 49, 53, 55, 58, 59, and 84. Trainor also never discussed any alleged 'catchall phrases" because they do not exist. There is a statement indicating that Noshirvan's complete production contains 8,592 files in the following manner Noshirvan-000000001-Noshirvan-000016024. However, that is an introductory statement not a specific cite to any request. The specific citations responsive to each request are broken down to significantly smaller groupings. Most of Trainor's motion addresses theses groups but they were not brought up at any time prior to Trainor filing his motion.

8. Trainor initially brought up the lack of "native File Folders for File Folders 002 and 010. See above. In his motion, Trainor alleges that File Folders 000, 002, 008, and 010 do not contain a File Folder for native documents. First, File Folder 000 contains native TIFF documents with metadata regarding Camp's text messages to Noshirvan. There is no need for additional a native file folder. See Ex.

B. Similarly, File Folders 000, 002, and 010 contain similar documents that were produced in the native and in text TIFF document format with metadata. File Folder 008 was not brought to the undersigned's attention prior to filing this instant motion. However, Cornerstone would have treated File Folder 008 the same as File Folders 000, 002, and 010. All other File Folders have a separate native File Folder. Accordingly, it is easy to conclude that File Folder 008 did not contain the types of documents that would require a separate File Folder.

9. Lastly, Trainor argues without any proof or pinpointing to a single document that "Noshirvan's subfolders contain attachments that must be produced. However, Trainor has not established that these alleged attachments exist let alone proved that something was not produced.

10. Discovery closed in this case on June 30, 2025.

## ARGUMENT

11. Trainor failed to comply with Court's Civil Action Order and Local Rule 3.01(g)'s initial meet and confer regarding all aspect of his Third Motion to Compel except for Noshirvan-00008008, Noshrvan-000010489-91, and Native file for File Folders 002 and 010. See Civil Action Order, Local Rule 3.01(g)(requiring a substantive discussion); *Jones v. I.Q. Data Int'l, Inc.*, No. 6:24-CV-712-PGB-RMN, 2024 WL 4793328, at *1 (M.D. Fla. May 10, 2024)(denying motion for noncompliance with local rule); *L.P.R. Constr. Co. LLC v. Steel Fabricators, L.L.C.,*

No. 618CV1188ORL41DCI, 2019 WL 1093437, at *2 (M.D. Fla. Jan. 9, 2019). As a result, Noshirvan is prejudiced as to Trainor's newly imaged arguments in an effort to sanction Noshirvan for this Court's sanction award against Jennifer Couture and Ralph Garramone.

12. Trainor has not proved that Noshirvan failed to comply with his discovery obligations. In fact, it is Trainor in the emails who is being evasive, deceptive, and refusing to specifically pinpoint the documents he is inaccurately alleging should have been produced. See Ex. A; and ¶¶2-6 above. For the documents Trainor did specifically and expressly identify, Noshirvan provided an accurate response. See Ex. and B. Noshirvan should not have to guess dig through thousands of documents and have to guess at what Trainor is trying to say. That is impractical and highly prejudicial.

13. Motions to compel discovery under Fed. R. Civ. P. 37(a) are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984); *Goddard v. City of Albany, Ga.*, 307 Fed. Appx. 319, 321 (11th Cir. 2009)(finding no error in denial of motion to compel days before the close of discovery).

14. Here Trainor has not met his burden of proof and provided that

Noshirvan's discovery responses were deficient in any way; let alone in a way Trainor actually discussed with the undersigned via email prior to filing the motion.

15. Rule 37, Federal Rules Civil Procedure, provides relevant part:

If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

16. Under Rule 37(c)(1), sanctions are not required if the non-disclosing party's failure was substantially justified or harmless. "An individual's discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.' " *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993). A discovery mistake is harmless "if it is honest [ ] and is coupled with the other party having sufficient knowledge that the material has not been produced." *Go Med. Indus. Pty, Ltd. v. Inmed Corp.*, 300 F. Supp. 2d 1297, 1308 (N.D. Ga. 2003). Whether the opposing party suffered prejudice underlies the harmlessness determination. See *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681,

683 (M.D. Fla. 2010). "The district court has broad discretion in determining whether a violation is justified or harmless" under Rule 37. *Abdulla v. Klosinski*, 898 F. Supp. 2d 1348, 1359 (S.D. Ga. 2012) (citation omitted).

17. On the other hand, because Trainor did comply with Local Rule 3.01(g) and also not prove that Noshirvan failed to comply with Rule 34, Rule 37 applies in Noshirvan's favor. See Fed. R. Civ. P. 37(a)(5)(B)("the court … must … require the movant, the attorney filing the motion, or both to pay the party … who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."). Nothing in GPS's justifies its filing of motion to compel 2024 tax returns knowing that Noshirvan has not refiled his 2024 tax returns. See 28 U.S.C. 1927 (attorney's unreasonably multiplying a proceeding can be required to pay fees and costs).

18. Accordingly, the Court should deny Trainor's last-minute Motion in its entirety, and order Trainor and the Trainor Law firm to pay Noshirvan's reasonable expenses in accordance with Rule 37(a)(5)(B) or 28 U.S.C. 1927, and any other relief this Court deems just and proper.

19. Lastly, the undersigned is out-of-state on prepaid family vacation until July 20, 2025. And therefore, respectfully requests that any in-person hearings be conducted after July 20, 2025 or alternatively, that he be permitted to appear by telephone.

## CERTIFICATE OF SERVICE

I hereby certify that on July 07, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
**Law Office of Patrick Trainor, Esq., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for all Defendants
except Garramone Plastic Surgery,
Jennifer Couture, Dr. Ralph Garramone,
and OMG Realty, LLC*

Harvey W. Gurland, Jr., Esq.
Florida Bar No. 284033
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Anoosheh Shaikh, Esq.
Florida Bar No. 1039830
**DUANE MORRIS LLP**
201 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Tel: 561.962.2108
HWGurland@duanemorris.com
JJFannin@duanemorris.com
AShaikh@duanemorris.com
PNMendoza@duanemorris.com
JMagarin@duanemorris.com
Attorneys for Garramone Plastic Surgery

Aaron Alfano, Esq.
Florida Bar No. 0083909
Brian P. Henry, Esq.
Florida Bar No. 0089069

Rolfes Henry Co., L.P.A.
5415 87th Street East
Bradenton, FL 34211
T: (941) 684-0100
F: (941) 684-0109
E: aalfano@rolfeshenry.com
E: sburns@rolfeshenry.com
E: bhenry@rolfeshenry.com
E: kmcclintock@rolfeshenry.com
Attorneys for Defendants
Jennifer Couture, Ralph Garramone, MD,
OMG Realty, LLC, and Wraith, LLC

/s/ *Nicholas A. Chiappetta*
Nicholas A. Chiappetta