UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, AN INDIVIDUAL;

    Plaintiff,

v.

Case No. 2:23-cv-1218-JES-KCD

JENNIFER COUTURE, *et al.*,

    Defendants,
_____/

## ORDER

Defendant Ralph Garramone M.D. P.A. moves for an order "compelling Plaintiff [Danesh Noshirvan] to provide his complete 2024 federal tax return pursuant to Federal Rule of Civil Procedure 26(e)." (Doc. 419 at 7.)[1] The motion is **DENIED** as untimely.

Discovery closed on June 30, 2025. (*See* Doc. 316.) The Middle District of Florida Discovery Handbook[2] required the completion of discovery and resolution of issues related to discovery prior to that deadline. *See Oil Consulting Enter., Inc. v. Hawker Beechcraft Glob. Customer Support, LLC*, No. 8:16-CV-3453-T-24AEP, 2017 WL 7355128, at *1 (M.D. Fla. Dec. 21, 2017). A motion to compel that will not be briefed before discovery ends, as

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] The Discovery Handbook is binding on the parties here. (Doc. 64 at 3.)

here, "certainly does not allow sufficient time to resolve the matter prior to the close of discovery." *Action Nissan, Inc. v. Hyundai Motor Am.*, No. 6:18-CV-380-ORL-78EJK, 2020 WL 9173023, at *1 (M.D. Fla. Apr. 7, 2020); *see also Oil Consulting Enter., Inc.*, 2017 WL 7355128, at *1.

What is more, the record provides that Garramone could have filed this motion earlier. Garramone learned of the 2024 tax returns during Noshirvan's deposition on April 25, 2025. (Doc. 419 at 3.) That left plenty of time to file a motion that would ripen before discovery closed on June 30.

If discovery is reopened, Garramone can refile his motion to compel. But until that occurs, this discovery dispute is a nonstarter and should have been raised earlier. *See, e.g.*, *Gov't Emps. Ins. Co. v. Merced*, No. 8:20-CV-802-KKM-AAS, 2022 WL 218485, at *1 (M.D. Fla. Jan. 25, 2022).[3]

**ORDERED** in Fort Myers, Florida on July 13, 2025.

Kyle C. Dudek
United States Magistrate Judge

---

[3] If discovery is reopened on Garramone's request—say because of delays with the conferral process for the motion to compel—the 2024 tax returns *are* discoverable for reasons already stated. And Noshirvan's argument that the 2024 returns need not be produced because they were rejected is unpersuasive. The underlying discovery request seeks tax returns, not accepted returns. And finally, Rule 26(e) creates a continuing duty to update responses with additional information that becomes available. The Court strongly suggests that the parties confer on the production of the 2024 tax returns before moving to reopen discovery to get them.