IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| DANESH NOSHIRVAN,<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER COUTURE, et al.;<br><br>Defendants. | Civil Case No.: 2:23-cv-01218 |

**TRAINOR'S OBJECTION TO MAGISTRATE'S ORDER DENYING
MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH COURT'S
ORDER [D.E. 311] THAT ORDERED PLAINTIFF TO PRODUCE
DISCOVERY AND FURTHER MOVED FOR AN ORDER TO COMPEL
PLAINTIFF TO PRODUCE WITHHELD DOCUMENTS, UNREDACTED
VERSIONS OF REDACTED DOCUMENTS, AND A PRIVILEGE LOG**

Patrick Trainor (hereinafter "Trainor") respectfully Objects to the Magistrate's Order [Jul. 13, 2025, D.E. 435] pursuant to *Rules 72(a)* of the *Federal Rules of Civil Procedure* that "denied as untimely" Trainor's Motion for an Order to Compel [D.E. 417] plaintiff Danesh Noshirvan's ("Noshirvan") compliance with the Court's Order dated April 10, 2025, that was entered after a discovery hearing on Trainor's prior motion to compel, and for production of a privilege log. [D.E. 311].

Trainor filed his motion to compel because Noshirvan did not comply with the Court's Order that required him to provide written responses that complied with *Rule 34* of the *Federal Rules of Civil Procedure* specificity requirement to Trainor's Requests for Production ("RFPs") and production of two batches of responsive documents and electronically stored information ("ESI"). [D.E. 311]. Pursuant to

the Order, the Noshirvan's first batch of discovery was due twelve (12) days after the hearing and the second batch was due twenty (20) days after the hearing.

Further, Trainor's instant motion [D.E. 417] sought to compel Noshirvan to produce a Privilege Log for the documents and ESI that he withheld and unredacted versions of redacted documents included in his discovery production.

## I.   BRIEF PROCEDURAL HISTORY

1. On March 6, 2025, Trainor filed a Motion to Compel [D.E. 264] Noshirvan to provide written responses and discovery materials to Trainor's Requests for Production ("RFP") in compliance with the Court's prior Order dated January 24, 2025 [D.E. 241].

2. On April 10, 2025, Magistrate Dudek conducted a discovery hearing and at the conclusion of the hearing, Noshirvan was ordered to provide specific written responses to Trainor's RFPs and to produce responsive discovery materials in two batches. [D.E. 311]; *See also Clerk's Minutes – Motion Hearing (Docs. 258 and 264)*, April 10, 2025 at 3 ("Minutes") [D.E. 310]. Noshirvan's first batch of discovery materials was due twelve (12) days after the hearing and his second batch was due twenty (20) days after the hearing. *Id.*

3. On or about April 23, 2025, Noshirvan produced written responses as directed, but in his written responses he directed Trainor to review between 8,592 and 11,947 files for responsive documents.

4. Noshirvan did not produce the second batch of discovery.

2

5. On May 29, 2025, Trainor attempted to resolve the matter without judicial intervention and served Noshirvan's counsel a letter demanding production of outstanding discovery Noshirvan was ordered to produce "pursuant to the Court's Order dated April 10, 2025." [*Exhibit C*, D.E. 417-3].

6. On June 6, 2025, Trainor sent follow up requests for production to Noshirvan's counsel. [A copy of the email was attached to Trainor's motion to compel as *Exhibit B,* D.E. 417-2]. Again on June 9, 2025, Trainor sent follow up emails to Noshirvan's counsel. *Id.* Noshirvan has not produced any further responsive discovery.

## II.  LEGAL STANDARD

### a. District Judge May Review A Magistrate's Order

"A party may serve and file objections to the [magistrate's] order within 14 days after being served a copy [of the order]. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Fed. R. Civ. P. 72(a).* Pursuant to *28 U.S.C. § 636(b)(1)(A)*, a District Judge may reconsider or review any pretrial matter that is decided by the Magistrate if it is shown that the magistrate judge's order is clearly erroneous or contrary to law. *Grey Oaks Country Club, Inc. v. Zurich Am. Ins. Co.*, No. 2:18-cv-639-FTM, 2019 WL 6271711, at *1 (M.D. Fla. Nov. 25, 2019). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has

3

been committed." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis v. Sherrer,* 529 F.Supp.2d 503, 518 (D.N.J.2008).

In the absence of a legal error, a district court may reverse the magistrate judge's order only if there was an abuse of discretion. *S.E.C. v. Merkin,* 283 F.R.D. 699, 700 (S.D.Fla.2012). A court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, makes findings of fact that are clearly erroneous, misconstrues its proper role, ignores or misunderstands the relevant evidence, bases its decision upon considerations having little factual support, or makes a clear error of judgment. *Soliday v. 7-Eleven, Inc.*, No. 2:09-CV-807-FTM-29, 2010 WL 4537903, at *1 (M.D. Fla. Nov. 3, 2010).

