IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN
an individual,

    Plaintiff,

vs.

JENNIFER COUTURE, Et'al,

    Defendant(s).

_____/

CASE NO:
2:23-cv-01218-JES-KCD

JUDGE. Hon. John E. Steele

**PLAINTIFF, DANESH NOSHIRVAN'S
MOTION TO QUANTIFY ATTORNEY FEE AWARD**

Plaintiff, Danesh Noshirvan ("Noshirvan"), pursuant to this Court's Order (Dk.119), Rule 54(d) and Local Rule 7.01, move this Court for an attorney fee award states as follows:

1. **Entitlement**

    a. On June 19, 2025, this Court issued an Order awarding Noshirvan attorney's fees and costs incurred "preparing for" Noshirvan's Third and Fourth motions to compel discovery. See Dkt. 416. The Order expressly required Jennifer Couture ("**Couture**") and Ralph Garramone ("**Garramone**") to "produce all outstanding discovery and update their current discovery production to comply with Fed. R. 34(b)(2)." That Order also expressly found that Couture and

Garramone "repeatedly failed to comply with the Court's discovery orders." A true and correct copy of the Order is attached as **Exhibit A**.

  b. The Order further directed Noshirvan to prepare a ledger (which he did) and confer with opposing counsel within 14-days of June 19, 2025.

  c. The undersigned conferred with opposing counsel on several occasions. A true and correct copy of Nicholas A. Chiappetta's declaration is attached as **Exhibit B**. The parties continued to confer through July 17, 2025 in an attempt to resolve the dispute without court intervention. *Id.*

  d. Aaron Alfano represented that Couture and Garramone do not oppose the hourly rate sought by Noshirvan's counsel. Couture and Garramone do, however, oppose the reasonableness of time expended on certain time entries. A true and correct copy of Mr. Alfano's objections attached as **Exhibit C**. Stated differently, the amount of time expended on certain line entries are opposed. Specifically, Couture and Garramone took issue with line entry dated 04.10.25 labeled "Attended in-person Hearing on Third Motion to Compel." The undersigned agreed with opposing counsel and agreed to reduce that line entry to from 5.0 to 0.5.[1] Opposing counsel also took issue with some line entries as being administrative. For example, line entries dated: (1) 03.31.25 labeled as "Receipt and

---

[1] The time entry inadvertently took into consideration the whole hearing. However, multiple motions were heard at that hearing and the at-issue motion to compel only appears to have lasted a half-hour.

Review Court's notice of in-person hearing", 04.11.25 "Receipt and Review hearing minutes and order granting motion", 06.09.25 labeled "Receipt and Review the Court's notice of in-person hearing re: 4th motion to compel discovery", 06.19.25 labeled "Receipt and Review hearing minutes; took notes; confirmed understanding", and 04.11.25 "calendar due date for discovery response." However, the undersigned explained that all court notifications get emailed directly to the undersigned and the undersigned must handle the communication. No ministerial tasks were placed on the Timesheets.

  e. Opposing counsel also takes issue with the costs associated with the cancellation of Garramone's deposition. However, despite opposing counsel's argument, the undersigned could not have cancelled the deposition earlier because he did not know that he would need additional information until same was revealed in Couture's deposition, which was schedule the day before. See Ex. B. At this point, Noshirvan paid the cancellation fees and simply seeks reimbursement.

  **2. Number of Hours**

  a. Noshirvan seeks attorney's fees for Chiappetta Trial Lawyers, who will seek compensation for their expert witness regarding attorney's fees and costs upon the entry of a judgment awarding fees.

  b. The undersigned verifies that his firm kept contemporaneous time

records in the ordinary course of business. The undersigned further verifies that he has reviewed the time records thoroughly, and that the time records (as modified by the statements in this motion reflect charges reasonably expended on behalf of Noshirvan in preparing for Noshirvan's Third and Fourth motions to compel. The hours recorded, together with the reasonable rate is as follows:

| Professional | Role | Hourly Rate | Number of hours | Lodestar |
|---|---|---|---|---|
| Nicholas A. Chiappetta | Attorney/ Founder | $450 | 48.4 | $19,710.00 |

    c. Noshirvan attached to this motion, time records and a Declaration by counsel authenticating and confirming counsel's time spent preparing for Noshirvan's Third and Fourth motions to compel. See Ex. B.

3. **Hourly Rate**

    a. Noshirvan seeks an hourly rate of $450.00 for attorney Nicholas A. Chiappetta. See, generally, Ex. B.

    b. Neither Couture nor Garramone contest the hourly rate sought by Noshirvan's counsel.

