UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH        NOSHIRVAN,        an
individual,

          Plaintiff,

v.                                     Case No:  2:23-cv-1218-JES-KCD

JENNIFER COUTURE, an individual,
RALPH GARRAMONE M.D., an individual,
RALPH GARRAMONE, M.D., P.A. d/b/a
GARRAMONE PLASTIC SURGERY,
CENTRAL PARK OF SOUTHWEST
FLORIDA, LLC, OMG REALTY, LLC,
THE LAW OFFICE OF PATRICK TRAINOR
ESQ., LLC d/b/a THE LAW OFFICE OF
PATRICK TRAINOR, PATRICK TRAINOR,
an individual, and
ANTI-DOXING LEAGUE INC.

          Defendants.
_____/

RALPH GARRAMONE, M.D., P.A. d/b/a
GARRAMONE PLASTIC SURGERY,
JENNIFER COUTURE, an individual,
RALPH GARRAMONE, M.D., an individual,
PATRICK TRAINOR, an individual,

          Counter-Plaintiffs,

v.

DANESH NOSHIRVAN,

          Counter-Defendant.
_____/

                    **OPINION AND ORDER**

     This matter comes before the Court on review of two objections

filed by two parties to two non-dispositive discovery orders

entered by the assigned magistrate judge. Non-party Richard Luthmann (Luthmann) filed an objection to the magistrate judge's January 17, 2025, Order. (Doc. #252.) Defendant Patrick Trainor (Trainor) filed an objection to the magistrate judge's July 13, 2025, Order. (Doc. #440.) No responses were filed. For the reasons set forth below, the objections are overruled.

## I.

Because both objections are to the magistrate judge's non-dispositive discovery orders, this Court applies the clearly erroneous or contrary to law standard. Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide . . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). "The 'clearly erroneous or contrary to law' standard is extremely deferential." Scopelliti v. McClean, No. 8:20-CV-104-CEH-CPT, 2023 WL 1071626, at *1 (M.D. Fla. Jan. 27, 2023)(citing Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co., No. 3:05-cv-850-JHM-MMH, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007). "A finding is clearly erroneous when the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." Krys v. Lufthansa German Airlines, 119 F.3d 1515, 1523 (11th Cir. 1997) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 573

-2-

(1985)). "A magistrate judge's order is contrary to law when it

fails to apply or misapplies relevant statutes, case law, or rules

of procedure." <u>Positano Place at Naples IV Condo. Ass'n, Inc. v.</u>

<u>Empire Indem. Ins. Co.</u>, No. 2:21-CV-186-SPC-KCD, 2024 WL 3817021,

at *1 (M.D. Fla. Aug. 14, 2024)(quoting <u>A.R. by and through Root</u>

<u>v. Dudek</u>, 151 F. Supp. 3d 1309, 1312 (S.D. Fla. 2015)).

## II.

This litigation began after Plaintiff Danesh Noshirvan

(Noshirvan) published a Tik-Tok video of an altercation between

Defendant Jennifer Couture (Couture) and another woman. Noshirvan

alleges that Defendants, enraged by his publication of the video,

began a continuing course of harassment against him.[1] Trainor is

a Defendant and counsel for some of the other Defendants. Luthmann,

who self-identifies as a professional investigative journalist, is

a non-party that has nonetheless been connected to this litigation.

(<u>See</u> Doc. #454, p. 15)(finding Noshirvan's expert witness was

harassed after Luthmann published Noshirvan's expert disclosures

online).

