IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN
an individual,

       Plaintiff,

vs.

JENNIFER COUTURE, et'al,

       Defendant(s).

_____/

CASE NO:
2:23-cv-01218-JES-NPM

**PLAINTIFF'S UNOPPOSED MOTION TO SEAL DEPOSITION TRANSCRIPTS, WITH EXHIBITS, OF BRAD LA PORTE, DANESH NOSHIRVAN, DR. ROBERT GORDON, HANNAH BUTCHER a/k/a HANNAH NOSHIRVAN, JENNIFER COUTURE, JENNIFER HOLLIDAY, PATRICK TRAINOR, RALPH GARRAMONE, AND RALPH GARRAMONE AS GPS CORPORATE REPRESENTATIVE TAKEN IN THE (340) CASE, FOR PURPOSES OF SUMMARY JUDGMENT AND TRIAL**

Plaintiff, DANESH NOSHIRVAN, by and through undersigned counsel, and pursuant to Local Rule 1.11, and the Protective Order dated February 10, 2025 [DE 251], respectfully moves this Court for an Order permitting the filing of the Deposition Transcripts, with Exhibits, of Brad LaPorte, Danesh Noshirvan, Dr. Robert Gordon, Hannah Butcher a/k/a Hannah Noshirvan, Jennifer Couture, Jennifer Holliday, Patrick Trainor, Ralph Garramone, and Ralph Garramone as GPS Corporate Representative taken in the (340) case, for purposes of summary judgment and trial, and in support states as follows:

1.      The Court entered a Protective Order in this action on February 10, 2025 [DE 251].

2.      Plaintiff respectfully requests the following Deposition Transcripts, with Exhibits, be filed under seal:

   a) Brad LaPorte, taken December 17, 2024;

   b) Danesh Noshirvan, taken April 25, 2024, and June 26, 2025;

   c) Dr. Robert Gordon, taken April 18, 2025;

   b) Hannah Butcher a/k/a Hannah Noshirvan, taken April 15, 2025;

   e) Jennifer Couture, taken June 10, 2025;

   f) Jennifer Holliday, taken April 22, 2025;

   g) Patrick Trainor, taken April 11, 2025;

   h) Ralph Garramone, taken July 25, 2025; and

   i) Ralph Garramone, as GPS Corporate Representative, taken June 17, 2024 and September 25, 2024, in the (340) case.

3.      Plaintiff will utilize these Deposition Transcripts, with Exhibits, in conjunction with summary judgment and trial.

4.      Pursuant to the Protective Order, portions of the Deposition Transcripts are either designated as Confidential, or contain confidential information that could result in a violation of the Protective Order.

5.      In light of the sensitivity of the Confidential Information filing under seal is necessary.

6. The moving party has taken reasonable steps to protect the confidentiality of the information, however, redaction of such the deposition transcripts is not reasonable.

7. Plaintiff requests this Honorable Court seal the Deposition Transcripts of the deponents listed above until this matter is concluded, and this case is closed.

8. The undersigned is the person authorized to retrieve the sealed, tangible item referred to in this Motion.

9. This Motion is unopposed.

## MEMORANDUM OF LAW

A court may seal documents in connection with a motion where a party can show that the private interests in preserving confidentiality outweigh the general presumption in favor of public access to judicial records. *See Procaps S.A. v. Patheon, Inc.*, 2013 WL 5928586, at *3 (S.D. Fla. Nov. 1, 2013); *Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007).

"Public disclosure of discovery material is subject to the discretion of the trial court and the federal rules that circumscribe that discretion. Where discovery materials are concerned, the constitutional right of access standard is identical to that of Rule 26(c) of the Federal Rules of Civil Procedure." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001) (citations omitted).

The public's right of access to may be overcome by a showing of good cause. *Federal Trade Comm'n v. Alcoholism Cure Corp.*, 2010 WL 4840046 (M.D. Fla. Nov. 23, 2010).

Once a protective order is entered and a party then moves to seal discovery materials attached to a non-dispositive motion, the court need only determine whether the materials fall within the protective order because the "good cause" showing was already made when the protective order was entered. *Emess Capital, LLC v. Rothstein*, 841 F. Supp. 2d 1251, 1255 (S.D. Fla. 2012). Good cause requires balancing the right of access against the party's interest in keeping the information confidential. Whether good cause exists is determined by the nature and character of the information. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

WHEREFORE, the Plaintiff respectfully requests this Honorable Court

seal the deposition transcripts of the deponents listed above until this matter has concluded, and this case is closed, and any further relief the Court finds just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that in accordance with Local Rule 3.01(g), he reached out to counsel for all Defendants via email on August 25, 2025 and confirmed that the Defendants do not oppose Plaintiff's Motion to Seal.

> Nicholas A. Chiappetta, Esq.
> **Chiappetta Trial Lawyers**
> Attorneys for Mr. Noshirvan
> 2101 Vista Parkway, Suite 258
> West Palm Beach, Florida 33411
> Direct: (561) 768-4500
> Fax:    (561) 768-4600
> service@chiappettalegal.com
> nick@chiappettalegal.com
> www.chiappettalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Patrick Trainor, Esquire
**Law Office of Patrick Trainor, Esq., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Telephone: (201) 777-3327
Facsimile: (201) 896-7815
pt@ptesq.com
*Attorney for all Defendants*
*except Garramone Plastic Surgery,*

*Jennifer Couture, Dr. Ralph Garramone, and OMG Realty, LLC*

Harvey W. Gurland, Jr., Esq.
Florida Bar No. 284033
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Anoosheh Shaikh, Esq.
Florida Bar No. 1039830
**DUANE MORRIS LLP**
201 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Tel: 561.962.2108
HWGurland@duanemorris.com
JJFannin@duanemorris.com
AShaikh@duanemorris.com
PNMendoza@duanemorris.com
JMagarin@duanemorris.com
Attorneys for Garramone Plastic Surgery

Aaron Alfano, Esq.
Florida Bar No. 0083909
Brian P. Henry, Esq.
Florida Bar No. 0089069
Rolfes Henry Co., L.P.A.
5415 87th Street East
Bradenton, FL 34211
T: (941) 684-0100
F: (941) 684-0109
E: aalfano@rolfeshenry.com
E: sburns@rolfeshenry.com
E: bhenry@rolfeshenry.com
E: kmcclintock@rolfeshenry.com
Attorneys for Defendants
Jennifer Couture, Ralph Garramone, MD,
OMG Realty, LLC, and Wraith, LLC

                                              */s/ Nicholas A. Chiappetta*
                                               Nicholas A. Chiappetta