UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, AN INDIVIDUAL,

    Plaintiff,

  v.

JENNIFER COUTURE, AN INDIVIDUAL; RALPH GARRAMONE M.D., AN INDIVIDUAL; RALPH GARRAMONE M.D. P.A., CENTRAL PARK OF SOUTHWEST FLORIDA, LLC, OMG REALTY, LLC, THE LAW OFFICE OF PATRICK TRAINOR ESQ. LLC, PATRICK TRAINOR, AN INDIVIDUAL; AND ANTI-DOXING LEAGUE INC.,

    Defendants.

Case No. 2:23-cv-1218-JES-KCD

## **ORDER**

Before the Court is Defendant Plaintiff Danesh Noshirvan's Motion for Sanctions. (Doc. 453.)[1] Defendants Jennifer Couture and Dr. Ralph Garramone responded in opposition. (Doc. 482.) For the reasons below, the motion is granted in part and denied in part.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

The Court sanctioned Couture and Dr. Garramone under Fed. R. Civ. P. 37(b) for not responding to discovery. (Doc. 416.) They were ordered to pay the "attorney's fees and costs incurred in preparing for the last two motions to compel filed with the Court." (*Id.* at 1.) The parties were given fourteen days to confer on a fee award. (*Id.*)

The conferral efforts failed, and Noshirvan now asks the Court to set the fee award at $19,710.[2] (Doc. 453.) Defendants dispute the hours claimed, arguing they are excessive. (Doc. 482.) Defendants contend that the amount should be reduced to $11,800. (*Id.* at 14.)

Federal courts calculate a fee award under Rule 37 using the "lodestar" method, which is found by multiplying the hours reasonably expended by a reasonable hourly rate. *Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 349 (11th Cir. 2009); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). While "[t]he product of reasonable hours times a reasonable rate does not end the inquiry[,]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), there is a "strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

---

[2] There is a discrepancy in the amount of fees sought in the motion. (*Compare* Doc. 453 at 4 ($19,710) *with* at 9 ($20,970). The Court uses the lower amount, which the ledger supports. (Doc. 453-4.)

A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The fee applicant bears the burden of proving that the requested hourly rate tracks the prevailing market. *Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l*, No. 608-CV-1182-ORL22DAB, 2010 WL 98991, at *4 (M.D. Fla. Jan. 6, 2010). This typically includes providing direct evidence of charges by lawyers under similar circumstances. *Norman*, 836 F.2d at 1299. In any event, the reviewing court is also an expert on hourly rates charged in the community and may "consult its own experience in forming an independent judgment." *Glob. Events Mgmt. Grp., Inc. v. Mullins*, No. CV 113-101, 2015 WL 5334304, at *2 (S.D. Ga. Sept. 14, 2015).

The fee applicant also bears the burden of proving the reasonableness of the hours expended. In doing so, the applicant "must exercise billing judgement." *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). This means excessive, redundant, or unnecessary hours—*i.e.,* hours that would be unreasonable to bill to a client—must be excluded.

Noshirvan claims a lodestar of $19,710, representing work done by attorney Nicholas Chiapetta. (Doc. 453 at 2.) Defendants do not contest Chiapetta's hourly rate ($450), which the Court finds reasonable. *See Melikhov*

3

*v. Drab*, No. 2:29-cv-248-FtM-38MRM, 2020 WL 741531, at *2 (M.D. Fla. Mar. 25, 2020).

Turning to the hours reasonably expended, Chiapetta spent nearly 50 hours preparing two motions to compel. Based on a careful review of the ledger (Doc. 453-4), a reduction is warranted.

"Time spent is reasonable, and thus compensable, if it would be proper to charge the time to a client." *In re Home Depot Inc.*, 931 F.3d 1065, 1087 (11th Cir. 2019). "Courts are not authorized to be generous with the money of others." *Barnes*, 168 F.3d at 428. If the fee applicant does not exercise billing judgment, the court must do it, "cut[ting] the amount of hours for which payment is sought" by "pruning out those that are excessive, redundant, or otherwise unnecessary." *22nd Century Props., LLC v. FPH Props., LLC*, 160 So. 3d 135, 142-43 (Fla. Dist. Ct. App. 2015).

If reductions are warranted, as here, a court may conduct an hour-by-hour analysis, or it may reduce the requested hours by an across-the-board percentage. *Bivins*, 548 F.3d at 1350. The Eleventh Circuit has cautioned that a "request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437. "The essential goal . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Therefore, "courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.* "In the final

analysis, exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F.2d at 1301.

The time records here reveal vague, duplicative, excessive, and unreasonable hours. Nearly fifty hours for two run-of-the-mill motions to compel by an experienced attorney is not reasonable. A line-by-line reduction is impractical given the volume of billing, but some examples are worth mentioning. Noshirvan requests nearly $6,000 for reviewing Defendants' discovery responses and document production. But reviewing discovery is a standard part of litigation that counsel must perform regardless of whether any discovery violations occur. *See Flexsteel Pipeline Techs., Inc. v. Chen*, No. 5:16-CV-239-TKW-GRJ, 2020 WL 13189031, at *1 (N.D. Fla. Apr. 27, 2020) (when awarding fees under Rule 37, "there must be a causal connection between the discovery violation and the reasonable expenses incurred"). Noshirvan also billed for clerical tasks that do not require the expertise of an attorney, including calendaring, reviewing one-sentence notices of hearing, and filing in CM/ECF. *See Khatabi v. Car Auto Holdings, LLC*, No. 21-20458-CIV, 2025 WL 1546514, at *8 (S.D. Fla. May 30, 2025) ("There is ample support in this Circuit for finding that each of these tasks are purely clerical, especially absent an explanation as to why the tasks would require the expertise of an attorney and/or are traditionally completed by an attorney.").

5

All things considered, a 50% across-the-board reduction is warranted. *See Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994). This is necessary to exclude unreasonable hours and excessive time. *See Hensley*, 461 U.S. at 434. It is also appropriate given the routine nature of the underlying motions. Applying this reduction results in a net fee award of $9,855.

Noshirvan separately seeks $3,300 for expert witness Elizabeth Andrews' declaration, representing 5.5 hours of work at $600/hour. (Doc. 453-7.) But this declaration rehashes many of the same points advanced in the motion itself. And, as the Eleventh Circuit instructs: "Testimony that a given fee is reasonable is . . . unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299*; see also Mraz v. I.C. Sys., Inc.*, No. 2:18-CV-254-FTM-38-NPM, 2021 WL 4086147, at *6 (M.D. Fla. Aug. 23, 2021). Ms. Andrews' declaration was of little value and won't be reimbursed. *Norman*, 836 F.2d at 1303.

Finally, Noshirvan seeks to recover the cancellation fee for having to withdraw Dr. Garramone's video deposition. (Doc. 453-4 at 3.) He argues that Dr. Garramone's deposition was cancelled based on information revealed by Couture the day before. So, according to Noshirvan, he couldn't have cancelled the deposition any sooner to save the fee. (Doc. 453 at 3; Doc. 453-2.) Defendants respond that Noshirvan's poor planning caused the cancellation fee. (Doc. 482 at 11.) Because it isn't clear from the record what fault (if any) lies at the feet of Dr. Garramone and Couture, the request is denied. The Court

6

finds that the amount already awarded is appropriate recompense for Defendants' improper conduct and unresponsiveness.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Attorney Fees (Doc. 453) is **GRANTED IN PART AND DENIED IN PART**. Defendants Jennifer Couture and Dr. Ralph Garramone must pay Plaintiff $9,855, jointly and severally, under Rule 37.

2. The Motion is denied to the extent it seeks any greater or different relief.

**ENTERED** in Fort Myers, Florida on September 3, 2025.

*/s/ Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge