IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| DANESH NOSHIRVAN,<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER COUTURE, et al.,<br><br>Defendants. | Civil Case No.: 2:23-cv-01218 |

**PATRICK TRAINOR'S MOTION FOR RULE 11 SANCTIONS AGAINST DANESH NOSHIRVAN AND/OR HIS COUNSEL NICHOLAS CHIAPPETTA, ESQ.**

Patrick Trainor, (hereinafter "Trainor") respectfully moves this Court for sanctions against Nicholas Chiappetta, Esq., attorney for plaintiff Danesh NOSHIRVAN ("Noshirvan") for making knowingly frivolous allegations in his Third Amended Complaint ("TAC") against Trainor, and states as follows:

**I.　　FACTUAL BACKGROUND**

　　1.　　On July 23, 2025, Noshirvan filed the TAC.  D.E. 434.

　　2.　　On July 24, 2025, Trainor filed his Answer to the TAC.  D.E. 445.

　　3.　　On July 24, 2025, Trainor served counsel for Noshirvan Nicholas Chiappetta, Esq. ("Chiappetta") a demand that he strike frivolous allegations from the TAC, which identified the frivolous allegations and explained why the allegations is frivolous, such as Noshirvan admitted during discovery that he does not possess information or evidence to support the allegation.

4. On July 30, 2025, Trainor filed an Amended Answer with Counterclaims. D.E. 446.

5. On August 18, 2025, Trainor served Chiappetta a Rule 11 Safe Harbor notice that he strike or withdraw frivolous allegations from the Third Amended Complaint in paragraphs 40, 65, 82, 86, 89, 92-94, 114, 116, 128, 133, 149-150, 163, 177, 189-187, 198, 200, 236-37, 297, 307, and page 3. A copy of the letter is attached hereto as **Exhibit A**.

6. Trainor's Safe Harbor notice provided the reason that the allegations in these paragraphs are frivolous, including that Noshirvan has already admitted to not possessing information or evidence to prove said allegation.

7. On August 18, 2025, Trainor served Chiappetta a Safe Harbor Notice that identified frivolous allegations by paragraph number that Plaintiff must strike or withdraw from the Third Amended and copy of the within *Rule 11 Motion for Sanctions* with the Trainor's demand letter attached as an exhibit. .

II. **MEMORANDUM OF LAW**

   a. **Rule 11 Standard**

Pursuant to *Rule 11(b)* an attorney who presents a "pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it – an attorney certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or

needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. *Fed. R. Civ. P. 11(b)*.

The Eleventh Circuit recently stated that Rule 11 sanctions are warranted when a party files a pleading or motion "(1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." *Noshirvan v. Couture*, No. 2:23-cv-1218-JES-KCD, (M.D. Fla. Aug. 2, 2024) (*citing Gulisano v. Burlington, Inc.*, 34 F.4th 935, 941-43 (11th Cir. 2022) (D.E. 119).

*Rule 11* imposes an affirmative duty on an attorney to conduct a reasonable inquiry into both the facts and the law before filing a pleading or motion. *Gulisano*, 34 F.4th at 942 (*citing Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991)). Moreover, an attorney's obligations with respect to the contents of pleadings or motions are not measured solely as of the time when the pleading or motion is initially filed with the court, but also at the time when the attorney, having learned the claims lack merit, reaffirms them to the court. *Turner v. Sungard Bus. Sys.,*

3

*Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996) (*citing* Fed. R. Civ. P. 11(b) advisory committee's note to 1993 amendment). If an attorney later learns his contentions are frivolous, the district court is not prevented from sanctioning [the attorney] for his continued advocacy of them after it should have been clear that those contentions were no longer tenable." *Gulisano*, F.4th at 942-43.

When deciding whether to impose sanctions under *Rule 11*, a district court must conduct a two-step inquiry, determining "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Gulisano, 34 F.4th at 942* (*citing Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). A factual claim is frivolous when it has no reasonable factual basis. *Id*.

Moreover, if the attorney failed to make a reasonable inquiry, then "the court must impose sanctions despite the attorney's good faith belief that the claims were sound." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). In addition, sanctions are warranted, when the attorney exhibits "a deliberate indifference to obvious facts." *Gulisano,* 34 F.4th at 942. Under Rule 11 a district judge shall or must impose sanctions for a violation. *Noshirvan v. Couture*, No. 2:23-cv-1218-JES-KCD, 2024 U.S. Dist. LEXIS 137027 *14 (M.D. Fla. Aug. 2, 2024) (*citing Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993).

The Court must sanction an attorney who continues to advocate for frivolous claims after it should have been clear to him that those contentions were no

longer tenable. *Noshirvan v. Couture*, No. 2:23-cv-1218-JES-KCD, 2024 U.S. Dist. LEXIS 137027 *13 (M.D. Fla. Aug. 2, 2024) (*citing Gulisano v. Burlington, Inc.*, 34 F.4th 935, 941-43 (11th Cir. 2022).

### III. Frivolous Allegations That Must Be Stricken or Withdrawn

The allegations on page three and in the following paragraphs are frivolous, whereby, no evidentiary or factual support exists to support said allegation, and/or Noshirvan has admitted that he does not possess evidentiary or factual support for said allegation, therefore, the allegations must be stricken and/or withdrawn.

**Paragraph 40:** Strike the allegation that Trainor operated a website and social media accounts directed into the State of Florida to contact and/or recruit persons domiciled in Florida. Prior to filing the Third Amended Complaint ("TAC") Noshirvan admitted in his written responses to Trainor's Request for Production of Documents ("RFP") that he does not possess evidence that shows Trainor operated a website and/or social media accounts directed into the State of Florida to contact and/or recruit persons domiciled in Florida.

**Paragraph 82**: Before he filed the TAC, Noshirvan admitted in his written responses to Trainor's RFPs that he does not possess evidence that shows Trainor operated accounts with Signal, Telegram, Discord, WhatsApp, Gab.com, Instagram, to communicate with "supremacists," "proud boys," and 'Nazi sympathizers" as alleged in Paragraph 82.

**Paragraph 86**:   Before he filed the TAC, Noshirvan admitted in his written responses to Trainor's RFPs that he does not possess evidence that shows Trainor shares similar ideology with "supremacists," "proud boys," and 'Nazi sympathizers" as alleged in Paragraph 86.

**Paragraph 89**:   Recordings of Trainor telling Camp that Cornelisse was under investigation as alleged in Paragraph 89 do not exist.

**Paragraph 92**:   Before he filed the TAC, Noshirvan admitted in his written responses to Trainor's RFPs that he did not possess evidence or information that shows Trainor created any social media profiles/accounts.

**Paragraph 93**:   Before he filed the TAC, Noshirvan admitted in his written responses to Trainor's RFPs that he did not possess evidence or information that shows Trainor marketed to "supremacists," "proud boys," and "nazi sympathizers."

**Paragraph 94**:   Before he filed he TAC, Noshirvan admitted in his written responses to Trainor's RFPs that he did not possess evidence or information that supports the allegations in Paragraph 94.

**Paragraph 114**:   Before he filed the TAC, Noshirvan admitted in his written responses to Trainor's RFPs that he does not possess evidence or information that Trainor created or caused to be created social media account "Victims of that Danesh Guy" as alleged.

6

**Paragraph 116**: Before he filed the TAC, Noshirvan admitted in his written responses to Trainor's RFPs that he does not possess evidence or information that Trainor created or caused to be created social media account "Victims of That Danesh Guy" or the he used that social media account to communicate with alleged wrongdoers as alleged.

**Paragraph 128**: Trainor has never employed Camp as alleged in Paragraph 128. Noshirvan has no evidence of information to support this frivolous claim.

**Paragraph 133**: This is a newly fabricated allegation that you have no reason to believe occurred. Trainor was not in Fort Myers, Florida in May 20, 2022, as alleged in Paragraph 133 of the TAC.

**Paragraph 149**: This is a fabrication. Camp never worked for Trainor and Camp did not purchase domain *www.thatdaneshguy.com* as Trainor's employee as alleged in Paragraph 149. Before he filed the TAC, Noshirvan admitted in his written responses to Trainor's RFPs that he does not possess evidence or information to support this claim.

**Paragraph 150**: This is a fabrication. Trainor never employed Camp to build a defamatory website for domain *www.thatdaneshguy.com*. Before he filed the TAC, Noshirvan admitted in his written responses to Trainor's RFPs that he does not possess evidence or information to support this claim.

**Paragraph 163**: Paragraph 163 contains the fabricated statement that Trainor swatted Noshirvan or arranged for Noshirvan to be swatted. Before he filed

7

the TAC, Noshirvan accused three other people of being the person(s) who swatted him, and admitted that he did not possess evidence or information to support his claim that Trainor swatted him. Moreover, allegations of swatting in paragraphs 65, 236, 237, 297, 307, and page 3 must be stricken or withdrawn.

**Paragraph 177**: The allegations in Paragraph 177 that Trainor participated in efforts to cause Noshirvan's account with Buy Me A Coffee to be banned is a fabrication. Before the TAC was filed, Noshirvan produced documents that show his account with Buy Me A Coffee was banned due to his conduct, which caused their payment provider to be contacted by authorities and because Noshirvan's account presented risk concerns for Buy Me A Coffee.

**Paragraph 186**: Noshirvan fabricated the allegations in Paragraph 186 that Trainor started a "defamatory campaign" that said Noshirvan violated *18 U.S.C. § 2257* is a slander intended to deflect from Noshirvan's liability for his failure to maintain required certifications pursuant to *18 U.S.C. § 2257* for the persons who appeared in adult content that he posted to Only Fans.

**Paragraph 187**: Trainor never possessed Noshirvan's Only Fans adult content as alleged in Paragraph 187.

**Paragraph 198**: Noshirvan's allegation that Trainor harassed Noshirvan's former attorney is a slander. Before he filed the TAC, Noshirvan admitted that he did not possess any information or evidence to support this claim.

**Paragraph 200**: Defamatory allegation that Trainor cyber-attacked at least three (3) different law firms and at least three lawyers and their friends, family, and acquaintances.

Here, sanctions are appropriate, Discovery has closed and Noshirvan has admitted that he does not possess factual or evidentiary support for the allegations described below, and he has not produced any evidentiary or factual support. In addition, there are newly made allegations wherein the paragraphs described below within the Third Amended Complaint ("TAC") are frivolous.

WHEREFORE, Trainor respectfully requests that this Court grant this motion and enter an order to sanctioning plaintiff Danesh Noshirvan or his counsel Nicholas Chiappetta, Esq., and award attorney's fees, costs, expenses, and such other relief as the Court deems just and proper.

August 18, 2025 _____
Patrick Trainor, Esq.
**LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
pt@ptesq.com

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Trainor certifies that on August 18, 2025, I electronically served a copy of this motion and the Safe Harbor letter annexed hereto upon Nicholas Chiappetta, Esq., counsel for plaintiff Danesh Noshirvan, and at the same time

9

requested that Mr. Chiappetta provide dates and times he is available to meet and confer.

Counsel for Trainor further certifies that on September 9, 2025, I conferred with Nicholas Chiappetta, Esq., via telephone and he opposes this motion and will not move to strike the baseless claims in the above paragraphs.

September 9, 2025

_____
Patrick Trainor, Esq.
**LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
pt@ptesq.com

## CERTIFICATION OF SERVICE

I hereby certify that on August 18, 2025, I served a copy of this motion and the annexed Safe Harbor letter to counsel for all parties of record via electronic service.

_____
Patrick Trainor