```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DANESH NOSHIRVAN, an individual,

    Plaintiff,

v.                          Case No: 2:23-cv-1218-JES-KCD

JENNIFER COUTURE, an individual,
RALPH GARRAMONE M.D., an individual,
RALPH GARRAMONE, M.D., P.A. d/b/a
GARRAMONE PLASTIC SURGERY,
CENTRAL PARK OF SOUTHWEST
FLORIDA, LLC, OMG REALTY, LLC,
THE LAW OFFICE OF PATRICK TRAINOR
ESQ., LLC d/b/a THE LAW OFFICE OF
PATRICK TRAINOR, PATRICK TRAINOR,
an individual, and
ANTI-DOXING LEAGUE INC.

    Defendants.
_____/

RALPH GARRAMONE, M.D., P.A. d/b/a
GARRAMONE PLASTIC SURGERY,
JENNIFER COUTURE, an individual,
RALPH GARRAMONE, M.D., an individual,
PATRICK TRAINOR, an individual,

    Counter-Plaintiffs,

v.

DANESH NOSHIRVAN,

    Counter-Defendant.
_____/

## OPINION AND ORDER

This matter comes before the Court on review of two motions for reconsideration filed by two parties. Defendant Patrick

Trainor (Trainor) moves for reconsideration under Rule 59(e) (Doc. #464) of the Court's Opinion and Order (Doc. #454) denying Trainor's motion to impose Rule 11 sanctions. (Doc. #202.) Plaintiff Danesh Noshirvan (Noshirvan) filed a Response in Opposition (Doc. #483) on September 2, 2025. Non-party Richard Luthmann (Luthmann) moves for reconsideration under Rule 60(b) (Doc. #481) of the Court's Opinion and Order (Doc. #459) overruling Luthmann's objections (Doc. #252) to the previously assigned magistrate judge's discovery order. (Doc. #230.) Noshirvan filed a Response in Opposition (Doc. #487) on September 4, 2025. For the reasons set forth below, the motions are denied.

Both Trainor's Rule 59(e) motion and Luthmann's Rule 60(b) motion erroneously rely on inapplicable rules and standards. Hornady v. Outokumpu Stainless USA, LLC, 118 F.4th 1367, 1379 (11th Cir. 2024) ("Rules 59(e) and 60(b) only come into play after a final, appealable judgment is entered."). Motions seeking reconsideration of interlocutory non-final orders, like here, should be brought under Rule 54(b). Id. at 1379-80. Because "the standards applicable to Rules 59(e) or 60(b)" are "higher" than the Rule 54(b) standard, both motions erroneously relied on inapplicable standards. Id. at 1381.

The Rule 54(b) standard leaves reconsideration up to the "sound judgment" of the district court, which the Eleventh Circuit reviews "for abuse of discretion." Id. "Generally, an 'abuse of

-2-

discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment.'" Imperato v. Hartford Ins. Co., 803 F. App'x 229, 230 (11th Cir. 2020) (quoting United States v. Brown, 415 F.3d 1257, 1266 (11th Cir. 2005)).[1] Though the Rule 54(b) standard gives district courts "plenary authority 'to reconsider, revise, alter or amend' a non-final order," district courts "need not employ plenary review," as district courts should largely "hesitate before revisiting their earlier interlocutory orders" in the interest of finality, stability, and predictability. Hornady, 118 F.4th at 1380 (citation omitted).

Both motions are unpersuasive even if reviewed under the Rule 54(b) standard. The magistrate judge correctly held that Noshirvan's withdrawal of the subpoena mooted all of Luthmann's requested relief as to that subpoena except for sanctions. As this Court previously held, there is no demonstrated probability that Luthmann will be served with another subpoena by Noshirvan now that discovery has closed and, even if there was a demonstrated probability that Luthmann was going to be served with a subpoena by Noshirvan again, the magistrate judge would have had ample time

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." Bonilla v. Baker Concrete Const., Inc., 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

to consider any appropriate relief then. (Doc. #459, p. 6)(citing Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001); In re Aleph Inst., No. 06-61788-CIV, 2007 WL 9700821, at *4 (S.D. Fla. July 3, 2007). Contrary to Luthmann's assertion, the magistrate judge denied Luthmann's request for sanctions on the merits, not on mootness. (See Doc. #230.) Luthmann objected "specifically [to] resolve the [mootness] issue," (Doc. #252, p. 12), never substantively arguing any sanctions standard or how the magistrate judge misapplied it. (See Doc. #252.) Having not received any objection to the magistrate judge's sanctions decision, this Court did not consider any sanctions issue in its order overruling Luthmann's objections, and will not do so now on reconsideration. Cummings v. Dep't of Corr., 757 F.3d 1228, 1234 (11th Cir. 2014)(repeating the Eleventh Circuit's long-held rule that new arguments are improper on motions for reconsideration). Luthmann's motion is denied.

None of Trainor's reconsideration arguments are persuasive either. Trainor's motion for Rule 11 sanctions was denied partly on procedural grounds, "because the letter Trainor sent to Chiappetta d[id] not satisfy Rule 11's safe harbor requirements." (Doc. #454, pp. 10-11.) Trainor's reconsideration motion does not address this shortcoming and his sanctions motion still merits denial on this basis alone. Separately, the Court finds no error

meriting reconsideration of that order. Trainor's motion is denied.

Accordingly, it is now

**ORDERED:**

1. Trainor's motion for reconsideration (Doc. #464) is **DENIED.**

2. Luthmann's motion for reconsideration (Doc. #481) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of September 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE