UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| Danesh Noshirvan,<br><br>           Plaintiff,<br><br>      v.<br><br>Jennifer Couture, et al.,<br><br>           Defendants. | CASE NO. 2:23-CV-01218-JES-KCD |

**PATRICK TRAINOR, THE LAW OFFICE OF PATRICK TRAINOR ESQ., LLC, ANTI-DOXING LEAGUE INC., CENTRAL PARK OF SOUTHWEST FLORIDA, LLC's OPPOSITION TO DANESH NOSHIRVAN'S MOTION TO <u>MODIFY PROTECTIVE ORDER [D.E. 503]</u>**

Defendants Patrick Trainor ("Trainor"), The Law Office of Patrick Trainor Esq., LLC ("Law Office"), Anti-Doxing League Inc. ("ADL"), and Central Park of Southwest Florida, LLC ("CPSW") (hereinafter collectively "Defendants") respectfully oppose Danesh Noshirvan's ("Noshirvan") Motion to Modify the Protective Order [D.E. 503].

<u>PRELIMINARY STATEMENT</u>

This Court found good cause existed which necessitated entry of a protective order when it granted Defendants' *Renewed Motion for a Protective Order* and entered the Protective Order. *See Order Defendants' Renewed Motion for Protective* [D.E. 250-251]. In the instant motion Noshirvan has not shown that either good cause or a changed circumstance exists to warrant terminating the protective order, rather, he

repeats the arguments from his opposition to Defendants' renewed motion for protective order [D.E. 245], which this Court already found were insufficient to overcome the need to protect sensitive information.

    Noshirvan did not cite a changed circumstance that warrants removing the Protective Order, but he does have ulterior motives for moving to terminate the Court's protective order, in that he intends to broadcast Defendants' sensitive personal and financial records to his approximate 2.5 million social media followers and in an episode(s) of a television docuseries that his associate James McGibney ("McGibney") is involved with.  Noshirvan announced his intentions in a video he posted to social media on or about September 27, 2025, wherein he promoted a forthcoming episode of McGibney's televised docuseries, wherein Noshirvan promised Defendants' confidential information would be disclosed.

    Noshirvan foreshadowed this ulterior motive with his superfluous attachment of irrelevant information as exhibits to his moving papers and his papers in response to motions throughout these proceedings.  *See Noshirvan's Opposition to Luthmann Motion to Quash Subpoena* [D.E. 228] wherein, Noshirvan attached twenty-three (23) exhibits, but only cited four (4) of his exhibits in the body of his response in opposition;  *See also Noshirvan Opposition to Defendants' Renewed Motion for Protective Order* [D.E. 245] wherein Noshirvan attached eighteen (18) exhibits, but only cited seven (7) exhibits in the body of his response in opposition; *See also* Noshirvan *Response in Opposition to Ralph Garramone, M.D. P.A. d/b/a Garramone Plastic Surgery's Objection to Plaintiff's Untimely Rebuttal Report of Chris "Silver" Smith* [D.E. 431]

wherein Noshirvan attached seventy-nine (79) sealed exhibits, but only cited three (3) exhibits in the body of his response in opposition [D.E. 431].

## PROCEDURAL HISTORY

1. Noshirvan's counsel had still failed to agree on a Protective Order notwithstanding significant efforts by Defendants to reach a compromise. Accordingly, Defendants were forced to file Motions for Extension of Time to produce documents because there was still no Protective Order in place. [D.E. 231, 233].

2. On January 23, 2025, at a hearing on Defendants' motions to extend time to produce documents, which was required because Noshirvan's counsel refused to sign a protective order, the Court noted that "[t]he parties have filed several motions to extend the deadline to produce outstanding discovery pending entry of a protective order. The parties are directed to bring hard copies of any proposed protective order to the hearing scheduled for tomorrow." [D.E. 234].

3. On January 29, 2025, Defendants filed their Renewed Joint Motion for Entry of a Protective Order ("Second MPO"). [D.E. 244)]. The Second MPO attached Defendants' Protective Order and Noshirvan's Proposed Protective Order. [D.E. 244-1 and 244-2].

4. On February 7, 2025, the Court issued an Order granting in part and denying in part the Second MPO. [D.E. 250]. The Court then issued the Protective Order on February 10, 2025. [D.E. 251]. This is the Protective

Order that governs in this case. The Protective Order contains the following pertinent provisions:

- "To bear the designation of 'Confidential Information,' the item must contain (a) financial data of a Party, including but not limited to, tax returns, credit card statements, bank account statements, accounting statements or other financial statements and records, invoices, checks, payments; (b) personal identifying information, i.e., name, telephone number, mailing address, or email addresses regarding the Parties, any family member of the Parties or a disclosed witness or their family members; (c) HIPAA protected information; (d) personal identifying information, i.e., telephone number, mailing address, or email address regarding any employee(s) of any Party, including the contents of any employees files held or created by any Party, and (e) experts reports. [D.E. 251, ¶ 1].

- If a Non-Designating Party objects to any designation of Confidential Information, that Non-Designating Party first shall raise the objection with the Designating Party, and confer in good faith in accordance with this Court's Local Rules to attempt to resolve any dispute relative thereto. If the Parties cannot resolve a challenge as to the designation of documents as 'Confidential,' the Non-Designating Party shall present the dispute to the Court." [D.E. 251, ¶ 3].

- "The Parties shall use Confidential Information solely in connection with this Action, including any appeals of this Action, subject to the requirements of paragraph 10 below." [D.E. 251, ¶ 5].

- Transcripts containing Confidential Information or testimony designated as containing Confidential Information shall have an obvious legend on the title page that the transcript contains Confidential Information and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as containing Confidential Information. The Designating Party shall inform the court reporter of these requirements…The use of a document as an exhibit at a deposition shall not in any way affect its designation as 'Confidential.'" [D.E. 251, ¶ 8].

- "Nothing in this Order shall be construed to limit in any way a Designating Party's use of its own Confidential [information]." [D.E. 251, ¶ 11].

5. Pursuant to the Court's Order the protective order "shall be in place and remain in place until the Final Disposition of this litigation. Final Disposition shall be deemed to be the later of when (1) a dismissal of all claims and defenses in this Action is filed, with or without prejudice; (2) a final judgment is entered by the Court; or (3) after the completion and exhaustion of all appeals. Within 30 days after Final Disposition, the Parties shall collect all Confidential Information (including that disclosed to third-parties) and either return it to the Designating Party or destroy the same." [D.E. 251, ¶ 13].

6. Numerous motions were filed that contained materials designated confidential and Noshirvan moved to file them under seal. *See* D.E. 466, 468, 470, 498. These motions were "Unopposed" by Defendants because they considered the designations and representations of Noshirvan's counsel as having been made in good faith. At no time did Noshirvan indicate that his filing of materials under seal was "temporary."

7. Instead, Noshirvan repeatedly requested "this Honorable Court seal the Deposition Transcripts of the deponents listed above until this matter is concluded, and this case is closed." [D.E. 466, ¶ 7; D.E. 468, ¶ 7; D.E. 470, ¶ 7; D.E. 498, ¶ 7]. Noshirvan's motions to seal materials designated confidential were

made as recently as September 18, 2025.  [D.E. 498].  Again, the Protective Order specifically provides that "This Order shall be in place and remain in place until the Final Disposition of this litigation" which is defined as when the case has concluded, by for example, entry of Final Judgment and completion and exhaustion of all appeals.  [D.E. 251 at ¶ 13].

8.     On September 10, 2025, counsel for Noshirvan emailed counsel for Defendants about Noshirvan's intention to file a "Motion to Unseal All Sealed Documents for purposes of summary judgment and trial."  Counsel for Defendants repeatedly requested more information about what specific documents Noshirvan wanted to unseal and the grounds for why such documents should no longer be confidential.  Counsel asked for that information via email on September 10, 2025, September 11, 2025, and September 17, 2025.

9.     The parties also conferred via telephone on September 18, 2025.  However, counsel for Noshirvan still failed to provide any information concerning the specific documents he wanted to unseal and the grounds for doing so.  Indeed, even Noshirvan's Motion lacks the specific information about which documents would be unsealed and the specific grounds for unsealing each.

## **ARGUMENT**

Noshirvan disputed Defendants' motions for entry of a protective order, but the Court found Defendants' established good cause under Rule 26(c) and entered the protective order over Noshirvan's opposition.  [D.E. 250-51].  "Once a party has established good cause under Rule 26(c), the party moving to modify the protective

order bears the burden to establish good cause for the modification." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1250 (11th Cir. 2020) (*citing F.T.C. v. AbbVie Products, LLC*, 713 F.3d 54, 66 (11th Cir. 2013) (holding that "[a] party who has already shown good cause…in the first instance should not bear the burden of showing good cause once again if the same opposing party seeks modification of the original protective order").

Noshirvan's ulterior motives of publicizing Defendants' confidential personal and financial information must be scrutinized, because Noshirvan has already shown his ability to lead his associates in campaigns of online threats and harassment against Defendants and their counsel. During the evidentiary hearing that was held on May 19, 2025, this Court found evidence that Noshirvan targeted one of Defendants' attorneys by posting false statements about him, which served "no purpose other than to improperly influence the litigation by disrupting the court proceedings and harassing and intimidating opposing counsel." [D.E. 454 at 30-31]. The Court found that Noshirvan intentionally incited his followers to harass and intimidate one of Defendants' attorneys and that his followers were incited and waged a campaign and threats of violence against one of Defendants' attorneys. *Id.*

In addition, this Court publicly reprimanded Chiappetta for not restraining Noshirvan's threatening outbursts during a deposition and for giving Noshirvan the "green light" to continue posting false and defamatory statements against one of the defense lawyers. [D.E. 454 at p. 31-32]. Now, the same person the Court has already found has sanctioned for inciting his social media followers to threaten and

7

harass one of Defendants' attorneys perversely seeks the Court's imprimatur to distribute Defendants' confidential and personal information to a broad public audience in order to unleash his followers against Defendants.

Lastly, as recently as two weeks ago, Noshirvan filed documents under seal that him and his counsel represented to the Court were confidential and needed to be filed under seal until "this matter is concluded, and this case is closed." (D.E. 466, ¶ 7; D.E. 468, ¶ 7; D.E. 470, ¶ 7; D.E. 498, ¶ 7).

The Court is obligated to protect Defendants from the unwarranted threats and harassment that Noshirvan seeks to unleash with the disclosure of Defendants' confidential personal records. In addition, Noshirvan has not cited a valid changed circumstance that warrants lifting the protections this Court found were necessary in this action.

For the foregoing reasons, Defendants respectfully requests that this deny Noshirvan's motion and order him to comply with the Protective Order that the Court entered in this action.

Date: October 6, 2025

                                                                 _____
Patrick Trainor
**Law Office of Patrick Trainor, Esq., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
E: pt@ptesq.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of October 2025, a true and correct copy of the foregoing was served electronically upon all counsel of record via the Court's CM/ECF system.

Date: October 6, 2025      _____
                                                    Patrick Trainor