# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

CASE NO. 2:23-CV-01218-JES-DNF

DANESH NOSHIRVAN
an individual,

    Plaintiff,

v.

JENNIFER COUTURE, an individual,
RALPH GARRAMONE M.D., an individual,
RALPH GARRAMONE, M.D., P.A. d/b/a
GARRAMONE PLASTIC SURGERY.,
CENTRAL PARK OF SOUTHWEST
FLORIDA, LLC, OMG REALTY, LLC,
THE LAW OFFICE OF PATRICK TRAINOR
ESQ., LLC d/b/a THE LAW OFFICE OF
PATRICK TRAINOR, PATRICK TRAINOR,
an individual, and
ANTI-DOXING LEAGUE INC.

    Defendants.
_____/

RALPH GARRAMONE, M.D., P.A. d/b/a
GARRAMONE PLASTIC SURGERY,
JENNIFER COUTURE, an individual,
RALPH GARRAMONE, M.D., an individual,

    Counter-Plaintiffs,

v.

DANESH NOSHIRVAN,

    Counter-Defendant.

_____/

# GARRAMONE PLASTIC SURGERY'S MOTION TO SEAL UNREDACTED VERSION OF ITS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S THIRD AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant Ralph Garramone, M.D., P.A. d/b/a Garramone Plastic Surgery ("**GPS**"), pursuant to Local Rule 1.11, files this Motion to Seal the Unredacted Version of its Motion for Summary Judgment on Plaintiff's Third Amended Complaint and Incorporated Memorandum of Law, and in support states as follows:

1. On February 10, 2025, the Court entered a Protective Order in this action. [D.E. 250].

2. On April 8, 2024, the Court entered its Case Management and Scheduling Order ("**CMSO**"). The CMSO sets forth the procedures for filing motions for summary judgment. Included in those procedures is the requirement to file complete deposition transcripts and exhibits "[i]f depositions are filed to support a motion for summary judgment, the Court prefers the deposition be filed in its entirety (a condensed version is acceptable) with exhibits." [D.E. 64 at 6].

3. On August 25, 2025, Plaintiff filed several Unopposed Motions to Seal the transcripts of nine depositions, including the transcript of Plaintiff's first deposition, taken in this case. [D.E. 466, 468, 470]. The Court granted all of those Motions. [D.E. 467, 469, 471].

4. Accordingly, on August 26, 2025, Plaintiff filed under seal the Deposition Transcripts along with the exhibits thereto. [D.E. 472 through 480].

5. On September 24, 2025, GPS filed its Unopposed Motion to Seal the deposition transcript of Plaintiff's second deposition. [D.E. 504]. The Court granted that Motion on September 26, 2025. [D.E. 506]. Accordingly, the same day, GPS filed under seal the Deposition Transcript with the exhibits thereto. [D.E. 509].

6. GPS has filed, concurrently herewith, a redacted version of its Motion for Summary Judgment on Plaintiff's Third Amended Complaint ("**MSJ**"). The MSJ includes references to and quotations from several of the deposition transcripts and the exhibits filed under seal in this action. Such information has been designated as confidential under the Protective Order, and has been sealed per the motions to seal the deposition transcripts and exhibits and the Court's Order granting those motions. Accordingly, GPS has redacted that information from the public filing of its MSJ, and proposes that the attached unredacted version of its MSJ be filed under seal.

7. The proposed duration of the seal is for the duration of the above-styled case pursuant to the terms of the Protective Order.

8. Undersigned counsel is authorized to retrieve the unredacted version of its MSJ upon termination of the above-styled case pursuant to the terms of the Protective Order.

## MEMORANDUM OF LAW

A court may seal documents in connection with a motion where a party can show that the private interests in preserving confidentiality outweigh the general presumption in favor of public access to judicial records. *See Procaps S.A. v. Patheon,*

*Inc.*, 2013 WL 5928586, at *3 (S.D. Fla. Nov. 1, 2013); *Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007).

"Public disclosure of discovery material is subject to the discretion of the trial court and the federal rules that circumscribe that discretion. Where discovery materials are concerned, the constitutional right of access standard is identical to that of Rule 26(c) of the Federal Rules of Civil Procedure." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001) (citations omitted). The public's right of access to may be overcome by a showing of good cause. *Federal Trade Comm'n v. Alcoholism Cure Corp.*, 2010 WL 4840046 (M.D. Fla. Nov. 23, 2010).

Good cause requires balancing the right of access against the party's interest in keeping the information confidential. Whether good cause exists is determined by the nature and character of the information. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Here a Protective Order has been entered and based upon the motions to seal the Court has determined that the deposition transcripts and exhibits thereto should be maintained under seal. Accordingly, a determination of "good cause" has been

satisfied. *See Emess Capital, LLC v. Rothstein*, 841 F. Supp. 2d 1251, 1255 (S.D. Fla. 2012).

## CONCLUSION

Based on the foregoing, GPS respectfully submits that the redacted portions of its MSJ include information that were designated as Confidential and come within the ambit of the Protective Order. GPS respectfully requests that the Court grant this motion and permit the unredacted version of its MSJ to be filed under seal; a redacted version of the MSJ will be part of the public filing until further order of the Court.

## LOCAL RULE 3.01(G) CERTIFICATION

I HEREBY CERTIFY that, on September 18, 2025, counsel for GPS conferred with Plaintiff's counsel via telephone regarding the issues raised herein. Plaintiff's counsel indicated that Plaintiff opposes this Motion.

Respectfully submitted this 15th day of October, 2025.

                                              */s/ Julian A. Jackson-Fannin*
                                              Harvey W. Gurland, Jr., Esq.
                                              Florida Bar No. 284033
                                              Julian A. Jackson-Fannin, Esq.
                                              Florida Bar No. 93220
                                              DUANE MORRIS LLP
                                              201 South Biscayne Boulevard
                                              Suite 3400
                                              Miami, FL 33131
                                              Tel: 305.960.2200
                                              HWGurland@duanemorris.com
                                              JJFannin@duanemorris.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of October, 2025, a true and correct copy of the foregoing was served via electronic mail upon all counsel of record.

                                              */s/ Julian A. Jackson-Fannin*
                                              Julian A. Jackson-Fannin, Esq.

DM1\20100980.3

**DUANE MORRIS LLP**
201 S. Biscayne Boulevard Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200