IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:23-cv-01218-JES-NPM

DANESH NOSHIRVAN,

    Plaintiff,

v.

JENNIFER COUTURE, *et al.*,

    Defendants.

_____/

**DECLARATION OF JENNIFER COUTURE IN SUPPORT OF DEFENDANTS JENNIFER COUTURE, RALPH GARRAMONE, M.D., AND OMG REALTY, LLC'S, MOTION FOR SUMMARY JUDGMENT AS TO COUNTS II, III, IV, AND IX OF THIRD AMENDED COMPLAINT**

    I, JENNIFER COUTURE, in lieu of an affidavit as permitted by 28 U.S.C. § 1746, declare as follows:

    1.    I am over 18 years of age and a resident of Fort Myers, Lee County, Florida. I have personal knowledge of the facts contained herein, and, if called as a witness, I could and would competently testify thereto.

    2.    I am the Office Manager of Ralph Garramone, M.D., P.A., d/b/a Garramone Plastic Surgery ("GPS").

    3.    At no point did I personally or in my role at GPS ask Joseph A. Camp ("Camp"), or have any agreement with Camp, or any other defendant or third-party, to harass, sexually cyber-harass, cyberstalk, deplatform, defame, or inflict emotional

distress on Noshirvan, or to interfere with Noshirvan's personal and/or business relationships.

4. Nor did I, personally or in my role at GPS, have any agreement with Camp to publish defamatory statements about Noshirvan.

5. I did not have any agreement with Camp to inflict emotional distress on Noshirvan or other members of his family.

6. I did not have any agreement with Camp to have Noshirvan or any of his family members "swatted."

7. I did not stalk Noshirvan's children or have any agreement with Camp to stalk Noshirvan's children.

8. I did not have any agreement with Camp to go through Noshirvan's trash or hack Noshirvan's digital accounts and Wi-Fi.

9. I had no knowledge of the alleged threatening text messages Camp sent to Noshirvan prior to it being brought to my attention after the instant lawsuit was filed.

10. Neither personally nor in my role at GPS did I pay any individual to "target" Noshirvan.

11. The extent of my relationship with Camp, and any agreements within that relationship, is that Camp was to remove harmful statements on the internet about GPS, Dr. Garramone, and myself.

12. I was not aware of Camp's alleged tortious conduct. I did not monitor Camp's social media posts and did not receive emails or text messages Camp allegedly sent to Noshirvan.

13. I had no knowledge of Camp's publications of social media posts containing defamatory statements. I did not review Camp's social media.

14. I was unaware of any text messages sent by Camp to Noshirvan.

15. Camp removed defamatory and harmful statements about GPS, Dr. Garramone, and myself from the internet voluntarily and without any agreement for compensation. Any and all payments made or caused to be made to Camp were gratuitous.

16. I had no knowledge regarding the details or manner in which Camp removed harmful information and did not exercise and control over the details or manner in which Camp removed the harmful information.

17. In my capacity as office manager of GPS, I am aware that the removal of harmful information from the internet is distinct from and outside of the scope of IT vendors who serve the medical profession. In the Fort Myers area, this work is usually done by a specialist without supervision. Further, this work requires specialist skills apart from those of IT vendors who serve the medical profession.

18. Removal of harmful information from the internet is not part of my regular business or the regular business of GPS.

19.   At the time Camp volunteered to remove the harmful information, I did not believe I was creating any sort of master and servant relationship.

FURTHER DECLARANT SAYETH NAUGHT.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of October, 2025

_____
JENNIFER COUTURE