```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

DANESH NOSHIRVAN, an individual,

      Plaintiff,

v().   Case No: 2:23-cv-1218-JES-KCD

JENNIFER COUTURE, an individual, RALPH GARRAMONE M.D., an individual, RALPH GARRAMONE M.D. P.A., CENTRAL PARK OF SOUTHWEST FLORIDA, LLC, WRAITH, LLC, SULLIVAN STREET INVESTMENTS, LLC, HAIRPIN TURN, LLC, OMG REALTY, LLC, R G WEIGHT MANAGEMENT, LLC, CENTRAL PARK SOUTH, LLC, BRANTLEE, LLC, LEGACY OF MARIE GARRAMONE, LLC, GARRAMONE MARKETING, INC., 5681 DIVISION LLC, THE LAW OFFICE OF PATRICK TRAINOR ESQ. LLC, PATRICK TRAINOR, an individual, and ANTI-DOXING LEAGUE INC.,

      Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on Ralph Garramone, M.D. P.A. d/b/a Garramone Plastic Surgery (GPS) Motion to Determine Amount of Attorneys' Fees and Costs Owed by Plaintiff (Doc. #484) filed on September 2, 2025. Plaintiff Danesh Noshirvan filed a Response in Opposition (Doc. #494) filed on September 12, 2025.

I.

On August 12, 2025, after a two-day hearing on May 19 and 20, 2025, the Court issued an Opinion and Order (Doc. #454) granting sanctions against Noshirvan to include GPS's attorney's fees and costs "in connection with bringing the matter to the Court's attention," including but "limited to those incurred in connection with GPS's preparation, filing, and hearing concerning its present Motion For Sanctions." (Id. at pp. 32-33.)  The parties were directed to confer in good faith as to the amount and thereafter file a notice of the sum or a motion to calculate the appropriate fees.  The parties were unable to reach an agreement, and the motion is now before the Court for a determination.  Noshirvan asks that the motion be denied in its entirety, limit the sanction to a flat $5,000, or at the most allow 25 hours billed at lower rates.

"When a court uses its inherent authority to award a sanction in the form of attorney's fees, legal fees awarded 'must be compensatory rather than punitive'—at least in civil litigation." J.C. Penney Corp., Inc. v. Oxford Mall, LLC, 100 F.4th 1340, 1347 (11th Cir. 2024) (quoting Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 108 (2017)).  The purpose of the award is to "reimburse the victim" so "a causal connection is required between" the fees and the sanctioned misconduct.  Id. (citing Goodyear at 108-109).  Therefore, recovery is limited to "fees it would not

- 2 -

have incurred "but for" its opponent's misconduct." Id. (citing Goodyear at 109).

While Noshirvan asks the Court to reconsider the sanction award entirely, the Court declines to do so, having determined that sanctions in the form of attorney's fees were appropriate and finding no reason to change that determination.

## II.

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit adequate documentation of hours and rates in support, or the award may be reduced. Id. In determining the reasonable amount of hours, the Court may conduct an hour-by-hour analysis or it may reduce the requested hours across the board, Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008), and the Court must eliminate excessive, unnecessary, and redundant hours, Norman v. Housing Auth. Of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988).

### A. Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those

prevailing in the community. Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). "[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." Norman, at 1299 (citing Hensley, 461 U.S. at 439 n.15). "The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge." Norman at 1299.

GPS asks the Court to determine that the requested hourly billing rates of counsel at Miami-based Duane Morris LLP are reasonable because counsel are experienced civil litigators and because the rates are comparable to rates in the community. (Doc. #484 at 7-8.) GPS points out Duane Morris attorneys are experienced in tortious interference, civil conspiracies, defamation and media law. (Id. at 9.) GPS seeks "discounted" hourly rates of $860 per hour for Mr. Gurland (45 years of experience); $640 per hour for Mr. Jackson-Fannin (14 years of experience); $500 per hour for Ms. Shaikh (3 years of experience); and $295 per hour for paralegals. The rates were further reduced by 10% overall for lower "effective hourly rates." (Id. at 8, 10.) Counsel argue that the proposed rates are customarily awarded

for attorneys and paralegals with similar levels of experience and work in the Middle District of Florida.  (Id.)

While the cited examples are in Fort Myers, they do not support the proposed rates.  In Mouse on Tha Track, the Court specifically found that $630 was too high for Fort Myers and reduced the rate to $500 in an intellectual property case.  Mouse on Tha Track, LLC v. Celcius Nightclub, LLC, No. 2:24-CV-195-SPC-KCD, 2024 WL 4242308, at *1-2 (M.D. Fla. Sept. 4, 2024), report and recommendation adopted, No. 2:24-CV-195-SPC-KCD, 2024 WL 4235849 (M.D. Fla. Sept. 19, 2024).  In Marine Towing, the Court found the proposed rates were unopposed and reasonable because of the type and complexity of the case and the specialized experience in maritime law.  Marine Towing & Salvage of S.W. FL., Inc. v. One 66' 2019 Sabre Dirigo, No. 2:22-CV-346-SPC-KCD, 2025 WL 593699, at *2 (M.D. Fla. Feb. 7, 2025), report and recommendation adopted, No. 2:22-CV-346-SPC-KCD, 2025 WL 589229 (M.D. Fla. Feb. 24, 2025).

GPS also argues that the rates are consistent with an increase in market rates, and it is "particularly evident given this Court's recent determination that a $400 hourly rate was reasonable for Plaintiff's counsel, Nicholas Chiappetta, who is a sole practitioner and has only seven (7) years of experience."  (Doc. #484 at 11.)  GPS argues that it is not seeking a windfall and simply seeking reimbursement.  (Id. at 12.)  GPS asks the Court to consider the application of non-local rates much as the Court did

- 5 -

for plaintiff's counsel because GPS had no choice but to seek counsel outside the local market. GPS argues that the proposed rates are below the prevailing market rates in Miami for complex commercial cases. (Id. at 12-13.) The Declaration of Ralph Garramone, M.D. (Doc. #484-1) indicates that he consulted with experienced local lawyers "to no avail." GPS was unable to obtain local counsel "despite its best efforts to do so." (Id.)

The Court will allow a slightly higher rate given the fact that GPS could not obtain counsel in Fort Myers.[1] The Declaration of Harvey W. Gurland reflects that he is a partner and former managing partner for Duane Morris and lead counsel for GPS. (Doc. #484-2.) The Court will allow the following hourly rates:

| Mr. Gurland | $600 |
| Mr. Jackson-Fannin | $450 |
| Ms. Shaikh | $300 |
| Paralegal | $200 |

**B. Hours Expended**

GPS seeks $99,909.90 in attorney fees for three lawyers and two paralegals after applying a 10% discount to the hourly rate

---

[1] See Am. C.L. Union of Georgia v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999) ("If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims.").

for the following total hours (Doc. #484, pp. 14, 16; Doc. $484-2, p. 5, 6):

| Timekeeper | Hours | Rate | Effective Rate | Amount |
|---|---|---|---|---|
| Gurland | 63.40 | $860 | $774 | $54,524 |
| Jackson-Fannin | 65.30 | $640 | $576 | $41,792 |
| Shaikh | 11.10 | $500 | $450 | $5,550 |
| Mendoza | 24.60 | $295 | $265.50 | $7,257 |
| Castillo | 6.40 | $295 | $265.50 | $1,888 |
| **Total** | **175.30** | | | **$99,909.90** |

GPS'S fee expert, Lawrence A. Kellogg, made "minor adjustments" to the hours resulting in a recommended fees totaling $96,498. (Doc. #484-2, p. 6; Doc. #484-3, p. 7.) The expert opinion was not fully persuasive as the Court remains concerned with the number of hours expended by two senior counsel personally reviewing social media posts. The Response generally objects to the number of hours and duplication of hours, but without detailing the specific entries the Court should reject. The Court notes that travel time from Miami to Fort Myers was not billed.

The Court scheduled an in-person evidentiary hearing, which started at around 11:00 am on May 19, 2025, with Mr. Trainor's motion for Rule 11 sanctions. In the afternoon, Mr. Gurland conducted cross-examination and proceedings concluded at 5:31 pm, to be continued the next morning. (Docs. #404, #450.) The hearing

resumed the next morning at 10:00 am, primarily as to Mr. Gurland's motion and with Mr. Jackson-Fannin appearing on the witness stand. (Docs. #404, #451.)

The billing records are block entries, but the hours are individually noted for each task on a particular day for a particular attorney or paralegal. Therefore, the Court will not exclude all hours on the basis that they are block entries. The records exclude entries not billed and redacted for confidentiality. Having reviewed the records, the Court finds that some of the paralegal time by Mendoza should be eliminated as clerical for time spent identifying and indexing case law on April 21, 2025 (0.9), calling the Clerk to advise of an emergency filing on April 21, 2025 (0.2), and for filing a deposition transcript and exhibits under seal on May 6, 2025 (0.3). The Court further finds that other entries that are clerical in part should be reduced, including for organizing binder, tagging and marking exhibits for hearing by Castillo (3.0) and preparing case law binders, finalizing exhibit lists, and updating materials and boxes by Medoza (3.0). The Court will also eliminate 0.2 hours for Gurland calling Chambers regarding the emergency motion (0.2), a clerical task that did not warrant counsel's attention, and reduce the hours preparing for the evidentiary hearing as follows: May 15, 2025 (2.0), and May 18, 2025 (3.0). The Court will also eliminate or reduce the hours spent by Jackson-Fannin preparing as

a witness and not counsel on May 12, 2025 (2.2), May 14, 2025 (1.3), May 15, 2025 (5.1), May 17, 2025 (2.4), May 18, 2025 (3.0), May 20, 2025 (8.3).

Therefore, the Court will award $62,320 as follows:

| | | | |
|---|---|---|---|
| Gurland | 58.2 | $600 | $34,920 |
| Jackson-Fannin | 43 | $450 | $19,350 |
| Shaikh | 11.10 | $300 | $3,330 |
| Mendoza | 20.2 | $200 | $4,040 |
| Castillo | 3.4 | $200 | $ 680 |
| TOTAL | | | $62,320 |

### C. Expenses

GPS also seeks reimbursement of costs of travel and for printing totaling $2,739.06. The travel expenses are not detailed. The invoice simply states $1,989.06 for "travel away from home, local travel, meals and car rental." The color printing for $750 also provides no details. (Doc. #484-2, p. 29.) The expense request will be denied.

Counsel also seeks $3,000 for the expert declaration of Mr. Kellogg (Doc. #484-3) at an hourly rate of $750 an hour. (Doc. #484, pp. 18-19.) While Mr. Kellogg is clearly an experienced attorney in complex litigation, the Declaration is based on Miami rates and assumes that the hours spent by Mr. Jackson-Fannin were appropriately billed as counsel of record regardless of his primary role as a witness. The expert fees will not be reimbursed.

Accordingly, it is now

**ORDERED:**

Ralph Garramone, M.D. P.A. d/b/a Garramone Plastic Surgery (GPS) Motion to Determine Amount of Attorneys' Fees and Costs Owed by Plaintiff (Doc. #484) is **GRANTED IN PART AND DENIED IN PART**. GPS is awarded $62,320 in attorney's fees.  The expenses and expert fees are denied.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of October 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies: Parties of record