UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, an individual,

    Plaintiff,

v.   Case No: 2:23-cv-01218-JES-DNF

JENNIFER COUTURE, an individual; RALPH GARRAMONE M.D., an individual; RALPH GARRAMONE M.D. P.A. d/b/a GARRAMONE PLASTIC SURGERY; CENTRAL PARK OF SOUTHWEST FLORIDA, LLC; OMG REALTY, LLC; THE LAW OFFICE OF PATRICK TRAINOR ESQ, LLC d/b/a THE LAW OFFICE OF PATRICK TRAINOR; PATRICK TRAINOR, an individual; and ANTI-DOXING LEAGUE INC.,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of three motions for sanctions and responses:

- Defendant Patrick Trainor ("Trainor") filed a Motion for Rule 11 Sanctions Against Danesh Noshirvan And/Or His Counsel Nicholas Chiappetta, Esq. (Doc. #490). Danesh Noshirvan ("Noshirvan") filed a Response in Opposition (Doc. #499).

- Noshirvan filed an Amended Motion for Rule 11 Sanctions (Doc. #492).[1]  Trainor filed a Response in Opposition (Doc. #495).

- Defendants Garramone Plastic Surgery ("GPS"), Jennifer Couture ("Couture"), and Ralph Garramone, M.D. ("Garramone") filed a Motion for Sanctions Under Rule 11 Based on Plaintiff-Defendant, Danesh Noshirvan, and His Counsel Nicholas Chiappetta's Motion to Dismiss the Counterclaim (Doc. #542).  Noshirvan filed a Response in Opposition (Doc. #576).

For the reasons set forth below, all motions are denied as frivolous.

**I.**

This case started after Noshirvan published a TikTok video showing an altercation between Couture and another woman.  In the instant case, Noshirvan alleges that Defendants, enraged by his TikTok video, began a continuing course of harassment against him.  A separate case in this district alleges that Noshirvan is the harasser.  See Couture v. Noshirvan, No. 2:23-cv-340-SPC-DNF, 2024

---

[1] Noshirvan originally filed his Motion for Rule 11 Sanctions on September 10, 2025, however, filed an amended motion to correct a scrivener's error.  (Docs. ##461-62.)  As such, the Court will deny Noshirvan's original motion (Doc. #461) as moot.

WL 1530723 (M.D. Fla. Apr. 4, 2024)(dismissing Count I with prejudice).

All the motions seek sanctions pursuant to Fed. R. Civ. P. 11. Rule 11(b) states that when an attorney or unrepresented party signs, files, submits, or advocates a pleading, written motion, or other paper they are certifying that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," such filing: (1) "is not being presented for any improper purpose[;]" (2) contains "claims, defenses, [or] other legal contentions [that] are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" (3) contains factual contentions that have evidentiary support, or will have evidentiary support after reasonable opportunity to investigate or conduct discovery; and (4) only contains denials of factual contentions when warranted by the evidence "or, if specifically so identified, are reasonably based on belief or lack of information." See id. at 11(b). As the Eleventh Circuit has recently summarized:

> Rule 11 allows a district court to impose sanctions on a party and his attorney for filing frivolous pleadings or motions. Fed. R. Civ. P. 11(b)-(c). "Rule 11 imposes an affirmative duty on an attorney to conduct a reasonable inquiry into both the facts and the law before filing a pleading or motion." Gulisano v. Burlington, Inc., 34 F.4th 935, 942 (11th Cir. 2022).

> Before imposing sanctions, a district court must decide that the claims were "objectively frivolous," and decide that the attorney "who signed the pleadings should have been aware that they were frivolous." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998). Failure to make a reasonable inquiry is grounds for sanctions "despite the attorney's good faith belief that the claims were sound." Gulisano, 34 F.4th at 942 (citation and internal quotation marks omitted). A pleading or motion is frivolous when it "has no reasonable factual basis"; "is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law"; or is filed "in bad faith for an improper purpose." Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001)(citation and internal quotation marks omitted).

Trump v. Clinton, 161 F.4th 671, 691 (11th Cir. 2025).

An attorney's obligations are not just measured at the time the pleading or motion is filed, but also when the attorney, having learned the claims lack merit, reaffirms them to the court. Turner v. Sungard Bus. Sys., Inc., 91 F.3d 1418, 1422 (11th Cir. 1996). Just because the contentions "were not frivolous at the time it was filed does not prevent the district court from sanctioning [an attorney] for [their] continued advocacy of them after it should have been clear that those contentions were no longer tenable." See id.

### III.

**A.  Motions for Sanctions**

Trainor's Motion for Sanctions (Doc. #490) alleges that Nicholas Chiappetta ("Chiappetta"), Noshirvan's attorney,

knowingly made frivolous allegations in Noshirvan's Third Amended Complaint ("TAC"), targeting twenty-five allegations.[2] Trainor's allegations essentially boil down to two arguments: (1) through his responses to Request for Production of Documents, Noshirvan admitted that he does not possess evidentiary or factual support for these allegations; and (2) there is no evidentiary or factual support for the allegation. (Id. at p. 5.)

Noshirvan's Motion for Sanctions (Doc. #492) alleges that Trainor filed frivolous counterclaims against Noshirvan. Noshirvan argues that Trainor's counterclaims are frivolous because: (1) Trainor failed to provide pre-suit notice required under Florida law; (2) Trainor's defamation claim is time-barred under Pennsylvania, New Jersy, and Texas Law; (3) Trainor mislead the Court by asserting "fictitious filings" when there was only one bar complaint; (4) Noshirvan's statements cannot be defamation because they are privileged; (5) Trainor engaged in improper "claim splitting;" and (6) Trainor's claims were brought for an improper purpose and needlessly increase the cost of litigation. (Id. at p. 2.)

---

[2] Specifically, Trainor contends paragraphs 40, 65, 82, 86, 89, 92-94, 114, 116, 128, 133, 149-150, 163, 177,186-87, 198, 200, 236-37, 297, and 307 contains frivolous allegations. (Doc. #490, p. 2.) Trainor further contends that page three also contains frivolous allegations. (Id.)

GPS, Couture, and Garramone's Motion for Sanctions (Doc. #542) alleges that Noshirvan's Motion to Dismiss (Doc. #493) contains false statements, including that: (1) Couture and Garramone have engaged in sexual impropriety; (2) Noshirvan's January 29, 2025 statements on YouTube were not about Couture and Garramone; (3) Defendants have engaged in a coordinated pattern of harassment, intimidation, and reputational attacks; (4) GPS, Couture, and Garramone funneled money through Trainor for the campaign against Noshirvan; (5) Couture and Garramone are child stalkers; (6) Defendants hired Joey Camp for the purpose of engaging in terrorist actions against Noshirvan; (7) Couture and Garramone could face jail time for participating in a conspiracy for hate crimes across state lines; and (8) Luthmann is working with Couture and Garramone to sabotage Noshirvan's case. (Doc. #542, pp. 3-5.)  Defendants further assert there was an "impermissible 'Statement of Relevant Facts'" portion of Noshirvan's Motion to Dismiss.  (Id. at p. 5.)

### B. Inappropriateness of Sanctions by All Movants

Rule 11 should not be used to raise issues concerning the legal sufficiency of a claim or defense that more appropriately can be raised and resolved in a motion to dismiss, a motion for judgment on the pleading, a motion for summary judgment, or a trial on the merits.  See e.g., Wright v. Edwards, No. 6:24-cv-196-WWB-

LHP, 2024 WL 4769682, at *2 (M.D. Fla. Nov. 13, 2024)(declining to impose sanctions as the motion was premature given the merits of the case have not been resolved); Ayala v. Nissan N. Am., Inc., No. 6:20-cv-1625-Orl-RBD-GJK, 2021 WL 2474435, at *1-2 (M.D. Fla. Mar. 8, 2021)(declining to impose sanctions where the motion alleged the complaint was frivolous and repeated arguments made in pending motion to dismiss); Wheeler v. Lake Rousseau Resort, LLC, No. 5:20-cv-172-Oc-30-PRL, 2021 WL 3501097, at *1-2 (M.D. Fla. Feb. 8, 2021)(declining to impose sanctions because Rule 11 "is not an avenue to seek repleading under Rule 12 or a judgment on the merits of a party's position under Rule 56"); United States ex rel. Bell v. Cross Garden Care Ctr., LLC, No. 8:16-cv-961-T-27AEP 2020 WL 3971832, at *2 (M.D. Fla. July 14, 2020)(declining to impose sanctions where the motion was based on an allegedly frivolous complaint).

All parties, however, do exactly these things. Therefore, in addition to the reasons discussed below as to the individual motions, all motions will be denied.

**(1) Trainor's Motion for Sanctions**

Most of the arguments presented in Trainor's Motion for Rule 11 Sanctions are also asserted in Trainor's pending Motion for Summary Judgment. (Docs. ##490, 539.)  Both motions argue that: (1) Noshirvan lacks evidence to prove Trainor or his Law Office

-7-

operated websites and social media accounts directed into the State of Florida; (2) Trainor never owned, created, caused to be created, or controlled www.thatdaneshguy.com; (3) Trainor did not create, cause to be created, or control the social media account @victimsofthatdaneshguy; (4) Trainor has not compensated or paid Camp to harm Noshirvan; and (5) Trainor never swatted Noshirvan. The remaining arguments in Trainor's motion assert that Noshirvan has no evidence to support his claims. (Doc. #490.) Such arguments are more appropriate for a Rule 56 motion, and indeed Trainor has filed such a pending motion, or through a trial on the merits. Trainor's Motion for Sanctions (Doc. #490) is denied.

### (2) Noshirvan's Motion for Sanctions

Every single argument made in Noshirvan's Motion for Rule 11 Sanctions is present in Noshirvan's Motion to Dismiss Trainor's Counterclaims. (Docs. ##461, 492.) Both documents argue: (1) Trainor failed to provide pre-suit notice as required under Florida Law; (2) Pennsylvania, New Jersy, and Texas law would bar this suit pursuant to the relevant statute of limitations; (3) Noshirvan's alleged defamatory statements are privileged; and (4) Trainor is engaged in improper "claim splitting." (Docs. ##461, 492.) It is more than a little ironic that Noshirvan's responses in opposition to both motions for sanctions highlight that "Rule 11 is [not] a substitute for Rule 12(b)(6) or Rule 56 motions,"

-8-

yet Noshirvan himself uses them in the same offending fashion. (Docs. ##499, 576.)

Noshirvan also argues that Trainor asserted there were "fictitious filings," but Trainor later admitted in a legal proceeding that only one bar complaint was filed against him. (Doc. #492, p.2.) This does not warrant sanctions since Trainor's factual allegations also point to filings made by Noshirvan to the New Jersey Office of the Attorney General, the Federal Bureau of Investigation, the United States Marshall's Service, and the Pennsylvania State Police. (Doc. #446, pp. 21, 79, 82, 92-93.) As such, there was a reasonable basis of fact to support the assertion.

### (3) GPS, Couture's, and Garramone's Motion for Sanctions

GPS, Couture, and Garramone's motion does not raise the same arguments as in their respective motions for summary judgment. Rather, these defendants argue that Noshirvan's Motion to Dismiss (Doc. #493) contains false statements as well as an impermissible statement of facts. (Doc. #542, p. 2.) The sanctions motion fails because it makes arguments more aptly raised in connection with the resolution of the Rule 12(b)(6) motion and does not establish

sanctionable conduct. Accordingly, GPS, Couture, and Garramone's Motion for Sanctions is denied.[3]

Accordingly, it is now

**ORDERED:**

(1) Trainor's Motion for Rule 11 Sanctions Against Danesh Noshirvan And/Or His Counsel Nicholas Chiappetta, Esq. (Doc. #490) is **DENIED**.

(2) Noshirvan's Motion for Rule 11 Sanctions (Doc. #491) is **DENIED as moot.**

(3) Noshirvan's Amended Motion for Rule 11 Sanctions (Doc. #492) is **DENIED.**

(4) GPS, Couture, and Garramone's Motion for Sanctions Under Rule 11 Based on Plaintiff-Defendant, Danesh Noshirvan, and His Counsel Nicholas Chiappetta's Motion to Dismiss the Counterclaim (Doc. #542) is **DENIED.**

---

[3] Resolution of the underlying pending motions to dismiss or motions for summary judgment will not automatically warrant the award of sanctions. See Peer v. Lewis, 606 F.3d 1306, 1311-312 (11th Cir. 2010); Massengale, 267 F.3d at 1301 (requiring motions to be frivolous for the imposition of sanctions).

**DONE AND ORDERED** at Fort Myers, Florida, this ___6th___ day of January 2026.

*[signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record