UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:23-CV-01218-JES-KCD

DANESH NOSHIRVAN,
an individual,

    Plaintiff,

v.

JENNIFER COUTURE, et al.

    Defendants.
_____/

## DEFENDANT GARRAMONE PLASTIC SURGERY'S AMENDED NOTICE OF PLAINTIFF'S NON-PAYMENT OF SANCTIONS

Defendant Ralph Garramone, M.D., P.A. d/b/a Garramone Plastic Surgery ("**GPS**"), files its Amended Notice of Plaintiff's Non-Payment of Sanctions[1]. In support, GPS states as follows:

1. On April 21, 2025, GPS filed a Motion for Sanctions (D.E. 334), followed by a supplemental brief (D.E. 352), related to Noshirvan's harassing and improper behavior directed at GPS and its counsel. GPS argued that Noshirvan made a series of communications "designed to improperly influence this proceeding through extrajudicial means, and incite targeted harassment of GPS's counsel by Plaintiff's

---

[1] GPS amends its prior Notice of Plaintiff's Non-Payment of Sanctions to include **Exhibit A,** *infra*, which was inadvertently omitted from its prior filing.

massive online following," coupled with defamatory social media posts directed at Defendants and GPS's counsel. (D.E. 334).

2. The Court held a two-day hearing on May 19 and 20, 2025, after which it issued an Order and Opinion ("**Sanctions Order**") (D.E. 454), imposing sanctions on Noshirvan due to his "subjective bad faith" and "intentional and not just reckless behavior." *Id.* at 29 and 30.

3. On October 30, 2025, the Court directed Noshirvan to pay GPS $62,320 in sanctions (D.E. 560) (D.E. 560 and D.E. 454 are collectively referred to as the "**Court's Orders**"). However, the Court's Order did not address the portion of GPS's prayer for relief asking that Noshirvan be required to pay the sanction within thirty (30) days.

4. After the entry of the Court's Order, counsel for the parties conferred on the issue of payment and Noshirvan's counsel represented that Noshirvan "is in the process of obtaining the funds to pay the Court ordered sanction" and that Noshirvan "believes that he will be able to pay the sanction *on or before Monday, January 19, 2026*."

5. On December 5, 2025, GPS moved for an order to show cause as to why Noshirvan should not be held in contempt of Court for failing to pay the sanction imposed on October 30, 2025.

6. In his response filed on December 16, 2025, Noshirvan reiterated his counsel's prior statement and represented to the Court that he ""*is in the process of*

*obtaining the funds"* to pay the sanction and anticipated being able to pay on or before **January 19, 2026**. (D.E. 585 at 5) (emphasis in original). At that time, Noshirvan stated that his "**fundraiser has already amassed over $43,000 (2/3's sanction amount) . . . .**" *Id*. at 5. (emphasis in original). Noshirvan went on to say that he "has every expectation that the entire $62,320 will be paid well before the deadline estimated by his counsel." *Id*.

7. As of January 19, 2026, no payment was received by GPS. GPS's counsel contacted Noshirvan's counsel regarding the status of payment on January 21, 2026. *See* **Exhibit A**. Noshirvan's counsel responded as follows: "My client is in the process of sending me an additional $14,500. So, my Client has a total of **$54,500**. My client needs additional time to come up with the remaining $7,730." *Id*. (emphasis in original). This, in turn, prompted GPS's counsel to inquire, "since you have $54,500, why are you not sending that amount to us now?" *Id*. When Noshirvan's counsel did not answer this question or provide a straightforward response, GPS's counsel asked "how much money to do you currently have in hand and when are you sending that to us? The amount and date will suffice." *Id*.

8. To date, Noshirvan's counsel did not answer, nor has Noshirvan made any payment. Further, he refuses to confirm when the sanction will be paid.

9. Noshirvan clearly continues to ignore this Court's mandate and has (i) failed to pay monetary sanctions to date; (ii) refused to provide a date certain for payment when asked; and (iii) continues to disrupt this litigation by making false statements on his social media sites designed to cause his followers to predictably

3

harass GPS as well as Dr. Garramone, Ms. Couture, and counsel. In sum, further sanctions should be imposed.

Respectfully submitted this 26th day of January, 2026.

*/s/ Julian A. Jackson-Fannin*
Harvey W. Gurland, Jr., Esq.
Florida Bar No. 284033
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
DUANE MORRIS LLP
201 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Tel: 305.960.2200
HWGurland@duanemorris.com
JJFannin@duanemorris.com

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that, on January 21 and 22, 2026, counsel for GPS conferred with Plaintiff's counsel via email regarding the issue raised herein. Plaintiff's counsel conveyed the following: "**TELL the Court that my Client has acquired $54,500 of the sanction in substantial compliance of the Court's Order.**" Nonetheless, no payment has been made.

*/s/ Julian A. Jackson-Fannin*
Julian A. Jackson-Fannin, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of January, 2026, a true and correct copy of the foregoing was served via electronic mail upon all counsel of record.

*/s/ Julian A. Jackson-Fannin*
Julian A. Jackson-Fannin, Esq.
