IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN
an individual,

Plaintiff

vs.

JENNIFER COUTURE, et al,

Defendants.
_____/

CASE NO:   2:23-cv-01218-JES-DNF
District Judge: Hon. John E. Steele
Magistrate Judge Douglas N. Frazier

RALPH GARRAMONE, M.D., P.A.
d/b/a GARRAMONE PLASTIC
SURGERY, JENNIFER COUTURE,
an individual, RALPH GARRAMONE,
M.D., an individual,

Counter-Plaintiffs,

v.

DANESH NOSHIRVAN,

Counter-Defendant.
_____/

**NOSHIRVAN'S UNOPPOSED MOTION TO EXTEND DEADLINES IN THE FOURTH AMENDED CASE MANAGEMENT AND SCHEDULING ORDER (Dkt. 456) DEADLINES**

Danesh Noshirvan ("**Noshirvan**"), respectfully moves this Honorable Court for an order extending the following deadlines set forth in the Fourth Amended Case Management and Scheduling Order (Dkt. 456): (1) all other motions

(currently due 02/09/2026), (2) Joint Final Pretrial Statement (currently due 02/13/2026), (3) Final Pretrial Conference (currently scheduled for 02/27/2026), and (4) trial term (commencing 03/02/2026). In support thereof, Plaintiff states as follows:

1. Plaintiff's counsel is currently engaged in seven separate matters scheduled for trial dockets throughout the State of Florida.

2. On February 2, 2026, the judicial assistant in *Engle v. Defino*, Collier Cty., Case No. 24-CA-660, informed the parties that the case is designated as the "#1 trial beginning Wednesday, February 11, 2026, at 8:30 a.m."

3. Consequently, Plaintiff's counsel must complete final trial preparations and travel across the state for a proceeding anticipated to last three to four days.

4. The operative Case Management and Scheduling Order currently imposes the following deadlines: (1) all other motions—due 02/09/2026, (2) Joint Final Pretrial Statement—due 02/13/2026, (3) Final Pretrial Conference—set for 02/27/2026, and (4) trial term—beginning 03/02/2026. The first two deadlines are directly impacted by counsel's obligations in the Engle matter, and the remaining two will be affected indirectly.

5. Due to this scheduling conflict, Plaintiff's counsel will be unable to comply with the aforementioned deadlines despite diligent efforts. Absent an extension, Plaintiff would suffer substantial prejudice.

6. Accordingly, Plaintiff proposes the following amended deadlines:

   a. All other motions: extended from February 9, 2026, to February 20, 2026.

   b. Joint Final Pretrial Statement: extended from February 13, 2026, to February 27, 2026.

   c. Final Pretrial Conference: extended from February 27, 2026, to March 6, 2026.

   d. Trial term: to commence on or after March 23, 2026.

7. This motion is submitted in good faith and not for purposes of delay.

8. Noshirvan has acted diligently in filing this motion, showing good cause, and the lack of any apparent prejudice. *See Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) ("Good cause is a mutable standard, varying from situation to situation. It is also a liberal one[.]").

WHEREFORE, Noshirvan respectfully requests that this Honorable Court grant the instant unopposed motion and enter an order extending the deadlines set forth in the Fourth Amended Case Management and Scheduling Order for all parties, upon a showing of good cause.

## MEMORANDUM OF LAW

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The standard allows modification where a party can show that "the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418-19 (11th Cir. 1998); *Ajjahnon v. Amerilife of North Carolina, LLC*, 2024 WL 4710160 at *2 (M.D. Fla. Nov. 7, 2024); *Monte v. Sherwin Williams Dev. Corp.*, 2025 WL 73044 at *3 (M.D. Fla. Jan. 10, 2025).

The courts will also consider "whether the party moving for the scheduling modification was diligent in 'ascertain[ing] facts' as early as possible … , in 'acquir[ing] information …,' and in acting on acquired information." *Ajjahnon*, 2024 WL 4710160 at *2 (M.D. Fla. Nov. 7, 2024) (quoting *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002)). A conflict with the trial date is ordinarily good cause. *Netchoice, LLC v. Moody*, No. 4:21cv220-RH-MAF, 2024 U.S. Dist. LEXIS 152660, at *8 (N.D. Fla. Aug. 21, 2024); *Doe v. Ladapo*, No. 4:23cv114-RH-MAF, 2023 U.S. Dist. LEXIS 99602, at *6 (N.D. Fla. June 6, 2023)(same).

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that he conferred with counsel for all defendants via email and that they do not object to the relief requested by Noshirvan in this unopposed motion.

DATED: February 5, 2026.

        Respectfully submitted,

        Nicholas A. Chiappetta, Esq.
        Florida Bar No: 1006407
        **Chiappetta Trial Lawyers**
        *Attorneys for Noshirvan*
        2101 Vista Parkway, Suite 258
        West Palm Beach, FL 33411
        Direct: (561) 768-4500
        Fax:   (561) 768-4600
        Service@chiappettalegal.com
        nick@chiappettalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 05, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following: all counsel of record.

        */s/Nicholas A. Chiappetta*
        Nicholas A. Chiappetta