UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, an individual,

    Plaintiff,

v.                       Case No: 2:23-cv-01218-JES-DNF

JENNIFER COUTURE, an individual; RALPH GARRAMONE M.D., an individual; RALPH GARRAMONE M.D. P.A. d/b/a GARRAMONE PLASTIC SURGERY; CENTRAL PARK OF SOUTHWEST FLORIDA, LLC; OMG REALTY, LLC; THE LAW OFFICE OF PATRICK TRAINOR ESQ, LLC d/b/a THE LAW OFFICE OF PATRICK TRAINOR; PATRICK TRAINOR, an individual; and ANTI-DOXING LEAGUE INC.,

    Defendants.

___

**OPINION AND ORDER**

This matter comes before the Court on review of Garramone Plastic Surgery's ("GPS") Motion for Order to Show Cause (Doc. #584) filed on December 5, 2025. Plaintiff Danesh Noshirvan ("Noshirvan") filed his Response in Opposition (Doc. #585) on December 16, 2025. For the reasons set forth below, GPS's motion is denied.

On August 12, 2025, this Court entered an Opinion and Order imposing sanctions on Noshirvan due to his subjective bad faith and intentional behavior. (Doc. #454, pp. 29-30.) The Court

ordered that Noshirvan pay attorney's fees and warned him that any similar conduct that disrupts the litigation or incites harassment of opposing counsel will subject him to more severe sanctions. (Id. at 34-35.)  GPS now claims that Noshirvan has violated this Court's Order through Noshirvan's failure to pay any portion of the attorney's fees and for continuing to falsely assert that an attorney sexually assaulted his wife in a deposition. (Doc. #584.)

Courts have inherent power to enforce their lawful orders through civil contempt. See Shillitani v. United States, 384 U.S. 364, 370 (1996).  The petitioning party has the burden to establish by "clear and convincing" proof that the underlying order was violated.  See Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1529 (1992); Newman v. Graddick, 740 F.2d 1513, 1525 (11th Cir. 1984).  The clear and convincing proof must demonstrate that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order.  See Ga. Power Co. v. N.L.R.B., 484 F.3d 1288, 1291 (11th Cir. 2007).

The August 12, 2025, Opinion and Order was not clear and unambiguous as to the deadline by which Noshirvan had to pay.  GPS itself admits that the Opinion and Order is silent as to the deadline for paying the sanction. (Doc. #584, p. 3.)  As such, Noshirvan has not violated the Order as to the payment of the

sanction.  The Court will include the amount of the sanction (or the remaining balance) in a judgment at the conclusion of the district court proceedings.

As to Noshirvan's alleged continued disruptive behavior, GPS has pointed the Court to various YouTube and Instagram videos.  In these videos, Noshirvan makes the same allegations as in his Third Amended Complaint and continues to make comments that an attorney sexually assaulted his wife.  (Doc. #584-2, p. 10.)  Importantly, however, Noshirvan does not identify the attorney he alleges sexually assaulted his wife or the firm at which he works.

The Court will not impose the drastic sanction of an involuntary dismissal the case for this conduct.  The evidence provided by GPS does not show that GPS, Garramone, Couture, or their respective counsel have faced harassment after the comments were posted on Noshirvan's *own* social media.

Accordingly, it is now

**ORDERED:**

GPS's Motion for Order to Show Cause (Doc. #584) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of February 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record