UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:23-CV-01218-JES-DNF

DANESH NOSHIRVAN
an individual,

    Plaintiff,

v.

JENNIFER COUTURE, an individual,
RALPH GARRAMONE M.D., an individual,
RALPH GARRAMONE, M.D., P.A. d/b/a
GARRAMONE PLASTIC SURGERY.,
CENTRAL PARK OF SOUTHWEST
FLORIDA, LLC, OMG REALTY, LLC,
THE LAW OFFICE OF PATRICK TRAINOR
ESQ., LLC d/b/a THE LAW OFFICE OF
PATRICK TRAINOR, PATRICK TRAINOR,
an individual, and
ANTI-DOXING LEAGUE INC.

    Defendants.
_____/

RALPH GARRAMONE, M.D., P.A. d/b/a
GARRAMONE PLASTIC SURGERY,
JENNIFER COUTURE, an individual,
RALPH GARRAMONE, M.D., an individual,

    Counter-Plaintiffs,

v.

DANESH NOSHIRVAN,

    Counter-Defendant.
_____/

**DEFENDANTS AND COUNTER-PLAINTIFFS' RESPONSE IN OPPOSITION TO PLAINTIFF'S THIRD MOTION *IN LIMINE* TO EXCLUDE UNDISCLOSED EXPERT ECONOMIC/BUSINESS-LOSS TESTIMONY OF DEFENDANTS COUTURE, GARRAMONE, AND TRAINOR**

Counter-Plaintiffs, Ralph Garramone, M.D., P.A. d/b/a Garramone Plastic Surgery ("***GPS***"), Jennifer Couture ("***Couture***"), Ralph Garramone, M.D. ("***Dr. Garramone***") Patrick Trainor ("***Trainor***") (collectively referred to as "***Counter-Plaintiffs***"), file this Response in Opposition to Plaintiff's Third Motion in Limine to Exclude Undisclosed Expert Economic/Business-Loss Testimony of Defendants Couture, Garramone, and Trainor ("***Third Motion in Limine***"), and in support respectfully state as follows:

**I.   PRELIMINARY STATEMENT**

In his third and final Motion in Limine, Plaintiff, Danesh Noshirvan ("***Noshirvan***" or "***Plaintiff***"), seeks to exclude (i) statements by Dr. Garramone and Ms. Couture as to lost revenue, lost contracts, and reputational/goodwill losses to Garramone Plastic Surgery related to the Counter-Plaintiffs' Counterclaims, and (ii) testimony by Defendants' expert, Jason McDonald. Noshirvan's Third Motion in Limine fails for two separate reasons.

First, Noshirvan baselessly seeks to exclude Dr. Garramone, Couture, and Trainor's testimony. However, Florida law is clear— a lay witnesses may provide opinion testimony about their economic damages and business owners *especially* may testify as to issues related to their company, so long as they have adequate knowledge upon which to base their opinion.

Second, Noshirvan asks this Court to exclude Mr. McDonald's expert testimony, but such request is both untimely and procedurally improper. The deadline for *Daubert* motions has long since passed, and Plaintiff waived any such challenge by failing to raise this issue within the defined timeline.

Accordingly, as detailed herein, given there is no legal basis for exclusion and no prejudice to Noshirvan, the Third Motion in Limine should be denied in its entirety.

## II. APPLICABLE STANDARD

This Court has the authority to exclude evidence only when it is clearly inadmissible on all possible grounds. *Luce v. United States*, 469 U.S. 38, 41 (1984). As a result, where evidence is not clear inadmissible, "evidentiary rulings must be deferred until trial to allow questions regarding foundation, relevancy, and prejudice. *Lordeus v. Torres*, 2018 WL 1364641, at *1 (S.D. Fla. Mar. 1, 2018) (quoting *Kobie v. Fifthian*, 2014 WL 1652421, at *1 (M.D. Fla. April 23, 2014)).

## III. ARGUMENT

### A. Dr. Garramone, Couture, and Trainor May Provide Testimony Based on their Personal Knowledge

As it pertains to the Counterclaims, Noshirvan seeks to exclude Dr. Garramone, Couture, and Trainor's testimony about the financial impact of Noshirvan's defamation *per se* and defamation *per quod* on GPS and Noshirvan's defamation on Trainor. Specifically, Noshirvan contends that testimony "alleging revenue loss, linking dates of postings to increases in negative reviews and cancellations, and

commenting on lost contracts and lost goodwill" goes beyond lay opinion and is actually expert testimony. This is entirely baseless.

Lay witnesses like Dr. Garramone, Couture, and Trainor may offer factual testimony as long as they "ha[ve] personal knowledge on the matter," Fed. R. Evid. 602, and opinion testimony if the testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determine a fact at issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Indeed, Dr. Garramone, Couture, and Trainor will testify to facts that they have personal knowledge on, including loss of profits and other economic damages. A witness provides "factual statements" when they give a "summary of financial records" and explains how such records were created. *United States v. Ransfer,* 749 F.3d 914, 938 (11th Cir. 2014).

Even if Dr. Garramone, Couture, and Trainor's testimony is deemed opinion testimony, it is admissible under Rule 701. The Eleventh Circuit has held that "Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experience." *United States v. Moran,* 778 F.3d 942, 967 (11th Cir. 2015) (quoting *United States v. Hill,* 643 F.3d 807, 841 (11th Cir. 2011)). Specifically, a "business owner[] or officer[]" may provide lay opinion "because of the particularized knowledge that [they] ha[ve] by virtue of his or her position in the business. *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.,* 320 F.3d 1213, 1222 (11th Cir. 2003) (emphasis omitted) (quoting Fed. R. Evid. 701 advisory committee's notes to 2000 amendments).

Dr. Garramone, Couture, and Trainor's testimony falls within Rule 701. Their testimony is rationally based on their "own personal experiences," *Hill,* 643 F.3d at 841, and "particularized knowledge that [they] ha[d] by virtue of [their] . . . position[s]," *Tampa Bay Shipbuilding & Repair,* 320 F.3d at 1222 (emphasis omitted).

### B. Plaintiff's Attempt to Exclude McDonald's Expert Testimony is Untimely and Procedurally Improper[1]

Jason McDonald was retained by Defendants to provide expert testimony regarding social media and other forms of online publicity. Only now, well after the close of expert discovery, does Noshirvan attempt to challenge both Dr. McDonald's report and his anticipated testimony. This belated attack is procedurally improper and clearly untimely. The Court set a clear deadline of September 30, 2025 to file *Daubert* motions, (D.E. 456), yet Noshirvan chose not to act. Having failed to timely raise such a challenge, Noshirvan now attempts a procedural sleight-of-hand to file an untimely *Daubert* motion cloaked as a "Third Motion in Limine." The Court should reject this improper attempt to circumvent its deadlines.

Noshirvan has been aware of Dr. McDonald's expert opinions since his report was served in February 2025. That was well before the deadline for expert discovery as well as the September 30, 2025 deadline to file *Daubert* motions. Notably, Noshirvan also elected not to take Dr. McDonald's deposition during the discovery period and also did not file a *Daubert* motion. Courts in the Eleventh Circuit are clear—a party

---

[1] To the extent Noshirvan's argument applies to all Defendants, they join in this portion of the opposition as well.

"may not use a motion in limine to disguise a *Daubert* motion." *Nextplat Corp. v. Seifert*, 2024 WL 4236077, at *5 (S.D. Fla. Sept. 19, 2024) (citing *Gales v. Wal-Mart Stores E., LP*, 2021 WL 2823269, at *2 (M.D. Fla. Apr. 12, 2021) ("The Court's [scheduling order] has teeth, and Wal-Mart's *Daubert* challenge is untimely . . . Wal-Mart was required to file their *Daubert* challenge no later than January 1, 2021. Having missed the deadline, the Defendant recasts the *Daubert* challenge as a motion in limine. The Court has seen this tactic pursued before by other lawyers, and it is never successful."). Moreover, even if Noshirvan's motion was timely and properly filed, it would still fail because Noshirvan's arguments have no merit, as reflected in the detailed report of Dr. McDonald filed under seal at D.E. 602.

Accordingly, Noshirvan's unfounded and belated motion to disqualify Dr. McDonald should be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Noshirvan's Third Motion in Limine.

Respectfully submitted this 5th day of March, 2026.

| | |
|---|---|
| /s/ Aaron Alfano | /s/ Harvey W. Gurland, Jr. |
| Aaron Alfano, Esq. | Harvey W. Gurland, Jr., Esq. |
| (Florida Bar No. 0083909) | Florida Bar No. 284033 |
| Brian P. Henry, Esq. | Julian A. Jackson-Fannin, Esq. |
| (Florida Bar No. 0089069) | Florida Bar No. 93220 |
| Rolfes Henry Co., L.P.A. | Anoosheh Shaikh, Esq. |
| 5415 87th Street East | Florida Bar No. 1039830 |
| Bradenton, FL 34211 | DUANE MORRIS LLP |
| T: (941) 684-0100 | 201 South Biscayne Blvd., Suite 3400 |
| aalfano@rolfeshenry.com | Miami, FL 33131 |
| sburns@rolfeshenry.com | Tel: 305.960-2200 |

bhenry@rolfeshenry.com
kmcclintock@rolfeshenry.com

*Counsel for Defendants Jennifer Couture, Ralph Garramone, MD and OMG Realty, LLC*

HWGurland@duanemorris.com
JJFannin@duanemorris.com
AShaikh@duanemorris.com

*Counsel for Defendant Ralph Garramone M.D., P.A., d/b/a Garramone Plastic Surgery and Counsel for Counter-Plaintiffs Garramone Plastic Surgery, Ralph Garramone, M.D., and Jennifer Couture*

/s/ Patrick Trainor
Patrick Trainor, Esq.
Law Office of Patrick Trainor, Esq., LLC
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
pt@ptesq.com

*Counsel for Patrick Trainor, Esq., Law Office of Patrick Trainor, Esq., LLC, Central Park of Southwest Florida, LLC, and Anti-Doxing League Inc.*

DM1\20753570.1