UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, AN
INDIVIDUAL,

    Plaintiff,

v.                                                    Case No.:  2:23-cv-1218-JES-DNF

JENNIFER COUTURE, AN
INDIVIDUAL; RALPH
GARRAMONE M.D., AN
INDIVIDUAL;   RALPH
GARRAMONE M.D. P.A.,
CENTRAL PARK OF SOUTHWEST
FLORIDA, LLC,   WRAITH, LLC,
SULLIVAN STREET
INVESTMENTS, LLC,   HAIRPIN
TURN, LLC,   OMG REALTY, LLC,
R G WEIGHT MANAGEMENT,
LLC,   CENTRAL PARK SOUTH,
LLC,   BRANTLEE, LLC,
LEGACY OF MARIE
GARRAMONE, LLC,
GARRAMONE MARKETING, INC.,
5681 DIVISION LLC,   THE LAW
OFFICE OF PATRICK TRAINOR
ESQ. LLC, PATRICK TRAINOR,
AN INDIVIDUAL; AND   ANTI-
DOXING LEAGUE INC.,

    Defendant.

_____/

## ORDER

This matter is before the Court on Counter-Plaintiff Jennifer Couture's Motion to Quash Subpoena to Michael J. Woulas, LMFT (Doc. 638) and Counter-Plaintiffs Ralph Garramone, M.D., Jennifer Couture, and Ralph Garramone M.D., P.A.'s Motion to Quash Subpoena to Naples Security Solutions (Doc. 639). Counter-Defendant Danesh Noshirvan filed Responses to both motions. (Doc. 644, 645). In Counter-Plaintiff Couture's motion, she claims that the subpoenas were improper for three reasons. First, they exceeded the scope of the Court's Order reopening discovery. Second, the scope of the document requests goes beyond the issues related to the Counterclaims. And third, the subpoena seeks private health records that are protected under the Health Insurance Portability and Accountability Act ("HIPAA"), but lack the requisite written assurances and authorizations to allow for disclosure. (Doc. 638, p. 2-3). In the motion directed to the Naples Security Solutions' subpoena, Counter-Plaintiffs seek to quash the subpoena because it exceeds the scope of the Court's order reopening discovery and the subpoena seeks to compel documents and information unrelated and irrelevant to the Counterclaims. (Doc. 639, p. 2-3).

Counter-Plaintiffs request to quash the subpoenas served on third parties is governed by Federal Rule of Civil Procedure 45. As a threshold matter, Counter-Plaintiffs must demonstrate they have standing to challenge these subpoenas.

- 2 -

Generally, "a party does not have standing to seek to quash a subpoena issued to a non-party." *Martin v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 8:13-cv-00285-T-27MAP, 2013 WL 12156516, at *1 (M.D. Fla. July 1, 2013). "A party has standing to challenge a non-party subpoena if the party alleges a 'personal right or privilege' with respect to the subpoena or if a subpoena seeks irrelevant information." *McCoy v. GEICO Gen. Ins. Co.*, No. 6:19-CV-353-ORL-WWB-DCI, 2019 WL 5391104, *2 (M.D. Fla. Aug. 14, 2019) (citations omitted). And a party also has standing to challenge the proportionality of the information sought. *JWD Auto., Inc. v. DJM Advisory Grp. LLC*, 317 F.R.D. 587, 589 (M.D. Fla. 2016). To establish standing for these subpoenas, the Court will focus on the scope of these subpoenas.

Both motions rely on the language of the Honorable John E. Steele's March 6, 2026 Order. In this Order, Judge Steele re-opened discovery for a period of forty-five (45) days from the date of the Order. (Doc. 630, p. 2). Judge Steele imposed these limits on discovery:

> The discovery will be limited to the counterclaims brought by Jennifer Couture, Ralph Garramone, Garramone Plastic Surgery, and Patrick Trainor. Further, the Court is limiting discovery to requests for production of documents given the large overlap in facts. Should Noshirvan feel the need to depose anyone he must seek leave for the deposition.

(Doc. 630, p. 2).

The Counter-Plaintiffs claim that subpoenas directed to third parties, such as Michael J. Woulas and Naples Security Solutions, exceed the scope of Judge Steele's

Order because to obtain documents from these non-parties requires that a subpoena under Rule 45 be served on them. *See* Fed. R. Civ. P. 45(a). Whereas Judge Steele's Order limited discovery to requests for production of documents, meaning that Federal Rule of Civil Procedure 34 must be used, which limits requests for production to parties only. *See* Fed. R. Civ. P. 34(a)("A party may serve on any other party a request within the scope of Rule 26(b) . . ."); *see also Wromas v. Mursch*, No. 3:20-CV-2698/MCR/ZCB, 2022 WL 22878022, at *1 (N.D. Fla. June 9, 2022) ("Generally, the proper means of obtaining documentary evidence from a party is to serve a request for production of documents on Defendants' counsel under Rule 34 of the Federal Rules of Civil Procedure. A subpoena, on the other hand, is generally the mechanism for obtaining documentary evidence from a non-party.").

In the Responses, Counter-Defendant claims that Counter-Plaintiffs' "overextend[ ] the Order's plain language and should be rejected." (Doc. 644, p. 5; Doc. 645, p. 5). Counter-Defendant asserts that:

> [r]ead in context, this language limits the type and subject matter of discovery – document production rather than depositions or interrogatories – rather than categorically banning all procedural mechanisms for obtaining documents, including third-party subpoenas duces tecum. A Rule 45 subpoena duces tecum is a document-production tool, entirely consistent with the Court's stated preference. The Court's additional instruction that Noshirvan "must seek leave" to take depositions confirms that it intended to restrict certain types of discovery while permitting document production through all available lawful mechanisms.

- 4 -

(Doc. 644, p. 5; Doc. 645, p. 5). While a creative argument, Counter-Defendant overlooks the carefully crafted wording of the Order. If the Order meant to allow all types of document production, then arguably the Court would not have used the wording, "the Court is limiting discovery to requests for production of documents . . ." (Doc. 630). These words trigger Rule 34 and only requests for production of documents from parties. If Counter-Defendant sought to expand this limitation, he should have moved for clarification of the order or expansion of it. Instead, he chose to proceed with non-party subpoenas, which a plain reading of the Order does not contemplate. Thus, Counter-Defendant exceeded the scope of the Order by serving subpoenas under Rule 45 to non-parties.

Accordingly, it is hereby **ORDERED**:

The Motion to Quash Subpoena to Michael J. Woulas, LMFT (Doc. 638) and Motion to Quash Subpoena to Naples Security Solutions (Doc. 639) are **GRANTED** and these subpoenas are quashed.

**DONE** and **ORDERED** in Fort Myers, Florida on April 28, 2026.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties