UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH      NOSHIRVAN,      an
individual,

       Plaintiff,

v.                                    Case No:  2:23-cv-01218-JES-DNF

JENNIFER      COUTURE,      an
individual; RALPH GARRAMONE
M.D., an individual; RALPH
GARRAMONE  M.D.  P.A.  d/b/a
GARRAMONE  PLASTIC  SURGERY;
CENTRAL  PARK  OF  SOUTHWEST
FLORIDA,  LLC;  OMG  REALTY,
LLC;  THE  LAW  OFFICE  OF
PATRICK  TRAINOR  ESQ,  LLC
d/b/a  THE  LAW  OFFICE  OF
PATRICK  TRAINOR;  PATRICK
TRAINOR, an individual; and
ANTI-DOXING LEAGUE INC.,

       Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on review of Non-Party Richard A. Luthmann, Jr.'s ("Luthmann") Motion to Intervene and for Protective Relief (Doc. #620) filed on February 4, 2026. Plaintiff Danesh Noshirvan ("Noshirvan") filed his Response in Opposition (Doc. #634) on March 16, 2026. For the reasons set forth below, Luthmann's motion is denied without prejudice as to refiling the motion for protective relief but is otherwise denied.

**I.**

Luthmann seeks to intervene as of right and to permissively intervene "to protect his reporter's privilege and press-access rights." (Doc. #620, pp. 12, 15.)  Noshirvan argues that Luthmann cannot intervene because Luthmann is only seeking "advisory rulings on hypothetical lines of inquiry or to control the course of another party's trial presentation" and any objections can properly be raised and handled during trial.  (Doc. #634, p. 3.)

**A.    Luthmann Cannot Intervene as of Right**

To intervene as of right,[1] a movant must establish:

> (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

See Purcell v. BankAtlantic Fin. Corp., 85 F.3d 1508, 1512 (11th Cir. 1996)(quoting Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989)).  To have a sufficient interest in the action, "the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding.  This interest

---

[1] Luthmann does not cite, nor can the Court find, any unconditional statutory right to intervene.  Accordingly, Luthmann can only intervene if he has some real interest relating to the transaction which is the subject of the action.

-2-

has also been described as a direct, substantial, legally protectable interest in the proceedings." See id. (quoting Worlds v. Dep't of Health & Rehab. Servs., 929 F.2d 591, 594 (11th Cir. 1991)(per curiam)(footnotes, citations, and quotation marks omitted)); see also Georgia v. U.S. Army Corps of Eng'rs, 302 F.3d 1242, 1251 (11th Cir. 2002)(citation omitted)(stating that to have an interest it need not be "identical to that of the claims asserted in the main action," but at least have some practical effect on an interest of the movant).

The transactions that are the subject of this action are tort claims alleged by both parties. While Luthmann may have information about the underlying facts, he has no interest in the subject of this case. Instead, Luthmann only has a collateral interest in raising evidentiary privileges to his testimony, which he can do during the trial. Without a direct, substantial, legally protectable interest in the proceedings, Luthmann cannot intervene as of right.

**B.  The Court Exercises Its Discretion in Denying Luthmann's Motion to Intervene**

Where there is no right to intervene under Rule 24(a), "it is wholly discretionary with the court whether to allow intervention under Rule 24(b)." See Purcell, 85 F.3d at 1513 (quoting Worlds, 929 F.2d at 595). Even where "there is a common question of law

-3-

or fact, or the requirements of Rule 24(b) are otherwise satisfied, [a] court may refuse to allow intervention." See id.

The Court exercises its discretion to deny Luthmann's motion to intervene in this case. Though Luthmann wishes to protect his alleged "reporter's privilege and press-access rights," he may still raise this privilege during his testimony. Additionally, though Luthmann seeks access to the case as a member of the press, the cases he cites are clearly distinguishable — since all members of the press in those cases were neither parties to the action nor witnesses. See Sheppard v. Maxwell, 384 U.S. 333 (1996)(finding the district court failed to protect a criminal defendant from "inherently prejudicial publicity" from the inclusion of press at trial to such extent that the district court was a "carnival atmosphere" and failure to seclude witnesses from such press among other things); In re Petition of Tribune Co., 784 F.2d 1518 (11th Cir. 1986)(affirming a limited intervention to a *non-party*, *non-witness* publication that sought transcripts of bench conferences held outside the presence of the public, but limited release of portions of the transcript due to other competing interests that outweighed the First Amendment right to view voir dire). Accordingly, Luthmann's motion to intervene is denied.

-4-

## II.

Luthmann next requests the Court strike him from the trial witness list, or require Luthmann to testify first or via video deposition before trial, or issue a protective order barring inquiry into Luthmann's medical information or newsgathering-privileged matters. (Doc. #620, pp. 2, 16-19.) Noshirvan contends that these arguments are premature and, in any event, not protected by any privilege. The Court finds that Luthmann's motion for protective relief is premature at this stage.

There are currently two motions in limine related to Luthmann. The first seeks to exclude Luthmann from testifying because his testimony is irrelevant and unfairly prejudicial. (Doc. #598, p. 7.) The second seeks to exclude emails from Luthmann to Patrick Trainor and the Law Office of Patrick Trainor, Esq., LLC as irrelevant and cumulative. (Doc. #599, p. 16.) While the Court does not comment on the merits of these pending motions, they may or may not resolve the current dispute. Accordingly, Luthmann's motion to quash the subpoena or for a protective order is denied without prejudice as to refiling after the above-mentioned motions in limine are resolved.[2]

---

[2] Luthmann is not permitted to refile his motion to intervene. Luthmann may only refile the motion to quash the subpoena or for protective order after the motions in limine are resolved.

-5-

Accordingly, it is now

**ORDERED:**

(1)  Non-Party Richard A. Luthmann's Motion to Intervene (Doc. #620) is **DENIED.**

(2)  Non-Party Richard A. Luthmann's Motion for Protective Relief (Doc. #620) is **DENIED without prejudice** as to refiling after resolution of the motions in limine.

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of May 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

-6-