IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN,
an individual,

Plaintiff,

v.

JENNIFER COUTURE, et al.,
Defendants.
______________________________/

CASE NO.: 2:23-cv-01218-JES-KRH

District Judge: Hon. John E. Steele
Magistrate Judge: Hon. Kyle R. Hunter

PATRICK TRAINOR,
Counter-Plaintiff,
v.
DANESH NOSHIRVAN,
Counter-Defendant.
______________________________/

**PLAINTIFF/COUNTERCLAIM-DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON TRAINOR'S REMAINING COUNTERCLAIMS**
**(Docket 664)**

Trainor's opposition does not engage the defect that decides this motion: the absence of any admissible record evidence. It instead recycles the three refrains that pervade his discovery responses—that the documents are "already in Defendant's possession," that defamation *per se* relieves him of proving damages, and that he "was not required" to serve a retraction demand. None substitutes for evidence, and each, examined closely, confirms that no reasonable jury could find for Trainor.

## I. Trainor Misapprehends Rule 56 And Cannot Shift His Burden Of Proof

Trainor's threshold position—that Noshirvan never supported his motion and that Trainor therefore "is not required to respond with evidence" (D.E. 666 at 3, citing *Van v. Miami-Dade Cnty.*, 509 F. Supp. 2d 1295, 1299 (S.D. Fla. 2007))—misreads both the record and the Rule. Noshirvan supported his motion with Trainor's own verified discovery responses, Trainor's deposition testimony, and McGibney's sworn declaration, which together establish the absence of admissible proof on essential elements of every counterclaim. That is how a movant discharges its burden. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986) (movant may carry its burden by demonstrating an absence of evidence to support the nonmovant's case). Once Noshirvan made that showing, the burden shifted to Trainor—who bears the burden of proof at trial on his own counterclaims—to "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593–94 (11th Cir. 1995) (quoting *Celotex*, 477 U.S. at 324); *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288–89 (3d Cir. 2018). Trainor cannot invoke the nonmovant's procedural protection while producing nothing of his own.

Trainor compounds the error when he insists it is "Defendant's [burden] to show that his defamatory per se statements about Trainor are true." D.E. 666 at 21. That inverts the law: falsity is an element of Trainor's defamation claim, and Trainor—not the defendant—bears the burden of proving it, particularly where the challenged speech concerns a public figure and matters of public concern. *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776–77 (1986); *Dairy Stores, Inc. v. Sentinel Publ'g Co.*, 104 N.J. 125, 151 (1986). Noshirvan has no obligation to prove any statement true; Trainor must prove it false, and he produced no evidence of falsity. D.E. 664-1 and 664-2. Trainor does not manufacture a triable issue by demanding that the movant disprove a claim Trainor never supported in the first instance (Trainor failed to file a declaration to support his claims).

## II. "Already In Defendant's Possession" Is Not Record Evidence

The centerpiece of Trainor's position—repeated nearly verbatim across RFPs A, C, D, E, F, G, H, and I—is that Noshirvan "already has" the documents because they were filed in this or another case. D.E. 664-1,¶¶ A-1 to A-5, C-1 to C-5, D-1 to D-5, I-1 to I-4. That objection misreads both Rule 34 and Rule 56. A nonmovant opposing summary judgment must identify specific, admissible evidence in *this* record; the movant's supposed possession of materials the nonmovant never produced or authenticated supplies none. *Celotex Corp.*, 477 U.S. at 322–24; *Jutrowski*, 904 F.3d at 288–89. Noshirvan met his burden by identifying the absence of proof; the burden then shifted to Trainor to designate evidence—not to assert that evidence exists somewhere outside the record.

Three consequences follow. First, documents Trainor declined to produce cannot be used to oppose summary judgment. Fed. R. Civ. P. 37(c)(1). Second, documents allegedly available to Noshirvan are not authenticated by Trainor's say-so; Trainor identified no custodian, no platform witness, and no original publisher who could establish that any paragraph 35 post is what he claims it to be. Fed. R. Evid. 901(a); D.E. 613; SUMF ¶ 25. Third, Local Rule 3.01(h) forbids incorporation by reference, and nothing in a separate docket becomes evidence here merely because Trainor cites its entry numbers. The "possession" objection is not a response to the motion; it is a concession that Trainor has marshaled no evidence to prove his case. Period.

## II. Defamation Per Se Does Not Cure Trainor's Failure Of Proof

Trainor leans on the defamation *per se* presumption to excuse his refusal to produce any damages evidence. Ex. A, J-1. The argument fails twice over.

It fails on the law. Trainor's counterclaim is built on New Jersey law—he invokes New Jersey's one-year limitations period, N.J.S.A. 2A:14-3, and New Jersey defamation doctrine throughout. He cannot borrow Florida's presumption while pleading New Jersey substantive law. And under New Jersey law the presumption Trainor describes does not exist in the form he needs: presumed damages are limited to nominal damages, *W.J.A. v. D.A.*, 210 N.J. 229, 242-3 (2012), and are unavailable altogether where the speech involves a public figure or a matter of public concern—this case—which instead requires proof of actual malice and actual loss. *Id.* (professions regulated by the government "intrinsically implicate[] important public interests); *World Mission Soc'y, Church of God v. Colon*, 2015 N.J. Super. LEXIS 37, at *8–9("in cases involving public

Figures or matters of public concern, presumed damages are not permitted"). No Case Trainor cites holds otherwise.

It fails on the facts. The *per se* label says nothing about falsity, fault, or causation, each of which Trainor was separately required to prove and did not. He produced no evidence of falsity (D.E. 664-1, Ex. A, B-1), no evidence of Noshirvan's state of mind as to any specific statement (SUMF ¶¶ 21–25), and confirmed "none" as to every concrete category of harm—no disciplinary action (D.E. 664-1, J-3), no expert opinion (D.E. 664-1, J-7), no lost revenue (D.E. 664-1, J-8), and no platform enforcement (D.E. 664-1, H-3, H-4). A presumption cannot manufacture the clear and convincing evidence of actual malice the record does not contain. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986).

## III. Trainor's Admission That He Served No Retraction Demand Concedes The Damages Limitation

Trainor's response that the demand sought "irrelevant information about an irrelevant retraction that Plaintiff was not required to demand" (D.E. 664-1, ¶ A-6; see also L-3) is not the defense he supposes. No one contends the demand was a precondition to suit. The demand is the statutory trigger that, if served, *preserves* enhanced damages; a plaintiff who never serves it forfeits the presumption and is limited to special damages specially pleaded and proved. N.J.S.A. 2A:43-2(requiring proof of actual malice absent demand for retraction); *Petro-Lubricant Testing Labs., Inc. v. Adelman*, 233 N.J. 236, 259 n.5 (2018). Trainor's concession that he served no demand therefore does not avoid the statute—it activates it. Because Trainor pleaded no special damages and produced none (D.E. 664-1, ¶¶ J-1 through J-8), the statute independently caps his recovery. His "not

required" objection concedes the controlling point — Trainor may only recover *"actual damage proved and specially alleged in the complaint."* N.J.S.A. 2A:43-2.

## IV. McGibney's Publications Cannot Be Attributed To Noshirvan

Trainor's remaining theory—that McGibney's posts are Noshirvan's through a conspiracy—collapses on his own admissions. Trainor confirmed he has "none" of the pre-filing communications identifying the alleged conspiracy (D.E. 664-1, ¶ C-6) and "none" of the communications with the alleged co-conspirator accounts (D.E. 664-1, ¶¶ E-3, E-4). Civil conspiracy requires an agreement and an underlying tort; Trainor has evidence of neither. *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 177–78 (2005). McGibney's sworn declaration establishes that he acted independently and told Trainor in writing, that Noshirvan had no connection to Bullyville. D.E. 390-1, 390-3.

To bridge that gap Trainor points to the January 26, 2024, email in which counsel agreed McGibney's affidavit "sounded good" and that Trainor "needs to be sanctioned." D.E. 664-1, ¶ C-1; D.E. 666-4. But an exchange about seeking sanctions in pending litigation is not an agreement to defame; it is litigation conduct protected by New Jersey's litigation privilege, and it says nothing about who authored or controlled the paragraph 35 publications. *Hawkins v. Harris*, 141 N.J. 207, 216–17 (1995); *Loigman v. Twp. Comm. of Middletown*, 185 N.J. 566, 583–85 (2006). Meanwhile, Trainor's own May 30, 2023, email to joey@joeycamp2020—*"We want him collecting from his followers now"*—shows that Trainor coordinated with Camp. SUMF ¶ 18; D.E. 478, 72:5–17. Trainor coordinated with the very actor he now blames; he cannot recast himself as that conspiracy's victim.

## V. The Cross-Referenced Couture Materials Are Inadmissible Here

Throughout his responses Trainor directs Noshirvan to exhibits filed in *Couture v. Noshirvan*, No. 2:23-cv-00340—for example, D.E. 143-1 and 196-3. D.E. 664-1, ¶¶ C-1, H-1, I-5. Those materials are not evidence in this case. Trainor did not produce them here, did not authenticate them here, and identified no witness who could. Rule 37(c)(1) bars their use at summary judgment; Rule 56 requires admissible, authenticated evidence; and Local Rule 3.01(h) bars importing another record by reference. Citation to a docket number in a different action is not the designation of record evidence Rule 56 demands.

## VI. Time-Bar, Public-Figure Status, And Privilege Stand Unrebutted.

Trainor offers nothing to revive the paragraph 35(a)–(d) statements, which predate July 30, 2024, and are time-barred under the single-publication rule; he produced no evidence of any actionable republication within the period. N.J.S.A. 2A:14-3; *Petro-Lubricant*, 233 N.J. at 258–60; D.E.644-1, ¶ A-5. Nor can he escape his sworn admissions that he created and is the sole member of the Anti-Doxing League, appeared publicly to discuss doxing litigation, and conceded the ADL would not exist but for the *Couture* litigation—admissions that render him a limited-purpose public figure for every statement germane to that controversy. *Gertz v. Welch*, 418 U.S. 323, 351; SUMF ¶¶ 16–18. The challenged communications to courts and disciplinary authorities remain protected by the litigation and qualified privileges, which Trainor's bare allegations of malice cannot overcome. *Hawkins*, 141 N.J. at 216–17; *Erickson v. Marsh & McLennan Co.*, 117 N.J. 539, 563 (1990).

## VII. Conclusion

Stripped of its objections, Trainor's opposition confirms what the motion demonstrated: no admissible evidence of publication, falsity, agreement, fault, or damages, and no ability to prove actual malice by clear and convincing evidence. Trainor did not file his declaration or a declaration of anyone else. All of Trainor's exhibits (D.E. 6661- to 666-12) predate **July 30, 2024** — New Jersey's one-year statute of limitations for defamation and conspiracy, N.J.S.A. 2A:14-3. Most of Trainor's exhibits are hearsay, and all his exhibit lack authentication and foundation. Put simply, Trainor has not shown that his exhibits could be reduced to an admissible form for trial. Trainor's response also exceeds this Court's page limit. See L.R. 3.01(c)(response limited to 20 pages).

Accordingly, Noshirvan respectfully requests that the Court grant summary judgment in his favor on all of Trainor's remaining counterclaims.

Dated: June 05, 2026

Respectfully submitted,

Nicholas A. Chiappetta, Esq.
**Chiappetta Trial Lawyers**
Attorneys for Noshirvan
2101 Vista Parkway, Suite 258
West Palm Beach, Florida 33411
Direct: (561) 768-4500
Fax: (561) 768-4600
service@chiappettalegal.com
nick@chiappettalegal.com
www.chiappettalegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 05, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to the following: all counsel of record.

/s/Nicholas A. Chiappetta
Nicholas A. Chiappetta