**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DANESH NOSHIRVAN,

Plaintiff/Counter-Defendant,

v. Case No. 2:23-cv-1218-KCD-KRH

JENNIFER COUTURE; RALPH GARRAMONE M.D.; and RALPH GARRAMONE M.D. P.A., *d/b/a* GARRAMONE PLASTIC SURGERY,

Defendants/Counter-Plaintiffs.[1]
_____________________________/

# ORDER

Now before the Court are two Motions: Plaintiff's/Counter-Defendant's (1) Motion to Compel Discovery Responses and to Overrule Objections to First Request for Production of Documents (Doc. 646), and (2) Motion to Extend Time to File Motion for Summary Judgment (Doc. 663).

At bottom, Plaintiff asks the Court to compel the Defendants/Counter-Plaintiffs to produce documents and communications that Plaintiff views as responsive to Plaintiff's requests for production ("RFPs") regarding Defendants' counterclaims. Plaintiff also asks for an extension of time to move for summary judgment on those counterclaims. The Motion to Compel survives in part and fails in part. The Motion to Extend is granted.

Both Plaintiff and Defendants seek fees under Fed. R. Civ. P. 37(a)(5), the

---

[1] For ease of reference to the current dispute, the case caption is slightly modified.

Court will not entertain such a matter at this time. If they choose, the parties may renew their requests by separate motions *after* trial. With trial approaching, the parties have far more pressing matters to attend to than fees for this dispute. And the Court would need further briefing on the issue.

That said, the inquiry turns to the crux of the instant dispute.

**1. Failure to Confer**

It is clear that the parties failed to confer with one another on the disputed issues here. Rather than engage in cooperative, professional discovery—as the Court expects—they launched overbroad requests and objections, then made it the Court's problem.

The late Judge Steele reopened discovery and "limited [it] to the counterclaims brought by Jennifer Couture, Ralph Garramone, Garramone Plastic Surgery, and Patrick Trainor." (Doc. 630). Judge Steele further limited discovery to "requests for production of documents." (Doc. 630). The Court already explained the narrow scope of this new discovery period. (Docs. 653; 661). And Judge Steele only reopened discovery for forty-five days—starting March 6.

Defendants' counterclaims allege defamation per se and defamation *per quod* as it related to alleged statements made by Plaintiff in January and February 2025. (Doc. 448). Given the factual overlap in this litigation, this RFP discovery should have been relatively straightforward. Not so.

Plaintiff waited eleven days to fire off fifty-seven RFPs that are far-reaching and objectionable in many ways. Despite knowing they had a short window to

complete discovery, the parties obviously did not confer with one another regarding the RFPs or responses to work together and narrow the issues. *But see* Middle District Discovery (2021) at Section I.A.1. ("Discovery in this district should be practiced with a spirit of cooperation and civility."). Instead, exactly thirty days later, Defendants shot back a long mix of boilerplate and specific objections without producing much (if any) discovery. The very next day, on April 17, Plaintiff filed this Motion, somehow certifying an attempt to confer before filing. Reopened discovery closed on April 20. Counsel apparently had a Teams call to discuss on April 21. Yet that conversation resulted in no limitation of their dispute. If a substantive conferral occurred, such a result is hard to understand with so many issues that should have been worked out by experienced lawyers.

This course of conduct—along with the numerous RFPs and objections that could have been narrowed after a good-faith discussion—makes clear neither side made any real effort to confer.

> The term "confer" in Rule 3.01(g) means a substantive discussion. Counsel must respond promptly to inquiries and communication from opposing counsel. Many potential discovery disputes are resolved (or the differences narrowed or clarified) when counsel confer in good faith. Rule 3.01(g) is strictly enforced. A motion that does not comply with the rule may be summarily denied.

Middle District Discovery (2021) at Section I.A.2.; *see also* Fed. R. Civ. P. 37(a)(1); (Docs. 25 at 6-7; 64 at 4). The Court has little trouble concluding that a true conferral required in Fort Myers cases never happened.

Rather than confer, the parties dumped their dueling overbroad RFPs and

objections on the Court to figure out. Filing such a substantive dispute so close to the discovery deadline, particularly with no apparent effort to confer in substance, is reason alone to deny the Motion. *E.g.*, *Prudential Ins. Co. of Am. v. Gardina*, No. 6:23-cv-1125-JSS-DCI, 2024 WL 3377800, at *1-2 (M.D. Fla. July 11, 2024); *Oil Consulting Enter., Inc. v. Hawker Beechcraft Glob. Customer Support, LLC*, No. 8:16-cv-3453-T-24AEP, 2017 WL 7355128, at *1 (M.D. Fla. Dec. 21, 2017).

Best I can tell (as perhaps the only person associated with this case who has a fresh perspective), there are no clean hands in the most recent mess. The Motion should be denied without discussion for failure to confer, but that would award Defendants; the Motion should be granted for failure to confer in a timely fashion without discussion, but that would award Plaintiff. This failure to confer leaves gaps in the discovery dispute that the Court cannot flesh out given the condensed timeline and the parties' inability to collaborate. Considering where we find ourselves, however, the Court will rule on discovery to the greatest extent possible even without any substantive conferral.

**2. Motion to Compel Requests for Production**

Permissible discovery is broad yet necessarily limited. Fed. R. Civ. P. 26(b)(1) (A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). It is not an exercise for casting an opponent into murky waters; nor is it an evidentiary fishing expedition. *Id.*; *id.* at 34(b)(1) (An RFP "must describe with reasonable particularity each item or category of items to be inspected."). Parties

must tailor their discovery—while making requests "focused and specific." *E.g.*, *Davenport v. State Farm Mut. Auto. Ins. Co.*, No. 3:11-cv-632-J-JBT, 2012 U.S. Dist. LEXIS 20944 (M.D. Fla. Feb. 21, 2012) (citation omitted).

Perhaps lost in the shuffle of this litigation are some discovery basics. For Defendants, "Boilerplate objections such as 'the request is overly broad, unduly burdensome, and outside the scope of permissible discovery' are insufficient without a full, fair explanation particular to the facts of the case." Middle District Discovery (2021) at Section III.A.6.; *see also id.* at Section I.C.4. ("A party responding to a discovery request should make diligent effort to provide a response that i. fairly meets and complies with the discovery request and ii. imposes no unnecessary burden or expense on the requesting party."). For Plaintiff, "a request for documents . . . should be clear, concise, and reasonably particularized. For example, a request for 'each and every document supporting your claim' or a request for 'the documents you believe support [a particular allegation]' is objectionably broad in most cases." *Id.* at Section III.A.1.; *see also id.* at Section I.C.3. ("A party should tailor discovery requests to the needs of each case.").

Again, discovery was reopened on a limited basis for narrow defamation claims. And considering the years of litigation between the parties and overlapping facts, there likely should not have been much to request or produce. The Court has an obligation to limit discovery when the production "sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient" and "the party seeking discovery has had ample opportunity to obtain

the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii). Yet these limitations demand that the parties meet the Court halfway by conferring to narrow the scope of disputed discovery. With such extensive litigation history here, the parties' failure to frame the issues renders it impossible for the Court to have a clear view of the limitations necessary.

That said, Defendants must respond to certain RFPs identified below. All responses—where applicable—must comply with the Protective Order that was entered in this case. (Doc. 251).

### A. Motion to Compel Granted in Part

Plaintiff's Motion to Compel (Doc. 646) is granted only to the extent that he seeks reasonably particularized documents and communications that (1) exist; (2) are within Defendants' possession; (3) were not already produced; (4) are relevant to the scope of the counterclaims; and (5) unless otherwise noted, correspond to the relevant period from January through February 2025. With these limitations in mind, the Court outlines the RFPs to which the Motion is granted and objections overruled; Defendants must respond to these RFPs to the fullest extent possible. If Defendants have no responsive documents, already produced them, or withhold, they must specify those matters appropriately. Middle District Discovery (2021) at Section III.A.5.[2]

**RFP 2.** Granted to a limited extent; specifically, Defendants must

2 For ease of reference, the numbering sequence here mirrors that used in the "Documents Requested" section of Plaintiff's RFPs. (Doc. 646-1).

produce documents or communications reflecting surveillance (if any) that they themselves—i.e., the named Defendants Dr. Ralph Garramone and/or Jennifer Couture—personally conducted on Plaintiff and/or his children between January 1, 2021, and February 28, 2025.

The word "surveillance" here means its common usage as found in the dictionary: "close watch kept over one or more persons: continuous observation of a person or area." *Surveillance*, Merriam-Webster's Unabridged Dictionary (accessed Aug. 27, 2026). So production would include records showing Garramone and/or Couture keeping close personal tabs on Plaintiff and/or his kids. Examples would be following someone in a car or setting up a Google notification on a person. Not included would be ad hoc curiosities, such as checking whether someone posted a new video on Twitter.

In all other respects, the Motion is denied. To be clear, this ruling does not require the production of any documents related to alleged surveillance by third parties—which are addressed separately below. Nor does this ruling require production of any documents related to alleged surveillance by Defendant Ralph Garramone, M.D., P.A. d/b/a Garramone Plastic Surgery—which is a corporate entity that could only act through individuals. The Motion is granted only for producing records related to Garramone and Couture's alleged personal conduct.

**RFP 15.** Defendants—including Garramone Plastic Surgery—cite reputational harm and seek unspecified compensatory damages. Given the period, a frame of reference for loss extending from January 2024 to the present is

reasonable under the circumstances. This discovery would allow Plaintiff to investigate certain damages alleged for the counterclaims.

**RFP 16.** Granted if Defendants have documents to produce—as they already stipulated. (Doc. 646-1 at 14).

**RFP 17.** Granted if Defendants have responsive documents to produce extending from January 2024 to the present.

**RFP 18.** Granted if Defendants have responsive documents that were not already produced as stipulated, extending from January 2025 to the present.

**RFP 19.** Granted if Defendants have treatment-related records within their actual possession that were not already produced, extending from January 2025 to the present. To the extent that these records might exist—but would only be within the possession of non-party medical providers—denied.

### B. Motion to Compel Denied in Part

Plaintiff's Motion to Compel (Doc. 646) is denied as to all other RFPs. Most of these RFPs seek all documents and communications that exceed Defendants' counterclaims. This renders them unduly burdensome, overbroad, conclusory, speculative, and/or outside the scope of Judge Steele's order limiting discovery. (Doc. 630). What's more, "the Court cannot compel production of documents that do not exist." *Calhoun v. Volusia Cnty.*, No. 6:04-cv-106-Orl-31DAB, 2007 U.S. Dist. LEXIS 104815 (M.D. Fla. June 20, 2007). Below, the Court outlines which discovery objections are sustained and the Court's limited reasoning. As such, Defendants need not respond to the following.

**RFP 1.** Denied as hopelessly overbroad and burdensome. Plaintiff seeks to compel speculative documents and communications in a conclusory manner—essentially demanding a contention RFP. Middle District Discovery (2021) at Section III.A.1.

**RFP 3.** Beyond the scope of permissible limited discovery. The request is outside Defendants' counterclaims. It is irrelevant while being overbroad and disproportionate to the needs of this case

**RFPs 4-6.** Plaintiff seeks to compel overbroad and vague documents and communications. This RFP exceeds permissible limited discovery on Defendants' counterclaims. And the request appears largely duplicative of various RFPs served throughout the long history of this case, rendering the production unnecessary and disproportionate at this late stage. Given the painfully obvious failure to confer on any disputed production or narrow the scope of what unproduced documents (if any) should be disclosed, the Motion violates Rule 37(a)(1), Local Rule 3.01(g), Middle District Discovery (2021) at Section I.A.2.

Even if any production were appropriate, it was sought far too late. Defendants put Plaintiff on notice of their initial defamation allegations in February 2025. (Doc. 448-1 at 2). And Defendants filed their counterclaims in August 2025. (Doc. 448). Even with discovery then open (albeit on a limited basis), Plaintiff failed to seek new discovery on these matters. Confusingly, Plaintiff responded to summary judgment in detail without seeking additional discovery. *Compare* (Doc. 569), *with* Fed. R. Civ. P. 56(d) (specifying procedure for deferring

discovery until necessary discovery occurs). Rather, Plaintiff's qualm was about attempting to exclude certain statements due to purported failure to produce. At bottom, the ship long since sailed to seek this far-reaching discovery. That is especially true here with the lack of tailoring to the current needs of the case.

**RFPs 7-8.** Denied for the same reasons as RFP 1. The contemplated production is beyond disproportionate to the needs of the case at this juncture and it is unclear how Defendants could even respond.

**RFP 9.** Denied for the same reasons as RFP 1.

**RFPs 10-14.** Denied for the same reasons as RFP 4-6.

**RFP 20.** Duplicative of RFP 15. Even if it is not, RFP 20 is overbroad and disproportionate to the limited needs of reopened discovery in this case.

**RFP 21.** Duplicative of Request 15.

**RFP 22.** Overbroad after granting RFP 15. Additional discovery on tax returns would be unduly burdensome and disproportionate.

**RFP 23.** Irrelevant while being overbroad and disproportionate to the needs of this case.

**RFP 24.** Defendants apparently answered to the extent possible.

**RFP 25.** Duplicative of earlier RFPs. Denied for the same reasons as the RFP 2 ruling.

**RFP 26.** This RFP is beyond the scope of permissible limited discovery on Defendants' counterclaims, making it overbroad and irrelevant. And the request appears entirely duplicative of previous RFPs served earlier in the case,

rendering the production unnecessary and disproportionate.

**RFPs 27-30.** Denied for the same reasons as the RFP 26 ruling.

**RFP 31.** Denied for the same reasons as the RFP 26 ruling. And the request seeks privilege-protected information without particularization. *See* Fed. R. Civ. P. 26(b)(3)(B), (b)(4)(B), (b)(4)(C), (b)(4)(D).

**RFP 32.** This RFP is beyond the scope of permissible limited discovery on Defendants' counterclaims, making it overbroad and irrelevant. This production is also disproportionate to the needs of the case at this juncture.

**RFP 33.** Denied for the same reasons as the RFP 26 ruling.

**RFPs 34-35.** Duplicative of RFP 33.

**RFP 36.** A portion of the request is duplicative of RFP 33. The other portion is denied for the same reasons as the RFP 32 ruling.

**RFP 37.** Denied for the same reasons as the RFP 32 ruling.

**RFP 38.** Duplicative of RFP 36.

**RFP 39.** A portion of the request is duplicative of RFP 17. The other portion is denied for the same reasons as the RFP 32 ruling.

**RFPs 40-41.** Denied for the same reasons as the RFP 32 ruling.

**RFP 42.** Defendants claim there is no production to provide. Even so, the request appears duplicative of previous RFPs served earlier in the case, rendering the production of publicly available statements unnecessary and disproportionate.

**RFPs 43-44.** Denied for the same reasons as the RFP 32 ruling.

**RFP 45.** Denied for the same reasons as the RFP 26 ruling.

**RFP 46.** Denied for the same reasons as the RFP 32 ruling.

**RFP 47.** Denied for the same reasons as the RFP 26 ruling.

**RFPs 48-49.** Denied for the same reasons as the RFP 32 ruling.

**RFP 50.** Duplicative of RFP 33.

**RFPs 51-52.** Denied for the same reasons as the RFP 32 ruling.

**RFP 53.** Denied for the same reasons as the RFP 26 ruling.

**RFPs 54-56.** Denied for the same reasons as the RFP 32 ruling.

**RFP 57.** Duplicative of RFP 19. Even if it is not, RFP 57 is overbroad and disproportionate to the limited needs of reopened discovery in this case.

**2. Expenses for Motion Practice**

Plaintiff and Defendants both seek fees incurred for making and defending the Motion to Compel. (Doc. 646; Doc. 656). Their points are well taken considering the nature of this Motion with trial approaching. And Plaintiff is right that such expenses could be awarded—depending on "if the disclosure or requested discovery is provided after the [filing of this] motion [to compel]"—after notice and a hearing. Fed. R. Civ. P. 37(a)(5)(A). Similarly, Defendants are right that such expenses could be awarded—depending on the Court's ultimate determination of Plaintiff's motion practice—after notice and a hearing. *Id.* 37(a)(5)(B). Yet, to be frank, the parties have much bigger fish to fry. Continuing to litigate this Motion to Compel could only impose an unneeded burden on trial prep for either party. To that end, the Court will not entertain a dispute on expenses over the Motion at this

time. But after trial, Plaintiff and Defendants may renew their request if desired. Important here, the Court holds ultimate discretion on the award of the fees.

To the extent Plaintiff and Defendants seek fees under Fed. R. Civ. P. 37(a)(5), at this stage, those requests are denied without prejudice. (Doc. 646; Doc. 656). Again, the Court will not entertain a clash over expenses incurred making and defending the Motion to Compel at this stage in the litigation. Each party may renew their request by separate motion *after* trial.

### 3. Plaintiff's Motion to Extend Time

The Court agrees with Plaintiff on allowing additional time to seek summary judgment based on the soon-to-be-disclosed documents (if any). Further, because Defendants "take no position on [Plaintiff's] request for an extension of time to file his motion for summary judgment," (Doc. 665 at 6), the Court treats Plaintiff's Motion to Extend Time to File Motion for Summary Judgment as unopposed only with respect to the request for an extension of time to move for summary judgment. Thus, Plaintiff's Motion to Extend Time is granted in part as to only the extension of time and denied in all other respects. (Doc. 663).

No further extensions will be granted.

**ORDERED**:

1. Plaintiff's Motion to Compel is **GRANTED and DENIED in part** (Doc. 646).
   a. The Motion to Compel is **GRANTED** only to the extent explained above. On or before **<u>September 10, 2026</u>**, Defendants MUST supplement

their responses to Plaintiff's Requests (Doc. 646-1 at 4-43) in accordance with the Court's findings above and the Protective Order entered in this case (Doc. 251).

b. The Motion to Compel is **DENIED** to the extent explained above.

c. The Motion to Compel is **DENIED without prejudice** as to any request for fees incurred making or defending this Motion. Each party may renew their request by separate motion *after* trial.

2. Plaintiff's Motion to Extend Time (Doc. 663) is **GRANTED and DENIED in part.**

a. As to the extension of time for Plaintiff to move for summary judgment, the Motion to Extend Time is **GRANTED**.

b. On or before **September 18, 2026**, Plaintiff must move for summary judgment. No further extensions will be granted.

c. In all other respects, the Motion to Extend Time is **DENIED**.

In Fort Myers, Florida, on August 27, 2026.

Kevin R. Huguelet
United States Magistrate Judge