UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANESH NOSHIRVAN, an individual,

Plaintiff,

v. Case No: 2:23-cv-1218-KCD-KRH

JENNIFER COUTURE, an individual; RALPH GARRAMONE M.D., an individual; RALPH GARRAMONE M.D. P.A d/b/a GARRAMONE PLASTIC SURGERY; CENTRAL PARK OF SOUTHWEST FLORIDA, LLC; OMG REALTY, LLC; THE LAW OFFICE OF PATRICK TRAINOR ESQ, LLC d/b/a THE LAW OFFICE OF PATRICK TRAINOR; PATRICK TRAINOR, an individual; and ANTI-DOXING LEAGUE INC.,

Defendants.

---

**ORDER**

About a month ago, the Court granted summary judgment in favor of Plaintiff Danesh Noshirvan after concluding that Defendants Patrick Trainor's counterclaims were a "patchwork of stale claims, non-actionable opinions, and

a conspiracy theory lacking an actual agreement." (Doc. 674 at 10.)[1] Seeking to revive his defamation claim, Trainor now moves for reconsideration "[t]o prevent a manifest error of law." (Doc. 676 at 1-2.) He argues the Court erred by inserting disputed facts into the order and in its interpretation of New Jersey law as it relates to "statements of opinion" and "rhetorical hyperbole." (*Id.* at 2-3; 8-13.) As explained below, both arguments fall short.

District courts have inherent authority to reconsider an order before final judgment. *See Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379–81 (11th Cir. 2024). This discretion, however, should only be exercised in extraordinary circumstances. Such circumstances are limited to correcting manifest errors of law or fact or to present newly discovered evidence. *See Burger King Corp v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).

As such, motions for reconsideration should be granted only where a party has shown: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) a need to correct clear errors of fact or law or prevent manifest injustice. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Merely presenting new arguments or evidence previously available, introducing novel legal theories, or repackaging familiar arguments is

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

insufficient. *See Hays v. Page Perry, LLC*, 92 F. Supp. 3d 1315, 1319 (N.D. Ga. 2015).

Trainor's first argument—*i.e.*, the Court inserted disputed facts into the order—can be dispatched quickly. Trainor failed to read the paragraph's opening words: "[a]ccording to Noshirvan." (Doc. 674 at 2.) While this sentence may have eluded Trainor, Noshirvan rightly notes the paragraph was a "summary of the *allegations* that frame the case[.]" (Doc. 677 at 14 (emphasis added).) The Court was not making binding factual findings. It was merely summarizing the baseline allegations that frame this dispute. The core facts (or lack thereof) needed to resolve the parties' dispute were entirely undisputed, requiring no separate elaboration beyond what the Court wove into its legal analysis.

Trainor's second argument similarly falls short. As he sees it, New Jersey law requires Noshirvan to have some basis to claim Trainor is a racist, neo-Nazi. (Doc. 676 at 8-13.) The problem is this argument was previously available to Trainor, yet he never raised it. (Doc. 667.) Instead, Trainor argued that "[t]he burden is Defendant's to show that his defamatory per se statements about Trainor are true." (*Id.* at 21.) While technically true, Trainor conflates the affirmative defense of truth with whether a statement is capable of defamatory meaning. *See, e.g.*, *G.D. v. Kenny*, 15 A.3d 300, 310-11 (N.J. 2011) (evaluating the plaintiff's burden for falsity and the defendant's burden for the

affirmative defense of truth). So Trainor's motion fails at the outset because he simply attempts to raise new arguments previously available to him. *See Hays*, 92 F. Supp. 3d at 1319.

Even if the Court were to indulge Trainor's second argument, it is unavailing. For starters, he misrepresents the alleged defamation entirely. Noshirvan did not say "Trainor was a neo-Nazi and White supremacist." (Doc. 676 at 2.) He posted a video of a congressional hearing where the topic of neo-Nazis was discussed in relation to a podcast host, and then added the caption, "Sounds like Patrick Trainor." (Doc. 674 at 9.) A snide comparison drawn from a video clip is decidedly not the same thing as a factual allegation of Nazi affiliation. New Jersey law is clear: "[w]hether an accusation of bigotry is actionable depends on whether the statement appeared to be supported by reasonably specific facts that are capable of objective proof of truth or falsity." *Ward v. Zelikovsky*, 643 A.2d 972, 983 (N.J. 1999). The statement from Noshirvan here lacks any reasonably specific facts. *See, e.g.*, *id.* at 983-84 (providing a potentially actionable example where a claim of bigotry includes "claims that the [plaintiff] engaged in specific acts such as making racist statements, failing to associate with or to act with courtesy toward people of a certain race," etc.).

For these reasons, the motion for reconsideration (Doc. 676) is **DENIED**.

**ORDER** in Fort Myers, Florida on September 24, 2026.

Kyle C. Dudek
United States District Judge