**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

DANESH NOSHIRVAN a/k/a @THATDANESHGUY,

Plaintiffs,

v.

JENNIFER COUTURE, et al.,

Defendants.

Civil Case No.: 2:23-cv-01218

**PATRICK TRAINOR, LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC, CENTRAL PARK OF SOUTHWEST FLORIDA, LLC, AND ANTI-DOXING LEAGUE, INC.'s OPPOSITION TO COUNTER-DEFENDANT DANESH NOSHIRVAN'S MOTION FOR SUMMARY JUDGMENT [D.E. 678]**

Patrick Trainor, Law Office of Patrick Trainor, Esq., LLC, Central Park of Southwest Florida, LLC, and Anti-Doxing League, Inc.'s (collectively the "Parties" by and through the undersigned counsel, respectfully opposes Counter-Defendant Danesh Noshirvan's ("Defendant") Motion for Summary Judgment ("Def. MSJ.")[D.E. 678] directed to counterclaims filed by Counter-Plaintiff's Garramone Plastic Surgery, Jennifer Couture, and Ralph Garramone ("Plaintiff") [D.E. 448] as follows:

## PRELIMINARY STATEMENT

Defendant perjured himself in his Memorandum of Law ("Def. Memo"[D.E. 678] and the Declaration of Danesh Noshirvan ("Noshirvan Declaration") [D.E. 678-1] by falsely stating that his wife's parents own Papa's Butcher Shop in an effort

to influence the court by engendering sympathy for fictitious attacks against his family. This statement contradicts Defendant's prior admissions, Defendant's prior testimony, Defendant's wife's testimony, and statements by the daughter (who is not Defendant's wife) of the owners of Papa's Butcher Shop.

The Parties will be jointly and severally affected by the outcome of this motion should they remain silent.

## I. <u>The Parties' Response to Statement of Undisputed Material Facts</u>

The Parties' respond jointly and severally to the numbered paragraphs in Defendant's Statement of Undisputed Material Facts ("DSUMF") that are directed to them jointly and/or severally. The numbered responses below correspond to the numbered paragraphs in the DSUMF.

12. Denied the part of Paragraph 12 that says the Parties created, printed, published or distributed any flyers. Further, denied that Papa's "[B]utcher shop [is] owned by Noshirvan's in-laws." As discussed below, Defendant has repeatedly admitted that his in-laws do not own Papa's Butcher Shop, and Defendant and his wife testified to same.

14. Deny the parts of paragraph 14 that say Patrick Trainor and the Law Office of Patrick Trainor, Esq., LLC, (collectively "Trainor") "appeared as a guest on episode 130 of the Full Haus podcast…on March 15, 2022, and "also appeared as pro hac vice on behalf of Zachary Rehl" in *District of Columbia v. Proud Boys Int'l, L.L.C.*, No. 1:21-cv-03267-APM (D.D.C. Dec. 14, 2021), because these are not facts before this Court or relevant to this matter. Trainor's appearance on a podcast,

which is essentially a conversation is irrelevant, because Defendant cannot identify any relevant statements made by Trainor during said podcast. Trainor did not mention Defendant's name or social media username(s), or discuss Defendant's conduct during the podcast, in fact, Trainor is not certain that he even knew who Defendant was on March 15, 2022.

Further, deny the part of paragraph 14 that says Trainor was admitted *pro hac vice* to the District Court of Columbia to represent a defendant in the civil action *District of Columbia v. Proud Boys Int'l, L.L.C.,* No. 1:21-cv-03267-APM (D.D.C. Dec. 14, 2021) has any relevance to the instant action. Trainor is a lawyer who represented a client in the civil action *District of Columbia v. Proud Boys Int'l, L.L.C.*, which was a frivolous complaint that the plaintiff voluntarily dismissed with prejudice. *District of Columbia v. Proud Boys Int'l, L.L.C.*, No. 1:21-cv-03267-APM, docket entry 373 (D.D.C. Mar. 14, 2025). The fact that a lawyer represents clients has no relevance to the instant matter, other than Defendant's apparent belief that Trainor's representation of a client prejudices the Court against Trainor.

## MEMORANDUM OF LAW

## II. LEGAL STANDARD

### a. Summary Judgment Not Directed to the Parties Does Not Prevent the Parties from Opposing

Defendant's motion for summary judgment is not directed to the Parties, however, the Noshirvan Declaration and Defendant's Memorandum of Law are defective, and the Parties will be affected by its outcome. In this circuit there are no

authorities that "prohibit[ ] the consideration" of a response by party who a motion for summary judgment is not directed, where the response "does not raise a merits argument, but rather points out the procedural flaws in [the movant's] statement of undisputed material facts." *Giusto v. Int'l Paper Co.*, 1:19-CV-00646-SDG, 2020 WL 9813534, at *2 fn. 20 (N.D. Ga. Sept. 4, 2020) (*citing Jarrett v. Green*, 320 F. Supp. 1132, 1134 (N.D. Ga. 1970).

**b. The Declaration of Danesh Noshirvan is A Sham Affidavit**

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Fed. R. Civ. P. 56(c)(4)*. Pursuant to 28 U.S.C. § 1746 Defendant *"declare[d] under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)*" that the declaration was based upon his personal knowledge. "Any portion of an affidavit that does not comply with *Rule 56* may not be considered for purposes of summary judgment." *Ulysse v. Waste Mgmt. of Florida,* 11-80723-CIV, 2013 WL 12177350, at *1 (S.D. Fla. Sept. 9, 2013).

The Declaration of Danesh Noshirvan is sham affidavit, because Defendant perjured himself when he swore that "Papa's Butcher Shop, [ ] is owned by my wife's parents" and must be disregarded as a matter of law. *Noshirvan Declaration*, at 5, ¶ 13. The sham affidavit rule provides that "an affidavit may be stricken as a sham when a party has given clear answers to unambiguous questions which negate the existence

of any genuine issue of material fact and that party attempts thereafter to create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Rodriguez v. Jones Boat Yard, Inc.*, 435 Fed. Appx. 885, 887 (11th Cir. 2011) (internal quotations omitted). "The sham affidavit rule typically applies when an affidavit or declaration contradicts prior deposition testimony." *Israel v. John Crane, Inc.,* 601 F. Supp. 3d 1259, 1269 (M.D. Fla. 2022). "At summary judgment, a court may disregard a statement in an affidavit as a matter of law when, without explanation, if it flatly contradicts his or her own prior deposition testimony for the transparent purpose of creating a genuine issue of fact where none existed previously." *Garcia v. GEICO Marine Ins. Co.*, 806 F. Supp. 3d 1277, 1286 (M.D. Fla. 2025).

Here, in the Noshirvan Declaration Defendant swears that his wife's parents are the owners of Papa's Butcher Shop. *Noshirvan Declaration* at 5, ¶ 13 [D.E. 678-1]. The false statement that Papa's "butcher shop [is] owned by Noshirvan's in-laws" was repeated in Defendant's Memorandum of Law. *See Def. Memo* at 7, [D.E. 678].

The statement contradicts Defendant's clear and unambiguous admissions in all four versions of the complaints he filed in this action that his wife's parents did not own Papa's Butcher Shop. In his Complaint, First Amended Complaint, and Second Amended Complaint, Defendant admitted that his wife's parents do not own Papa's Butcher Shop when he alleged:

> "[b]etween May 20, 2022 and May 22, 2022, Garramone is filmed in a local butcher shop in Noshirvan's hometown. *The same butcher shop the*

> *Couture/Garramone conspirators erroneously believed to be owned by Noshirvan's in-laws.*"

> *See Complaint* at ¶ 114 (Dec. 26, 2023) [D.E. 1]; *First Amended Complaint* at ¶ 121 (Jan. 4, 2024) [D.E. 26]; and *Second Amended Complaint* at ¶ 121 (Sep. 23, 2024) [D.E. 139].

Furthermore, in the Third Amended Complaint ("TAC"), although Defendant altered the first sentence of the admission to add Couture, he still admitted that his wife's parents did not own Papa's Butcher Shop when he alleged:

> "[b]etween May 20, 2022 and May 22, 2022, *Garramone and Couture were* caught on videotape Papa The Butcher's shop, which is located in Noshirvan's hometown. *The same butcher shop the Couture/Garramone conspirators erroneously believed to be owned by Noshirvan's in-laws.*"

> *See TAC* at ¶ 136 (Jul. 10, 2025) [D.E. 434].

Further, the false statement contradicts Defendant's deposition testimony. At his deposition, Mr. Gurland asked Defendant, who were the owners of Papa's Butchers, and in response Defendant clearly and unambiguously testified that he did not know the owner's names, but he did know that the owner's daughters name was Katie Greco (who is not his wife) (statement paraphrased because transcript was filed under seal). *See Transcript of the Deposition of Danesh Noshirvan*, 129:18-20 (Apr. 25, 2025) filed under seal [D.E. 473].

The false statement also contradicts the testimony of Defendant's wife, who testified at her deposition on April 15, 2025, in response to questioning from Defendant's counsel Nicholas Chiappetta that she was not related to the people who owned Papa's Butcher Shop (statement paraphrased because transcript was filed

under seal). *See Transcript of the Deposition of Hannah Noshirvan*, at 210:10 to 211:2 filed under seal at [D.E. 475].

Furthermore, during discovery Defendant produced Instagram Direct Messages that he received from Katie Greco, where she told Defendant that her "parents live in a small town in PA and own a butcher shop" and she subsequently provided Defendant a surveillance video of Papa's Butcher Shop, which she obtained from her parents, the owners of Papa's Butcher Shop.

"Allegations in pleadings are considered judicial admissions." *Tri-Lady Marine, Ltd. v. Bishop Mechancial Servs., LLC,* 16-62467-CIV, 2018 WL 10466997, at *3 (S.D. Fla. Sept. 20, 2018). "Admissions in the pleadings are in the nature of judicial admissions binding upon the parties, unless withdrawn or amended." *Gonzalez v. Tony,* 462 F. Supp. 3d 1357, 1360 (S.D. Fla. 2020). "[T]he pleading of a party made in another or the same action are admissible as admissions of the pleading party to the facts alleged therein." *Chick-Fil-A, Inc. v. CFT Dev., LLC,* 652 F. Supp. 2d 1252, 1260 (M.D. Fla. 2009). Judicial admissions may not be controverted unless the court permits the admission to be withdrawn or the pleading containing the admission is amended or withdrawn. *In re Bay Circle Properties, LLC,* 646 B.R. 348, 374 (Bankr. N.D. Ga. 2022). A party is bound by the admissions in his pleadings, because "judicial admissions are proof possessing the highest possible probative value. Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to

controvert them." *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983).

Defendant's admissions, testimony, Defendant's wife's testimony and Instagram direct messages that Defendant received from Katie Greco, the daughter of the owner of Papa's Butcher Shop, all establish that Defendant's in-laws DO NOT OWN Papa's Butcher Shop. Defendant is bound by this irrefutable fact.

Not only is the Noshirvan Declaration a sham affidavit, but Defendant also perjured himself. "Whoever in any declaration, certificate, verification, or statement under penalty of perjury as permitted under 28 U.S.C. § 1746…willfully subscribes as true any material matter which he does not believe to be true…is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both." *18 U.S.C.* ¶ *1612.*

"Perjury is a felony—even in a civil context…[c]ongress chose to use language in the perjury statute that applies without distinction both to perjury committed in a civil proceeding and to perjury in a criminal prosecution. *United States v. Zonca*, 97 F. Supp. 2d 1127, 1129–30 (M.D. Fla. 1999) (*citing United States v. Holland,* 22 F.3d 1040, 1047—48 (11th Cir.1994)). Here, defendant brazenly perjured himself in an attempt to influence the Court with false claims of attacks against his family.

## III. <u>Further False Statements about Trainor</u>

Defendant falsely stated that Trainor discussed him during an appearance on a podcast. *Noshirvan Declaration*, at 8, ¶ 22 [D.E. 678-1]. Trainor did not discuss

Defendant during the podcast, did not mention his name, or social media username. Moreover, Defendant failed to show that any billboard or public service announcement, which he tries to frame as an advertisement contained false or defamatory statements, nor harmed him in any manner.

## IV. CONCLUSION

Defendant's motion for summary judgment continues his pattern of falsehoods and fabrications. Therefore, for the foregoing reasons, Trainor respectfully request that Defendant's Motion for Summary Judgment be denied.

Respectfully submitted,

September 25, 2026

Patrick Trainor, Esquire
**LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC**
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
P: (201) 777-3327
F: (201) 896-7815
*pt@ptesq.com*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2026, I electronically filed the foregoing with the Clerk of the Court by using the court's CM/ECF system, which will electronically serve a copy of this filing to all counsel and/or parties in this action.

September 25, 2026

Patrick Trainor