SEP 30 2026 PM 12:26
FILED - USDC - FLMD - FTM

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CASE NO. 2:23-CV-01218-KCD-KRH

DANESH NOSHIRVAN
an individual,

Plaintiff,

v.

JENNIFER COUTURE, an individual,
RALPH GARRAMONE M.D., an individual,
RALPH GARRAMONE, M.D., P.A. d/b/a
GARRAMONE PLASTIC SURGERY,
CENTRAL PARK OF SOUTHWEST
FLORIDA, LLC, OMG REALTY, LLC,
THE LAW OFFICE OF PATRICK TRAINOR
ESQ., LLC d/b/a THE LAW OFFICE OF
PATRICK TRAINOR, PATRICK TRAINOR,
an individual, and
ANTI-DOXING LEAGUE INC.

Defendants.
_______________________________________/

RALPH GARRAMONE, M.D., P.A. d/b/a
*GARRAMONE PLASTIC SURGERY*,
JENNIFER COUTURE, an individual,
RALPH GARRAMONE, M.D., an individual,

Counter-Plaintiffs,

v.

DANESH NOSHIRVAN,

Counter-Defendant.
_______________________________________/

**NONPARTY RICHARD A. LUTHMANN, JR.'S SUPPLEMENTAL CONFERRAL CERTIFICATE REGARDING HIS TIME-SENSITIVE MOTION TO RESOLVE THRESHOLD WITNESS ISSUES AND FOR LEAVE TO RENEW PROTECTIVE RELIEF**

**Local Rule 3.01(g) Certificate**

I, Richard A. Luthmann, Jr., appearing pro se concerning my own interests as a nonparty prospective witness and journalist, submit this supplemental certificate under Local Rule 3.01(g)(2)–(3). This filing updates the conferral information accompanying my **Time-Sensitive Motion to Resolve Threshold Witness Issues and for Leave to Renew Protective Relief**.

1. **Purpose of supplementation.** On September 23, 2026, I delivered my motion for shipment to the Clerk before receiving and reviewing the responses described below. At 5:08 p.m. that day, I notified counsel that I would submit a supplemental certificate reporting their respective positions and supplied courtesy copies of the papers transmitted for filing. Delivery to the shipping service is not represented here as the date the Clerk received or docketed the motion.

2. **Initial request and follow-up.** On September 20, 2026, I emailed counsel requesting a substantive conference concerning the proposed motion. I identified seven subjects for possible agreement: prompt determination of threshold witness issues; identification of the testimony and documents actually needed; authentication by stipulation or declaration; reduced attendance and sequestration burdens; advance resolution of disputed questioning; the scope of any restrictions affecting reporting; and sufficient time to seek appropriate review. I offered to coordinate a mutually available telephone conference and to narrow the motion through specific agreements. On September 23, I followed up and reiterated my availability.

3. **Response from counsel defending Garramone and Couture.** At 3:16 p.m. on September 23, 2026, David Bibb, Esq., responded by email. He expressly identified his firm's representation as the defense of Dr. Ralph Garramone and Jennifer Couture in this action. He stated:

> "We are willing to release you as a witness and do not intend to call you."

He further stated:

> "We don't mind if you can arrange to be called near the beginning if Mr. Chiappetta is going to call you as a witness. We do not object to you remaining in the courtroom after your testimony is complete."

4. **Limits of Mr. Bibb's response.** Mr. Bibb expressly qualified his authority: "I cannot speak for Dr. Garramone and Jennifer Couture as to their counter-claims." Accordingly, I report his response as agreement or non-objection to the specific witness accommodations identified above, solely within the scope of the defense representation he described. I do not represent that he consented to the entire motion, spoke for Garramone Plastic Surgery, or resolved the counterclaimants' positions. His response also does not release me from another party's witness designation, any subpoena, or any court-ordered obligation.

5. **Noshirvan's opposition.** At 3:23 p.m. on September 23, 2026, Nicholas Chiappetta, Esq., responded by email: "My client opposes your motion entirely." I therefore report that Plaintiff Danesh Noshirvan opposes the motion in full. That response identified no proposed compromise or particular relief to which his client would agree.

6. **Trainor's position.** I also spoke directly with attorney Patrick Trainor concerning the motion. During that oral conversation, he advised that he had no objection to the motion. I reported that conversation to the recipients of my September 23, 5:08 p.m. email, which copied Mr. Trainor. I report his stated non-objection without attributing it to any other party whose position he did not expressly convey.

7. **Outstanding positions.** As of my September 23, 2026, 5:08 p.m. update, I had received no response from Duane Morris. The positions not expressly addressed by the communications described above remained unknown. I do not treat silence as consent, non-opposition, or proof of purposeful evasion.

8. **Result of the communications.** The motion has not been resolved by agreement of all affected parties. Mr. Bibb's response narrows the dispute concerning the defense's intended use of my testimony and identifies specific accommodations that those defense clients do not oppose. Mr. Trainor has stated that he does not object. Noshirvan continues to oppose all requested relief. No broader agreement concerning the remaining requests is represented.

9. **Correction of the earlier account.** To the extent the certificate accompanying my transmitted motion states that no counsel had responded, this supplement updates that account with the subsequent responses and oral communication described above. The Court should consider the motion's conferral history as supplemented here.

10. **Means of communication and continuing efforts.** The communications with Mr. Bibb and Mr. Chiappetta described here occurred by email; my communication with Mr. Trainor was oral. I do not certify that a substantive oral conference occurred with Mr. Bibb, Mr. Chiappetta, or Duane Morris. I remain available for substantive discussion and further narrowing. For any opposing party unavailable before filing, I will continue diligent contact efforts during the three-day period following filing required by Local Rule 3.01(g)(3), and promptly report any further resolution or unresolved position as that rule requires. I do not claim that prefiling efforts alone satisfy that postfiling obligation.

11. **Supporting correspondence.** Attached as Exhibit A is the September 23, 2026 email chain documenting the written responses and my contemporaneous report of the conversation with

Mr. Trainor. This certificate reports conferral efforts and their results; it adds no new substantive request for relief.

I certify that the foregoing accurately describes the communications and positions identified above.

Respectfully submitted,

Dated: Naples, Florida
September 24, 2026

RICHARD A. LUTHMANN, JR.
4199 Los Altos Court
Naples, FL 34109
Tel: (239) 631-5957
Email: richard.luthmann@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2026, I sent for filing the foregoing with the Clerk of Court of the Middle District of Florida, Fort Myers Division, by overnight courier, and that delivery of these papers will be made via the court's CM/ECF system, which will send notice of electronic filing to all parties by way of the caption.

RICHARD A. LUTHMANN, JR.

# Re: Local Rule 3.01(g) Conferral: Proposed Time-Sensitive Motion for Protective Relief | Noshirvan v. Couture, No. 2:23-cv-01218

From Richard A Luthmann <richard.luthmann@protonmail.com>

To Nick Chiappetta <nick@chiappettalegal.com>

CC David Bibb <dbibb@rolfeshenry.com>, Nicholas Chiappetta <nchiappetta@chiappettalegal.com>, Sara Burns <sburns@rolfeshenry.com>, Tamarah E. Brodsky <tbrodsky@rolfeshenry.com>, hwgurland@duanemorris.com, Jackson-Fannin, Julian A. <jjfannin@duanemorris.com>, eservice Florida courts <service@chiappettalegal.com>, Vicki Modaffari <vicki@chiappettalegal.com>, Joey Camp <joeycamp2020@gmail.com>, Joey@YourDaddyJoey.news <joey@yourdaddyjoey.news>, Joseph A. Camp <joey@joeycamp2020.com>, pt@ptesq.com <pt@PTESQ.COM>, ptesq1@yahoo.com, Dick LaFontaine <RALafontaine@protonmail.com>, Rick LaRivière <RickLaRiviere@proton.me>, Modern Thomas Nast <mthomasnast@protonmail.com>, Frank Parlato <frankparlato@gmail.com>, Frankie Pressman <frankiepressman@protonmail.com>, Sully <msully0916@gmail.com>, Cortney Kotzian <theomahaoracle@gmail.com>, Noshirvan@yandex.com <noshirvan@yandex.com>

Date Wednesday, September 23rd, 2026 at 5:08 PM

I dropped off my motion at the UPS Store this afternoon for overnight mailing to the Court, before I saw these correspondences. I will alert the court to your respective positions with a Supplemental Conferral Certificate.

I also spoke with attorney Trainor (copied), who has no objection to the motion.

I have not heard from Duane Morris.

Attached is a courtesy conformed copy of what was sent for filing.

EXHIBIT
A

THE UPS STORE
be unstoppable

A shipment has been created

A package shipping to US FEDERAL COURT will be picked up by UPS on Wednesday, September 23, 2026.




Expected delivery
Thursday, September 24, 2026 End of Day

Tracking information
Carrier: UPS Ground
Tracking #: 1Z0377VA0304313139
Ship Ref 1: --
Ship Ref 2: --

Recipient
US FEDERAL COURT
CLERK OF COURT
FORT MYERS, FL 33901-3000
(street address omitted intentionally)

Sender
RICHARD LUTHMANN
--
Naples, FL 34109
(street address omitted intentionally)

Shipped from
The UPS Store #3404
(239) 948-1900

Sender's message

--

Tracking updates

Please note: Tracking information may not be available until several hours after the carrier picks up the package. Carriers normally pick up in the late afternoon.

Have a question?
Please contact UPS directly at 1-800-PICK-UPS (1-800-742-5877), and have your tracking number ready.

Great offers on everything, direct to your inbox
At The UPS Store®, we do all we can to help our customers stay one step ahead. Join our email program today and we'll regularly send great offers and resources direct to your inbox □ so you can make more of your time and money.

be unstoppable

CONFIDENTIALITY NOTICE: The information contained in and accompanying this communication may be privileged or confidential and is intended solely for the use of the intended recipient(s). If you are not the intended recipient(s) of this communication, please delete and destroy all copies immediately.

Thank you for your attention to this matter!

Regards,

Richard Luthmann
Writer, Journalist, and Commentator
Tips or Story Ideas:
(239) 631-5957
richard.luthmann@protonmail.com
**LINKTREE**
**Muck Rack Profile**
**Substack: This is For Real.**
**Editor-In-Chief: FLGulf.news**
**Editor-In-Chief: NYNewsPress.com**
**Editor-In-Chief: TheFamilyCourtCircus.com**
**Contributor: Frank Report**
**Contributor: Sun Bay Paper**
**Follow Me on Facebook X Instagram LinkedIn TRUTH Rumble SPOTIFY YouTube**

Sent with Proton Mail secure email.

On Wednesday, September 23rd, 2026 at 3:23 PM, Nick Chiappetta <nick@chiappettalegal.com> wrote:

> Mr. Luthmann,
>
> My client opposes your motion entirely.
>
> Sincerely,
>
> Nick Chiappetta | Founder
> P. 561-768-4500
> F. 561-768-4600
> nick@chiappettalegal.com

2101 Vista Pkwy, Suite 258
West Palm Beach, Florida 33411

8401 Lake Worth Rd.,
Lake Worth, Florida 33467
*By Appointment Only*

Chiappetta TRIAL LAWYERS

Catastrophic injury | Consumer Protection | Defamation | Insurance
www.chiappettalegal.com

NOTICE: This e-mail message and any attachment to this e-mail message contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, re-transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please notify us immediately by return e-mail or by telephone at 561-768-4500 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender.

---

**From:** David Bibb <dbibb@rolfeshenry.com>
**Sent:** Wednesday, September 23, 2026 3:16 PM
**To:** Richard Luthmann <richard.luthmann@protonmail.com>; Nicholas Chiappetta <nchiappetta@chiappettalegal.com>; Sara Burns <sburns@rolfeshenry.com>; Tamarah E. Brodsky <tbrodsky@rolfeshenry.com>
**Cc:** Harvey W. Gurland <hwgurland@duanemorris.com>; Jackson-Fannin, Julian A. <jjfannin@duanemorris.com>
**Subject:** RE: Local Rule 3.01(g) Conferral: Proposed Time-Sensitive Motion for Protective Relief | Noshirvan v. Couture, No. 2:23-cv-01218

Mr. Luthman,

Our firm represents Dr. Garramone and Jennifer Couture in the defense of the 1218 case. We are willing to release you as a witness and do not intend to call you. We don't mind if you can arrange to be called near the beginning if Mr. Chiappetta is going to call you as a witness. We do not object to you remaining in the courtroom after your testimony is complete. I cannot speak for Dr. Garramone and Jennifer Couture as to their counter-claims.

Please do not hesitate to contact me with any questions. Thank you.

Sincerely,

**DAVID C. BIBB**

**Attorney**

**Rolfes Henry Co., LPA**

3165 McCrory Place, Suite 174

Orlando, Florida 32803

T: 407.284.4990 - Ext. 607

dbibb@rolfeshenry.com | rolfeshenry.com

**ALABAMA | FLORIDA | GEORGIA**

*Check out our YouTube Channel:*
***Rolfes Henry Co., LPA***

**From:** Richard Luthmann <richard.luthmann@protonmail.com>
**Sent:** Wednesday, September 23, 2026 11:44 AM
**To:** Jackson-Fannin, Julian A. <jjfannin@duanemorris.com>; hwgurland@duanemorris.com; pnmendoza@duanemorris.com; pt@ptesq.com; Nick Chiappetta <nick@chiappettalegal.com>; Vicki Modaffari <vicki@chiappettalegal.com>; eservice Florida courts <service@chiappettalegal.com>; Nicholas Chiappetta <nchiappetta@chiappettalegal.com>; Brian Henry <bhenry@rolfeshenry.com>; Sara Burns <sburns@rolfeshenry.com>; David Bibb <dbibb@rolfeshenry.com>; Kelly Mcclintock <kdeglman@rolfeshenry.com>; Kelly Mcclintock <kmcclintock@rolfeshenry.com>; Tamarah E. Brodsky <tbrodsky@rolfeshenry.com>; ptesq1@yahoo.com
**Cc:** Richard L <luthmannnews@gmail.com>; Richard Luthmann <rluthmann@flgulfnews.com>; richard@nynewspress.com; Dick LaFontaine <RALafontaine@protonmail.com>; Rick LaRivière <RickLaRiviere@proton.me>; Modern Thomas Nast <mthomasnast@protonmail.com>; Frankie Pressman

<frankiepressman@protonmail.com>; Frank Parlato <frankparlato@gmail.com>; Cortney Kotzian <theomahaoracle@gmail.com>; Joey Camp <joeycamp2020@gmail.com>; Joey@YourDaddyJoey.news; Joseph A. Camp <joey@joeycamp2020.com>; Noshirvan@yandex.com
**Subject:** Re: Local Rule 3.01(g) Conferral: Proposed Time-Sensitive Motion for Protective Relief | Noshirvan v. Couture, No. 2:23-cv-01218

This email confirms that we have not received a response from any counsel on the intended application announced in the above-referenced matter. We continue to try to meet and confer in good faith and resolve issues consonant with the Local Rules of the U.S. District Court for the Middle District of Florida.

I am preparing my application for transmission to the Court for filing. I remain available to meet and confer. The application will note attorney silence.

Thank you for your attention to this matter!

Regards,

Richard Luthmann

Writer, Journalist, and Commentator

Tips or Story Ideas:

(239) 631-5957

richard.luthmann@protonmail.com

**LINKTREE**

**Muck Rack Profile**

**Substack: This is For Real.**

**Editor-In-Chief: FLGulf.news**
**Editor-In-Chief: NYNewsPress.com**

**Editor-In-Chief: TheFamilyCourtCircus.com**

**Contributor: Frank Report**

**Contributor: Sun Bay Paper**

**Follow Me on Facebook X Instagram LinkedIn TRUTH Rumble SPOTIFY YouTube**

Sent with Proton Mail secure email.

On Sunday, September 20th, 2026 at 11:57 AM, Richard Luthmann <richard.luthmann@protonmail.com> wrote:

Dear Mr. Chiappetta and other counsel in "the 1218 Case":

Pursuant to Middle District of Florida Local Rule 3.01(g), I request a substantive conference concerning a time-sensitive motion for protective relief in Case 1218. I will be filing as an interested party, reporter, and member of the press.

The December 1, 2026 trial term makes it necessary to resolve my status as a prospective witness, the actual need for my testimony, and any proposed restrictions on my reporting well before trial. These questions should not remain unresolved until the moment I am excluded from proceedings, required to disclose disputed information, or confronted with restrictions that cannot meaningfully be reviewed before the harm occurs.

The proposed motion expressly addresses Judge Steele's May 11 order, Doc. 659. I am not renewing the request to intervene. I will ask Judge Dudek to resolve the witness-related portions of Docs. 598 and 599 identified in that order or expressly modify its timing condition so that the preserved request for protective relief can be considered now.

I seek your clients' positions on the following:

1. **Prompt resolution.** A threshold ruling by October 9, 2026, followed by resolution of the remaining protective issues by October 23. These are proposed decision dates intended to accommodate opposition, necessary factual development, and review before trial.
2. **Identification of the testimony actually needed.** Any party seeking to call me would provide a current proffer identifying the documents, proposed subjects of examination, relevance to a live claim or defense, estimated examination time, and available alternatives. My proposed motion will request that proffer within seven days of the threshold order.
3. **Authentication without unnecessary testimony.** I remain willing to review specifically identified documents and authenticate complete and accurate copies of my own publications and communications through an appropriate stipulation or declaration. Please identify the documents your clients require me to authenticate and explain any remaining need for live testimony. Authentication would not concede the truth of disputed statements, relevance, admissibility, or unrelated privileges.
4. **Limited attendance and sequestration.** If authentication resolves the only legitimate need for my appearance, removal from the relevant witness list. If additional material testimony remains, examination at the

earliest practicable point, preferably first, followed by express discharge from further attendance and sequestration unless a concrete basis for recall remains.

5. **Advance resolution of disputed questioning.** Identification and resolution, outside the jury's presence, of any contested requests for privileged newsgathering information, private medical information, or testimony concerning a Fifth Amendment invocation. Mr. Chiappetta, your filed witness list states: **"Mr. Luthmann will authenticate documents and plead the fifth again."** Because the legal threats by Mr. Noshirvan and his associates (including Mr. James McGibney) are no longer a perceived legal reality, particularly given Judge Steele's rulings subsequent to the prior assertions of Fifth Amendment privilege, I presently intend to answer proper, nonprivileged questions. Please identify the basis for retaining that prediction or agree to correct it.
6. **Clear limits on restrictions affecting reporting.** Agreement that restrictions on the presentation of evidence at trial do not themselves prohibit independent lawful reporting. Any additional restriction under FRE Rule 615(b), or other proposed restraint affecting my reporting, should have an identified basis, scope, and duration.
7. **A meaningful opportunity for review.** A reasoned written ruling sufficiently before trial and, if disputed disclosure or a new reporting restraint is ordered, a fourteen-day administrative stay limited to that obligation so an aggrieved person can seek appropriate appellate or other relief. This proposal does not seek a trial continuance or assume an automatic right to interlocutory appeal.

Mr. Noshirvan has invoked the overlapping publications and witnesses in these proceedings to support continuing the stay in my own "337 Case" - Luthmann v. Noshirvan - CV-25-337-KCD-NPM (M.D. Fla.). That position makes a clear, timely explanation of my proposed role in the December trial particularly important. A witness designation should serve an identified evidentiary need, not become an indefinite obstacle to covering proceedings of substantial public interest.

Please respond by **5 p.m. Eastern on September 22, 2026**, identifying which requests your clients agree to, do not oppose, or oppose, together with any proposed alternatives. If you would like to discuss this verbally over the telephone, I will respond promptly to coordinate a mutually available time prior to the time for response. Because of the Court's existing scheduling orders, these important matters must be put before Judge Dudek without delay. I am cognizant that it is Yom Kippur, which is why I did not set the deadline for Monday. And Mr. Chiappetta, you are not a Jew, and your client, Mr. Noshirvan, the ideological brother of Hasan Piker, hates Jews and Israel, so please don't use Yom Kippur as an excuse in place of your standard "the dog ate my homework."

I am willing to narrow the motion through specific agreements. After we confer, my certification will accurately identify the conference, each party's position, and any issues resolved in whole or in part.

Thank you for your attention to this matter!



Regards,

Richard Luthmann

*Writer, Journalist, and Commentator*

Tips or Story Ideas:

(239) 631-5957

richard.luthmann@protonmail.com

**LINKTREE**

**Muck Rack Profile**

**Substack: This is For Real.**

**Editor-In-Chief: FLGulf.news**
**Editor-In-Chief: NYNewsPress.com**

**Editor-In-Chief: TheFamilyCourtCircus.com**

**Contributor: Frank Report**

**Contributor: Sun Bay Paper**

**Follow Me on Facebook X Instagram LinkedIn TRUTH Rumble SPOTIFY YouTube**

Sent with Proton Mail secure email.

**8.41 MB** 2 files attached 3 embedded images

image001.png 10.51 KB image002.png 1.51 MB image.png 19.18 KB

Luthmann_Time_Sensitive_Protective_Motion.pdf 357.13 KB Luthmann_Supporting_Declaration.pdf 6.52 MB