### b. Noshirvan Did Not Obey the Court's Order

"The orderly and expeditious administration of justice by the courts requires that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." *Maness v. Meyers*, 419 U.S. 449, 459 (1975). Compliance with court orders is mandatory "the basic proposition [is] that all orders and judgments of courts must be complied with promptly…a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Turner v. Rosen Hotels & Resorts, Inc.*, No.

6:21-CV-161-CEM-GJK, 2021 WL 7208648, at *2 (M.D. Fla. Dec. 20, 2021) (*citing Maness v. Meyers*, 419 U.S. 449, 458 (1975)).

### III. ARGUMENT

#### A. The Order Denying Trainor's Motion to Compel Rewards Noshirvan's Refusal to Obey Court Orders

Magistrate Dudek said Trainor waited too long to file his motion to compel when he denied Trainor's motion because "Noshirvan provided (allegedly) insufficient discovery responses on April 23, 2025…but for reasons unknown Trainor waited until June 22 [2025]" to file his motion. *Magistrate Dudek's Order* at 2, D.E. 436. Magistrate Dudek's claim that Trainor waited too long is clearly erroneous and conflicts with his promotion of parties resolving outstanding discovery issues before moving for judicial intervention in *Garramone Plastic Surgery's Motion to Compel* Danesh Noshirvan's 2024 tax returns, which Order issued the same day as the instant motion. [D.E. 437]. In *Garramone Plastic Surgery's Motion to Compel* Noshirvan's production of his 2024 federal tax returns, Magistrate Dudek expressed that he "strongly suggests that the parties confer on the production" of outstanding discovery before moving for judicial intervention. *Id.* at *fn.* 3, D.E. 437. But now Magistrate Dudek punishes Trainor for doing just that by claiming he waited too long when he attempted to resolve without judicial intervention.

To claim Trainor waited too long the Court ignores that Noshirvan was required to produce a second batch of discovery on or about May 1, 2025, (twenty (20)) days after the April 10, 2025, discovery hearing), discounts Trainor's efforts to

5

resolve Noshirvan's failure to obey the Court's Order among the parties before resorting to judicial intervention, which is the Court's preferred method, and ignores Noshirvan's partial first batch production continues to lack the specificity required by Rule 34 that the Court ordered, and Noshirvan did not produce the second batch he was ordered to produce.

The Court ordered Noshirvan to provide specific written responses because his prior written responses directed Trainor to review 16,024 documents for responsive documents. [D.E. 311]. Noshirvan's partial production pursuant to the Court's Order continues to lack specificity, because his amended responses require Trainor to review between 8,592 and 11,947 files rather than 16,024 for responsive documents, rendering it impossible to locate responsive discovery.

Trainor's patience with Noshirvan's slow production was reasonable, because on February 24, 2025, when Noshirvan produced discovery in accordance with the Court's order [D.E. 241], Noshirvan's counsel instructed all defendants that Noshirvan's discovery production was going to be a "rolling production" meaning that discovery would be produced in multiple batches. So when Trainor did not receive Noshirvan's second batch of discovery pursuant to the Court's Order he attempted to resolve among the parties.

On May 29, 2025, Trainor sent a demand letter to counsel for Noshirvan for production of the outstanding discovery. Trainor's demand letter was attached to his motion as *Exhibit C* [D.E. 417-3]. Trainor sent follow up emails to Noshirvan's counsel that demanded production of Noshirvan's outstanding discovery on June 6,

6

2025, and on June 9, 2025. The parties' email exchange was attached to Trainor's motion as *Exhibit B* [D.E. 417-2]. These efforts failed and Noshirvan remains in defiance of the Court's Order and Trainor moved the Court for an order to compel Noshirvan's compliance.

On the same day as he issued he instant order, Magistrate Dudel issued the Order on GPS's motion to compel where strongly suggested the parties resolve discovery issues among themselves, but where Trainor attempted to do that Magistrate Dudek punishes him. The inconsistency of the two orders issued the same day, is clearly erroneous and contrary to law, because it improperly shifts Noshirvan's obligation to comply with the Court's Order to a burden upon Trainor to police an opposing party's obligation to comply with the Court's Order.

If left to stand, Magistrate Dudek's Order substantially prejudices Trainor and rewards Noshirvan's refusal to obey a Court's Order. Moreover, the Order further prejudices Trainor by enabling Noshirvan to withhold information that is beneficial to Trainor's defense. Finally, the Order stamps the Court's imprimatur on Noshirvan's willful non-compliance with the Court's Orders and his refusal to produce a privilege log.

WHEREFORE, Trainor respectfully requests that this Court enter an Order vacating Magistrate Dudek's Order that denied Trainor's Motion to Compel dated July 13, 2025, and for entry of an Order that compels Noshirvan to provide specific written responses and responsive discovery to Trainor's RFPs, and for such other relief this Court deems just and proper.

Date: July 21, 2025  _____

Patrick Trainor, Esq.
**Law Office of Patrick Trainor, Esq., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
pt@ptesq.com

## CERTIFICATION OF SERVICE

I hereby certify that on July 21, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of the electronic filing to all attorneys of record in this case.

Date: July 21, 2025  _____

Patrick Trainor, Esq.

8