4. **Costs**

    a. The undersigned certifies and verifies that the following costs were incurred in preparation for, or as a result of, Noshirvan's Third and Fourth motions to compel.

| Date | EE | Activity | Description | Cost | Quantity | Line Total |
|---|---|---|---|---|---|---|
| 06/11/2025 | NC | cancellation fee | Cancellation of Garramone's video taped deposition<br>1. Veritext stenographer $210<br>2. veritext Videographer $370<br>3. Veritext Conference room $585 | $1,165.00 | 1.0 | $1,165.00 |
| 06/18/2025 | NC | Mileage | 112 miles each way; total 224 at .60/each | $134.40 | 1.0 | $134.40 |
| 06/25/2025 | NC | Expenses | Mileage each way is 112; 224 @ .60 per mile | $134.40 | 1.0 | $134.40 |

b. Noshirvan's total incurred expenses are: **$1,433.80.** See Ex. B.

**5. Request**

a. Noshirvan respectfully requests the Court conduct further proceedings as it chooses, pursuant to Rule 54(d)(2)(C) and (D), Fed. R. Civ. P., including accepting submissions of Declaration or Affidavit from each party, their counsel and expert witnesses regarding their support for the amount of attorney's fees sought and awardable at the Court's discretion.

**6. Memorandum of Law**

In a diversity case, awards of attorney's fees are governed by applicable state law. *See Perkins State Bank v. Connolly*, 632 F.2d 1306 (5th Cir.1980); *see also Blasser Brothers, Inc. v. Northern Pan American Line*, 628 F.2d 376 (5th Cir.1980). Because this is a diversity case arising under Florida law, Florida law determines the amount of attorney's fees that should be awarded here. In *Florida Patients Compensation Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla.1985), the Florida Supreme Court established sufficient guidelines for the setting of attorney's fees, which was modified by *Standard Guaranty Insurance Co. v. Quanstrom*, 555 So.2d 828 (Fla.1990).

Page 5 of 12

The Rowe court essentially adopted the federal lodestar approach. *See Joyce v. Federated Nat'l Ins. Co.*, 228 So. 3d 1122, 1126 (Fla. 2017). The Rowe court urged the utilization of the criteria set forth in the former Disciplinary Rule 2–106(B) of the Florida Bar Code of Professional Responsibility, which was codified in the Rules Regulating the Florida Bar. *See The Florida Bar Re Rules Regulating the Florida Bar*, 494 So.2d 977 (Fla.1986). These factors are as follows:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent.

The eight criteria now found in Rule of Professional Conduct 4–1.5 are substantially similar to those addressed in *Rowe. Joyce* at 228 So. 3d 1126.

Here, Ms. Andrews opined that (1) the time and labor involved was "reasonable, necessary and not duplicative." A true and correct copy of Ms. Andrews Declaration is attached as **Exhibit D.** Ms. Andrews also testified that Mr. Chiappetta "successfully prevailed on the Motions to Compel, requiring Defendants to produce all outstanding discovery and update their current discovery to comply with Fed. R. 34(b)(2)(E) within ten (10) days of the Court's Order." *Id.*

Thus, Mr. Chiappetta's skill to perform the legal service properly was exhibited by this Court's Orders. See Dkt. 416 and 311. Ms. Andrews also testified that Mr. Chiappetta's hourly rate of $600 was established by stipulation with Jennifer Couture in this case and that Mr. Chiappetta has been paid a rate of $650 per hour by insurance companies in state court to settle attorney fee claims. *Id.* at p. 5. In short, the amount requested is commensurate with the results obtained. Lastly, Ms. Andrews opined Mr. Chiappetta's education, experience, reputation, and ability to perform services was comparable to attorney's in this local legal community. *Id.*

Mr. Chiappetta testified that Chiappetta Trial Lawyers have a contingent fee agreement with Noshirvan with regards to personal injury claims against "Je[nnifer] Couture, Ralph Garramone, and Joseph A. Camp, or any other responsible party." Exhibit B. Mr. Chiappetta explained that on the date of

execution of the contingency fee agreement, there was no existing relationship between Chiappetta Trial Lawyers and Noshirvan. *Id.* Noshirvan's pursuit of Jennifer Couture's and Ralph Garramone's production documents was necessary and critical to Noshirvan's burden of proof in 2:23-cv-1218. Mr. Chiappetta's expended time, and labor was necessary to obtain the achieved result. a Mr. Chiappetta's expended time, and labor was necessary to adequately prepare the motions, himself for in-person hearings, and to properly perform the legal services provided. See Ex. B. Mr. Chiappetta obtained a favorable result in this situation. The result is tied to the time expended and skill required. Mr. Chiappetta's experience, reputation, and ability is why he is able to set his own market rate for his services and others agree to pay him that rate.

Travel costs associated with the discovery sanction are recoverable. *See Melikhov v. Drab*, No. 219CV248FTM38MRM, 2020 WL 7419531, at *4 (M.D. Fla. Mar. 25, 2020)(awarding travel costs).

**7. Noshirvan's Expert**

Elizabeth E. Andrews has been licensed in Florida since 1995. See Ms. Andrews Declaration is attached as **Exhibit D**, and her CV attached as **Exhibit D.1.** Ms. Andrews has been a member of (1) United States Court of Appeal for the Eleventh Circuit, (2) Middle District of Florida, (3) Northern District of Florida, and (4) Southern District of Florida since 1996. Ex. C.1. Ms. Andrews currently

charges $600 per hour and has 5.5 hours in the file. Thus, in the absence of an in-person hearing on this matter, Ms. Andrews expects to be paid $3,300.00 from my office.

### 8. Local Rule 3.01(g) Certification

The undersigned certifies that Noshirvan's counsel and Aaron Alfano met and conferred by telephone on July 03, 2025 and by email on July 7th, 9th, 11th, 14th, 16th , 21st, 22nd, and 29th 2025. Couture and Garramone oppose the relief requested by Noshirvan in this Motion as stated above. See Couture's and Garramone's objections attached as **Exhibit D**.

Wherefore, Noshirvan respectfully requests that this Court grant this motion, award Noshirvan's counsel $20,970.00 dollars in attorney's fees and 1,433.80 in costs for a total of 22,403.80 plus $3,300.00 in costs for expert witness Elizabeth Andrews. Further, ordering Jennifer Couture and Ralph Garramone to make the payment withing 10 days, and make the check payable to: Chiappetta Trial Lawyers, 2101 Vista Parkway, Suite 258, West Palm Beach, Florida 33411 and other relief this Court deems just and proper.

# APPENDIX

| | |
|---|---|
| Opinion and Order at Dkt. 416 | Exhibit A |
| Declaration of Nicholas A. Chiappetta | Exhibit B. |
| Contingency Fee Contract | Exhibit B.1. |
| Chiappetta Trial Lawyers Timesheets | Exhibit B.2. |
| Email Correspondence re: Hourly Rate | Exhibit B.3. |
| Couture and Garramone Objections | Exhibit C |
| Affidavit of Elizabeth Andrews | Exhibit D |
| Elizabeth Andrews' CV | Exhibit D.1. |
| Elizabeth Andrews' Timesheets | Exhibit D.2. |

# CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2025, the foregoing was electronically served via email to the following:

Patrick Trainor, Esquire
**Law Office of Patrick Trainor, Esq., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for all Defendants*
*except Garramone Plastic Surgery,*
*Jennifer Couture, Dr. Ralph Garramone,*
*and OMG Realty, LLC*

Harvey W. Gurland, Jr., Esq.
Florida Bar No. 284033
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Anoosheh Shaikh, Esq.
Florida Bar No. 1039830
**DUANE MORRIS LLP**
201 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Tel: 561.962.2108
HWGurland@duanemorris.com
JJFannin@duanemorris.com
AShaikh@duanemorris.com
PNMendoza@duanemorris.com
JMagarin@duanemorris.com
Attorneys for Garramone Plastic Surgery

Aaron Alfano, Esq.
Florida Bar No. 0083909
Brian P. Henry, Esq.
Florida Bar No. 0089069
Rolfes Henry Co., L.P.A.
5415 87th Street East
Bradenton, FL 34211
T: (941) 684-0100
F: (941) 684-0109
E: aalfano@rolfeshenry.com
E: sburns@rolfeshenry.com
E: bhenry@rolfeshenry.com
E: kmcclintock@rolfeshenry.com
*Attorneys for Defendants*
*Jennifer Couture, Ralph Garramone, MD,*
*and OMG Realty, LLC,*

/s/ *Nicholas A. Chiappetta*
Nicholas A. Chiappetta

Case 2:23-cv-01218-JES-KCD   Document 453   Filed 08/12/25   Page 12 of 12 PageID 18972