### A. Luthmann's Objection

Luthmann's objection relates to the emergency motion he filed

after Noshirvan served him with a subpoena seeking the production

of certain records. Luthmann's emergency motion requested the

_____

[1] A separate case alleges that Noshirvan is the harasser, not the
other way around. <u>See</u> 23-cv-340-SPC-KCD (M.D. FL.).

subpoena be quashed, a protective order, the disqualification of

Noshirvan's attorney, Nicholas Chiappetta (Chiappetta), a one

hundred-thousand-dollar ($100,000.00) sanction against Noshirvan

and Chiappetta, a declaration that the subpoena was an abuse of

process, and more. (Doc. #219, pp. 2-5.) That relief was warranted,

Luthmann argued, because the subpoena was technically defective,

the qualified privilege for journalists applied, and it was served

in a bad faith attempt to harass and intimidate a journalist

engaged in constitutionally protected activity. Chiappetta

withdrew the subpoena the day after Luthmann was served it, (Doc.

#220, p. 8), leading the magistrate judge to deny Luthmann's

request for sanctions and deny as moot the rest of Luthmann's

requested relief. (Doc. #230.)

Luthmman objects to the magistrate judge denying his

emergency motion as moot. (See Doc. #252.) Luthmann argues that,

because the "capable of repetition yet evading review" mootness

exception applies, the magistrate judge needed to reach all the

issues of law and fact in his emergency motion, including finding

Luthmann is indeed a professional investigative journalist, the

qualified privilege of journalists applied, and that a protective

order was merited. (Id.)

"Although there is an exception to the mootness doctrine when

the action being challenged by the lawsuit is capable of being

repeated and evading review, this exception is narrow, and applies

-4-

only in exceptional situations." Graham v. Att'y Gen., State of
Georgia, 110 F.4th 1239, 1245 (11th Cir. 2024) (alteration in
original)(quoting Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th
Cir. 2001)). "This exception 'applies where (1) there [is] a
reasonable expectation or a demonstrated probability that the same
controversy will recur involving the same complaining party, and
(2) the challenged action is in its duration too short to be fully
litigated prior to its cessation or expiration.'" Id. at 1246
(alteration in original)(quoting United States v. Sec'y, Fla.
Dep't of Corr., 778 F.3d 1223, 1229 (11th Cir. 2015)). "The remote
possibility that an event might recur is not enough to overcome
mootness, and even a likely recurrence is insufficient if there
would be ample opportunity for review at that time." Hall v. Sec'y,
Alabama, 902 F.3d 1294, 1297 (11th Cir. 2018)(quoting Al Najjar,
273 F.3d at 1336). "The [movant] bears the burden of establishing
that this exception applies." Warren v. DeSantis, 125 F.4th 1361,
1364 (11th Cir. 2025).

Luthmann fails to carry that burden. He fails at the first
prong because there is no demonstrated probability that he would
be subject to another subpoena from Noshirvan. When Noshirvan
alerted the magistrate judge that the subpoena had been withdrawn,
he also simultaneously asserted that serving it in the first place
was near impossible because Luthmann did not seem to live at his
listed place of residence and had been elusive. (Doc. #228, pp. 8-

-5-

9.) Such difficulty did not demonstrate Luthmann was likely to be served the subpoena again. Even if Luthmann had been served with another subpoena, the magistrate judge would have had ample time to consider any appropriate relief then, unsatisfying the first prong. Al Najjar, 273 F.3d at 1336; In re Aleph Inst., No. 06-61788-CIV, 2007 WL 9700821, at *4 (S.D. Fla. July 3, 2007)(holding that capable of repetition but evading review exception did not apply to a motion for protective order after subpoena was withdrawn because ample time to review existed with no trial date certain). In any event, there is no longer even a remote possibility that Luthmann could be served another subpoena by Noshirvan in this case since discovery for those purposes has closed. "Because [Luthmann] fail[s] to meet the first prong of the mootness exception, we need not address whether [he] meet[s] the second prong." Graham, at 1246. Luthmann's objection is overruled.

## B. Trainor's Objection

Trainor's objection relates to his motion to compel certain discovery, filed on June 22, 2025. (Doc. #419.) Discovery was set to end on June 30, 2025. (Doc. #316.) The magistrate judge denied Trainor's motion as untimely. (Doc. #436.) He explained it was untimely because all discovery issues must be resolved by the discovery deadline. (Id. at p. 1.) And if a motion to compel discovery is filed too late so as to not allow the filing of an opposition brief before the discovery deadline, especially without

-6-

good cause, then discovery issues cannot be adequately resolved

before the deadline. (Id. at p. 2.)

Trainor objects, pointing out that the magistrate judge

issued a separate order on the same day encouraging the parties to

confer and resolve discovery issues before seeking court

intervention. (Doc. #440, p. 5)(citing Doc. #437, n.3.)[2] Trainor

argues he was diligently attempting to resolve the discovery issues

without court intervention. (Id. at p. 7.) And as such, the

magistrate judge's order promoting conferral and the separate

order denying Trainor's motion to compel, are "inconsisten[t]",

making the denial of his motion to compel "clearly erroneous and

contrary to law[] because it improperly shifts Noshirvan's

obligation to comply with the Court's Order to a burden upon

---

[2] Trainor's objection is replete with confusing errors. For
starters, the document he cites as containing a footnote from the
magistrate judge promoting conferral is in reality an endorsed
order containing neither. A footnote promoting conferral does
exist, but elsewhere. (See Doc. #435, n.3.) More gravely, Trainor
filed his objection to the wrong order. (See Doc. #440, p.
1)(citing Doc. #435.) That order from the magistrate judge denied
a different party's motion to compel different discovery, (see
Doc. #435), meaning the magistrate judge's order concerning
Trainor's motion to compel, (Doc. #436), technically went
unobjected to, and because the time to do so has since expired,
any objections to that order are waived. Smith v. Marcus &
Millichap, Inc., 106 F.4th 1091, 1097 (11th Cir. 2024)("[W]here a
party fails to timely challenge a magistrate[ judge's]
nondispositive order before the district court, the party waive[s]
his right to appeal those orders in this Court." (alterations in
original)). Even assuming arguendo that Trainor timely objected
the order concerning his discovery, such objection is due to be
overruled for the reasons stated herein.

Trainor to police an opposing party's obligation to comply with
the Court's Order." (Id.) Trainor adds that leaving the magistrate
judge's Order intact would prejudice Trainor's case and reward
Noshirvan's failure to provide the required discovery. (Id.)

Trainor's argument is unpersuasive. The magistrate judge's
promotion of conferral is not clearly erroneous or contrary to
law. The Court's Local Rules, as approved by the Eleventh Circuit,
promotes the same conferral between parties before seeking court
intervention. See M.D. Fla. R. 3.01(g). A party's duty to confer
does not negate a party's duty to diligently abide by deadlines.
And diligent Trainor was not. Per Trainor's own recount,
Noshirvan's discovery was due by early May at the latest. (Doc.
#440, ¶ 2.) Yet Trainor did not file the motion to compel until
late June. Trainor argues he was entitled to the disputed discovery
pursuant to a court order and it was not his burden "to police
[Noshirvan]'s obligation to comply with the Court's Order." (Doc.
#440, p. 7.) However, if a court order entitled Trainor to certain
discovery or any other relief, it is his burden to raise that issue
before the Court. United States v. Campbell, 26 F.4th 860, 872
(11th Cir. 2022)(explaining that American courts function under
the party presentment principle, where parties "are responsible
for advancing the facts and arguments entitling them to relief."
(quoting Greenlaw v. United States, 554 U.S. 237, 244 (2008))).
Lastly, Noshirvan's discovery production or lack thereof could

-8-

help Noshirvan and hurt Trainor, but whether a court order helps or hurts a particular party does not make a court order clearly erroneous or contrary to law. The deferential clearly erroneous or contrary to law standard has not been met. Trainor's objection is overruled.

Accordingly, it is now

**ORDERED:**

1.  Luthmann's Objection (Doc. #252) is **OVERRULED.**

2.  Trainor's Objection (Doc. #440) is **OVERRULED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___18th___ day of August 2025.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE